SHANNON LISS-RIORDAN, SBN 310719
sliss@llrlaw.com
ANNE KRAMER, SBN 315131
akramer@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
729 BOYLSTON STREET, SUITE 2000
BOSTON, MA 02116
Telephone:     (617) 994-5800
Facsimile:     (617) 994-5801

Attorneys for Plaintiffs Thomas Colopy,
Christopher James, and Spencer Verhines,
individually and on behalf of all others
similarly situated

GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
THEANE D. EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
BLAINE H. EVANSON, SBN 254338
  bevanson@gibsondunn.com
HEATHER L. RICHARDSON, SBN 246517
  hrichardson@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

JOSHUA S. LIPSHUTZ, SBN 242557
  jlipshutz@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

Attorneys for Defendant
UBER TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS COLOPY, CHRISTOPHER JAMES, and SPENCER VERHINES, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>     Defendant.<br><br>SPENCER VERHINES and CHRISTOPHER JAMES, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>     Defendant. | CASE NO. 3:19-cv-06462-EMC<br>CASE NO. 3:20-cv-01886-EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Action Filed:  September 11, 2019<br>Trial Date:  None Set<br><br>Date:   April 22, 2020<br>Time:   10:00 a.m.<br>Place:   Courtroom 5<br>Judge:   Hon. Edward M. Chen |

Plaintiffs Thomas Colopy, Christopher James, and Spencer Verhines ("Plaintiffs") and Defendant Uber Technologies, Inc. ("Defendant" or "Uber"), by and through their respective counsel of record, hereby submit this Joint Case Management Statement, pursuant to this Court's order on April 7, 2020 (*Colopy* Dkt. 40), the Standing Order for All Judges of the Northern District of California, and Civil Local Rule 16-9, in advance of the Case Management Conference scheduled in these consolidated cases for April 22, 2020, at 10:00 a.m.

**1.    JURISDICTION AND SERVICE**

   **A.    Plaintiffs' Statement**

The operative complaint in the Colopy action is the First Amended Complaint filed on January 3, 2020, Dkt. 33; the operative Complaint in the Verhines action is the First Amended Class Action Complaint, filed on March 24, 2020, Dkt. 27.  Pursuant to this Court's Order in Verhines, Dkt. No. 46, Plaintiffs will file an amended complaint by tomorrow, April 16, 2020, consolidating the above captioned matters, which will serve as the operative complaint moving forward.  This Court has jurisdiction to determine the matter, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

Uber contends that, despite named Plaintiffs opting out of arbitration and having not yet brought a Motion to Compel Arbitration, this case cannot proceed on a class basis because putative class members may have not opted out of arbitration.  This argument is incorrect, as it would be premature to dismiss the class allegations at the pleading stage, before considering Plaintiffs' Motion for Class Certification. "Courts disfavor motions to strike class allegations because issues related to class allegations are generally more appropriately resolved on a motion for class certification." Moser v. Health Ins. Innovations, Inc., 2018 WL 325112, at *11 (S.D. Cal. Jan. 5, 2018) (holding "Defendant's motion to strike class allegations is premature" and "more appropriately considered at the class certification proceedings."); see also In re Wal-Mart Stores, Inc. Wage & Hour Litig., 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007).

Besides, the claims for injunctive relief that Plaintiffs seek cannot be thwarted through arbitration, as Plaintiffs seek public injunctive relief, pursuant to McGill v. Citibank, N.A. 2 Cal.5th 945 (2017).  While the Court disagreed with this argument with respect to Plaintiffs' Labor Code

claims contained in the original <u>Colopy</u> complaint, the Court has not yet addressed this question with respect to claims for sick pay.  <u>See generally</u> Verhines, Dkts. 17 and Dkt. 40 (Plaintiffs' Emergency Motion and Reply in Support Thereof).  Second, Uber cannot enforce its arbitration agreement against putative class members in this case because the drivers fall within the Section 1 transportation worker exemption of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1. <u>See Cunningham v. Lyft, Inc.</u>, 2020 WL 1503220 (D. Mass. March 27, 2020), appeal pending No. 20-1379 (1st Cir.); <u>but see</u> <u>Rogers v. Lyft</u>, 2020 WL 1684151 (N.D. Cal. Apr. 7, 2020) (rejecting transportation worker exemption argument), appeal filed (9th Cir.) (not yet docketed).

### B. Defendant's Statement

Uber has been served with the complaint and does not contest that this Court has jurisdiction over the named Plaintiffs because those Plaintiffs have not entered into individual arbitration agreements with Uber.  However, these actions may not proceed on a class basis because, among other reasons, the vast majority of individuals using the Uber App as drivers have—contrary to the named Plaintiffs—entered into arbitration agreements with Uber and therefore this Court lacks jurisdiction over their claims.  *See O'Connor v. Uber Techs., Inc.*, 904 F.3d 1087, 1090 (9th Cir. 2018); *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1216 (9th Cir. 2016).  Plaintiffs lacks standing to challenge the arbitration agreements that bind absent putative class members because they opted out of arbitration.  *See* Order Granting Defs.' Mot. for an Order Denying Class Certification at 9, *Tan v. Grubhub Inc.*, No. 3:15-cv-05128-JSC (N.D. Cal. July 19, 2016), Dkt. 65; *Meyer v. T-Mobile USA Inc.*, 836 F. Supp. 2d 994, 1003 (N.D. Cal. 2011).  Plaintiffs nonetheless attempt to challenge those arbitration agreements by invoking Section 1 of the Federal Arbitration Act ("FAA"), which exempts "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1.  But Section 1's narrow exemption for interstate transportation workers does not apply to drivers like Plaintiffs who use Uber's lead generation services to transport passengers rather than goods, and who do so within a single local community, rarely, if ever, crossing state lines.  Indeed, numerous courts in this district have declined to apply the Section 1 exemption to drivers like Plaintiffs.  *See Rogers v. Lyft, Inc.*, -- F. Supp. 3d --, 2020 WL 1684151, at *5–7 (N.D. Cal. Apr. 7, 2020); *Magana v. DoorDash, Inc.*, 43 F. Supp. 3d 891, 900

(N.D. Cal. 2018); *see also Levin v. Caviar, Inc.*, 146 F. Supp. 3d 1146, 1152 (N.D. Cal. 2015). Therefore, it is Uber's position that this Court lacks jurisdiction over the claims of a large portion of the putative class Plaintiffs seek to represent.

Nor are Plaintiffs entitled to a "public injunction," which this Court (and many others) have held is unavailable under the claims asserted here. *See Colopy*, 2019 WL 6841218, at *2–3 (collecting cases); *Revitch v. Uber Techs., Inc.*, 2018 WL 6340755, at *5–6 (C.D. Cal. Sept. 5, 2018); *Magana*, 343 F. Supp. 3d at 901 (same); *Clifford v. Quest Software Inc.*, 38 Cal. App. 5th 745, 743 (2019). Plaintiffs seek private relief primarily for their own benefit—not that of the public. *Colopy*, 2019 WL 6841218, at *2–3. *McGill v. Citibank*, 2 Cal. 5th 945, 955 (2017) ("private injunctive relief … primarily resolves a private dispute between the parties" and "rectifies individual wrongs" while "public injunctive relief … by and large benefits the general public … and … benefit[s] the plaintiff, if at all, only incidentally") (internal quotation marks and citations omitted).

Uber does not intend to raise other issues regarding personal or subject matter jurisdiction or venue at this time, but reserves the right to do so at a later date.

**2.    FACTS**

    **A.    Plaintiffs' Statement**

Uber is a transportation company based in California, which operates extensively throughout the State of California. Plaintiffs do not repeat assertions regarding Uber's business (in addition to those set forth in the complaints), see Colopy, Dkts. 2, 21; Verhines, Dkts. 17, 40, but instead briefly state basic facts pertaining to Plaintiffs below.

Plaintiff Thomas Colopy is an adult resident of San Francisco, California, where he has driven for Uber since 2012, Colopy, Dkt. 1 ¶ 5; Plaintiff Spencer Verhines is an adult resident of Foothill Ranch, California, where he has worked for Uber since 2014, Verhines, Dkt. 27 ¶ 7; Plaintiff Christopher James is an adult resident of Stockton, California, where he has worked for Uber since approximately November 2015, id. ¶ 8. Uber has misclassified Plaintiffs and other California Uber drivers as independent contractors when they are in actuality employees pursuant to Dynamex Operations W., Inc. v. Superior Court 4 Cal. 5th 903 (2018), and Cal. Lab. Code §2750.3 ("A.B. 5"),

and have therefore suffered California Labor Code violations, including failure to receive expense reimbursement, minimum wage, overtime, and paid sick leave.

### B. Defendant's Statement

Uber develops and licenses a mobile software application (the "Uber App") that permits riders to arrange trips with nearby local ride-share drivers. Individuals who choose to use the Uber App as drivers may use it as much or as little as they want, and accept as many or as few ride requests as they want, whenever they want and wherever they want–they may also use multiple other apps providing similar services without any objection, limitation, or encumbrance by Uber. For these and other reasons, Uber contends that drivers are not employees. In the interest of brevity, Uber does not re-assert additional facts relating to its position here.

Uber does not provide transportation services and denies that it controls aspects of the work performed by workers using the Uber App to connect with customers.

Because drivers who use the Uber App are not employees, Uber did not violate California employment law. Uber therefore did not fail to pay minimum wage, overtime premiums, paid sick leave, and business expense reimbursements nor did it fail to provide accurate itemized wage statements to Plaintiffs and other similarly situated individuals.

## 3. LEGAL ISSUES

The parties disagree on the scope and framing of the legal issues before this Court.

### A. Plaintiffs' Statement

The primary legal issue is whether Plaintiffs and putative class members have been misclassified as independent contractors under California law and, if so, what remedies they are entitled to. The Court will need to consider whether Plaintiffs' claims may appropriately be adjudicated on a class basis, including the propriety of class certification in light of Uber's argument that putative class members have entered into enforceable arbitration agreements. This list is not exhaustive.

**B.     Defendants' Statement**

The primary legal issues are (1) whether Plaintiffs' claims may appropriately be adjudicated on a classwide basis pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP") and due process; (2) whether Plaintiffs are employees of Uber under California law; and (3) whether Plaintiffs are entitled to recover for their alleged claims for purported unpaid business expenses, minimum wage, overtime, unlawful and unfair business practices, and failure to provide itemized pay statements.  This list is not exhaustive.

**4.     MOTIONS**

No motions are currently pending in the *Colopy* action.

There is one motion pending in the *Verhines* case:  Plaintiffs' Emergency Motion for Preliminary Injunction, filed on March 19, 2020 (*Verhines* Dkt. 17).  The parties have reached a resolution of the emergency motion, and so it is expected that Plaintiffs' motion will be withdrawn before the case management conference.

**A.     Plaintiffs' Statement**

Plaintiffs intend to file for summary judgment on their misclassification and Labor Code claims, as well as for class certification.

**B.     Defendant's Statement**

Uber anticipates filing a motion for summary judgment and will oppose any motion for summary judgment or class certification filed by Plaintiffs.  Defendants note that misclassification is only one element of Plaintiffs' claims, and any class certification motion must therefore take into account additional elements and defenses to Plaintiffs' Labor Code claims.

**5.     AMENDMENT OF PLEADINGS**

**A.     Plaintiffs' Statement**

Plaintiffs filed a First Amended Complaint in the Colopy action, Dkt. 33; Plaintiffs filed a First Amended Complaint in the Verhines action as well, Dkt. 27.  Pursuant to this Court's order, Plaintiffs will file an amended complaint to consolidate the Colopy and Verhines matter by tomorrow, April 16, 2020.  Plaintiffs may seek further amendment as warranted.

### B. Defendant's Statement

During the April 1, 2020 hearing on Plaintiffs' Emergency Motion for Preliminary Injunction, this Court ordered the *Verhines* and *Colopy* actions consolidated and ordered Plaintiffs to file a Consolidated Complaint by April 16, 2020. *See Verhines* Dkt. 51, Hearing Transcript at 71:20–23. Following the filing of that Consolidated Complaint, no further amendments should be allowed.

## 6. EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have complied with their evidence preservation obligations.

## 7. DISCLOSURES

The parties have yet to exchange their initial disclosures. Pursuant to FRCP 26(a)(1)(C), the parties have agreed to stipulate to a date for doing so.

## 8. DISCOVERY

The parties agree to submit a proposed schedule for discovery.

### A. Plaintiffs' Statement

Plaintiffs believe that liability for misclassification, as well as class certification, can be determined with minimal, if any, discovery. Discovery will be needed primarily to determine damages.

### B. Defendant's Statement

Plaintiffs have brought claims on behalf of a purported class for failure to reimburse business expenses; minimum wage; unlawful and/or unfair business practices; overtime; and failure to provide proper itemized pay statements. Each of these claims has, as a predicate, alleged misclassification; however, each claim contains numerous additional elements and defenses. Because Plaintiffs have brought these claims on behalf of a purported class, Uber will need to obtain discovery related to class certification so that the Court can determine whether these claims and Uber's defenses can be adjudicated on a classwide basis. At a minimum, this discovery will entail the following:

- Written discovery from and depositions of each of the three named Plaintiffs and the four currently known driver declarants, which will be relevant to determining whether the named Plaintiffs are adequate representatives of the class and meet the typicality requirements under FRCP 23.

- Data regarding use of the Uber App and other similar apps by Plaintiffs and putative absent class members.  This will be relevant to the commonality, adequacy, typicality, and other requirements under FRCP 23 and to whether Plaintiffs' claims and Uber's defenses are capable of adjudication on a classwide basis.
- Third-party discovery and data from other "gig economy" platforms and services that Plaintiffs and putative class members may have used concurrently with the Uber App.  This is relevant to evaluating whether and how many of the Plaintiffs and putative class members "multi-app"—an inquiry that goes to the threshold question of whether drivers are employees and to the claims and defenses asserted.  The scope of variation on this point will also be relevant to determining whether Plaintiffs have met the requirements under FRCP 23.
- Expert reports and declarations and other evidence from putative class members, which will also be relevant to determining whether Plaintiffs have met the requirements of FRCP 23.  In particular, these reports and declarations will be useful in evaluating whether the threshold question of employment status is capable of resolution on a classwide basis and whether the elements of Plaintiffs' claims and Uber's defenses are capable of adjudication on a classwide basis.

Although Uber intends to seek and obtain this necessary discovery as expeditiously as possible, it faces significant challenges in doing so over the next six months (at minimum) in light of the current health crisis and shelter-in-place environment due to the COVID-19 pandemic.  Formerly routine interviews, meetings, and depositions that customarily occur in person likely will now need to be conducted remotely, using phone and web-based video tools, which are not always accessible or to all participants, and are oftentimes less efficient, cumbersome, and unreliable.  Further, Uber's employees—data scientists, software developers, and engineers—who are responsible for the Uber App and gathering and managing internal data and documents referenced above are now operating remotely, if at all, and with impacted schedules and limited capacity.  The same is almost certainly true for other "gig economy" platforms and services to which Uber intends to direct third-party discovery requests.  Additionally, while the parties will endeavor to resolve any discovery disputes before seeking resolution from the Court, it is possible in any litigation that certain contentious discovery issues may need to be brought before and resolved by the Court, which is also significantly resource-constrained during this health crisis.  Thus, it is reasonable to expect the discovery process to take some time.  Uber respectfully submits it will need at least 6-9 months to conduct the discovery it needs to oppose class certification.  In light of the parties' resolution regarding Plaintiffs' preliminary injunction motion in the *Verhines* case, as addressed in paragraph 12 below, there is no urgency in this case that would require expediting this schedule.

## 9. CLASS ACTIONS

### A. Plaintiffs' Statement

Plaintiffs believe that class certification is eminently appropriate in this matter. Courts have regularly recognized the propriety of certifying a class when the issue is whether workers in the same job have been misclassified as independent contractors. This Court previously certified a class raising this issue in O'Connor v. Uber Technologies, Inc., No. 13-cv-03826-EMC, which was reversed only due to the Ninth Circuit's disagreement with the Court's rationale for holding Uber's arbitration agreement to be unenforceable. 904 F.3d 1087 (9th Cir. 2018). And in Massachusetts, courts have regularly certified cases as class actions where workers challenge their misclassification under the "ABC" test (which has now been adopted as the pertinent test in California). See, e.g., Ouadani v. Dynamex Operations East, LLC, 405 F. Supp. 3d 149 (D. Mass. 2019); Sandoval v. MJ.F. Bowery Corp., 2011 WL 5517330 (Mass. Sup. Ct. July 22, 2011); De Giovanni v. Jani-King Int'l, Inc., 262 F.R.D. 71 (D. Mass. 2009).

For the reasons described above, Part I.A, Plaintiffs contend that this action should proceed as a class action in court and that any arguments made by Uber regarding arbitrability must be considered after a class is certified, at which time Uber may move to compel arbitration for absent class members. See In re Evanston Nw. Corp. Antitrust Litig., 2013 WL 6490152, *5 (N.D. Ill. Dec. 10, 2013); Davis v. Four Seasons Hotel Ltd., 2011 WL 4590393, *4 (D. Haw. Sept. 30, 2011) ("The possibility that Four Seasons may be able to compel unnamed members of the putative class to arbitrate in the future does not preclude class certification"); Sealy v. Keiser Sch., Inc., 2011 WL 7641238, *3-4 (S.D. Fla. Nov. 8, 2011).

### B. Defendant's Statement

Class certification is not appropriate in these consolidated cases. Uber denies that Plaintiffs may maintain either action as a class action under FRCP 23. *See O'Connor v. Uber Techs., Inc.*, 904 F.3d 1087, 1090 (9th Cir. 2018). Uber reserves all rights to make arguments in opposition of class certification at a later date. In particular, there is overwhelming authority, including from the Ninth Circuit, enforcing arbitration agreements with class waivers identical to the ones at issue here. *See, e.g.*, *O'Connor v. Uber Techs., Inc.*, 904 F.3d 1087, 1090 (9th Cir. 2018); *Mohamed v. Uber Techs.,*

*Inc.*, 848 F.3d 1201, 1216 (9th Cir. 2016); *see also Zawada v. Uber Techs., Inc.*, No. 16-CV-11334, 2016 WL 7439198, at *4–5 (E.D. Mich. Dec. 27, 2016) (listing cases), *aff'd*, 727 F. App'x 839 (6th Cir. 2018); *Micheletti v. Uber Techs., Inc.*, 213 F. Supp. 3d 839, 845–46 (W.D. Tex. 2016); *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 79 (2d Cir. 2017); *Kai Peng v. Uber Techs.*, Inc., 237 F. Supp. 3d 36, 53–54 (E.D.N.Y. 2017); *Suarez v. Uber Techs., Inc.*, 688 F. App'x 777, 778 (11th Cir. 2017).  Uber denies Plaintiffs' allegation that "Uber drivers are exempt from the FAA," *see Rogers v. Lyft, Inc.*, 2020 WL 1684151, at *6 (N.D. Cal. Apr. 7, 2020) (holding drivers who use Lyft's platform do not fall within the FAA's Section 1 Exemption)), disputes Plaintiffs' standing to raise this argument, and reserves all rights to address this allegation and all of Plaintiffs' other allegations at a later time.

Moreover, despite Plaintiffs' assertion to the contrary, class certification under the "ABC" test is by no means a foregone conclusion.  In fact, courts in Massachusetts have regularly denied class certification in cases asserting misclassifications under the Massachusetts "ABC" test.  *See, e.g.*, *Schwann v. FedEx Ground Package System, Inc.*, 2013 WL 1292432, at *3 (D. Mass. Apr. 1, 2013); *Magalhaes v. Lowe's Home Centers, Inc.*, No. 13-10666, 2014 WL 907675, at *4 (D. Mass. Mar. 10, 2014).

**10.    RELATED CASES**

The Court has related these cases to *O'Connor v. Uber Technologies, Inc.*, Case No. 13-cv-03826-EMC (N.D. Cal.), and *Capriole v. Uber Technologies, Inc.*, Case No. 20-cv-02211-EMC (N.D. Cal.). The parties are also aware of the following related case pending in this District:  *Yucesoy v. Uber Technologies, Inc.*, Case No. 15-cv-00262-EMC (N.D. Cal.).

**11.    RELIEF**

**A.    Plaintiffs' Statement**

Plaintiffs seek relief as set forth in the Colopy Complaint, Dkt. 1, and Verhines First Amended Class Action Complaint, Dkts. 27.

**B.    Defendant's Statement**

Uber denies that Plaintiffs are entitled to recover any damages or relief whatsoever. Specifically, Uber denies that Plaintiffs may seek a "public injunction" (or any other form of preliminary injunction (*see Verhines* Dkts. 36, 39)) or maintain these actions as class actions.

Moreover, the *Verhines* preliminary injunction will be withdrawn before this case management conference.

## 12. SETTLEMENT AND ADR

The parties have not engaged in mediation or settlement discussions in the *Colopy* action. In the *Verhines* action, this Court ordered the parties to conduct settlement discussions before Chief Magistrate Judge Joseph Spero on April 1, 2020, regarding the "very specific question about access of drivers to [California Labor Code] Section 246 benefits or type benefits during … the current [pandemic] crisis." *Verhines* Dkt. 46; *Verhines* Dkt. 51, Hearing Transcript at 72:5–9. Since then, the parties have participated in seven separate mediation sessions with Judge Spero and have an eighth session scheduled on April 16, 2020 at 1:00 p.m. *See Verhines* Dkts. 56–63. The parties have reached a partial resolution that resulted in Plaintiffs' agreement to withdraw their pending Emergency Motion for a Preliminary Injunction (*Verhines* Dkt. 17).

## 13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to a magistrate judge for all purposes.

## 14. OTHER REFERENCES

No other references are requested or appropriate at this time.

## 15. NARROWING OF ISSUES

The parties do not believe any issues can be narrowed by agreement at this time.

## 16. EXPEDITED TRIAL PROCEDURE

### A. Plaintiffs' Statement

Plaintiffs believe that this case can and should proceed on an expedited basis. Uber has succeeded in dragging out for nearly 7 years the last case by drivers in California challenging their misclassification as independent contractors, O'Connor v. Uber Technologies, C.A. No. C-13-3826 (N.D. Cal.). Uber has blatantly violated California law since the issuance of Dyanmex and its subsequent codification through AB 5, and it should not be permitted to continue delaying adjudication of this critical issue.

### B. Defendant's Statement

Uber may file a motion for summary judgment before trial. And Uber asserts that any motion for summary judgment by Plaintiffs before class certification would violate the one-way intervention rule. *See Villa v. S.F. Forty-Niners, Ltd.*, 104 F. Supp. 3d 1017, 1020–21 (N.D. Cal. 2016) (holding plaintiff's motion for partial summary judgment before class certification was "procedurally improper" under the one-way intervention rule). Uber contends that no class can be certified in this case, which would preclude a dispositive motion or trial on behalf of a class.

Uber takes issue with Plaintiffs' assertion that it delayed proceedings in *O'Connor v. Uber Technologies, Inc.*, No. 13-3826-EMC (N.D. Cal.). Any "delay" in this action was the result of the numerous appeals that resulted from plaintiffs in that matter ignoring binding arbitration agreements, which they are attempting to do once again. *See O'Connor v. Uber Techs., Inc.*, 904 F.3d 1087 (9th Cir. 2018) (consolidating 11 appeals relating to arbitrability of plaintiffs' claims and ruling in Uber's favor). Further, *O'Connor* ended in a settlement, and Plaintiffs' counsel herself touted early settlement proposals as a "fair, reasonable, and adequate resolution of the claims brought in this case." *O'Connor*, No. 13-3826-EMC, Dkt. 519, Declaration of Shannon Liss-Riordan In Support Of Plaintiffs' Motion For Preliminary Approval Of Class Action Settlement (April 21, 2016).

## 17. SCHEDULING

### A. Plaintiffs' Statement

Plaintiffs have not demanded a jury trial. Plaintiffs believe that independent contractor misclassification is a legal issue that can be decided by the Court on summary judgment and that a trial will only be necessary for calculation of damages.

As stated above, Plaintiffs believe this case should proceed on an expedited schedule, see Part I.16.A, and legal issues as to liability and class certification require minimal discovery, see Part I.8.A, and therefore oppose the proposed timeline set forth by Uber below. As this Court stated at the hearing held on April 1, 2020, Defendants do not need discovery beyond deposition of named Plainitffs in order to brief and resolve the question of class certification. Tr. Hr'ing Apr. 1, 2020, at 67-68. Uber's proposed schedule suggests that Plaintiffs' deadline for class certification would be nearly nine months from now; Plaintiffs do not believe this amount of time is necessary, nor do

1  Plaintiffs believe this timeline to be in accordance with the expedited briefing the Court suggested at
2  the April 1, 2020, hearing.  Plaintiffs are prepared to file their next motion imminently and are
3  prepared to discuss timing at the Case Management Conference next week.

### B. Defendant's Statement

The parties have recently entered into a settlement resolving the preliminary injunction motion Plaintiffs filed in the *Verhines* case.  As a result of that settlement, Plaintiffs are expected to withdraw their motion for a preliminary injunction seeking emergency relief before this Court.  There is therefore no longer any urgency that justifies proceeding through class certification without providing Defendants adequate opportunity to conduct class certification-related discovery in order to present every available defense and to develop a fulsome record and briefing on the class certification issues.  *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350, 367 (2011) (court must engage in "rigorous analysis" at class certification; "Rule 23 does not set forth a mere pleading standard," and "[a] party seeking class certification must affirmatively demonstrate his compliance with the Rule— that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." (emphasis in original)); *Lindsey v. Normet*, 405 U.S. 56, 66 (1972) ("Due process requires that there be an opportunity to present every available defense."); *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Srvs., Inc.*, 601 F.3d 1159, 1169 (11th Cir. 2010) ("A district court must conduct a rigorous analysis of the rule 23 prerequisites before certifying a class.").  Thus, in light of this lack of urgency and the current difficulties in obtaining class certification discovery outlined in Section 8.B. above, Uber proposes the following schedule regarding class certification, which is the earliest it anticipates being able to litigate class certification in light of the constraints discussed above:

- Class Certification Fact Discovery Cut-Off:  December 4, 2020
- Plaintiffs' Deadline to File Motion for Class Certification and Supporting Evidence/Expert Reports:  January 4, 2021
- Uber's Deadline to File Opposition to Motion for Class Certification and Supporting Evidence/Expert Reports:  March 1, 2021

- Plaintiffs' Deadline to File Reply in Support of Motion for Class Certification: March 29, 2021

## 18. TRIAL

### A. Plaintiffs' Statement

Plaintiffs have not demanded a jury trial. Plaintiffs believe that independent contractor misclassification is a legal issue that can be decided by the Court on summary judgment and that a trial will only be necessary for calculation of damages.

### B. Defendant's Statement

Uber submits that the Court should not set a trial date at this time, and must first resolve several threshold issues, including whether this action may proceed as a class action. In response to Plaintiffs' argument regarding summary judgment, Uber states that Plaintiffs' proposed procedure violates the one-way intervention rule.

## 19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

### A. Plaintiffs' Statement

Plaintiffs are not corporate entities and therefore have not filed Corporate Disclosure statement; pursuant to Civil L.R. 3-15, Plaintiffs certify that the there are no other persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (outside of other putative class members) that (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of the proceeding.

### B. Defendant's Statement

Uber filed its Certification of Interested Entities or Persons and Corporate Disclosure Statement in the *Colopy* action in its initial appearance on October 18, 2019. *Colopy* Dkt. 10. Uber filed its Certificate of Interested Entities or Persons and Corporate Disclosure Statement in the *Verhines* action with its Notice of Removal on March 17, 2020. *Verhines* Dkt. 3.

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Uber hereby states that Uber is a publicly held corporation and not a subsidiary of any entity. SB Cayman 2 Ltd., a private company,

owns more than ten percent of Uber's outstanding stock.  SB Cayman 2 Ltd. is an affiliate of Softbank Group Corp., a publicly traded corporation.

Pursuant to Civil L.R. 3-15, Uber certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of the proceeding:  SB Cayman 2 Ltd., Softbank Group Corp.

**20.   PROFESSIONAL CONDUCT**

The parties submit that their attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.


Dated:  April 15, 2020					LICHTEN & LISS-RIORDAN, P.C.


						By:   */s/ Shannon Liss-Riordan*
							Shannon Liss-Riordan
							Attorneys for Plaintiffs


Dated:  April 15, 2020					GIBSON, DUNN & CRUTCHER LLP


						By:   */s/ Theane Evangelis*
							Theane Evangelis
							Attorneys for Defendant
							UBER, TECHNOLOGIES, INC.

# ECF ATTESTATION

I, Theane Evangelis, hereby attest that concurrence in the filing of this document has been obtained from the above signatories.

Dated:  April 15, 2020                                        GIBSON, DUNN & CRUTCHER LLP

                                                              By:   */s/ Theane Evangelis*
                                                                    Theane Evangelis