# EXHIBIT D



# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                                                                                    SUPERIOR COURT
                                                                                                                     CIVIL ACTION
                                                                                                                     NO: 2013-00551 -D

ADAM SIMMONS, MARC GARDNER, DEREK Clare, and JIM FRASER
on behalf of themselves and all others similarly situated, and
JASON SALISBURY,
Plaintiffs

vs.

KILNAPP ENTERPRISES, INC., d/b/a REAL CLEAN, and JEFFREY KILNAPP,
Defendants

## CONSOLIDATED WITH

NORFOLK, ss.                                                                                              SUPERIOR COURT
                                                                                                                     CIVIL ACTION
                                                                                                                     NO: 2013-00266-A

CARLOS HENRIQUE BARBOSA,
Plaintiff

vs.

KILNAPP ENTERPRISES, INC., d/b/a REAL CLEAN, and JEFFREY KILNAPP,
Defendants

## MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND MOTION FOR CONDITIONAL CLASS CERTIFICATION

## I. INTRODUCTION

This action is a consolidation of suits filed in Essex and Norfolk Counties by workers associated with the defendant Kilnapp Enterprises, Inc., d/b/a Real Clean ("Real Clean"), whose principal is the defendant Jeffrey Kilnapp. Four of the plaintiffs in the Essex action, Adam

Simmons, Marc Gardner, Derek Clare, and Jim Fraser sue in their individual capacities, and they also seek to represent a class of similarly situated individuals. They have filed motions for conditional class certification of their claims under the federal Fair Labor Standards Act ("FLSA") and, pursuant to Mass. R. Civ. P. 23, for class certification of their Massachusetts Wage Act claims under G.L. c. 149, s. 150 ("Wage Act").[1] In the motions, the plaintiffs seek certification of two classes, one of detail managers and one of detailers, under both the FLSA and Rule 23. A non-evidentiary hearing took place on May 8, 2014. For the reasons that follow, the plaintiffs' motion for conditional certification of their FLSA claims and their Rule 23 motion for class certification of their Wage Act claims are both **ALLOWED**.

## II. FACTS

The factual background of this case is set out in the court's separate summary judgment decision. Any additional factual information relevant here will be provided as necessary.

## III. DISCUSSION

### A. Class Certification under Mass. R. Civ. P. 23

In order to bring a class action under Mass. R. Civ. P. 23, a plaintiff must show: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Mass. R. Civ. P. 23(a); see also *Weld v. Glaxo Wellcome, Inc.*, 434 Mass. 81, 86 (2001). Additionally, the plaintiff must prove that "questions of law or fact

---

[1] The plaintiffs have also moved for summary judgment as to their claim under G.L. c. 149, s. 148B that they were misclassified as independent contractors rather than employees. In a memorandum and order issued this same date, the court has allowed that motion.

2

common to the members of the class predominate over any questions affecting individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Mass. R. Civ. P. 23(b). The decision to approve or deny class certification lies within the broad discretion of the judge. *Weld*, 434 Mass. at 84-85. "The plaintiffs bear the burden of providing information sufficient to enable the motion judge to form a reasonable judgment that the class meets the requirements of rule 23; they do not bear the burden of producing evidence sufficient to prove that the requirements have been met." *Id.* at 87.

Throughout its filings, Real Clean argues that class certification is inappropriate because some detailers were W-2 employees of detail managers. The plaintiffs agreed at oral argument that W-2 employees of detail managers would not be members of the putative class of detailers. Therefore, the court will not address arguments regarding W-2 employees unless otherwise necessary. Only individuals who received Forms 1099 will be considered potential class members.

1. **Numerosity**

To meet the numerosity requirement, a class must be "so numerous that joinder of all members is impracticable." Mass. R. Civ. P. 23(a)(1). Impracticable in this contexts means "impractical, unwise or imprudent rather than impossible or incapable of being performed." *Brophy v. School Comm. of Worcester*, 6 Mass. App. Ct. 731, 735 (1978). "Considerations of efficiency, limitation of judicial resources and expense to the plaintiffs support a determination that joinder will not be required." *Id.* Mere numbers are not controlling. *See* Reporter's Notes to Mass. R. Civ. P. 23; *Sandoval v. M.J.F. Bowery Corp.*, 2011 WL 5517330, *2 (Mass. Super. 2011).

3

The plaintiffs estimate that there are over 100 detail managers and over 350 detailers. Real Clean admits that it has contracts with about 120 independent contractors, but it argues that, based on an estimate of employees per contractor, the number of detailers does not come close to 350. Additionally, Real Clean argues that many detailers are W-2 employees of independent contractors and are not members of the class. Real Clean contends that the plaintiffs' evidence of the number of putative class members is speculative and insubstantial and, therefore, that the plaintiffs have failed to establish that joinder is impracticable. However, the plaintiffs are not required to produce actual evidence at this stage. See *Weld*, 434 Mass. at 87; *Sandoval*, 2011 WL 5517330 at *2 (numerosity satisfied where plaintiffs estimated that at least seventy other individuals would qualify for the class). Even assuming that the plaintiffs have overestimated the number of detailers and that a significant number of detailers are in fact W-2 employees, the class of detailers remains large enough to render joinder impracticable. Similarly, the court finds that the class of detail managers is large enough to render joinder impracticable.[2]

### 2. Commonality

The plaintiff must demonstrate that "there are questions of law or fact common to the class." Mass. R. Civ. P. 23(a)(2). The commonality requirement is met when the class members have a common interest that arises out of a common relationship to a definite wrong, and all class members have the right to seek the same relief against the defendant. *Spear v. H.V. Greene Co.*, 246 Mass. 259, 266 (1923). "It is not essential that the interest of each member of the class be identical in all aspects with that of the plaintiffs." *Id.* Courts have given "permissive application

---

[2] At the motion hearing, Real Clean conceded that the court could justifiably conclude that the plaintiffs have satisfied the numerosity requirement for class certification.

4

to the commonality requirements." *Fletcher v. Cape Cod Gas Co.*, 394 Mass. 595, 606 (1985) (noting decisions under Fed. R. Civ. P. 23(a)).

Real Clean contends that class certification is inappropriate because a determination that the detail managers and detailers are employees requires individualized factual determinations under the "ABC" test. See *Athol Daily News v. Board of Review of the Division of Unemployment and Training*, 439 Mass. 171, 175-176 (2003). However, no individualized determination is necessary because in the court's summary judgment decision it has found that the plaintiffs are employees under the Wage Act. The putative class members all have the right to seek the same types of damages from Real Clean, even though individual damages may vary. See *Spear*, 246 Mass. at 266. Thus, the claims of the class members arise from a common scheme of misclassification as independent contractors. *See id.*

3.  **Typicality**

A plaintiff must show that its claims are typical of the claims of the class. Mass. R. Civ. P. 23(a)(3). "Typicality is established when there is 'a sufficient relationship . . . between the injury to the named plaintiff and the conduct affecting the class,' and the claims of the named plaintiff and those of the class 'are based on the same legal theory.'" *Weld*, 434 Mass. at 87 (alteration in original), quoting 1 H. Newberg, Class Actions s. 3.13, 3-76 (3d ed. 1992). "The typicality requirement may be satisfied by an allegation that the defendant acted consistently toward the members of a putative class." *Fletcher*, 394 Mass. at 606.

Real Clean contends that the claims of Gardner and Clare are not typical of the putative class of "detail managers" because there are no "typical" detail managers. Real Clean asserts in that regard that individual detail managers had very different relationships with it, some having

5

had daily contact with it and others going months without seeing a Real Clean supervisor. Similarly, Real Clean argues that Simmons and Fraser are not typical of the putative class of detailers because detailers worked under different independent contractors, resulting in different experiences.

As previously noted, the court found at summary judgment that Real Clean improperly classified the plaintiffs as independent contractors. Regardless of variations in detail manager dealings with Real Clean or detailer relationships with the detail managers, the claims of all members of both classes are based on the same legal theory. Therefore, the typicality requirement is satisfied, as Real Clean has acted consistently towards members of the putative classes. *See Fletcher*, 394 Mass. at 606.

4. **Adequacy**

A party seeking to represent a class must show that it will "fairly and adequately protect the interests of the class." Mass. R. Civ. P. 23(a)(4). To demonstrate adequacy, "[t]he party seeking class certification 'must show first that the interests of the representative party will not conflict with the interests of any of the class members, and second, that counsel chosen by the representative party is qualified, experienced and able to vigorously conduct the proposed litigation.'" *Woodruff v. Niles Co., Inc.*, 2007 WL 1537705, *3 (Mass. Super. 2007), quoting *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985).

Real Clean does not contest the adequacy of the representation provided by the plaintiffs' counsel. Rather, it argues that the adequacy requirement is not met because Rule 23 does not provide an opt-out mechanism as Fed. R. Civ. P. 23 does. More specifically, Real Clean contends that some potential class members may derive a substantial benefit from Real Clean

6

brokerage services that they do not wish to lose, and it posits that those members would have interests that conflict with the present plaintiffs. Real Clean does not identify what benefits those class members receive or why class certification would impact those benefits. Such an argument is entirely speculative. Furthermore, such a broad interpretation of conflicting interests would effectively bar any employment class action from including current employees. *See, e.g., Salvas v. Wal-Mart Stores, Inc.*, 452 Mass. 337, 346 (2008) (seeking to certify a class of current and former employees). As the plaintiffs have demonstrated that there is no conflict between themselves and the other potential class members, the adequacy requirement is met. See *Sandoval*, 2011 WL 5517330 at *3-4 (finding adequacy requirement met where "there is no conflict between the Plaintiffs and other potential class members . . . as explained above, the Plaintiffs' claims and legal theories are the same as those that would be asserted by other potential class members.").

### 5. Predominance

A plaintiff seeking class certification must demonstrate "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members." Mass. R. Civ. P. 23(b). The predominance requirement is met by showing that there is a "sufficient constellation of common issues [that] bind class members together." *Weld*, 434 Mass. at 92 (alteration in original), quoting *Waste Management Holdings, Inc. v. Mowbray*, 208 F.3d 288, 296 (1st Cir. 2000). The need for individualized determinations of damages for each class member does not preclude class certification when all other requirements are met. *Weld*, 434 Mass. at 92. The purpose of the predominance requirement is to ensure that class certification promotes judicial efficiency. *See Salvas*, 452 Mass. at 362-363.

Real Clean first argues that there are enormous factual variations between members of the purported class that require individualized factual inquiries to determine if class members were misclassified under the Wage Act. *See Athol Daily News*, 439 Mass. at 175-176. Again, this argument is foreclosed by the court's summary judgment ruling. Detail managers and detailers who received Forms 1099 are employees of Real Clean under the Wage Act.

Real Clean next contends that individual issues regarding deductions and overtime pay predominate over the issue of misclassification. It avers that individual plaintiffs must demonstrate that Real Clean made improper deductions and that they are entitled to overtime pay, and it asserts that no common form of proof exists for those elements. In support, it cites *Comcast v. Behrend*, 131 S. Ct. 1426 (2013), in which the Supreme Court held that, to meet the predominance requirement, the plaintiffs had to show individual injuries that were "capable of proof at trial through evidence that [was] common to the class rather than individual to its members."[3] *Id.* at 1430 (alteration in original), quoting *Behrend v. Comcast Corp.*, 264 F.R.D. 150, 154 (E.D. Pa. 2010). There the Court accepted only one of the four theories of liability that the plaintiffs presented, but the plaintiffs' damages model could not isolate damages from any single theory of liability. 131 S. Ct. at 1430-1431. The Court determined that, under those circumstances, damages could not be linked to liability and "[q]uestions of individual damage calculations will inevitably overwhelm questions common to the class." *Id.* at 1433.

Recent cases have held that *Comcast* does not change the standard for predominance, nor the principle that the need for individualized determination of damages does not necessarily

---

[3] Although Fed. R. Civ. P. 23 is not identical to Mass. R. Civ. P. 23, "case law construing the Federal rule is analogous and extremely useful." *Weld*, 434 Mass. at 86 n.7.

8

preclude class certification. *See George v. National Water Main Cleaning Co.*, 2014 U.S. Dist. LEXIS 34035, *8 (D. Mass. 2014) (and cases cited). "It would drive a stake through the heart of the class action device, in cases in which damages were sought rather than an injunction or a declaratory judgment, to require every member of the class have identical damages." *In re Nexium (Esomeprazole) Antitrust Litigation*, 297 F.R.D. 168, 181 (D. Mass. 2013), quoting *Butler v. Sears, Roebuck and Co.*, 727 F.3d 796, 801 (7th Cir. 2013).

In *George*, the court rejected the argument that determining whether the defendants violated wage laws would require detailed examination of week-by-week and employee-by-employee time cards because "the issues of whether the Defendants' policies violated prevailing wage laws and whether the Defendants actually engaged in the illegal behavior are the predominant issues in this case." 2014 U.S. Dist. LEXIS 34035 at *12 (noting the distinction between the question of whether the defendants committed illegal acts and the question of damages owed to individual employees). Similarly, in *Martins v. 3PD Inc.*, the court certified a class because the defendant's "liability for various categories of damages does not depend on any individual factual determinations," even though actual damages calculations would require individual calculations. 2014 U.S. Dist. LEXIS 40638, *35-36 (D. Mass. 2014) (finding *Comcast* "inapposite where individual amounts of damages are capable of documentary proof and require only simple arithmetic").

Here, the liability of Real Clean depends on the common scheme of misclassification of detail managers and detailers as independent contractors, and individual issues do not go directly to questions of liability as Real Clean contends. While individual calculations may be necessary to determine damages for class members, such problems are not so overwhelming that they

9

predominate over the common question of liability. *See George*, 2014 U.S. Dist. LEXIS 34035 at *13-14. Therefore, the court finds that common questions of law predominate over questions affecting individual class members.

### 6. Superiority

A plaintiff must show "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Mass. R. Civ. P. 23(b). Like predominance, judicial economy underlies the superiority requirement in class certification. *Salvas*, 452 Mass. at 362-363. Judicial economy favors class certification when a case "aggregates numerous small claims into one action, whose likely range of recovery would preclude any individual plaintiff from having his or her day in court." *Weld*, 434 Mass. at 93.

Real Clean argues that class certification is not superior because of differences between class members. As previously noted, the misclassification as independent contractors is common to all detail managers and detailers, and it outweighs any differences between individual class members. The aggregation of claims into a class action here is superior to, and more efficient than, allowing hundreds of individual lawsuits for relatively small damages. *See id.* The court finds that a class action is superior to other methods of adjudicating the case.

### 7. Statute of Limitations

The plaintiffs ask that the classes of detail managers and detailers include individuals who worked for Real Clean at any point from April 4, 2007 to the present. The plaintiffs filed this case on April 4, 2013. The plaintiffs argue that a six-year of statute of limitations applies in this case because the plaintiffs bring a claim for unjust enrichment/quantum meruit, which has a six-year statute of limitations under G. L. c. 260, s. 2. Real Clean argues that the three-year

10

limitations period for claims under the Wage Act should apply.

A plaintiff may bring claims for violations of the Wage Act and common-law breach of contract or quasi-contract claims. *See Lipsitt v. Plaud*, 466 Mass. 240, 244 (2013). In such a situation, claims for breach of contract or quasi-contract are subject to a six-year statute of limitations under G. L. c. 260, s. 2, not the three-year period under the Wage Act. *Id.* at 251. Under this reasoning, a free-standing claim for unjust enrichment/quantum meruit by the plaintiffs would be entitled to a six-year statute of limitations. In this case, however, the plaintiffs' claim for quantum meruit appears to be based solely on Real Clean's violation of the Wage Act. The plaintiffs do not allege any facts that would support a claim independent of the Wage Act. *See id.* at 248 (finding that plaintiff's breach of contract claims "do not depend on proving a violation of some statutorily created right. His claims for unpaid wages due him under an employment agreement were cognizable well prior to the creation of the Wage Act's private right of action in the 1993 amendments."). The plaintiffs' claim for unjust enrichment/quantum meruit appears to be nothing more than an attempt by the plaintiffs to extend the statute of limitations. Therefore, the certified classes will be limited to individuals who worked for Real Clean within three years of the filing of the suit, or April 4, 2010.

**B.     Conditional Class Certification**

The plaintiffs seek conditional class certification under the FLSA. The FLSA allows one or more employees to bring an action on their own behalf or on behalf of "other employees similarly situated." 29 U.S.C. s. 216(b). Any employee seeking to join as a plaintiff must give his or her consent in writing. *Id.* Certification under the FLSA is a two stage process. The first stage is a "notice stage," in which the court looks at pleadings and affidavits to determine

11

"whether putative class members 'were subject to a single decision, policy, or plan that violated the law.'" *O'Donnell v. Robert Half International, Inc.*, 429 F.Supp.2d 246, 249 (D. Mass. 2006), quoting *Kane v. Gage Merchandising Services, Inc.*, 138 F.Supp.2d 212, 214 (D. Mass. 2001). At the second stage, after discovery, the defendant may move for de-certification if the plaintiffs are not similarly situated. *O'Donnell*, 429 F.Supp.2d at 249.

Here, the court is considering conditional certification at the first stage. At this juncture, "[b]ecause the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Mooney v. Aramco Services. Co.*, 54 F.3d 1207, 1213-1214 (5th Cir. 1995). Although this standard is lenient, it is not "invisible." *Burns v. City of Holyoke*, 881 F.Supp.2d 232, 234 (D. Mass. 2012), quoting *Houston v. URS Corp.*, 591 F.Supp.2d 827, 831 (E.D. Va. 2008). "At this stage, courts do not need 'to make any findings of fact with respect to contradictory evidence presented by the parties or make any credibility determinations with respect to the evidence presented.'" *Trezvant v. Fidelity Employer Services Corp.*, 434 F.Supp.2d 40, 43 (D. Mass. 2006), quoting *Kalish v. High Tech Institute, Inc.*, 2005 U.S. Dist. LEXIS 8238, *7 (D. Minn. 2005).

### 1. Plaintiffs as Employees under the FLSA

Real Clean argues that the plaintiffs have not demonstrated that they are "employees" of Real Clean under the FLSA, and are instead independent contractors. Independent contractors are not protected under the FLSA. *Bolduc v. National Semiconductor Corp.*, 35 F.Supp.2d 106, 111 (D. Me. 1998). "Where the work done, in its essence, follows the usual path of an employee, putting on an 'independent contractor' label does not take the work from the protection of the Act." *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729 (1947). Courts examine the

12

following factors in determining if a person is an employee: "1) the degree of control exercised by the employer over the worker; 2) the worker's opportunity for profit or loss; 3) the worker's investment in the business; 4) the degree of skill and independent initiative required to perform the work; 5) the permanence or duration of the working relationship; and 6) the extent to which the work is an integral part of the employer's business." *Bolduc*, 35 F.Supp.2d at 112. Courts should look at the totality of the circumstances and no single factor is dispositive. *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1058-1059 (2d Cir. 1988).

The plaintiffs allege that Real Clean recruited, reassigned, and terminated detailers, determined their rate of pay, and required detail managers to employ specific detailers. The plaintiffs further allege that the detailers spent virtually all of their time working at Real Clean dealerships, and Real Clean required them to wear specific shirts as uniforms and to follow a Real Clean checklist protocol in performing their work. They contend that detail managers had duties indistinguishable from Real Clean employees, and that Real Clean assigned them to dealerships and set their rates for the detailing services that were rendered. Furthermore, most of the detailer managers spent significant time detailing cars themselves. Additionally, as this court determined in its summary judgment decision, Real Clean would cease to exist without the detail managers and detailers. The plaintiffs have filed affidavits in support of their allegations. The affidavits contain specific allegations regarding the relationship between Real Clean and the detail managers and detailers, not merely conclusory allegations. *See Burns*, 881 F.Supp.2d at 236. This evidence is sufficient for the court to find that the detail managers and detailers are employees under the FLSA. Although Real Clean disputes many of the plaintiffs' allegations, the court does not make any findings of fact or address credibility issues at this stage. *Trezvant*,

434 F.Supp.2d at 43.

### 2. Similarly Situated

Real Clean contends that the plaintiffs are not similarly situated. Real Clean points out that some members of the purported class of detailers are independent contractors themselves, while others are employees of those independent contractors. Real Clean also argues that these individuals are subject to a range of different payment plans, policies, and procedures. Similarly, Real Clean argues that members of the purported class of detail managers are not similarly situated because they worked at a range of dealerships, negotiated their own prices, and set their own schedules.

Real Clean cites to *Burns*, 881 F.Supp.2d at 236, and *O'Donnell*, 429 F.Supp.2d at 250, in support of its claim of dissimilarity. These cases are readily distinguishable. In *Burns*, the court tried to certify a class that would include clerical office workers, inspectors and code enforcers, police dispatchers, medical technicians, and maintenance employees. *Burns*, 881 F. Supp. 2d at 234 (holding that "[b]ased upon the diversity of the job positions and departments of employment, and a modicum of common sense, the requisite similarity of responsibilities and supervision is doubtful"). Here, there is no such range of jobs within the classes, and the members of the classes of detailers and detail managers had similar duties and responsibilities. In *O'Donnell*, the plaintiffs sought to certify a class of thousands of staffing professionals in different departments and under different management across the country. 429 F. Supp. 2d at 248. The court denied certification because the two named plaintiffs had only worked in a single department in a single location and had no basis for claiming to be similarly situated with individuals in other departments and locations. *Id.* at 250. Although there may be some

14

variations in Real Clean operations, they are not so sprawling or varied as to undermine the plaintiffs' claim to be similarly situated with putative class members. The plaintiffs' allegation of misclassification as independent contractors supports a claim that all class members were "subject to a single decision, policy, or plan that violated the law." *Kane*, 138 F.Supp.2d at 214.

Real Clean also argues that the plaintiffs have not met the requirement of showing that other potential members of the class are interested in joining the suit. *See O'Donnell*, 429 F.Supp.2d at 250. Such a requirement, however, has not been widely adopted. *See Kautsch v. Premier Communications*, 504 F.Supp.2d 685, 690 n.1 (W.D. Mo. 2007) (declining to adopt such a requirement and noting that only the Eleventh Circuit has imposed such a requirement); *Douglas v. GE Energy Reuter Stokes*, 2007 U.S. Dist. LEXIS 32449, *24 (N.D. Ohio 2007) (declining to impose such a requirement as the "great weight of circuit authority is against imposing such a requirement"). The First Circuit has not adopted this requirement and federal district courts in Massachusetts have split on the issue. *Cf. Litz v. The Saint Consulting Group, Inc.*, 2012 U.S. Dist. LEXIS 20586, *5-6 (D. Mass. 2012) (declining to adopt requirement as inconsistent with purpose of conditional class certification); *O'Donnell*, 429 F.Supp.2d at 250 ("Courts have considered such interest to be a requirement to justify conditional certification of a class."). The court declines to impose such a requirement upon the plaintiffs at this time.

The court finds that under the lenient standard for conditional certification, the plaintiffs are employees under the FLSA and that the classes of detail managers and detailers are similarly situated. *See Mooney*, 54 F.3d at 1213-1214. The plaintiffs' motion for conditional class certification will therefore be allowed.

### 3. Scope of the Proposed Notice

Real Clean argues that the scope of the proposed notice is unreasonable because it requires Real Clean to produce the contact information for individuals who performed services for it within the past three years when the statute of limitations is two years. The statute of limitations for actions under the FLSA is normally two years, but the limitations period is extended to three years for willful violations. 29 U.S.C. s. 255(a); *Davis v. Lenox Hill Hosp.*, 2004 U.S. Dist. LEXIS 17283, *26 (S.D.N.Y. 2004). Here, the plaintiffs allege that Real Clean's failure to pay overtime was willful. Therefore, a three-year statute of limitations is appropriate, and the scope of the notice is not otherwise unreasonable.

### ORDER

For the foregoing reasons, the plaintiffs' motion for class certification pursuant to Mass. R. Civ. P. 23 is **ALLOWED**. The court will certify a class that will include any individuals who worked as detail managers for Real Clean between April 4, 2010 and the present and who received Forms 1099. The court will also certify a class that will include any individuals who worked as detailers for Real Clean between April 4, 2010 and the present and who received Forms 1099. The plaintiffs' motion for conditional class certification under the FLSA is also **ALLOWED**.

Date: June 13, 2014

James F. Lang
Associate Justice of the Superior Court