# EXHIBIT F

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.                                          SUPERIOR COURT
                                                        CIVIL ACTION
                                                        WOCV2011-1610-D

DARIANA VASQUEZ, on behalf of herself and all others similarly situated,
Plaintiffs,

vs.

YE OLDE LAMPLIGHTER II, INC., d/b/a LAMPLIGHTER II, AND STEVEN NATAUPSKY,
Defendants.

## MEMORANDUM OF DECISION AND ORDER ON PLAINTIFFS' MOTIONS FOR CLASS CERTIFICATION AND FOR PARTIAL SUMMARY JUDGMENT

This matter came before the Court on plaintiffs' motions for class certification (docket #14) and for partial summary judgment as to liability on Count I (violation of G. L. c. 149, § 148B), alleging misclassification of exotic dancers as independent contractors (docket #15). A hearing was held on October 15, 2013. After hearing, and upon review of all the pleadings, the motions for class certification and partial summary judgment are ALLOWED, for the reasons set forth below.



### BACKGROUND

For almost 20 years, defendant Ye Olde Lamplighter II, Inc. (the "company") has operated Lamplighter II, a club on Route 20 in Worcester. Defendant Steven Nataupsky is the president, treasurer, secretary and director of the company, and is directly involved in the daily operations of Lamplighter II.

For at least the past several years, exotic dancers (strippers who perform nude or semi-nude) have worked at Lamplighter II seven nights a week. The club has licenses from the Commonwealth and the City of Worcester specifically for exotic dancing. The main room of

Entered and Copies Mailed 11-14-13

Lamplighter II features a stage on which only the exotic dancers perform. The club also features a "private dance area" for private performances that the dancers offer to customers. Customers who want to use the private dance area are required to buy a bottle of champagne for $30; they are also required to pay the dancers $20 per song.

For purposes of summary judgment, the defendants have admitted that the sole source of remuneration for plaintiff and other exotic dancers at the Lamplighter II has been customer tips and the above-noted $20 per dance charge. (SOF #4)[1] Plaintiff has admitted for summary judgment purposes that she earned an average of $100 to $600 per night as an exotic dancer at the club. (SOF #17)

## DISCUSSION

### I. Partial Summary Judgment

#### A. Standard

Summary judgment serves as a "device to make possible the prompt disposition of controversies on their merits without a trial, if in essence there is no real dispute as to the salient facts or if only a question of law is involved." Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 715 (1991), and authorities cited. The familiar standard governing motions for summary judgment provides that summary judgment shall be granted forthwith where there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Mass. R. Civ. P. 56(c); Barrows v. Wareham Fire Dist., 82 Mass. App. Ct. 623, 625 (2012) (citing Cassesso v. Comm'r of Corr., 390 Mass. 419, 423 (1983)).  In assessing the record on a motion for summary judgment, all reasonable inferences are drawn in favor of the nonmoving party. Terra Nova v. Fray-Witzer, 449 Mass. 406, 411 (2007). Summary judgment should be granted, however, if the nonmoving party has no reasonable expectation of proving one or more elements

---

[1] "SOF" refers to the Consolidated Statement of Material Facts.

2

of the claim. See Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991). The moving party bears the burden of demonstrating the absence of evidence to support the essential elements of the claim. Id. at 817. "On summary judgment, the court's task is not to weigh evidence or decide the credibility of the testimony before it." Kelly v. Brigham & Women's Hosp., 51 Mass. App. Ct. 297, 299 n.4 (2001).

**B. Application of the Standard**

Under Massachusetts law, a worker will be considered an employee unless: "(1) The individual is free from control and direction in connection with the performance of the service, both under his contract for the performance of service and in fact; and (2) the service is performed outside the usual course of the business of the employer; and (3) the individual is customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed." G. L. c. 149, § 148B(a)(1)-(3). Because the conditions are conjunctive, "[t]he failure of the employer to prove all three criteria set forth above suffices to establish that the individual in question is an employee." Somers v. Converged Access, Inc., 454 Mass. 582, 589 (2009).

In her partial summary judgment motion, plaintiff has limited her argument to a single legal issue, i.e., whether or not plaintiff is an employee under G. L. c. 149, § 148B. Moreover, plaintiff has limited her argument to the second prong of the independent contractor test, i.e., whether her services were performed within or outside the usual course of Lamplighter II's business. Within these limited parameters, partial summary judgment as to liability only on Count One is clearly warranted.

Every Massachusetts court to analyze the second prong of G. L. c. 149, § 148B(a) in the context of misclassification claims brought by exotic dancers against clubs has found that they perform work within the "usual course of business" of the club, and are therefore employees.

3

See <u>Chaves</u> v. <u>King Arthur's Lounge, Inc.</u>, Suffolk Civ. No. 2007-2505 (Mass. Super. July 31, 2009); <u>Sandoval</u> v. <u>M.J.F. Bowery Corp., d/b/a Ten's Show Club</u>, Essex Civ. No. 2009-1835 ( Mass. Super. July 22, 1011); <u>Jenks</u> v . <u>D & B Corp., d/b/a The Golden Banana</u>, Essex Civ. No. 2009-1978 (Mass. Super. Aug. 24, 2011); <u>Monteiro</u> v. <u>PJD Entertainment of Worcester, Inc. d/b/a Centerfolds</u>, Worcester Civ. No. 2010-1930 (Mass. Super. Nov. 23, 2011); <u>Cruz</u> v. <u>Dartmouth Clubs, Inc., d/b/a Kings Inn</u>, Bristol Civ. No. 2010-1042 (Mass. Super. Sept. 26, 2011); <u>Cruz</u> v. <u>Manlo Enters, Inc., d/b/a Mario's Showplace</u>, Worcester Civ. No. 2010-1931 (Mass. Super. June 10, 2011); <u>Cusick</u> v. <u>The 15 Lagrange St.Corp., d/b/a The Glass Slipper</u>, Suffolk Civ. No. 2010-4127 (Mass. Super. Aug. 8, 2013).

Defendants argue that dancers have traditionally regarded themselves as entertainers appearing at a venue, instead of employees, Def. Opp. at 10-11, and that mechanically applying the language of § 148B(a)(2) would lead to the undesirable result that "a worker providing regular services to a business could never be classified as an independent contractor." id. at 11.[2] There are three responses to this argument. First, the language of the language of § 148B(a)(2) is explicit and has been interpreted as such by the Supreme Judicial Court. See, e.g., <u>Somers</u>, 454 Mass. at 589. Second, contrary to defendant's dire assessment, the statute does not apply to properly classified independent contractors, for example, those who operate under franchise agreements. See <u>Boulanger</u> v. <u>Dunkin' Donuts Inc.</u>, 442 Mass. 635, 640 (2004). Third, it is obvious that Ms. Vasquez has no desire to regard herself as an independent contractor, having sued defendants in an effort to be classified as an employee.

Defendants further argue that most of the above-cited cases do not engage in serious analysis of what the Legislature meant by "outside the usual course of business." But the need for

---

[2] Defendants also note that much of Lamplighter II's space is devoted to drinking, not dancing, Def. Opp. at 6, an argument that has properly been rejected as irrelevant in several of the above-noted cases.

detailed analysis is limited because the proper classification under the law is obvious. As other judges addressing this issue have noted, one would have to blind oneself to human instinct, the interests of a club's patrons and the daily operation of a club's business to conclude that nude and semi-nude dancing at a club licensed for exotic dancing was outside the club's usual course of business. Business activities are outside the usual course of business when they are "incidental" to the business. See "An Advisory from the Attorney General's Fair Labor Division on M.G.L. c. 149, s. 148B" (2008). Exotic dancing at Lamplighter II is anything but incidental.

## II. Class Certification

Plaintiff has moved to certify as a class all persons who worked as exotic dancers at Lamplighter II at any time since August 17, 2008, three years before the complaint in this action was filed. In order to maintain a class action, plaintiff must satisfy the prerequisites of Mass. R. Civ. P. 23(a) and the requirements of Mass. R. Civ. P. 23(b).

Mass. R. Civ. P. 23 contains the following four prerequisites to a class action: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Mass. R. Civ. P. 23(a). In addition, if these prerequisites are met, the court must find "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Mass. R. Civ. P. 23(b). The court "has broad discretion to certify or decertify a class." Salvas v. Wal-Mart Stores, Inc., 452 Mass. 337, 361 (2008).

### A. Prerequisites of Rule 23(a)

5

1. Number of class members -- There is no specific numerical threshold that a class must reach prior to certification. See Weld v. Glaxo Wellcome, Inc., 434 Mass. 81, 87 (2001) (standard "defies mathematical precision"). Courts have, however, found that classes of close to forty individuals are sufficiently numerous to warrant certification. See Calcagno v. High Country Investor, Inc., Middlesex Civ. A. No. 03-0707, 1-2 (Mass. Super. June 8, 2006) (Murtagh, J.) (class of thirty-five or forty satisfies numerosity requirement); In re Relafen Antitrust Litig., 218 F.R.D. 337, 342 (D. Mass. 2003) (Young, C.J.) ("forty individuals are generally found to establish numerosity"). This Court finds that well over 40 individuals have worked as exotic dancers at the Lamplighter II since August 2008, based on defendant Nataupsky's testimony that approximately 40 women danced at the club between January and early November 2012; that as of November 2012 around 12 different women worked at the Club each week; that there has been "huge" turnover at the club; and that defendant Nataupsky would not even "venture a wild guess" as to the total number of women who have worked at the club as exotic dancers since 2008. Nataupsky Depo. at 106-109. Therefore, the class is so numerous that joinder of all members is not practicable.

2. Common issues of law or fact -- To establish commonality, proposed class members must show that "all the persons whom they profess to represent have a common interest in the subject matter of the suit and a right and interest to ask for the same relief." Spear v. H.V. Green Co., 246 Mass. 259, 266 (1923). Class members need only share a single common issue to satisfy this requirement. See Holzman v. General Motors Corp., 2007 Mass. Super. LEXIS 462, at *28 (Mass. Super. 2007) (Billings, J.). Here, all proposed class members are exotic dancers who allege misclassification as independent contractors, instead of employees. Because the questions of law are identical among proposed class members, and the questions

of fact are substantially the same, different only in amount of hours worked and when those hours were worked, the commonality requirement is easily satisfied.

3. Typicality -- The typicality requirement is satisfied for essentially the above-noted reasons that apply to the commonality requirement. Proposed class members must show that "claims of the named plaintiff and those of the class '[are] based on the same legal theory.'" Weld, 434 Mass. at 87. Each member of the proposed class, including the named plaintiff, asserts identical claims arising from substantially similar sets of facts. The named plaintiff's claims are thus typical of the class claims.

4. Adequacy -- The adequacy requirement has two parts: the absence of potential conflict between the named plaintiffs and the potential class members, and the qualifications of counsel. See Hiller v. DaimlerChrysler Corp., 2007 Mass. Super. LEXIS 442, at *6 (Mass. Super. 2007) (Henry, J.) (citing Andrews v. Bechtel Power Corp., 780 F.2d 124, 130 (1st Cir. 1985)). As the claims of both the named plaintiff and the other potential class members are based on identical issues, the Court does not see any potential conflict. Moreover, plaintiffs would be represented by counsel with extensive experience litigating claims of this nature. The class thus satisfies the adequacy requirement.

**B. Requirements of Rule 23(b)**

As noted above, once a proposed class action plaintiff has satisfied the prerequisites of Rule 23(a), the Court must find "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Mass. R. Civ. P. 23(b). Both requirements are met in this case.

1. Predominance -- The issue of whether questions of law or fact common to the members of the class predominate over questions affecting only individual members hinges on whether "the

7

alleged injuries were the result of [a] single course of conduct" by the defendant." Weld, 434 Mass. at 92. The predominance requirement is satisfied by a "sufficient constellation of common issues [that] bind class members together." Id., quoting Waste Mgt. Holdings, Inc. v Mowbray, 208 F.3d 288, 296 (1st Cir. 2000). Because all of the proposed class claims arise from defendants' classification and payment practices, it is clear that common questions predominate over individual ones.

2. Superiority of class action -- "A class action is the superior method of adjudication if it maximizes judicial efficiency and grants court access to those plaintiffs who individually would be unable to litigate their claims." Hiller, 2007 Mass. Super. LEXIS 442 at *7. Superiority "ensures that resolution by class action will achieve economies of time, effort, and expense, and promote ... uniformity of decision as to persons similarly situated without sacrificing procedural fairness or bringing about other undesirable results." In re Relafen Antitrust Litig., 231 F.R.D. at 70 (internal quotation omitted).

The factor that above all others leads this Court to conclude that a class action is the superior method for resolving the employment-related claims of the Lamplighter II's exotic dancers is that their claims are in essence identical. The determination of each class member's claim will hinge on providing proof of dates and hours worked, followed by mathematical calculations. It would be grossly inefficient for the Superior Court to have dozens of separate cases that can be just as fairly handled through one class action case.

Defendants make two primary arguments to support their position that individual actions are superior to a class action in this case. First, they argue that their complete dearth of records will make it extremely difficult to locate class members.[3] Second, and related to the first

---

[3] As a matter of equity, the Court believes that the defendants should not benefit from their apparent failure to keep records that Massachusetts employers are required to keep. See

8

argument, defendants posit that many prospective class members may not even want to pursue a claim. The Court rejects both of these arguments.

Ease in locating prospective class members is neither a prerequisite to a class action under Rule 23(a) nor a factor for maintaining a class action in Rule 23(b). To the extent that a court has concerns about locating prospective class members, it can require various forms of notice under Rule 23(d). Moreover, the fact that other prospective class members have not filed suit supports defendants' argument at most only marginally. The Supreme Judicial Court has recognized that the reluctance of injured parties to pursue small individual claims is a factor that favors class actions. One reason for certifying a class is that "it aggregates numerous small claims into one action, whose likely range of recovery would preclude any individual plaintiff from having his or her day in Court." Weld, 434 Mass. at 93.

Mr. Nataupsky made clear at his deposition that turnover at the Lamplighter II has been extremely high. See supra at 109. There are doubtless many women who worked as exotic dancers at the Lamplighter II since August 2008 who cannot afford to pursue individual claims. Therefore, the fact that they have not filed individual claims does not undermine the argument in support of class certification. Indeed, in any given case some potential class members may be reluctant to join the class as a plaintiff, but "[i]t is not fatal if some members of the class might prefer not to have violations of their rights remedied." Rolland v. Patrick, 2008 U.S. Dist. LEXIS 66477, at *23 (D. Mass. 208) (Neiman, J.) (quoting Lanner v. Wimmer, 662 F.2d 1349, 1357 (10th Cir. 1981)).

---

G. L. c. 149, § 52. At the same time, the Court recognizes that it must base its decision on the requirements for maintaining a class action, even if the lack of records has some benefits to defendants under the requisite legal analysis.

9

Proceeding as a class will provide the Lamplighter II's exotic dancers with the opportunity to vindicate their rights when they may not otherwise have been able to do so, and will further provide a uniform determination for all potential plaintiffs.

## CONCLUSION

Plaintiffs' motion for class certification (docket #14) is ALLOWED. Plaintiffs' motion for partial summary judgment as to liability only on Count I (violation of G.L. c. 149, § 148B), alleging misclassification of exotic dancers as independent contractors (docket #15), is ALLOWED. The parties shall contact the session clerk to arrange a status conference no later than 90 days after the date of this ruling.

By the Court:

Robert L. Ullmann
Justice of the Superior Court

Dated: November 13, 2013