# EXHIBIT I

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.                                         SUPERIOR COURT
                                                       CIVIL ACTION
                                                       NO. 2010-01931

RAMONA CRUZ & others[1]

vs.

MANLO ENTERPRISES, INC[2]

## MEMORANDUM OF DECISION AND ORDER ON THE PLAINTIFFS' MOTIONS (1) FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; (2) FOR CLASS CERTIFICATION; AND (3) FOR SUMMARY JUDGEMENT

The plaintiffs, Ramona Cruz ("Cruz"), Nelita Monteiro ("Monteiro"), Ramona Rogers ("Rogers"), and others similarly situated, have brought this employment action against the defendant, Manlo Enterprises, Inc., which owns Mario's Showplace ("Mario's"). The plaintiffs are individuals who worked as exotic dancers for Mario's during the relevant three-year statutory time period from September 7, 2007 to September 7, 2010. The plaintiffs claim that: (1) Mario's improperly classified them as independent contractors; (2) failed to pay them minimum wage; (3) failed to pay them wages on a weekly or biweekly basis; (4) failed to pay them overtime; and (5) required them to pay a portion of their tips as fees and into a tip pool.



Three motions are before the court: (1) the Plaintiffs' Motion for Leave to Amend to File the Second Amended Complaint (paper No. 6); (2) the Plaintiffs' Motion for Class Certification (paper No. 5); and (3) the Plaintiffs' Motion for Summary Judgment (paper No. 7). For the reasons discussed below, the plaintiffs' Motions to Amend and for Class Certification are **ALLOWED**, and the plaintiffs' Motion for Summary Judgment is **ALLOWED** in part, and **DENIED** in part.

---

[1] Nelita Monteiro, Ramona Rogers, and all others similarly situated

[2] d/b/a Mario's Showplace


Entered and Copies Mailed 6/10/11

## BACKGROUND

The following undisputed facts are taken from the record.[3] Manlo Enterprises, Inc. owns and operates Mario's. Mario's is a "strip club" or "adult entertainment club" located at 147 Thompson Road in Webster, Massachusetts. Specifically, Mario's advertises itself as "New England's Premier Adult Entertainment Venue." Mario's features exotic dancers who perform in the nude or semi-nude.

Frank Chiello, Jr. has been an owner and operator of Mario's at all times relevant to this action. He is responsible for the day-to-day management of Mario's and is designated as the company's president and treasurer. Frank Chiello III and Michael Chiello are also responsible for the day-to-day management of Mario's, including hiring and firing of employees and establishing employees' wages. Cruz has worked at Mario's as an exotic dancer since approximately September 2008. Monteiro, Rogers, and Matthews also worked at Mario's as exotic dancers from approximately October 29, 2006 to May 9, 2009, September 2008 to March 2010, and 2000 to 2008, respectively.

In addition to the four named plaintiffs, numerous exotic dancers have worked for Mario's since September 7, 2007. Cruz provided affidavit testimony stating that she worked with fifteen to eighteen other exotic dancers each shift, the turnover rate was high, the exotic dancers were transient, and she has worked with approximately seventy-five exotic dancers since September 2008. Monteiro testified that she worked with thirteen to seventeen exotic dancers per shift, and

---

[3] The defendants have not provided memoranda in opposition to the plaintiffs' motions. The defendants simply responded to the plaintiffs' consolidated statement of facts by disputing three of the stated facts.

2

approximately forty during her time at Mario's. Rogers testified that she worked with approximately fifteen exotic dancers per shift and with approximately seventy-five exotic dancers during her time at Mario's. Matthews testified that the turnover rate of Mario's exotic dancers was "extremely high" and that she worked with more than one hundred exotic dancers over the course of a year.

Mario's stated that its usual course of business is that of a strip, adult entertainment, or Gentleman's club that features exotic dancers who perform in the nude or semi-nude. Mario's admitted that the exotic dancers who perform at its venue "form a regular and continuing part of the Defendant's business," "were in the usual course of the Defendant's business," and are "an essential part of the Defendant's business."

Mario's has classified its exotic dancers as independent contractors. Mario's does not pay its exotic dancers minimum wage or overtime. Exotic dancers at Mario's work exclusively for tips from customers, but do not retain all their tips. Instead, the exotic dancers must pay "house" and "shift" fees to Mario's. The defendants dispute the range of the shift fees and the existence of a "house" fee. The plaintiffs state that exotic dancers had to pay $45 - $85 in shift fees and $30 in a house fee, whereas the defendants stated the exotic dancers had to pay $25 - $50 in shift fees and no house fee. The parties agree that Mario's required exotic dancers to pay fines for arriving late for their shift and for missing a shift. Disputes exist as to whether the exotic dancers also paid fees for not dancing the last song or bringing food and beverages into Mario's, and whether the exotic dancers were required to share tips with disc jockeys and bouncers. The defendants maintain that Mario's was not involved in any tip sharing between exotic dancers and disc jockeys and bouncers, stating that exotic dancers provided tips to disc jockeys and bouncers voluntarily.

## DISCUSSION

## I. Motion for Leave to Amend the Second Amended Complaint

The plaintiffs have moved to amend the Amended Complaint to add a named plaintiff and three named defendants pursuant to Mass. R. Civ. P. 15(a). Rule 15(a) states that "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." See id. Motions to amend are generally allowed, unless a good reason exists for their denial. Mathis v. Massachusetts Elec. Co., 409 Mass. 256, 264 (1991). Courts have denied motions to amend based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Id.

None of these factors upon which courts have denied motions to amend are present in this case. Here, the discovery deadline does not expire until July 2011, little discovery has occurred, the trial has not yet been scheduled, and the defendants have not opposed the plaintiffs' motion. Under these circumstances, the defendants will suffer no prejudice by the addition of Aimee Matthews as a named plaintiff, and Frank Chiello, Jr.; Frank Chiello III; and Michael Chiello as defendants. The plaintiffs' motion to amend is **ALLOWED**, and the clerk shall docket the plaintiffs' Second Amended Complaint.

## II. Motion for Class Certification

The plaintiffs also move to certify a class of "[a]ll individuals who have been exotic dancers at Mario's Showplace at any time since September 7, 2007." The plaintiffs allege the following claims on behalf of the putative class, that the defendants: (1) mis-classified exotic dancers who worked at Mario's as independent contractors; (2) failed to pay the putative class members wages

4

and overtime; and (3) violated the Massachusetts Tips Law by requiring the putative class members to pay a portion of their tips for "house fees," fines, and as shared tips for disc jockeys and bouncers. The defendants have not opposed the plaintiffs' motion.

"A judge has broad discretion to certify or decertify a class." Salvas v. Wal-mart Stores, Inc., 452 Mass. 337, 361 (2008), citing Weld v. Glaxo Wellcome, Inc., 434 Mass. 81, 84-85 (2001). To prevail on a motion for class certification, the plaintiff must "provid[e] information sufficient to enable the motion judge to form a reasonable judgment that the class meets the requirements of rule 23; they do not bear the burden of producing evidence sufficient to prove that the requirements [of rule 23] have been met.'" Salvas, 452 Mass. at 363, quoting Weld, 434 Mass. at 87.

Massachusetts Rule of Civil Procedure 23 requires the plaintiffs to establish that: (1) the class is so numerous that joinder of all members is impracticable (numerosity); (2) there are questions of law or fact common to the class (commonality); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); (4) the representative parties will fairly and adequately protect the interests of the class (adequacy); (5) legal or factual questions common to class members predominate over questions affecting only individual members (predominance); and (6) a class action is superior to other available methods of adjudication (superiority). See Mass. R. Civ. P. 23(a) and (b). See also Weld, 434 Mass. at 86.

A. Numerosity

Here, the plaintiffs claim that over one hundred exotic dancers have worked at Mario's since September 7, 2007. The named plaintiffs' testimony reasonably suggests that between forty and over one hundred exotic dancers worked at Mario's during the relevant three-year period. The named plaintiffs testimony also indicates that Mario's had a high turnaround rate for exotic dancers and that

5

many of these exotic dancers were transient. Due to the large number of putative class members and the potential difficulty in locating transient exotic dancers, joinder of all the putative class is impracticable here. See Chaves v. King Arthur's Lounge, Inc., Civil Action No. 2007-02505 (Mass. Super. 2007) (McIntyre, J.) (unpublished) (numerosity satisfied by seventy exotic dancers, especially where many members were temporarily dancing and could therefore prove difficult to locate).

B. Commonality

The commonality requirement is satisfied where the putative class members' claims "derive from a common course of conduct on the part of the defendants and present the identical issue." Aspinall v. Philip Morris Cos., Inc., 442 Mass. 381, 392 (2004). The plaintiffs assert that the defendants uniformly applied work policies and practices to exotic dancers who worked at Mario's, and the factual and legal issues presented are therefore identical. The plaintiffs claim that wrongful classification of the putative class members as independent contractors, violation of minimum wage and overtime laws, and imposition of improper fees and involuntary tip sharing are legal issues common to all putative class members. For these reasons, the putative class has satisfied the commonality requirement.

C. Typicality

"Typicality is established when there is 'a sufficient relationship . . . between the injury to the named plaintiff and the conduct affecting the class,' and the claims of the named plaintiff and those of the class 'are based on the same legal theory.'" Weld, 434 Mass. at 87. Typicality is satisfied here because the plaintiffs' allegations do not indicate that the defendants acted differently toward any exotic dancer, and the named plaintiffs' claims are identical to those of the putative class members.

D. Adequacy

The named plaintiffs must adequately protect the interests of other class members. Accordingly, the named plaintiffs cannot have any potential conflicts with the putative class members and qualified, experienced counsel must conduct the litigation on behalf of the class. Andrews v. Bechtel Power Corp., 780 F.2d 124, 130 (1st Cir. 1985). Nothing here suggests that conflicts exist between the named plaintiffs and any other class member. Further, the named plaintiffs' counsel are qualified to litigate this action due to their experience with numerous employment matters involving mis-classification and wage-related violations.

E. Predominance and Superiority

"The predominance test expressly directs the court to make a comparison between the common and individual questions involved in order to reach a determination of such predominance of common questions in a class action context." Salvas, 452 Mass. at 363. A class action may be superior to other litigation where "it aggregates numerous small claims into one action, whose likely range of recovery would preclude any individual plaintiff from having his or her day in court." Weld, 434 Mass. at 93. This case is particularly well-suited to be certified as a class action because all legal issues are common to the class members and the low amount of recovery for transient workers would likely preclude these individuals from filing an action against the defendants.

In conclusion, the plaintiffs' putative class action satisfies the numerosity, commonality, typicality, and adequacy requirements, as well as those of predominance and superiority. As a result, the court **ALLOWS** the plaintiffs' Motion for Class Certification. The court **ORDERS** that the named plaintiffs and "[a]ll individuals who have been exotic dancers at Mario's Showplace at any time since September 7, 2007," be certified as a class, and their lawsuit be certified as a class action.

7

### III. Motion for Summary Judgment

Summary judgment is granted when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Mass. R. Civ. P. 56(c). The moving party may prevail on its motion by demonstrating by reference to materials properly in the summary judgment record, unmet by countervailing materials, that the party bearing the burden of proof at trial has no reasonable expectation of proving an essential element of its case. Carey v. New England Organ Bank, 446 Mass. 270, 278 (2006), citing Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). To survive summary judgment, the non-moving party must set forth specific facts with affidavits, deposition testimony, answers to interrogatories, or admissions on file showing that a genuine issue of fact exists. Mass. R. Civ. P. 56(e); Ng Bros. Constr., Inc. v. Cranney, 436 Mass. 638, 644 (2002).

The class seeks summary judgment for liability, reserving the issue of damages, on all counts in the Second Amended Complaint. The defendants have filed no memoranda in opposition to the plaintiffs' motion. After review of the relevant law and the summary judgment record, the court concludes that the class is entitled to summary judgment on its mis-classification, minimum wage regulation, unpaid wages, and tips claims against Mario's. The class, however, is not entitled to judgment as a matter of law on their overtime claim based on the undisputed facts.

A. Mis-classification, G. L. c. 149, §§ 148B and 150[4]

---

[4] General Laws c. 149, § 150 gives an aggrieved employee who files a complaint with the Attorney General, and waits ninety days or is given permission to proceed earlier, the right to institute and prosecute violations of § 148B on his or her own behalf and for others similarly situated for damages, lost wages, and other benefits. The plaintiffs filed a complaint with the Attorney General, and were given permission to prosecute this action.

8

The Massachusetts Independent Contractor Law, General Laws c. 149, § 148B(a), provides that any individual performing a service is an employee, unless:

> (1) the individual is free from control and direction in connection with the performance of the service, both under his contract for the performance of service and in fact; and
> (2) the service is performed outside the usual course of the business of the employer; and,
> (3) the individual is customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed.

Id. "The failure of the employer to prove all three criteria set forth above suffices to establish that the individual in question is an employee." Somers v. Converged Access, Inc., 454 Mass. 582, 589 (2009); Athol Daily News v. Board of Review of Div. of Employ. & Training, 439 Mass. 171, 178-179 (2003) (relying on the similar provisions of 152A to analyze the criteria above). A defendant business's inability to establish even a single criterion of the Independent Contractor Law establishes that the worker at issue is an employee. See Chaves, Civil Action No. 2007-02505 (Mass. Super. 2007) (McIntyre, J.) (unpublished) (exotic dancers were mis-classified as independent contractors because defendant failed to satisfy the second criterion of § 148B).

In this case, the class argues that the defendants cannot establish the second criterion of § 148B because exotic dancing is within Mario's usual course of business. The undisputed facts establish that Mario's was in the business of adult entertainment that features nude or semi-nude exotic dancing, the work in which the class members engaged. See Athol Daily News, 439 Mass. at 178-179 (where defendant published and distributed a daily newspaper, workers who delivered that daily newspaper performed services within

9

defendant's usual course of business). The defendants have also admitted that Mario's exotic dancers "perform services which form a regular and continuing part" of Mario's business, and that these exotic dancers are an "essential part" of Mario's business. See American Zurich v. Department of Indus. Accidents, 2006 WL 2205085, at *4 (Mass. Super. 2006) (stating a "worker whose services form a regular and continuing part of the employer's business . . . should be found to be an employee"). The undisputed facts show that the class performed services within Mario's usual course of business and Mario's cannot satisfy § 148B's second criterion.

As a result, the defendants cannot show that the class members are independent contractors. The class is entitled to summary judgment on the § 148B claim, and the class members are employees. Because the undisputed facts demonstrate that the individual named defendants managed the class members, they are also liable for mis-classification of the class. See G. L. c. 149, § 148B(e) (stating that "any officer or agent having the management of the corporation or entity shall be liable for violations of this section.").

B. Minimum Wage, G. L. c. 151, §§ 1 and 7

General Laws c. 151, §§ 1 and 7 set the minimum wage amounts due to employees, and § 7 establishes a lower amount that employers may pay workers "who customarily and regularly receive more than $20 in tips per month." But see Moore v. Barnsider Mgmt. Corp., 2006 WL 2423328, at *6 (Mass. Super 2006) (employers who violate the Massachusetts Tips Law are not entitled to tip credit). General Laws c. 151, § 20 allows a plaintiff to recover for an employer's failure to comply with the minimum fair wage

10

regulation.

Here, the class has demonstrated that its members are employees. Because the defendants did not pay the class wages, they violated the minimum wage regulation. The class members are entitled to summary judgment as to liability under § 20.

C. Wage Act, G. L. c. 149 § 148

Individuals who are employees are entitled to the protections of the Massachusetts Wage Act, G. L. c. 149, § 148. The Wage Act requires employers to "pay weekly or bi-weekly each employee such wages earned by him." See id. This statute does not define the term "wages." See Somers, 454 Mass. at 594 (reasoning the employees improperly classified as independent contractors are entitled, under G. L. c. 149, § 150, to "damages incurred," including lost wages, benefits, holiday pay, vacation pay, and other benefits the plaintiff can prove he was denied). Because the defendants did not pay the class members wages on a regular basis as defined by § 148, the plaintiffs are entitled to summary judgment as to liability on their Wage Act claim. The plaintiffs must establish the damages incurred by the defendants' violation of the Wage Act at trial.

D. Overtime, G. L. c. 151, § 1A and 1B

The class also claims that it was not paid overtime. The Massachusetts Overtime Act, G. L. c. 151, § 1A, provides:

> [N]o employer shall employ any of his employees . . . for a work week longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one half times the regular rate at which he is employed.

Section 1A(3) exempts from overtime for certain classes of employees, including those employed as "a bona fide executive, or administrative or professional person or qualified trainee for such position earning more than eighty dollars per week." See id. The employer has the burden of proof to show that the exemption applies to its employee. Somers, 454 Mass. at 591 n.12, citing Goodlow v. Lane Bryant, Inc., 432 Mass. 165, 170 (2000). An employee may recover damages for an employer's violation of § 1A pursuant to G. L. c. 151, § 1B.

Here, the class has provided no evidence suggesting that its members worked more than forty hours during any given week within the relevant statutory period. Without such a showing, summary judgment as to liability for the plaintiffs' overtime claim is **DENIED**.

E. Tips, G. L. c. 149, § 152A and 150

The class argues that the defendants improperly required its members to pay a portion of their tip income to Mario's in house fees and fines, and that Mario's required the class to share tips with disc jockeys and bouncers.

General Laws c. 149, § 152A, the Massachusetts Tips Law, applies to a service employee, "a person who works in an occupation in which employees customarily receive tips or gratuities, and who provides service directly to customers and consumers, but who works in an occupation other than in food or beverage service, and who has no managerial responsibility." G. L .c. 149, § 152A(a). Section152A(b) prevents any employer from taking "any payment or deduction from a tip or service charge given to . . . [a] service employee . . . by a patron." Section 152A(c) prevents an employer from causing, requiring, or permitting

12

a service employee to "participate in a tip pool" that distributes any portion of his or her tips to non-service employees. G. L. c. 149, § 152A(c).

An employer who is found to violate § 152A must make restitution for any tips it accepted as fees or distributed to non-service employees, with twelve percent annual interest. G. L. c. 149 § 152A(f). An aggrieved service employee may recover this amount through G. L. c. 149, § 150. See id.

The class members are service employees for the purposes of the Massachusetts Tips Law. The record establishes that the defendants charged the class members house fees and late fines from tips they received from Mario's patrons. This action suffices to prove a violation of § 152A(b), which entitles the plaintiffs to summary judgment as to liability. As to § 152A(c), a material factual dispute exists as to whether Mario's or the named defendants caused, required, or permitted the class members to pay disc jockeys and bouncers a portion of their tips. The court therefore **ALLOWS** summary judgment as to the plaintiffs' § 152A(b) claim, but **DENIES** summary judgment as to their

§ 152A(c) claim.

## ORDER

For the reasons stated above, the court **ORDERS** that the plaintiffs' Motion to Amend and Motion for Class Certification be **ALLOWED**. The plaintiffs' Motion for

13

Summary Judgment is **ALLOWED** as to liability on Count I (Mis-classification), Count II (Minimum Wage), Count III (Wage Act), and Count V (Tips under G. L. c. 149, § 152A(b)), and **DENIED** as to liability on Count IV (Overtime) and Count V (Tips under G. L. c. 149, § 152A(c)).

June 9, 2011

John S. McCann
Justice of the Superior Court

# Commonwealth of Massachusetts
## County of Worcester
## The Superior Court

CIVIL DOCKET#: **WOCV2010-01931-C**

RE: Cruz et al v Marios Showplace et al

TO: Sara Smolik, Esquire
Lichten & Liss-Riordan, P.C.
100 Cambridge St., 20th Flr.
Boston, MA 02114

## NOTICE OF DOCKET ENTRY

You are hereby notified that on **06/09/2011** the following entry was made on the above referenced docket:

**MEMORANDUM OF DECISION AND ORDER on plaintiff's motions `) for leave to file second amended complaint 2) for class certification & 3) for summary judmgent - Motion to amend & for class certification be ALLOWED. The plaintiffs' Motion for Summary Judgment is ALLOWED as to liability on Count I(mis classification) ,Count II ( minimum wage) ,Count III( wage act) and Count V (tips c149 sec 152 A(b) ) and DENIED as t liability on Count IV (overtime) and Count V (tips c 149 sec 152A (c)) . (John S. McCann, Justice). Copies mailed 6/10/11.**
Dated at Worcester, Massachusetts this 10th day of June, 2011.

Dennis P. McManus, Esq.,
Clerk of the Courts

BY: Alexander Rodriguez, III
Assistant Clerk

Telephone: 508-831-2358 (Session Clerk) or 508-831-2347

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130 cvdgeneric_2.wpd 1623523 memord marchand