# EXHIBIT K

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
CIVIL ACTION
No. 07-2505

LUCIENNE CHAVES[1] & another[2]

vs.

RECEIVED AUG 0 7 2009

KING ARTHUR'S LOUNGE, INC.

## MEMORANDUM OF DECISION AND ORDER ON THE PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

The plaintiffs, Lucienne Chaves ("Chaves") and William Carvalho ("Carvalho") were employed by King Arthur's Lounge ("King Arthur's"), a bar and lounge located in Chelsea, Massachusetts, as an exotic dancer and a bookkeeper/ manager, respectively. Chaves worked at King Arthur's from January 2005 until May 2007, when, she alleges, a dispute with a bartender led to its refusal to re-employ her.

King Arthur's classified Chaves and the other dancers who worked there as independent contractors rather than as employees. The plaintiffs argue that this classification "resulted in numerous violations of statutory and common law," including G. L. c. 149, § 148B, the Massachusetts independent contractor law.

In this motion, Chaves seeks certification to represent herself and others similarly situated, that is, the other exotic dancers at the King Arthur. Relying on the Wage Act,[3] she

---

[1] On behalf of herself and all others similarly situated.

[2] Wilson Carvalho

[3] An employee claiming to be aggrieved by a violation of sections 33E, 148, 148A, 148B, 150C, 152, 152A or 159C or section 19 of chapter 151 may, 90 days after the filing of a complaint with the attorney general, or sooner if the attorney general assents in writing, and within 3 years after the violation, institute and prosecute in his own name and on his own behalf,

seeks to dispense with the process of findings required under Rule 23. Defendants contest this point.

While Chaves' argument as to private attorney generals is persuasive, the Act does not appear to grant automatic class status or certification without compliance with the Rule. Therefore, this Court will follow those dictates: which are easily met in this case.

## DISCUSSION

Under the Rule, this case may only be sustained as a class action if 1.) the class is so numerous that joinder of all members is impracticable, 2.) there are questions of law or fact common to the class, 3.) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and 4.) the representative parties will fairly and adequately protect the interests of the class. Mass.R.Civ.P. Rule 23

**(1) The class is so numerous that joinder of all members is impracticable.**

Plaintiff submits innumerable pages of dancing schedules from King Arthur's establishing at least seventy dancers were thus employed. As plaintiff points out, in other employment cases class size has been much less, and still satisfied the numerosity requirement. A class size estimated at 70 persons is impracticable to bring separately. In a line of work where education and developed skills were not critical, it is likely that some class members were temporarily dancing and they may now be difficult to locate. Joinder is surely impracticable.

**(2) There are questions of law or fact common to the class; and**

---

or for himself and for others similarly situated, a civil action for injunctive relief, for any damages incurred, and for any lost wages and other benefits. M.G.L. c.149 § 150.

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class.

This type of case is uniquely suited to class treatment. All of the putative class would stand in the same position relative to King Arthur's, i.e, allegedly mis-classified. The claim of each of the dancers would therefore be identical and based on the independent contractor law: the lounge, it is claimed, mis-classified them as independent contractors rather than employees. The wage claim that may flow from a correct classification will affect them in identical fashion. The facts, law, claims and defenses are narrow and identical as to each exotic dancer working at King Arthur.

The only distinction pointed out by the defendant in contesting commonality and typicality is that Chaves did not actively market her dancing as an occupation. He argues that other dancers may have had a different experience pursuing such a career. This claim is not supported by evidence, is highly speculative, and under the independent contractor statute, M.G.L. c. 149 s. 148B, is only one factor in a fact-specific analysis. All other working conditions would apparently have been identical and experienced in common. Moreover, the Rules requires only that questions of law or fact "predominate" over issues affecting individual members. *Salvas v. Wal-Mart Stores, Inc.*, 452 Mass 337, 362 (2008). The commonality and typicality requirements are met.

(4) The representative parties will fairly and adequately protect the interests of the class.

Chaves' situation is typical of all dancers at King Arthur's. Largely because the common issue is so narrow, there appears to be no legal conflict between her position as plaintiff and that

3

of other dancers. Her counsel is exceptionally well-suited by experience with prior litigation to handle this case on behalf of an entire class.

The defendant claims that class certification is not a proper format because of Carvalho's presence in the case. However, his claim or retaliation arises directly from Chaves' Wage Claim, and so, involves similar facts and law. The retaliation claim does not undermine the common interest these plaintiffs have with the other dancers in being correctly classified. Plaintiff offers to sever the Carvalho claim, and for the sake of clarity, this Court will so order.

Defendant expresses concern that exotic dancers not presently parties to the lawsuit do not wish to be involved and worries that their inability to opt-out of the lawsuit compromises their rights. This Court considers that the economic disparity between the defendants and the other dancers, as well as their dependence on the club for employment, is likely a factor in the other dancers' reluctance to litigate. The interests of justice are served by litigating the classification issue as to all dancers.

## CONCLUSION AND ORDER

For the foregoing reasons, this Court allows the motion and orders that Lucienne Chaves, and the exotic dancers at the King Arthur Lounge Inc. be certified as a class, and this action as a class action. The claim of Wilson Carvalho is severed and stayed pending resolution of the class claims.

So ordered:

Frances A. McIntyre
Justice of the Superior Court

DATED: July 31, 2009

4