GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS JR., SBN 132099
    tboutrous@gibsondunn.com
THEANE EVANGELIS, SBN 243570
    tevangelis@gibsondunn.com
BLAINE H. EVANSON, SBN 254338
    bevanson@gibsondunn.com
HEATHER RICHARDSON, SBN 246517
    hrichardson@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

JOSHUA S. LIPSHUTZ, SBN 242557
    jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington D.C. 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

Attorneys for Uber Technologies, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS COLOPY, CHRISTOPHER JAMES, and SPENCER VERHINES, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>        Defendant. | CASE NO.  3:19-cv-06462-EMC<br><br>**DEFENDANT'S PARTIAL MOTION TO DISMISS OR, IN THE ALTERNATIVE, STRIKE PLAINTIFFS' CONSOLIDATED COMPLAINT**<br><br><u>**Hearing**</u>**:**<br>Date: June 18, 2020<br>Time: 1:30 p.m.<br>Place: Courtroom 5<br><br>Judge: Honorable Edward M. Chen<br>Action Filed: October 8, 2019<br>Trial Date: none set |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on June 18, 2020, at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Edward M. Chen in Courtroom 5 of the United States District Court for the Northern District of California in the San Francisco Courthouse, Seventeenth Floor, 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Uber Technologies, Inc. will, and hereby does, move this Court, pursuant to Rule 12(b)(6) and (f) of the Federal Rules of Civil Procedure, for an order dismissing or striking the sick pay, UCL, and declaratory judgment claims in Plaintiffs' Consolidated Complaint.

*First*, Plaintiffs' claims for declaratory judgment of misclassification and entitlement to paid sick leave (Count I) should be dismissed because there is no private cause of action under California Labor Code §§ 246 or 2750.3.  In addition, Plaintiffs have not pleaded that they personally have met the elements of Section 246 or the San Francisco and Los Angeles ordinances they assert here—in fact, there are no allegations about Colopy *at all*.  If the Court does not dismiss the claims, it should at the very least strike the following portions of the complaint to the extent they concern Sections 246 and 2750.3:  Consolidated Complaint ¶¶ 2–3, 6, 41, 53, 55, 70(b).

*Second*, because Plaintiffs have not alleged a violation of law, their claim that Uber's actions were "unlawful" under the Unfair Competition Law ("UCL") (Count VI) fails as well.  Moreover, Plaintiffs may not seek equitable relief under the UCL as they have not shown that they lack an adequate remedy at law.

*Third*, Plaintiffs' declaratory judgment count should be dismissed as it is wholly duplicative of their other causes of action.

*Fourth*, Plaintiffs have waived all claims with respect to Thomas Colopy by not reasserting them in the Consolidated Complaint, and he should be dismissed from the case.

DATED:  May 21, 2020                         GIBSON, DUNN & CRUTCHER LLP

                                             By:  _____/s/ Theane Evangelis_____
                                                          Theane Evangelis

                                             *Attorneys for Defendant Uber Technologies, Inc.*

Gibson, Dunn &
Crutcher LLP

1

**TABLE OF CONTENTS**

2  I.      INTRODUCTION ................................................................................................. 1

3  II.     FACTUAL AND PROCEDURAL BACKGROUND.............................................. 2

4  III.    LEGAL STANDARD............................................................................................. 5

5  IV.     ARGUMENT ......................................................................................................... 6

6          A.      Plaintiffs Have Not Alleged a Cognizable Claim for Paid Sick Leave (Count I).........7

7                  1.      There Is No Private Right of Action to Sue for Violations of California
                          Labor Code §§ 246 or 2750.3 .......................................................... 7
8
                   2.      Plaintiffs Do Not Plead Sufficient Facts to Support Their Paid Sick
9                          Leave Claim ..................................................................................... 10

10         B.      Plaintiffs Fail to State a Claim for Unlawful Business Practices (Count VI) ............. 15

11         C.      Count I Is Duplicative of Plaintiffs' Other Causes of Action .................................... 17

12         D.      Plaintiff Colopy Should Be Dismissed Because Plaintiffs Have Waived His
                   Claims by Failing to Reassert Them in the Consolidated Complaint ......................... 18
13
   V.     CONCLUSION .................................................................................................... 19

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF AUTHORITIES

2

Page(s)

3

**Cases**

4

*Aiello v. BAC Home Loans Servicing, LP*,
   2011 WL 13266352 (N.D. Cal. Sept. 30, 2011) ...........................................................17

5

6

*Allstate Ins. Co. v. Barnett*,
   2011 WL 2415383 (N.D. Cal. June 15, 2011) ...............................................................15

7

8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...............................................................................5, 6, 10, 12

9

10

*Backhaut v. Apple Inc.*,
   2015 WL 4776427 (N.D. Cal. Aug. 13, 2015) ..............................................................16

11

*Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*,
   718 F. Supp. 2d 1167 (N.D. Cal. 2010) ........................................................................6

12

13

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ...................................................................................................5

14

15

*Biederman v. Nw. Tr. Servs., Inc.*,
   2015 WL 3889371 (C.D. Cal. June 24, 2015) ..............................................................18

16

*Birdsong v. Apple, Inc.*,
   590 F.3d 955 (9th Cir. 2009) .......................................................................................16

17

18

*Bowling v. Diamond Resorts Int'l, Inc.*,
   2018 WL 3244068 (D. Haw. July 3, 2018) ..................................................................12

19

20

*Brooks v. Agate Res., Inc.*,
   2019 WL 2635594 (D. Or. Mar. 25, 2019) ..................................................................12

21

*Bryant v. J.P. Morgan Chase Bank, N.A.*,
   671 F. App'x 985 (9th Cir. 2016) ..............................................................................17

22

23

*Carter v. Rasier-CA, LLC*,
   2017 WL 4098858 (N.D. Cal. Sept. 15, 2017) .............................................................14

24

*Chao v. Aurora Loan Servs., LLC*,
   2013 WL 5487420 (N.D. Cal. Sept. 30, 2013) .............................................................14

25

26

*Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*,
   710 F.3d 946 (9th Cir. 2013)........................................................................................19

27

28

*Colopy v. Uber Techs. Inc.*,
   2019 WL 6841218 (N.D. Cal. Dec. 16, 2019) ...................................................3, 7, 8, 13

*Cont'l Cas. Co. v. Nationwide Mut. Ins. Co.*,
   2014 WL 12607694 (C.D. Cal. Nov. 3, 2014) ...............................................................17

*Dimmick v. N. Cal. Inst. for Research & Educ.*,
   2005 WL 8177404 (N.D. Cal. May 23, 2005) ................................................................10

*Doe v. Wal-Mart Stores, Inc.*,
   572 F.3d 677 (9th Cir. 2009) ..........................................................................................5

*Edejer v. DHI Mortg. Co.*,
   2009 WL 1684714 (N.D. Cal. June 12, 2009) ..............................................................18

*Fantasy, Inc. v. Fogerty*,
   984 F.2d 1524 (9th Cir. 1993) ..........................................................................................6

*Fiedler v. Clark*,
   714 F.2d 77 (9th Cir. 1983) ........................................................................................1, 9

*In re Ford Motor Co./Citibank (S. Dakota), N.A.*,
   264 F.3d 952 (9th Cir. 2001) ..........................................................................................18

*Fox-Quamme v. Health Net Health Plan of Or., Inc.*,
   2016 WL 1724358 (D. Or. Apr. 29, 2016) ....................................................................10

*Frudden v. Pilling*,
   842 F. Supp. 2d 1265 (D. Nev. 2012) ..............................................................................9

*Gardner v. Safeco Ins. Co. of Am.*,
   2014 WL 2568895 (N.D. Cal. June 6, 2014) ................................................................15

*Gazzano v. Stanford Univ.*,
   2013 WL 2403646 (N.D. Cal. May 31, 2013) ..............................................................19

*Graham v. U.S. Bank, Nat'l Ass'n*,
   2015 WL 10322087 (D. Or. Dec. 2, 2015) ......................................................................9

*Gutierrez v. Aaron's Inc.*,
   2010 WL 4968142 (E.D. Cal. Dec. 1, 2010) ....................................................................6

*Harding v. Time Warner, Inc.*,
   2009 WL 2575898 (S.D. Cal. Aug. 18, 2009) ..................................................................5

*Harris v. Vector Mktg. Corp.*,
   2010 WL 2077015 (N.D. Cal. May 20, 2010) ..............................................................15

*Heath v. Google LLC*,
   2018 WL 398463 (N.D. Cal. Jan. 12, 2018) ........................................................1, 18, 19

*Iolani Islander, LLC v. Stewart Title Guar. Co.*,
   2017 WL 11139924 (D. Haw. Nov. 7, 2017) ..................................................................9

*J.L. v. Cissna*,
 2019 WL 415579 (N.D. Cal. Feb. 1, 2019)....................................................................19

*Jacobs v. Martin Sweets Co.*,
 550 F.2d 364 (6th Cir. 1977)........................................................................................12

*Jasper v. C.R. England, Inc.*,
 2012 WL 7051321 (C.D. Cal. Aug. 30, 2012)...............................................................5

*Joyce v. Office of Architect of Capitol*,
 966 F. Supp. 2d 15 (D.D.C. 2013) ..............................................................................13

*Lacayo v. Donahoe*,
 2015 WL 993448 (N.D. Cal. Mar. 4, 2015) .................................................................13

*Lacey v. Maricopa County*,
 693 F.3d 896 (9th Cir. 2012).....................................................................................1, 18

*Landers v. Quality Commc'ns, Inc.*,
 771 F.3d 638 (9th Cir. 2014)........................................................................................13

*Lee v. Postmates Inc.*,
 2018 WL 6605659 (N.D. Cal. Dec. 17, 2018) ..................................................8, 10, 13

*LegalForce RAPC Worldwide P.C. v. Swyers*,
 2018 WL 3439371 (N.D. Cal. July 17, 2018) ..............................................................17

*Loo v. Toyota Motor Sales, USA, Inc.*,
 2019 WL 7753448 (C.D. Cal. Dec. 20, 2019) ..............................................................15

*Lorenzo v. United States*,
 2010 WL 11508278 (S.D. Cal. Oct. 21, 2010) .............................................................14

*Mangindin v. Wash. Mut. Bank*,
 637 F. Supp. 2d 700 (N.D. Cal. 2009) .........................................................................17

*Maya v. Centex Corp.*,
 658 F.3d 1060 (9th Cir. 2011)......................................................................................16

*McMillan v. Bank of America, N.A.*,
 2014 WL 12521701 (S.D. Cal. Nov. 12, 2014) ............................................................17

*Miller v. Hearst Commc'ns, Inc.*,
 2012 WL 3205241 (C.D. Cal. Aug. 3, 2012) ...............................................................16

*Mir v. Kirchmeyer*,
 2014 WL 12029269 (S.D. Cal. Nov. 3, 2014) ..............................................................14

*Mkt. Trading, Inc. v. AT&T Mobility, LLC*,
 388 F. App'x 707 (9th Cir. 2010) ................................................................................16

*Morales v. Trans World Airlines, Inc.*,
  504 U.S. 374 (1992) ..............................................................................................................15

*Mort v. United States*,
  86 F.3d 890 (9th Cir. 1996)..................................................................................................15

*Mullins v. Premier Nutrition Corp.*,
  2018 WL 510139 (N.D. Cal. Jan. 23, 2018) .........................................................................15

*Murphy v. Best Buy Stores, L.P.*,
  690 F. App'x 553 (9th Cir. 2017) .........................................................................................16

*N. Cty. Commc'ns Corp. v. Cal. Catalog & Tech.*,
  594 F.3d 1149 (9th Cir. 2010)..............................................................................................10

*N. Cty. Commc'ns Corp. v. McLeodUSA Telecomms. Servs., Inc.*,
  2010 WL 1779445 (D. Ariz. May 3, 2010)...........................................................................10

*Noe v. Superior Court*,
  237 Cal. App. 4th 316 (2015)..................................................................................................8

*O'Connor v. Uber Techs., Inc.*,
  2019 WL 4394401 (N.D. Cal. Sept. 13, 2019) ...............................................................2, 3, 4

*Oildale Mut. Water Co. v. Crop Prod. Servs., Inc.*,
  2014 WL 824958 (E.D. Cal. Mar. 3, 2014) ..........................................................................18

*Optrics Inc. v. Barracuda Networks Inc.*,
  2018 WL 10604751 (N.D. Cal. Apr. 9, 2018) ...................................................................6, 10

*Patton v. Experian Data Corp.*,
  2018 WL 6190349 (C.D. Cal. Jan. 23, 2018) .......................................................................17

*Philips v. Ford Motor Co.*,
  2015 WL 4111448 (N.D. Cal. July 7, 2015) ...................................................................15, 18

*Philips v. Ford Motor Co.*,
  726 F. App'x 608 (9th Cir. 2018) .........................................................................................15

*Pickrell v. Sorin Grp. USA, Inc.*,
  293 F. Supp. 3d 865 (S.D. Iowa 2018)...................................................................................9

*Prado v. Quality Loan Serv. Corp.*,
  2014 WL 46634 (N.D. Cal. Jan. 6, 2014) .............................................................................17

*Reilly v. Recreational Equip., Inc.*,
  2019 WL 1024960 (N.D. Cal. Mar. 4, 2019)..........................................................................5

*Romano v. SCI Direct, Inc.*,
  2017 WL 8292778 (C.D. Cal. Nov. 27, 2017) ..................................................................8, 10

*Rosset v. Hunter Eng'g Co.*,
    2014 WL 3569332 (N.D. Cal. July 17, 2014) ..................................................................8

*Sanders v. Choice Mfg. Co.*,
    2011 WL 6002639 (N.D. Cal. Nov. 30, 2011) ................................................................10

*Schroeder v. Envoy Air, Inc.*,
    2016 WL 11520388 (C.D. Cal. Sept. 27, 2016) ...............................................................7

*Schroeder v. United States*,
    569 F.3d 956 (9th Cir. 2009) .........................................................................................15

*Scott v. Cal. African Am. Museum*,
    2015 WL 12803454 (C.D. Cal. Feb. 23, 2015) ...............................................................16

*Seattle Audubon Soc. v. Moseley*,
    80 F.3d 1401 (9th Cir. 1996) .........................................................................................17

*Segal v. Aquent LLC*,
    2018 WL 4599754 (S.D. Cal. Sept. 24, 2018) .................................................................9

*Smith v. Level 3 Commc'ns Inc.*,
    2014 WL 7463803 (N.D. Cal. Dec. 30, 2014) ................................................................14

*Stearne v. Heartland Payment Sys. LLC*,
    2018 WL 746492 (E.D. Cal. Feb. 6, 2018) .......................................................................9

*Suarez v. Bank of Am. Corp.*,
    2018 WL 2431473 (N.D. Cal. May 30, 2018) ................................................................14

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) .........................................................................................17

*Tech. & Intellectual Prop. Strategies Grp. PC v. Fthenakis*,
    2011 WL 3501690 (N.D. Cal. Aug. 10, 2011) ..........................................................1, 17

*Thurman v. Bayshore Transit Mgmt., Inc.*,
    203 Cal. App. 4th 1112 (2012) ........................................................................................8

*Titus v. McLane Foodservice, Inc.*,
    2016 WL 4797497 (E.D. Cal. Sept. 14, 2016) .................................................................7

*Villalpando v. Exel Direct Inc.*,
    2014 WL 1338297 (N.D. Cal. Mar. 28, 2014) .................................................................8

*Wanxia Liao v. United States*,
    2012 WL 3945772 (N.D. Cal. Apr. 16, 2012) ................................................................17

*Ward v. Certain Underwriters at Lloyd's of London*,
    2019 WL 4738244 (N.D. Cal. Sept. 27, 2019) ...............................................................17

*Warren v. Fox Family Worldwide, Inc.*,
328 F.3d 1136 (9th Cir. 2003).................................................................................5

*Watterson v. Fritcher*,
2018 WL 3965359 (E.D. Cal. Aug. 16, 2018) .........................................................9

*Wavecom Sols. Corp. v. Verizon Haw. Int'l Inc.*,
2011 WL 5374428 (D. Haw. Nov. 7, 2011)............................................................18

*Weaver v. Aetna Life Ins. Co.*,
370 F. App'x 822 (9th Cir. 2010) ............................................................................9

*Westley v. Oclaro, Inc.*,
2013 WL 2384244 (N.D. Cal. May 30, 2013) .......................................................19

*Williams v. N.Y. City Health & Hosp. Corp.*,
2010 WL 2836356 (E.D.N.Y. July 16, 2010) ........................................................13

*Wright v. Gen. Motors Acceptance Corp.*,
2012 WL 253157 (S.D. Cal. Jan. 25, 2012)...........................................................16

*Zahabi v. Bank of Am., N.A.*,
2012 WL 12920507 (N.D. Cal. July 16, 2012) ......................................................17

*Zapata Fonseca v. Goya Foods Inc.*,
2016 WL 4698942 (N.D. Cal. Sept. 8, 2016) .........................................................15

**Statutes and Ordinances**

Cal. Bus. & Prof. Code § 17204 .............................................................................16

Cal. Lab. Code § 246.........................................................................6, 7, 9, 10, 12, 13

Cal. Lab. Code § 246.5(a) ...........................................................................10, 12

Cal. Lab. Code § 248.5...............................................................................................7

Cal. Lab. Code § 2698................................................................................................9

Cal. Lab. Code § 2750.3.........................................................................6, 7, 8, 9, 10

L.A., Cal., Mun. Code ch. XVIII, art. 7, § 187.04 ...............................11, 12, 13

L.A., Cal., *Public Order Under City of Los Angeles Emergency Authority: Supplemental Paid Sick Leave Due to COVID-19* (Apr. 7, 2020) ....................11, 12, 13

S.F., Cal., Admin. Code § 12W.3 ...........................................................................13

S.F., Cal., Admin. Code § 12W.4 .....................................................................11, 12

S.F., Cal., *Public Health Emergency Leave Ordinance*, § 3 (Apr. 14, 2020)................11, 12

S.F., Cal., *Public Health Emergency Leave Ordinance*, § 4 (Apr. 14, 2020)......................................13

S.F., Cal., *Public Health Emergency Leave Ordinance*, § 5 (Apr. 14, 2020)......................................12

**Rules**

S.F., Cal., *Rules Implementing the San Francisco Paid Sick Leave Ordinance*, Rule
6.3 (2018) ...................................................................................................................11, 12

# I.   INTRODUCTION

Plaintiffs allege that Uber has supposedly misclassified them as independent contractors rather than employees and, by doing so, has failed to provide (among other things) paid sick leave due under California and local law.  But Plaintiffs' claims are fatally flawed for a host of reasons, including those set forth below.  The claims are not cognizable as a matter of law, and Plaintiffs do not plead, with sufficient *facts*, the basis for their claims.  The deficient claims should therefore be dismissed.

*First*, there is no private cause of action for paid sick leave under Sections 246 or 2750.3, and without a private right of action to enforce those provisions, Plaintiffs may not obtain declaratory or other relief on those grounds.  *See Fiedler v. Clark*, 714 F.2d 77, 79 (9th Cir. 1983) (per curiam).  In any event, Plaintiffs' Consolidated Complaint alleges no facts showing that they meet *any* of the elements essential to entitle them to relief under the paid leave laws—including that they worked the minimum number of hours in San Francisco, Los Angeles, or California to entitle them to relief.

*Second*, Plaintiffs' UCL claim should be dismissed because Plaintiffs do not lack an adequate remedy at law, and they do not allege that they suffered any economic injury sufficient to convey statutory standing.

*Third*, Plaintiffs' Declaratory Judgment Act ("DJA") claim should be dismissed as superfluous because it is predicated on the same allegations as—and would provide no additional relief than—their other causes of action.  *See Tech. & Intellectual Prop. Strategies Grp. PC v. Fthenakis*, 2011 WL 3501690, at *10 (N.D. Cal. Aug. 10, 2011).

*Fourth*, Plaintiff Thomas Colopy should be dismissed from the case.  Plaintiffs' Consolidated Complaint supersedes their prior complaints and "renders [them] without legal effect."  *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  And the Consolidated Complaint omits any mention of Colopy.  They have thus failed to state any claims on Colopy's behalf, and they have waived the right to reassert his claims at a later date.  *See Heath v. Google LLC*, 2018 WL 398463, at *4 (N.D. Cal. Jan. 12, 2018).

Gibson, Dunn & Crutcher LLP

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Uber is a technology company that connects individuals in need of a ride or deliveries ("riders") with independent transportation providers willing to provide transportation or delivery services ("drivers").  Uber provides its technology through various software applications ("Uber Apps"), which drivers can license for a service fee.

### A.     The *O'Connor* Action and Class Settlement

On August 16, 2013, a group of drivers filed a class action complaint in this Court "on behalf of Uber drivers who have been misclassified as independent contractors," alleging a variety of wage-and-hour violations under California law, ultimately including claims under the UCL and California Labor Code § 246.  *O'Connor v. Uber Techs., Inc.*, No. 13-cv-03826-EMC, 2019 WL 4394401 (N.D. Cal. Sept. 13, 2019), Dkt. 1 ¶ 3; *O'Connor* Dkt. 932 Counts I, IX.  After "[f]ive years of contentious litigation," "[t]he parties eventually entered into an agreement to settle both suits."  *O'Connor*, 2019 WL 4394401, at *1.  As this Court observed, "[t]he Settlement Agreement cover[ed] 'all Drivers in California and Massachusetts who have used the Uber App at any time since August 16, 2009, up to and including February 28, 2019, and who have validly opted out of arbitration or for whom Uber has no record of acceptance of an arbitration agreement.'"  *Id.*

The *O'Connor* Settlement Agreement "contain[ed] an expansive release provision, requiring Class Members to release 'any and all' claims 'based on or reasonably related to the claims asserted in'" the litigation.  *Id.*  In exchange, Uber agreed to adopt a number of changes to its business practices, including drafting a comprehensive, written deactivation policy; implementing a formal process for appealing deactivation decisions; and providing a course for deactivated drivers to regain access to the Uber App.  *O'Connor* Dkt. 926 ¶ 127.  It also agreed to pay $20 million into a non-reversionary settlement fund (*id.* ¶¶ 117–18), with "[e]ach claimant's share … calculated in proportion with the number of miles he or she drove for Uber" (*O'Connor*, 2019 WL 4394401, at *2).  As this Court observed, "Plaintiffs' counsel estimate[d] that Class Members who drove 0–1,000 miles w[ould] receive approximately $360, those who drove 10,000 miles w[ould] receive $4,000, and those who

drove 100,000 miles w[ould] receive $36,000," with "[t]he average settlement share for each claiming Class Member … be[ing] approximately $2,206." *Id.*

This Court granted final approval of the *O'Connor* Settlement Agreement on September 13, 2019, concluding that "[t]he Settlement Agreement and this Order are binding on, and have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings … that encompass the Settlement Class Members' Released Claims … and that are maintained by or on behalf of any Settlement Class Member who has not been excluded from the Settlement Class as provided in the Opt-Out List approved by this Order." *Id.* at *10. Only two individuals—Malden M. Moritz and James Reinking—opted out of the *O'Connor* Settlement Agreement. *O'Connor* Dkt. 957-1 ¶¶ 8–10 & Ex. C. Neither Mortiz nor Reinking are plaintiffs here.

**B.    The Instant Action**

On October 8, 2019, Plaintiff Thomas Colopy filed this putative class action lawsuit against Uber on behalf of himself and "all other individuals who have worked as Uber drivers in California who have not released all of their claims against Uber," alleging misclassification-based claims for failure to pay minimum wage and overtime, reimburse for business expenses, and provide itemized pay statements. Dkt. 1 ¶¶ 6, 27–30. *Colopy* was related to *O'Connor*, and was reassigned to this Court on October 10, 2019. Dkt. 8.

Colopy moved for a preliminary injunction, asking this Court to order Uber to reclassify all drivers who use the Uber App in California as employees. Dkt. 2. Uber opposed and moved to dismiss. Dkts. 11, 19-1. This Court denied Colopy's preliminary injunction motion and granted Uber's motion to dismiss in part on December 16, 2019. *See Colopy v. Uber Techs. Inc.*, 2019 WL 6841218, at *11 (N.D. Cal. Dec. 16, 2019) (Dkt. 30). On January 3, 2020, Colopy filed a First Amended Complaint, which added two named plaintiffs—Christopher James and Spencer Verhines. Dkt. 33 ¶¶ 6–7. Uber answered on February 3, 2020. Dkt. 34.

On March 12, 2020, Verhines filed another putative class action complaint on behalf of himself and "all Uber drivers who work for Uber in California," this time in San Francisco Superior Court. *Verhines v. Uber Techs., Inc.*, No. 3:20-cv-01886-EMC (N.D. Cal. Mar. 17, 2020), Dkt. 1-2 ¶ 12.

Verhines alleged another claim based on the same misclassification theory he settled in *O'Connor*. Specifically, he alleged he should be classified as an employee and thus entitled to paid sick leave under California Labor Code § 246.  *Id.* ¶¶ 30, 33.  Uber removed the new case to federal court on March 17, 2020.  *Verhines* Dkt. 1.

Verhines also filed a motion for preliminary injunction on March 19, 2020, asking the Court to order Uber to reclassify all drivers as employees (*Verhines* Dkt. 17) and a First Amended Complaint on March 24, 2020 (*Verhines* Dkt. 27).  In that complaint, Verhines included James as a named plaintiff (*id.* ¶ 8), alleged violations under Los Angeles and San Francisco city ordinances as part of their paid sick leave claim (*id.* Count I), and added a UCL claim (*id.* Count II).

In Plaintiffs' Reply Brief Supporting their Preliminary Injunction Motion, Verhines and James admitted that they opted out of Uber's arbitration provisions.  *Verhines* Dkt. 35 at 2 n.6 ("[B]oth Spencer Verhines and Christopher James, the named plaintiffs in this case, opted out of arbitration."). By Plaintiffs' own admission, then, they are subject to the *O'Connor* Settlement Agreement, which covers "all Drivers in California and Massachusetts who have used the Uber App at any time since August 16, 2009, up to and including February 28, 2019, and who have validly opted out of arbitration or for whom Uber has no record of acceptance of an arbitration agreement."  *O'Connor*, 2019 WL 4394401, at *1.

After hearing argument on Verhines's and James's Motion for Preliminary Injunction, the Court consolidated *Verhines* with the instant action on April 1, 2020.  *Verhines* Dkt. 46.  On April 14, 2020, the parties signed a binding Term Sheet, in which Named Plaintiffs released their claims under Labor Code § 246 and any derivative or dependent claims for all of 2020.  Verhines and James thereby released these claims, as will everyone who accepts financial assistance under Uber's financial assistance program.  Nonetheless, on April 16, 2020, Plaintiffs filed a further amended Consolidated Complaint, adding to this case the claims they released in *Verhines*.  Dkt. 42 ("CC").  The Consolidated Complaint also dropped all reference to—and allegations concerning—Thomas Colopy.  On May 19, 2020, Verhines and James moved for class certification on their claims against Uber.  *See* Dkt. 56.

### III.   LEGAL STANDARD

"To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see*, *e.g.*, *Reilly v. Recreational Equip., Inc.*, 2019 WL 1024960, at *3–4 (N.D. Cal. Mar. 4, 2019) (applying *Twombly* and *Iqbal* to California Labor Code claims).  If the complaint pleads facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).  Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Id.* at 678–79.  Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim.  *Id.* at 678; *see*, *e.g.*, *Doe v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) (affirming a motion to dismiss an employment action where plaintiffs' "general statement that [defendant employer] exercised control over their day-to-day employment [wa]s a conclusion, not a factual allegation stated with any specificity").

Courts follow a two-step approach when applying the plausibility standard.

*First*, all conclusory statements and allegations must be pared from the complaint.  *See Twombly*, 550 U.S. at 555; *Harding v. Time Warner, Inc.*, 2009 WL 2575898, at *3 (S.D. Cal. Aug. 18, 2009).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678 (Rule 8 requires more than "unadorned, the defendant-unlawfully-harmed-me accusation[s]," or "naked assertion[s] devoid of further factual enhancement" (internal quotation marks and citation omitted)).  Courts "need not accept as true 'legal conclusions merely because they are cast in the form of factual allegations.'"  *Jasper v. C.R. England, Inc.*, 2012 WL 7051321, at *3 (C.D. Cal. Aug. 30, 2012) (quoting *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003)).

*Second*, after paring all conclusory allegations from the complaint, a court should review the complaint's remaining contents to determine whether they "plausibly" entitle the plaintiff to relief.  For a claim to be "plausible," it is insufficient that the facts alleged are "consistent with a defendant's

liability," or that a violation is "conceivable."  *Iqbal*, 556 U.S. at 678, 680 (internal quotation marks and citations omitted).  Further, facts that raise a "mere possibility of misconduct" are insufficient; they must actually "*show[]*," in a plausible way, that the plaintiff is entitled to relief.  *Id.* at 679 (emphasis added); *see, e.g.*, *Gutierrez v. Aaron's Inc.*, 2010 WL 4968142, at *3 (E.D. Cal. Dec. 1, 2010) (dismissing wage-and-hour claims where the plaintiff merely provided "a legal conclusion and limited factual allegations supporting the claim").  The mere "possibility" of a violation is not enough.  *Iqbal*, 556 U.S. at 679.

Pursuant to Federal Rule of Civil Procedure 12(f), a district court may also "strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter."  "A matter is immaterial if it has no essential or important relationship to the claim for relief pleaded," and it is impertinent "if it does not pertain and is not necessary to the issues in question in the case."  *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010).  The court should strike "from consideration that which can have no possible bearing on the subject matter of the litigation" (*Optrics Inc. v. Barracuda Networks Inc.*, 2018 WL 10604751, at *2 (N.D. Cal. Apr. 9, 2018) (internal quotation marks and citation omitted)), thereby "avoid[ing] the expenditure of time and money that must arise from litigating spurious issues" (*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)).

## IV.   ARGUMENT

Plaintiffs' core claims for declaratory relief under California Labor Code §§ 246 and 2750.3 fail as a matter of law and must be dismissed or stricken because there is no private right of action to enforce those statutes.  And even if those claims were legally cognizable, Plaintiffs do not allege *facts* showing that they have stated a claim for sick pay.  Plaintiffs' UCL claim should be dismissed because they have an adequate remedy at law, and their declaratory judgment count should be dismissed as it is duplicative of their other causes of action.  For any of these reasons and as set forth below, Plaintiffs' complaint should be dismissed.

### A.      Plaintiffs Have Not Alleged a Cognizable Claim for Paid Sick Leave (Count I)

Plaintiffs assert a claim for paid sick leave, to which they argue they are entitled because they should be classified as employees.  That claim fails both because there is no private right of action under the applicable California Labor Code provision and because Plaintiffs do not allege plausible facts supporting that claim.  The Court should dismiss Count I premised on Plaintiffs' claim to paid sick leave, or in the alternative, strike the references to Labor Code §§ 246 and 2750.3.

### 1.      There Is No Private Right of Action to Sue for Violations of California Labor Code §§ 246 or 2750.3

Because the California Labor Code provisions on which Plaintiffs rely—Cal. Lab. Code §§ 246 and 2750.3—do not provide for private rights of action, Plaintiffs' claims should be dismissed or stricken as a matter of law.

"[P]laintiff[s] cannot bring … individual claim[s] for the alleged violation of section 246(h),[1] because there is no private right of action to enforce that provision." *Titus v. McLane Foodservice, Inc.*, 2016 WL 4797497, at *4 (E.D. Cal. Sept. 14, 2016).  No court has ever held to the contrary. Instead, the legislature has entrusted the Attorney General and the Labor Commissioner *alone* with the enforcement of Section 246.  *See* Cal. Lab. Code § 248.5.  As one court has explained:

> Section 248.5 provides the enforcement mechanism for section 246(h).  It states that "[a]n employee or other person may report to the Labor Commissioner a suspected violation of this article," California Labor Code section 248.5(d), and the "Labor Commissioner or the Attorney General may bring a civil action in a court of competent jurisdiction against the employer ...." *Id.* 248.5(e). **Section 248.5 does not provide that an individual may bring a claim to enforce section 246(h)**.  Even taking all of the allegations in the SAC as true, because the legislature did not clearly and unmistakably create a private right of action to enforce section 246(h), the Court concludes that there is none available to Plaintiffs.

*Schroeder v. Envoy Air, Inc.*, 2016 WL 11520388, at *11  (C.D. Cal. Sept. 27, 2016) (emphasis added).[2]

---

[1]  This statute was reorganized in 2016 Cal. Legis. Serv. ch. 4, § 2 (2017).  Thus, the cases cited in this subsection are referring to current Section 246(i) when they reference "Section 246(h)."

[2]  Numerous courts have also held that this provision may not be enforced via the Private Attorneys General Act of 2004, Cal. Lab. Code § 2698 *et seq.* ("PAGA").  *See, e.g.*, *Stearne v. Heartland Payment Sys. LLC*, 2018 WL 746492, at *2 (E.D. Cal. Feb. 6, 2018) ("Since [the enforcement] provision, which was enacted after California's PAGA, makes clear that persons or entities seeking to recover on behalf of the public may not recover penalties, each of Plaintiff's first four causes of action [including a Section 246 violation], which all seek PAGA penalties, fail."); *Segal v. Aquent LLC*, 2018 WL 4599754, at *7 (S.D. Cal. Sept. 24, 2018) (striking a complaint's "references to §§ 246, 247, and 2810.5, because notice and posting requirements are not bases for a PAGA

Similarly, there is no private right of action for "misclassification" under California law, as this Court held just five months ago. *Colopy*, 2019 WL 6841218, at *6–7.[3]  In its decision on Uber's motion to dismiss the original *Colopy* complaint, the Court dismissed Plaintiffs' misclassification claim on the ground that Labor Code § 226.8—which is the precursor to Labor Code § 2750.3, the section Plaintiffs assert here—"does not provide a private right of action." *Id.* at *7.  Numerous other courts have held the same.  *See*, *e.g.*, *Lee v. Postmates Inc.*, 2018 WL 6605659, at *9–10 (N.D. Cal. Dec. 17, 2018) (noting that "[s]everal district court decisions have held that section 226.8 does not create a private right of action" and dismissing that claim with prejudice); *Romano v. SCI Direct, Inc.*, 2017 WL 8292778, at *8 (C.D. Cal. Nov. 27, 2017) (finding no private right of action for a violation of Section 226.8 and dismissing the claim without leave to amend); *Noe v. Superior Court*, 237 Cal. App. 4th 316, 338 (2015) ("There is no language suggesting a private plaintiff may bring a direct action under section 226.8 … or that a misclassified employee may collect the penalties described within the statute."); *Villalpando v. Exel Direct Inc.*, 2014 WL 1338297, at *19 (N.D. Cal. Mar. 28, 2014) (holding that Section 226.8, which "provides that '[i]t is unlawful for any person or employer to … willful[ly] [misclassify] … an individual as an independent contractor[,]' … does not reveal a clear legislative intent to create a private right of action"); *Rosset v. Hunter Eng'g Co.*, 2014 WL 3569332, at *8 (N.D. Cal. July 17, 2014) ("Section 226.8 does not explicitly create a private right of action and neither the legislative history nor the other Labor Code provisions impliedly create[] one, either.").

Although Plaintiffs assert their misclassification claim under newly minted Section 2750.3, rather than Section 226.8 (*see* CC ¶ 55), the same reasoning applies to Section 2750.3.  "It is well settled that there is a private right of action to enforce a statute 'only if the statutory language or legislative history affirmatively indicates such an intent'" (*Thurman v. Bayshore Transit Mgmt., Inc.*, 203 Cal. App. 4th 1112, 1131–32 (2012), *disapproved of on other grounds by ZB, N.A. v. Superior*

---

action"); *Titus*, 2016 WL 4797497, at *5 ("[T]he text of PAGA itself precludes a private person from bringing a PAGA action to enforce section 246(h) ….").

[3]  The Court previously analyzed whether there is a private right of action for misclassification claims under Labor Code § 226.8 (*see Colopy*, 2019 WL 6841218, at *6–7), but as discussed *infra*, the analysis is the same regardless of whether a plaintiff alleges misclassification under either Section 226.8 or the recently-enacted Section 2750.3.

---

Gibson, Dunn & Crutcher LLP

*Court*, 8 Cal. 5th 175 (2019)), and nothing in Section 2750.3 evinces any such intent, especially in light of long-established practice under Section 226.8.  On the contrary, Section 2750.3 provides that "an action for injunctive relief to prevent the continued misclassification of employees as independent contractors may be prosecuted against the putative employer in a court of competent jurisdiction *by the Attorney General or by a city attorney*."  Cal. Lab. Code § 2750.3(j) (emphasis added).

Because Plaintiffs lack a private right of action under Sections 246 or 2750.3, they attempt to seek relief under the DJA.  *See* CC ¶¶ 55, 70(b).  But the DJA "does not provide an independent jurisdictional basis for suits in federal court.  It only permits the district court to adopt a specific remedy when jurisdiction exists."  *Fiedler*, 714 F.2d at 79 (citation omitted).  The DJA is "procedural only and leav[es] substantive rights unchanged," and the court must therefore "look to the substantive law on which the underlying claim is based in order to discern the requirements for bringing a claim."  *Watterson v. Fritcher*, 2018 WL 3965359, at *6 (E.D. Cal. Aug. 16, 2018) (internal quotation marks and citations omitted).

"Where a plaintiff has no private right of action, a declaratory judgment must be dismissed."  *Graham v. U.S. Bank, Nat'l Ass'n*, 2015 WL 10322087, at *13 (D. Or. Dec. 2, 2015), *report and recommendation adopted*, 2016 WL 393336 (D. Or. Feb. 1, 2016); *accord Pickrell v. Sorin Grp. USA, Inc.*, 293 F. Supp. 3d 865, 869 (S.D. Iowa 2018) ("The [DJA] does not create a substantive cause of action, and a declaratory judgment is improper where the underlying statute contains no private right of action."); *Iolani Islander, LLC v. Stewart Title Guar. Co.*, 2017 WL 11139924, at *8 (D. Haw. Nov. 7, 2017) ("A declaratory judgment action does not lie where the statute in question does not provide for a private right of action.").  As a result, given that Sections 246 and 2750.3 do not provide Plaintiffs with a private cause of action, they may not invoke the DJA to "evade the intent of [a legislature] not to create private rights of action under those statutes and [to] circumvent the discretion entrusted to the executive branch in deciding how and when to enforce those statutes."  *Frudden v. Pilling*, 842 F. Supp. 2d 1265, 1279–80 (D. Nev. 2012) (citation omitted), *rev'd on other grounds*, 742 F.3d 1199 (9th Cir. 2014).  Their claim for declaratory relief premised on those provisions fail and must be dismissed.  *See, e.g.*, *Weaver v. Aetna Life Ins. Co.*, 370 F. App'x 822, 824 (9th Cir. 2010) (dismissing declaratory

judgment action where no private cause of action existed under the relevant substantive provision); *N. Cty. Commc'ns Corp. v. Cal. Catalog & Tech.*, 594 F.3d 1149, 1161 (9th Cir. 2010) (same); *Fox-Quamme v. Health Net Health Plan of Or., Inc.*, 2016 WL 1724358, at *1 (D. Or. Apr. 29, 2016) (same); *Sanders v. Choice Mfg. Co.*, 2011 WL 6002639, at *6–7 (N.D. Cal. Nov. 30, 2011) (same); *N. Cty. Commc'ns Corp. v. McLeodUSA Telecomms. Servs., Inc.*, 2010 WL 1779445, at *4–5 (D. Ariz. May 3, 2010) (same); *Dimmick v. N. Cal. Inst. for Research & Educ.*, 2005 WL 8177404, at *2 (N.D. Cal. May 23, 2005) (same).

In short, Plaintiffs are simply unable, as a matter of law, to bring claims under either Sections 246 or 2750.3, and the Court should dismiss Count I with prejudice to the extent it seeks declaratory relief on those grounds.  *See Lee*, 2018 WL 6605659, at *9–10 (dismissing misclassification claims with prejudice); *Romano*, 2017 WL 8292778, at *8 (same).  In the alternative, the Court should strike references to Labor Code §§ 246 and 2750.3 because they do not supply a private right of action and therefore "can have no possible bearing on the subject matter of [Count I]."  *Optrics*, 2018 WL 10604751, at *2 (citation omitted).

### 2.    Plaintiffs Do Not Plead Sufficient Facts to Support Their Paid Sick Leave Claim

Plaintiffs allege no facts showing that they have worked the minimum number of hours or have experienced any qualifying illness or condition that would entitle them to sick pay under California or local law.  Even if Plaintiffs were entitled to paid sick leave under those provisions, the Consolidated Complaint pleads no factual detail suggesting that *any* violation has occurred.  This failure to allege the fundamental facts supporting their claim warrants dismissal.  *Iqbal*, 556 U.S. at 678.

Section 246 of the California Labor Code grants paid sick leave only to employees who "work[] … for the same employer for 30 or more days within a year from the commencement of employment."  Cal. Lab. Code § 246(a)(1).  To request paid sick leave, an employee must provide "reasonable advance notification" if the need for such leave is "foreseeable," or notice "as soon as practicable" if the need is "unforeseeable."  *Id.* § 246(m).  Upon receiving such an "oral or written request," the employer must then provide paid sick days for the "[d]iagnosis, care, or treatment of an existing health condition of,

Gibson, Dunn &
Crutcher LLP

or preventive care for, an employee or an employee's family member." *Id.* § 246.5(a).  Plaintiffs do not plead facts establishing a right to relief under Section 246.

Nor do Plaintiffs plead facts that would entitle them to paid sick leave under local laws.  The eligibility requirements for paid sick leave under the Los Angeles and San Francisco ordinances are largely the same.  Under the Los Angeles Minimum Wage Ordinance, an employee who "works in the City for the same Employer for 30 days or more within a year from the commencement of employment" is entitled to paid sick leave upon providing "oral or written" notice of a need "as defined by California Labor Code Sections 246.5(a) and 245.5(c)."  L.A., Cal., Mun. Code ch. XVIII, art. 7, § 187.04.A, G. Similarly, the San Francisco Paid Sick Leave Ordinance limits paid sick leave to an employee who "perform[s] 56 or more hours of work in San Francisco within a calendar year" (S.F., Cal., *Rules Implementing the San Francisco Paid Sick Leave Ordinance*, Rule 6.3 (2018)), and—as relevant here— is "ill or injured or … receiving medical care, treatment, or diagnosis" (S.F., Cal., Admin. Code § 12W.4(a)).

In response to the outbreak of COVID-19, a few major cities have issued regulations on sick leave.  For instance, the Mayor of Los Angeles has issued a temporary order requiring an employer to provide paid sick leave "upon the oral or written request of an Employee" if (1) the employee contracts the coronavirus or has been told by a public health official or healthcare provider to self-quarantine; (2) "the Employee is at least 65 years old or has a health condition"; (3) the employee needs to provide care for a family member who has been told to self-quarantine; or (4) the employee needs to provide care for a family member whose senior or child care provider has ceased operations in response to COVID-19.  *See* L.A., Cal., *Public Order Under City of Los Angeles Emergency Authority: Supplemental Paid Sick Leave Due to COVID-19*, at 2–3 (Apr. 7, 2020) [hereinafter L.A. Pub. Order].[4] And the San Francisco Public Health Emergency Leave Ordinance grants paid sick leave only to an employee who works for at least 56 hours in San Francisco within a calendar year.  *See* S.F., Cal.,

---

[4]  Notably, rather than sign the Los Angeles COVID-19 Supplemental Paid Sick Leave Ordinance (Article 5-72HH) into effect, the Mayor of Los Angeles ordered "that Article 5-72HH of Chapter XX of the Los Angeles Municipal Code be suspended during this local emergency period."  *See* L.A. Public Order at 1.  Plaintiffs' claim for declaratory relief (*see* CC ¶¶ 42, 70(b)) thus fails on its face as Uber cannot be held to have violated a provision that has no legal effect.

---

PARTIAL MOTION TO DISMISS OR STRIKE CONSOLIDATED COMPLAINT – CASE NO. 3:19-CV-06462-EMC

Gibson, Dunn &
Crutcher LLP

*Public Health Emergency Leave Ordinance*, § 3 (Apr. 14, 2020) [hereinafter S.F. Emergency Leave] ("'Employee' includes an employee who performs limited work within the geographic boundaries of the City if the employee would be considered an Employee under Rule 6 of the rules implementing the Paid Sick Leave Ordinance (Administrative Code Chapter 12W).").

But although Plaintiffs assert *legal claims* for relief under these statutes and regulations, completely absent from their complaint are any *facts* supporting their entitlement to any relief. Plaintiffs have failed to provide even "[t]hreadbare recitals of the elements of a cause of action" under any of these provisions. *Iqbal*, 556 U.S. at 678. Though Plaintiffs allege they have used the Uber Driver App in the past (*see* CC ¶¶ 17–18), they do not allege whether they have done so for thirty or more days within a year of beginning to drive—as they must in order to maintain the claims they assert. *See* Cal. Lab. Code § 246(a)(1). These deficiencies are especially obvious with respect to the local ordinances because Plaintiffs do not even live in San Francisco or Los Angeles (*see* CC ¶¶ 8–9) and have not alleged how much time they have spent working in either city (*see* L.A., Cal., Mun. Code ch. XVIII, art. 7, § 187.04.A; S.F., Cal *Rules Implementing the San Francisco Paid Sick Leave Ordinance*, Rule 6.3; S.F. Emergency Leave § 3).

Nor do Plaintiffs aver that they provided the requisite notice to Uber of any need for paid sick leave. *See* Cal. Lab. Code § 246(m) (requiring employee to provide notice); L.A., Cal., Mun. Code ch. XVIII, art. 7, § 187.04.G (same); L.A. Public Order at 2 (same); S.F., Cal. Admin. Code § 12W.4(g) (allowing employer to require "reasonable notification" of a need for paid sick leave); S.F. Emergency Leave § 5(f) (same). They do not specify whether they or their loved ones ever suffered from a health condition warranting paid sick leave. *See* Cal. Lab. Code § 246.5(a); L.A., Cal., Mun. Code ch. XVIII, art. 7, § 187.04.G; S.F., Cal. Admin. Code § 12W.4(a); *see also Jacobs v. Martin Sweets Co.*, 550 F.2d 364, 372 (6th Cir. 1977) (dismissing claim where plaintiff "did not make any actual claims for pregnancy-related expenses that were denied by the Company"). And they do not allege that they have otherwise been affected by the coronavirus. *See* L.A. Public Order at 2–3; S.F. Emergency Leave § 5(a). Accordingly, Plaintiffs have failed to plead any entitlement to paid sick leave. *See*, *e.g.*, *Brooks v. Agate Res., Inc.*, 2019 WL 2635594, at *6 (D. Or. Mar. 25, 2019), *report and recommendation*

*adopted*, 2019 WL 2156955 (D. Or. May 14, 2019) (dismissing ADA claim "[b]ecause Plaintiff provide[d] no facts whatsoever to support the allegation that he [was or had been] disabled" or that he was a "qualified individual" under the statute); *Bowling v. Diamond Resorts Int'l, Inc.*, 2018 WL 3244068, at *5 (D. Haw. July 3, 2018) (dismissing FMLA claim where plaintiff "d[id] not allege … that she had a 'serious health condition'" and provided "no factual allegations regarding a particular condition that she suffered from, let alone the treatment she required"); *Lacayo v. Donahoe*, 2015 WL 993448, at *13 (N.D. Cal. Mar. 4, 2015) (same).

Even if Plaintiffs were entitled to such leave, their complaint provides no detail suggesting that a violation of those provisions has occurred.  They do not allege the total number of hours they have worked—nor *anything* about how much Verhines has *ever* worked, or anything about Colopy *at all*— or the amount of paid sick leave to which they are entitled.  *See* Cal. Lab. Code § 246(b)(1) (granting "paid sick days at the rate of not less than one hour per every 30 hours worked"); L.A., Cal., Mun. Code ch. XVIII, art. 7, § 187.04.D (same); S.F., Cal., Admin. Code § 12W.3(b) (same); L.A. Pub. Order at 2 (basing the amount of leave on whether the employee works more or "less than 40 hours per week"); S.F. Emergency Leave § 4(a) (same).  Crucially, they do not even state that Uber ever denied a request for paid sick leave or miscalculated the amount they were owed.  *See*, *e.g.*, *Joyce v. Office of Architect of Capitol*, 966 F. Supp. 2d 15, 24 (D.D.C. 2013) (holding that plaintiff's failure to allege that his sick leave was unpaid "prove[d] fatal" to his claim for retaliation as he suffered "no material injury"); *Williams v. N.Y. City Health & Hosp. Corp.*, 2010 WL 2836356, at *4 (E.D.N.Y. July 16, 2010) (dismissing claim for pay discrimination where plaintiff "d[id] not allege that she, herself, did not receive wages due to her while she was out on sick leave").  Plaintiffs merely claim that "James has worked more than eight hours per day and more than forty hours per week *at various times*" and that "Uber's misclassification of drivers has led it not to comply with state and local-mandated sick leave protections."  CC ¶¶ 6, 39 (emphasis added).

Courts have dismissed "[c]omplaints alleging far greater detail than the one at issue here." *Colopy*, 2019 WL 6841218, at *8–9 (plaintiff did not "allege with sufficient specificity concrete violations of wage laws" where he failed to "estimat[e] the length of h[is] average workweek during

the applicable period and the average rate at which []he was paid, the amount of … wages []he believe[d] []he [wa]s owed, or any other facts that w[ould] permit the court to find plausibility" (quoting *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014)); *see also*, *e.g.*, *Lee*, 2018 WL 6605659, at *10 (dismissing plaintiff's minimum wage claims because he alleged no specific facts regarding himself but merely described defendants' "typical conduct with respect to couriers in general," and contended that he and other class members "suffered damages as a result of [defendant's] conduct and actions"); *Carter v. Rasier-CA, LLC*, 2017 WL 4098858, at *3 (N.D. Cal. Sept. 15, 2017), *aff'd*, 724 F. App'x 586 (9th Cir. 2018) (granting motion to dismiss where "it [was] unclear from the complaint whether Plaintiff's definition of 'hours worked' include[d] time spent simply logged into the Uber application in 'driver mode' or why such hours should be considered compensable time").  The same result should obtain here.

For example, in *Suarez v. Bank of America Corp.*, 2018 WL 2431473, at *8 (N.D. Cal. May 30, 2018), the court dismissed the plaintiff's claim for unpaid sick wages under California Labor Code § 227.3 because she failed "to establish [she was] entitled to such wages" in the first instance.  Given that she offered no "facts in support of her allegation that she accrued" any such time, the court ruled that the plaintiff had failed to state a plausible claim for relief.  *Id.*; *see also*, *e.g.*, *Smith v. Level 3 Commc'ns Inc.*, 2014 WL 7463803, at *4 (N.D. Cal. Dec. 30, 2014) (dismissing sick leave claim under California Labor Code § 233 where the complaint did "not state how much sick time plaintiff had when her mother was diagnosed with cancer" or "how much sick time plaintiff used").  In much the same way, Plaintiffs' claims for paid sick leave must be dismissed as they do not proffer so much as an estimate of the hours they have worked or the amount of leave to which they are entitled.[5]

---

[5] This pleading failure is especially pronounced because Plaintiffs must show they can pursue these claims based on paid sick leave that they accrued and were denied *between March 1, 2019 and January 1, 2020*, as their claims through February 2019 were released by the *O'Connor* Settlement Agreement and their 2020 paid sick leave claims were released as part of the preliminary injunction settlement in *Verhines*.

### B. Plaintiffs Fail to State a Claim for Unlawful Business Practices (Count VI)

The Court should dismiss Plaintiffs' UCL claim because they do not lack an adequate remedy at law and they have not plausibly alleged they suffered any injury in fact.[6]  "It is a basic doctrine of equity jurisprudence that courts of equity should not act … when the moving party has an adequate remedy at law …."  *Mort v. United States*, 86 F.3d 890, 892 (9th Cir. 1996) (quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381 (1992)); *accord Schroeder v. United States*, 569 F.3d 956, 963 (9th Cir. 2009) ("[E]quitable relief is not appropriate where an adequate remedy exists at law.").  The UCL authorizes only equitable remedies and "is subject to fundamental equitable principles, including inadequacy of the legal remedy." *Allstate Ins. Co. v. Barnett*, 2011 WL 2415383, at *9 (N.D. Cal. June 15, 2011) (Chen, J.) (citation omitted); *see also Philips v. Ford Motor Co.*, 2015 WL 4111448, at *16 (N.D. Cal. July 7, 2015) ("Apart from civil penalties, which are not at issue in this case, the UCL provides only the equitable remedies of restitution and injunctive relief."); *Harris v. Vector Mktg. Corp.*, 2010 WL 2077015, at *5 (N.D. Cal. May 20, 2010) (Chen, J.) ("[A]lthough a private citizen can sue under the UCL, only equitable remedies are available (e.g., injunction, restitution) …." (citation omitted)).

Plaintiffs may not obtain equitable relief under the UCL because they have an adequate legal remedy.  Plaintiffs seek "compensatory damages" for the alleged violation of various California and local labor provisions.  *See* CC Counts II–V, ¶ 70(d).  Notably, they do not contend that such damages would fail "to make them whole."  *Loo v. Toyota Motor Sales, USA, Inc.*, 2019 WL 7753448, at *13 (C.D. Cal. Dec. 20, 2019) (internal quotation marks omitted).  Because Plaintiffs "fail[] to explain how [their] alleged injury cannot be remedied by the payment of damages," they possess an adequate remedy at law.  *Gardner v. Safeco Ins. Co. of Am.*, 2014 WL 2568895, at *8 (N.D. Cal. June 6, 2014).

---

[6]  Although Uber previously challenged the UCL claim Plaintiffs asserted in their original complaint on certain grounds (*see* Dkt. 11 at 17–18), Uber may assert different grounds for dismissal of Plaintiffs' new Consolidated Complaint (which alleges different bases for the UCL claim).  *See*, *e.g.*, *Chao v. Aurora Loan Servs., LLC*, 2013 WL 5487420, at *4 (N.D. Cal. Sept. 30, 2013) ("[C]ourts within this Circuit have permitted defendants to bring motions to dismiss in response to an amended pleading based on … new arguments that were not previously made."); *Mir v. Kirchmeyer*, 2014 WL 12029269, at *4 (S.D. Cal. Nov. 3, 2014) (same); *Lorenzo v. United States*, 2010 WL 11508278, at *3 (S.D. Cal. Oct. 21, 2010) ("Plaintiffs filed an amended complaint subsequent to Defendant's previous motion to dismiss and Defendant is therefore entitled to raise additional Rule 12(b)(6) defenses in a motion to dismiss the amended complaint.").

And since Plaintiffs' UCL claim "rel[ies] upon the same factual predicates as … [their] legal causes of action," it therefore "must be dismissed." *Zapata Fonseca v. Goya Foods Inc.*, 2016 WL 4698942, at *7 (N.D. Cal. Sept. 8, 2016) (noting that, "where an equitable relief claim relies upon the same factual predicates as a plaintiff's legal causes of action, it is not a true alternative theory of relief but rather is duplicative of those legal causes of action" (internal quotation marks and citation omitted)); *see also*, *e.g.*, *Philips v. Ford Motor Co.*, 726 F. App'x 608, 609 (9th Cir. 2018) (dismissing UCL claim that "failed to plausibly state the inadequacy of their legal remedies"); *Mullins v. Premier Nutrition Corp.*, 2018 WL 510139, at *2 & n.3 (N.D. Cal. Jan. 23, 2018) ("[C]ourts in the Northern District have routinely dismissed equitable claims brought under the UCL … where the plaintiff fails to establish that there is no adequate remedy at law available.").

Additionally, to the extent that the UCL claim is predicated on the alleged denial of paid sick leave (*see* CC ¶ 68), Plaintiffs lack statutory "standing" to assert it. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) (observing that "lack of statutory standing requires dismissal for failure to state a claim"). The UCL "limits standing to plaintiffs who have 'suffered injury in fact and [have] lost money or property as a result of the unfair competition.'" *Murphy v. Best Buy Stores, L.P.*, 690 F. App'x 553, 554 (9th Cir. 2017) (quoting Cal. Bus. & Prof. Code § 17204)). "Standing under the UCL is *narrower* than standing under article III … of the United States Constitution," as the statute requires a showing of "economic injury." *Wright v. Gen. Motors Acceptance Corp.*, 2012 WL 253157, at *3 (S.D. Cal. Jan. 25, 2012), *aff'd*, 545 F. App'x 686 (9th Cir. 2013) (emphasis added); *accord Backhaut v. Apple Inc.*, 2015 WL 4776427, at *7 (N.D. Cal. Aug. 13, 2015) (same), *aff'd*, 723 F. App'x 405 (9th Cir. 2018).

Plaintiffs conclusorily state they have "suffered injury in fact and lost money and property." CC ¶ 69. But as discussed above, they do not allege that they qualify for paid sick leave under California or local law, much less that they ever suffered from *any* illness. Because "plaintiffs have not shown the requisite injury to themselves" (*Birdsong v. Apple, Inc.*, 590 F.3d 955, 961 (9th Cir. 2009)), none of them qualifies as "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition" (Cal. Bus. & Prof. Code § 17204), and thus cannot raise

1    the UCL claim individually or on behalf of a purported class (*see Mkt. Trading, Inc. v. AT&T Mobility,*

2    *LLC*, 388 F. App'x 707, 709 (9th Cir. 2010) (dismissing UCL claim under Rule 12(b)(6) where "[t]he

3    complaint … did not present a plausible claim of harm"); *Miller v. Hearst Commc'ns, Inc.*, 2012 WL

4    3205241, at *7 (C.D. Cal. Aug. 3, 2012) (same)).

5          And because Plaintiffs have failed to state a claim with sufficient particularity even after

6    amending their complaint, this Court should dismiss the sick leave and UCL claims with prejudice.

7    *See, e.g.*, *Scott v. Cal. African Am. Museum*, 2015 WL 12803454, at *3 (C.D. Cal. Feb. 23, 2015)

8    (dismissing with prejudice where plaintiff "ha[d] already amended her copyright infringement claim

9    once, and her claim remain[ed] deficient"); *Wanxia Liao v. United States*, 2012 WL 3945772, at *6

10   (N.D. Cal. Apr. 16, 2012) ("[a]lthough this is the first time the pleadings have been tested by a motion

11   to dismiss, … it would be futile to give [plaintiff] any further opportunities to amend" where plaintiff

12   "already amended her complaint").

13        **C.**     **Count I Is Duplicative of Plaintiffs' Other Causes of Action**

14          Under the DJA, a court may award declaratory relief in a case "involving an actual controversy

15   that has not reached a stage at which either party may seek a coercive remedy" or "where a party who

16   could sue for coercive relief has not yet done so." *Seattle Audubon Soc. v. Moseley*, 80 F.3d 1401,

17   1405 (9th Cir. 1996). "A claim for declaratory relief is unnecessary where an adequate remedy exists

18   under some other cause of action." *Mangindin v. Wash. Mut. Bank*, 637 F. Supp. 2d 700, 707 (N.D.

19   Cal. 2009). Courts thus routinely refuse to "exercise jurisdiction where a declaratory judgment claim

20   only seeks to review the legality of past conduct, or where it simply duplicates other, more germane

21   causes of action, even if those cause[s] of action fail." *Cont'l Cas. Co. v. Nationwide Mut. Ins. Co.*,

22   2014 WL 12607694, at *7 (C.D. Cal. Nov. 3, 2014) (collecting cases).[7] For instance, in *Fthenakis*,

23

---

24   [7]  *See also, e.g.*, *Bryant v. J.P. Morgan Chase Bank, N.A.*, 671 F. App'x 985, 987 (9th Cir. 2016) ("The district court properly dismissed Bryant's request for a declaratory judgment because it was

25   duplicative of her quiet title claim."); *Ward v. Certain Underwriters at Lloyd's of London*, 2019 WL 4738244, at *6 (N.D. Cal. Sept. 27, 2019) ("[W]here a claim for declaratory relief is merely

26   duplicative of other claims asserted, dismissal is proper."); *LegalForce RAPC Worldwide P.C. v. Swyers*, 2018 WL 3439371, at *10 (N.D. Cal. July 17, 2018) ("[W]here … a claim for declaratory

27   judgment 'seeks a declaration of defendants' liability for … other causes of action, the claim is merely duplicative and [is] properly dismissed.'" (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007)); *Patton v. Experian Data Corp.*, 2018 WL 6190349, at *12 (C.D. Cal. Jan. 23,

28   2018) (dismissing plaintiffs' declaratory relief count that "[wa]s duplicative of their injunctive

PARTIAL MOTION TO DISMISS OR STRIKE CONSOLIDATED COMPLAINT – CASE NO. 3:19-CV-06462-EMC

2011 WL 3501690, at *10, this Court dismissed a declaratory relief counterclaim as "needlessly duplicative" where it would neither "resolve any issues aside from those already addressed by the substantive claims" nor afford "any damages or relief beyond the relief requested pursuant to [defendant's] substantive claims." The court in *McMillan v. Bank of America, N.A.*, 2014 WL 12521701, at *7 (S.D. Cal. Nov. 12, 2014), likewise dismissed with prejudice a declaratory judgment claim that "[wa]s predicated upon the same allegations supporting [plaintiffs'] other causes of action" and provided relief entirely "commensurate with [that] sought through those claims."

Count I is wholly duplicative and superfluous because "it seeks to determine the same issues as [their] other claims" (*Biederman v. Nw. Tr. Servs., Inc.*, 2015 WL 3889371, at *6 (C.D. Cal. June 24, 2015)): namely, whether Uber misclassified drivers as independent contractors and denied them certain employee benefits under state and local law. What's more, declaratory judgment affords no additional relief beyond what Plaintiffs could already obtain from their other claims for damages and injunctive relief—all of which would require the Court to make exactly the same rulings sought in the declaratory judgment count. *See* CC Counts II–VI. This Court should therefore dismiss Count I with prejudice.[8]

### D. Plaintiff Colopy Should Be Dismissed Because Plaintiffs Have Waived His Claims by Failing to Reassert Them in the Consolidated Complaint

It is settled law "that an amended complaint supercedes the original complaint and renders it without legal effect." *Lacey*, 693 F.3d at 927; *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 965 (9th Cir. 2001) (noting the "unremarkable proposition[]" that "a consolidated complaint

---

relief count"); *Prado v. Quality Loan Serv. Corp.*, 2014 WL 46634, at *2 (N.D. Cal. Jan. 6, 2014) (Chen, J.) (dismissing declaratory relief claim that "[wa]s duplicative of the other claims"); *Zahabi v. Bank of Am., N.A.*, 2012 WL 12920507, at *6 (N.D. Cal. July 16, 2012) ("Even when an actual controversy exists, however, a claim for declaratory relief must not merely duplicate the other claims." (collecting cases)); *Aiello v. BAC Home Loans Servicing, LP*, 2011 WL 13266352, at *9 (N.D. Cal. Sept. 30, 2011) (same).

[8] Plaintiffs' declaratory judgment count also should be dismissed because it primarily seeks to remedy alleged past harms, not to prevent future injury. *See, e.g.*, *Oildale Mut. Water Co. v. Crop Prod. Servs., Inc.*, 2014 WL 824958, at *6 (E.D. Cal. Mar. 3, 2014) (dismissing declaratory relief claim because it "[wa]s not prospective in nature" but "[wa]s an improper attempt to seek redress for past conduct"); *Wavecom Sols. Corp. v. Verizon Haw. Int'l Inc.*, 2011 WL 5374428, at *8 (D. Haw. Nov. 7, 2011) ("Since a declaratory judgment is not a corrective action, it should not be used to remedy past wrongs."); *Edejer v. DHI Mortg. Co.*, 2009 WL 1684714, at *11 (N.D. Cal. June 12, 2009) ("The purpose of a declaratory judgment is to set controversies at rest before they cause harm to the plaintiff, not to remedy harms that have already occurred.").

---

is the operative pleading and supersedes all previously filed complaints"). In *Lacey*, the en banc panel held that "any claims voluntarily dismissed" are considered "waived if not repled" in a subsequent amended complaint. *Id.* at 928. "Although *Lacey* addressed the waiver of rights on appeal, district courts have extended the reasoning of the decision to apply to waiver of causes of action in the district court when claims could have been pled in a subsequent complaint but were voluntarily withdrawn." *Heath*, 2018 WL 398463, at *3; *accord*, *e.g.*, *Philips*, 2015 WL 4111448, at *6 (finding that "Plaintiffs have waived their warranty and FAL claims by failing to replead these claims in the SAC"); *Westley v. Oclaro, Inc.*, 2013 WL 2384244, at *10–11 (N.D. Cal. May 30, 2013) (holding that plaintiffs waived their claims against a particular defendant by failing to include him in their amended complaint).

Here, the Consolidated Complaint supersedes the First Amended Complaint filed on January 3, 2020. "[P]laintiffs had the choice to continue to pursue [Colopy's] claims" in their superseding complaint "and chose not to." *Heath*, 2018 WL 398463, at *4; *see also Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 973 n.14 (9th Cir. 2013) ("Because [plaintiff] did not voluntarily renew these claims, … it effectively abandoned them."); *Gazzano v. Stanford Univ.*, 2013 WL 2403646, at *4 (N.D. Cal. May 31, 2013) ("[Plaintiff's] deletion of these claims from his proposed first amended complaint shows he does not wish to pursue these further."). Plaintiffs have thus waived the right to reassert Colopy's claims, and this Court should dismiss Colopy from the case with prejudice. *See*, *e.g.*, *J.L. v. Cissna*, 2019 WL 415579, at *2 n.2 (N.D. Cal. Feb. 1, 2019) (ordering plaintiffs to show cause why an individual "should not be dropped as a named plaintiff" and the "case caption … updated accordingly" where the amended complaint omitted reference to the individual).

## V.    CONCLUSION

For the foregoing reasons, the Court should dismiss the sick pay, UCL, and declaratory judgment claims in the Consolidated Complaint.

1    DATED:  May 21, 2020            GIBSON, DUNN & CRUTCHER LLP

2

3                                    By:       */s/ Theane Evangelis*

4                                              Theane Evangelis

                                  Attorneys for Defendant UBER TECHNOLOGIES,
5                                  INC.