UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS COLOPY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES INC.,<br><br>Defendant. | Case No. 19-cv-06462-EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>Docket No. 61 |

## I.   INTRODUCTION

On April 16, 2020, Plaintiffs Spencer Verhines and Christopher James (collectively "Plaintiffs") filed a Consolidated Class Action Complaint ("Consolidated Complaint") alleging various wage-and-hour claims under California law and seeking various forms of relief, including under California's Unfair Competition Law ("UCL") and the federal Declaratory Judgment Act ("DJA"). *See* Docket No. 42. Defendant is Uber Technologies, Inc. ("Uber" or "Defendant"). *Id.* Uber now seeks dismissal of several parts of the Consolidated Complaint, principally Count I (Declaratory Judgment) and Count VI (UCL). *See* Docket No. 61.

## II.   BACKGROUND

The Court and the parties are well acquainted with the background of this case, so it is not set forth in detail here. In short, Plaintiffs are residents of California who drive for Uber. *See* Consolidated Complaint ¶¶ 8–9, 17–18. They bring this case as a putative class action on "behalf of . . . all other individuals who have worked as Uber drivers in California who have not released all of their claims against Uber." *Id.* ¶ 10, 45. They assert claims related to their alleged misclassification, including failure to reimburse business expenses, failure to pay minimum wage

and overtime, failure to provide properly itemized pay statements, failure to provide sick leave, and unlawful business practices. *See* Consolidated Complaint. They seek damages, as well as declaratory and injunctive relief, which would require Uber to reclassify its drivers as employees. *Id.* ¶ 7.

This case began when Thomas Colopy filed a Class Action Complaint on October 8, 2019. *See* Docket No. 1. On October 18, 2019, Defendant filed a Motion to Dismiss and a Motion to Strike. *See* Docket No. 11. On December 16, 2019, the Court denied Mr. Colopy's Motion for a Preliminary Injunction and granted in part and denied in part Defendant's Motion to Dismiss. *See* Docket No. 30. Mr. Verhines filed a separate lawsuit in San Francisco Superior Court on March 12, 2020. *See* Docket No. 1-2 in Case No. 3:20-cv-01886. That case was removed to federal court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d)(2), *see* Docket No. 1 in Case No. 3:20-cv-01886 ("*Verhines*"), and on March 22, 2020, that case was related to *Colopy*. *See* Docket No. 24 in Case No. 3:20-cv-01886; Docket No. 36 in Case No. 3:19-cv-06462. An amended complaint was filed the following day, which added Mr. James as a named Plaintiff. *See* Docket No. 27 in Case No. 3:20-cv-01886.

On April 16, 2020, Plaintiffs filed a Consolidated Class Action Complaint, which unified the claims asserted in *Colopy* and *Verhines*. *See* Docket No. 42 in *Colopy*. However, as discussed below, that complaint no longer mentions Mr. Colopy. *Id.* On May 19, 2020, Plaintiffs filed a Motion to Certify Class. *See* Docket No. 56. And on May 21, 2020, Defendant filed a Motion to Dismiss. *See* Docket No. 61. Plaintiffs' Motion for Class Certification will be heard at the end of October. *See* Docket No. 64. Defendant's Motion to Dismiss was heard via Zoom on June 25, 2020. *See* Docket No. 73.

### III.     DISCUSSION

A.     Legal Standard

    1.     Motion to Dismiss

To survive a 12(b)(6) motion to dismiss for failure to state a claim after the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a plaintiff's factual allegations in the complaint "must . . . suggest that the

2

claim has at least a plausible chance of success." *In re Century Aluminum Co. Securities Litigation*, 729 F.3d 1104, 1107 (9th Cir. 2013). In other words, the complaint "must allege 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.*

The Ninth Circuit has settled on a two-step process for evaluating pleadings. It explains the established approach as follows:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1134–35 (9th Cir. 2014). Notably, the plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility 'of entitlement to relief.'" *Iqbal*, 556 U.S. at 678.

2. Motion to Strike

Under Rule 12(f), "[a] court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). Motions to strike are generally disfavored. *See Barnes v. AT & T Pension Ben. Plan–Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010); *see also Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal.2 004) (stating that, "[i]f there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion").

B. Analysis

Uber raises several challenges to Plaintiffs' Consolidated Complaint. The Court addresses

each one in turn.

### 1. Duplicative Nature of DJA Claim

First, Uber asserts that Count I (which seeks declaratory relief under the DJA) is duplicative of Plaintiffs' other causes of action and should therefore be dismissed. *See* Uber's Motion to Dismiss ("Mot.") at 17, Docket No. 61. Specifically, Uber argues that the relief sought in Count I will be wholly addressed by any relief awarded on Plaintiffs' other claims, "namely, whether Uber misclassified drivers as independent contractors and denied them certain employee benefits under state and local law." *Id.* at 18. However, as this Court has previously explained, at this early stage, Plaintiffs may plead alternative theories; while Plaintiffs may not *recover* twice, they need not choose between competing legal theories at this time. *See Cromwell v. Kaiser Found. Health Plan*, No. 18-CV-06187-EMC, 2019 WL 1493337, at *3 (N.D. Cal. Apr. 4, 2019) (citing *Moyle v. Liberty Mut. Retirement Ben. Plan*, 823 F.3d 948, 961 (9th Cir. 2016)) ("Although the Court agrees that duplicative recovery is not permitted, at this early stage in the litigation, Ms. Cromwell should be allowed to plead alternative theories of liability.").

### 2. Labor Code Sections 246 and 2750.3

Next, Uber argues that Count I should be dismissed to the extent it is premised upon violations of California Labor Code Section 246 or 2750.3. *See* Mot. at 7. This is because (1) there is no private right of action under either Section 246 or 2750.3, and (2) even if a private right of action existed, Plaintiffs have failed to plead sufficient facts to state a claim for paid sick leave. *See id.* Plaintiffs do not contend that either section offers a private right of action, but instead assert that they have pleaded them as predicates to their UCL claim. Plaintiffs' Opposition to Motion to Dismiss ("Opp.") at 5–6, Docket No. 68. They contend that the UCL claim can then serve as a predicate for the DJA claim. *Id.* In response to this contention, Defendant cites *Sanders v. Choice Mfg. Co.*, No. 11-3725 SC, 2011 WL 6002639 (N.D. Cal. Nov. 30, 2011), in which the district court dismissed a claim for declaratory relief on the grounds that three sections of the California Insurance Code did not furnish a private right of action, but found that the plaintiff could state a UCL claim for violations of the same sections. *See* 2011 WL 6002639, at *7–8. From that result, Uber infers that a claim under the DJA cannot be premised upon a violation of

4

1   the UCL.  However, there is no indication that the plaintiffs in *Sanders* advanced the argument

2   that their claim for declaratory relief could be premised upon their UCL claim; to the contrary, the

3   court stated: "Plaintiff's claim for declaratory relief is predicated on violations of sections 116.5,

4   700, and 12800–12865 of the Insurance Code." *Id.* at *7.  Nor is there any indication that *Sanders*

5   analyzed or considered the more fundamental question: whether declaratory relief can be premised

6   upon a UCL claim.

7       The Court is unpersuaded that *Sanders* should preclude declaratory relief here.  As

8   explained at the hearing, the Court can see no reason why, if relief is available under the UCL, a

9   plaintiff would not be able to seek declaratory relief under the DJA.  In relevant part, the DJA

10   provides:

> In a case of actual controversy within its jurisdiction, . . . any court
> of the United States, upon the filing of an appropriate pleading, may
> declare the rights and other legal relations of any interested party
> seeking such declaration, whether or not further relief is or could be
> sought. Any such declaration shall have the force and effect of a
> final judgment or decree and shall be reviewable as such.

15   28 U.S.C. § 2201(a).  Nothing in the text of the statute precludes the relief that Plaintiffs seek.  To

16   the contrary, the parties have presented the Court with an "actual controversy," and Plaintiffs have

17   asserted a plausible predicate claim under the UCL.

18       3.    <u>Entitlement to Relief Under Section 246</u>

19       Uber contends that Plaintiffs have also failed to allege sufficient facts to state a substantive

20   claim for violation of Section 246.  *See* Mot. at 7.  To qualify for paid sick leave under California

21   law, an employee must work in California for the relevant employer for 30 or more days in a year

22   (although sick days cannot be used prior to the 90th day of employment), and sick time will accrue

23   at a rate of one hour per every 30 hours worked.  Cal. Lab. Code § 246.  If an employee needs to

24   use paid sick leave, notice (either in advance or "as soon as practicable") must be provided to the

25   employer.  *Id.*  The requirements and benefits of the San Francisco and Los Angeles paid sick

26   leave ordinances are mostly the same as those in Section 246.  *See Rules Implementing the San*

*Francisco Paid Sick Leave Ordinance*, S.F. OFFICE OF LABOR STANDARDS ENF'T (May 7, 2018)[1]; L.A., CAL., MUN. CODE ch. XVIII, art. 7, § 187.04. However, Plaintiffs' Consolidated Complaint is somewhat threadbare in its allegations, and the pleadings do not indicate that Plaintiffs would have qualified for paid sick leave under Section 246 and/or the local ordinances. To the extent that Plaintiffs attempt to cure these deficiencies by way of reference to declarations filed with their Motion for Class Certification, that is not permissible under Rule 12(b)(6) because it exceeds the scope of the complaint. *See, e.g.*, *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Affidavits and declarations . . . [attached to a motion] are not allowed as pleading exhibits unless they form the basis of the complaint."). Accordingly, the Court **DISMISSES** Plaintiffs' Section 246 claim (which currently serves as a predicate to Plaintiffs' UCL—and DJA—claims) with leave to amend. Should Plaintiffs file an amended complaint, their pleadings must plausibly suggest that they would have qualified for paid sick leave under Section 246 and the local ordinances. As Uber does not dispute that, at the time this case was filed, it did not offer sick pay, Plaintiffs need not plead that they requested it in order to state their claim.

    4.    <u>UCL Claim</u>

In addition to challenging the adequacy of the pleading of Plaintiffs' predicate Section 246 claim, Uber challenges Count VI (Plaintiffs' UCL claim) on additional grounds. *See* Mot. at 15–17. First, Uber contends that Plaintiffs "do not lack an adequate remedy at law" and therefore that the equitable relief afforded under the UCL is unavailable to them. *Id.* at 15. Second, Uber also asserts that Plaintiffs lack statutory standing under the UCL because "they have not plausibly alleged they suffered any injury in fact." Mot. at 15–16. With respect to the first argument, Plaintiffs point out that—without the UCL—they would "have no other means to recover damages for Uber's violations of state and local paid sick time policies," nor would they be able to seek "injunctive relief for harm arising from Uber's [ongoing] violation of Cal. Lab. Codes §§ 246 and 2750.3." Opp. at 13. Accordingly, Plaintiffs do not have an adequate remedy at law. *Id.*

Second, the UCL "limits standing to plaintiffs who have 'suffered injury in fact and [have]

---

[1] Available at https://sfgov.org/olse/sites/default/files/Document/PSLO%20Final%20Rules%2005%2007%202018%20to%20post.pdf.

lost money or property as a result of the unfair competition.'" *Murphy v. Best Buy Stores, L.P.*, 690 F. App'x 553, 554 (9th Cir. 2017) (quoting Cal. Bus. & Prof. Code § 17204). Here, Plaintiffs' Consolidated Complaint states that they have "suffered injury in fact and lost money and property, including, but not limited to, business expenses that drivers were required to pay and wages that drivers were due." Consolidated Complaint ¶ 69. However, as discussed above, Plaintiffs have not adequately alleged that they would have qualified for paid sick leave and/or that they would have utilized it (and if so, how much) during the relevant period, had it been available to them. Consistent with the analysis and conclusion reached above, the Court **DISMISSES** the UCL claim (Count VI) to the extent it is premised on a Section 246 claims; the dismissal is with leave to amend such that, if appropriate, Plaintiffs may add allegations demonstrating that they did lose money or property.[2]

### 5. Dismissal of Mr. Colopy

Finally, the parties disagree as to whether the dismissal of Mr. Colopy has or has not already occurred and whether that dismissal should be with or without prejudice. Pursuant to Federal Rule of Civil Procedure 41, an action may be dismissed by a plaintiff without a court order only when the plaintiff files "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or where there is a "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a); *see also Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) ("Once the defendant serves an answer or a motion for summary judgment, however, the plaintiff may no longer voluntarily dismiss under Rule 41(a)(1), but must file a motion for voluntary dismissal under Rule 41(a)(2)."). Here, there is no stipulation from the parties, and Plaintiffs' purported dismissal of Mr. Colopy occurred after Uber had filed an answer to Plaintiffs' First Amended Complaint. *Compare* Docket No. 34 (Answer to First Amended Class Action Complaint, filed February 3, 2020); *with* Docket No. 42 (Consolidated Class Action Complaint, filed April 16, 2020). Accordingly, the dismissal of Mr. Colopy will require a court

---

[2] As it appears from the declarations that Plaintiffs may have qualified for sick leave benefits had Uber offered it, the Court need not address the question whether there would be a loss of money or property for purposes of the UCL absent such specific allegations.

7

order. However, the Court finds that Plaintiffs' decision to omit Mr. Colopy from the Consolidated Complaint was intended as a request to have him dismissed from the case; it is not a waiver of his claims. The Court sees no reason not to dismiss Mr. Colopy. Accordingly, the Court **DISMISSES** Mr. Colopy from this case, but does so without prejudice to his claims.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Uber's Motion to Dismiss to the extent that it finds Plaintiffs' Section 246 claim (which serves as a predicate for Plaintiffs' UCL and DJA claims) inadequately pled. That claim is **DISMISSED** with leave to amend, as discussed above. The Court also **DISMISSES** Mr. Colopy from the case without prejudice. Otherwise, the motion is **DENIED.** To the extent Defendant asks the Court to strike portions of Plaintiffs' Consolidated Complaint where is does not dismiss, the Court **DENIES** that request.

This order disposes of Docket No. 61.

**IT IS SO ORDERED**.

Dated: June 30, 2020

_____
EDWARD M. CHEN
United States District Judge