SHANNON LISS-RIORDAN, SBN 310719
(sliss@llrlaw.com)
ANNE KRAMER, SBN
(akramer@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:     (617) 994-5800
Facsimile:     (617) 994-5801

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER JAMES and SPENCER
VERHINES, individually and on behalf of all
others similarly situated,

Plaintiffs,

v.

UBER TECHNOLOGIES, INC.,

Defendant.

CASE NO. 3:19-cv-06462-EMC
CASE NO. 3:20-cv-01886-EMC

**STATEMENT OF RECENT DECISION
 IN CONNECTION WITH PLAINTIFFS'
MOTON FOR CLASS CERTIFICATION**

Hon. Edward M. Chen

Hearing:     December 3, 2020
Time:        1:30 p.m.
Courtroom:  5

1

TO THE COURT AND EACH PARTY AND THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to Civil Local Rule 7-3(d)(2), Plaintiffs respectfully submit this Statement of Recent Decision in connection with Plaintiffs' pending Motion for Class Certification (Dkt. 56). Attached hereto as Exhibit A is a copy of the opinion in People v. Uber Techs., Inc., No. A160701, 2020 WL 6193994, at *1 (Cal. Ct. App. Oct. 22, 2020), which upheld the lower court's injunction, ordering Uber and Lyft to reclassify their drivers as employees under the "ABC" test for employee-status announced in Dynamex Operations West, Inc. v. Superior Court 4 Cal.5th 903 (2018) (Dynamex) and codified by Cal. Lab. Code § 2775.  In reaching its decision, the Court noted that Dynamex "arose on review of a class certification order, on a limited record far less robust than would have been the case upon review of a decision on a trial record" and it nonetheless held "that the simplicity of the ABC test made it possible to decide at that early stage in the litigation that common questions were sufficiently predominant to warrant class treatment." Id.  The Court noted that Defendants face "a presumption against them on all three prongs of the ABC test" and their "chances of prevailing on prong B alone may be characterized as daunting." Id. at *19.  This decision is relevant to the argument on pages 2-4 of Plaintiffs' Reply (Dkt. 119) that the Court can certify a class, even based on Prong B alone, and can "take a peek at the merits" for this purpose.

The Court also noted that Uber had made changes to its business practices, "such as allowing drivers the option of setting a fare multiplier and allowing them to purchase Drive Passes rather than having Uber's service fee withheld on a per-ride basis", but it concluded that "[e]ven if some drivers take advantage of these options, we agree with the trial court that these changes do not alter the basic fact that providing transportation is part of Uber's usual course of business" under Prong B. Id. at *17.  This is relevant to the argument at n. 7 of Plaintiffs' Reply (Dkt. 119).

Respectfully submitted,

CHRISTOPHER JAMES and SPENCER
VERHINES, individually and on behalf of all
others similarly situated,


By: */s/ Shannon Liss-Riordan*____
Shannon Liss-Riordan
Attorney for Plaintiffs


## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served by electronic

filing on October 28, 2020, on all counsel of record.


By: */s/ Shannon Liss-Riordan*___
Shannon Liss-Riordan