| | |
|---|---|
| SHANNON LISS-RIORDAN, SBN 310719<br>sliss@llrlaw.com<br>ANNE KRAMER, SBN 315131<br>akramer@llrlaw.com<br>LICHTEN & LISS-RIORDAN, P.C.<br>729 BOYLSTON STREET, SUITE 2000<br>BOSTON, MA 02116<br>Telephone:  (617) 994-5800<br>Facsimile:  (617) 994-5801<br><br>Attorneys for Plaintiffs Christopher James and Spencer Verhines, individually and on behalf of all others similarly situated | GIBSON, DUNN & CRUTCHER LLP<br>THEODORE J. BOUTROUS JR., SBN 132099<br>  tboutrous@gibsondunn.com<br>THEANE EVANGELIS, SBN 243570<br>  tevangelis@gibsondunn.com<br>BLAINE H. EVANSON, SBN 254338<br>  bevanson@gibsondunn.com<br>HEATHER L. RICHARDSON, SBN 246517<br>  hrichardson@gibsondunn.com<br>333 South Grand Avenue<br>Los Angeles, CA  90071-3197<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520<br><br>Attorneys for Defendant<br>UBER TECHNOLOGIES, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JAMES and SPENCER VERHINES, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>                    Defendant. | CASE NO. 19-cv-06462-EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Action Filed:  September 11, 2019<br>Trial Date:  None Set<br><br>Date:      December 22, 2020<br>Time:      1:30 p.m.<br>Place:     Courtroom 5<br>Judge:     Hon. Edward M. Chen |

Plaintiffs Christopher James and Spencer Verhines ("Plaintiffs") and Defendant Uber Technologies Inc. ("Defendant" or "Uber"), by and through their respective counsel of record, hereby submit this Joint Case Management Statement in advance of the Case Management Conference scheduled in this matter for December 22, 2020, at 1:30 p.m.  To avoid repetition, the Parties only include here their current statements regarding the status of the case.[1]

---

[1] In response to the Clerk's Notice dated November 18, 2020 (Dkt. 130), the Parties state that they are discussing the issues raised in the e-mail from Nicholas Harris to the Court and anticipate

*(Cont'd on next page)*

**Plaintiffs' Statement**

Plaintiffs seek relief as set forth in the Amended Complaint (Dkt. 81). Plaintiffs assert that they and other Uber drivers across California have been misclassified as independent contractors and have suffered various Labor Code violations as a result. Plaintiffs intend to file a motion for summary judgment on liability, and violations of various Labor Code provisions and damages can then be established at trial. Plaintiffs have set forth their position regarding the impact of Proposition 22 in their supplemental brief (Dkt. 136).

The current issue before the Court is whether to grant Plaintiff's Motion for Class Certification (Dkt. 56). The Motion has been fully briefed and is set to be heard on December 22, 2020.

The parties are well underway with discovery in this case. Uber has taken the depositions of both named Plaintiffs James and Verhines, who have both provided written discovery responses and extensive document production in this matter. Uber has provided written discovery responses and document production. Plaintiffs conducted a Rule 30(b)(6) deposition and are awaiting supplemental discovery from Uber.

**Defendant's Statement**

On November 3, 2020, a decisive majority of California voters approved Proposition 22, which provides that "an app-based driver is an independent contractor and not an employee or agent with respect to the app-based driver's relationship with a network company" if four conditions are met. Proposition 22 § 1 (adding Cal. Bus. & Prof. Code § 7451). Election results were certified on December 11, 2020. Secretary of State, *Statement of Vote, General Election November 3, 2020*, at 20 https://elections.cdn.sos.ca.gov/sov/2020-general/sov/complete-sov.pdf (last visited Dec. 14, 2020). Proposition 22 will take effect on December 16, 2020, "the fifth day after the Secretary of State files the statement of the vote." Cal. Const. art. II § 10(a).

---

*(Cont'd from previous page)*

being able to respond and provide the Court with an update on the prior settlement distribution later this month.

After the passage Proposition 22, there is no question—and there can be no dispute—that drivers are not employees of Uber under California law.  Proposition 22 confirms that drivers who use the Uber Rides app are independent contractors.  Drivers who use the Rides app are, and at all relevant times have been, properly classified as independent contractors.  Because drivers who use the Rides app are not, and have never been, employees of Uber, all of Plaintiffs' claims, including their minimum wage, overtime, paid sick leave, expense reimbursement, and other employment-related claims, necessarily fail.

**Legal Issues**.  The central legal question presented in this action—whether Plaintiffs are employees of Uber under California law—continues to entail numerous sub-questions, including which legal standards apply during particular time periods relevant to this litigation.  The contested legal issues in this case include, but are not limited to, the following:  (1) whether all or part of Plaintiffs' claims are barred by Proposition 22; (2) whether Plaintiffs' claims may be adjudicated on a classwide basis; (3) whether the standards set forth in Assembly Bill 5, *Dynamex Operations West, Inc. v. Superior Court of Los Angeles*, 4 Cal. 5th 903 (2018), or *S.G. Borello & Sons, Inc. v. Department of Industrial Relations*, 48 Cal. 3d 341 (1989), apply to particular claims or during any particular time periods in this action.

Even after the Court determines which test applies when and for which purposes, there will be legal issues concerning how that test applies.  And if the factfinder determines that Plaintiffs have been employees of Uber during any particular time period, the issue of whether Uber has violated any statutes will involve numerous additional legal issues requiring the Court to interpret those statutes (and do so in a context in which they do not properly apply, especially after Proposition 22).

**Motions**.  Two motions are pending:  (1) Plaintiffs' Motion for Class Certification, filed on May 19, 2020 (Dkt. 56), and (2) Defendant's Objections to Reply Evidence and Alternative Administrative Motion for Leave to File Surreply in Response to Plaintiffs' Reply in Support of Their Motion for Class Certification (Dkt. 125).  A hearing on Plaintiffs' Motion for Class Certification is set for December 22, 2020.  On December 8, 2020, pursuant to the Court's order (Dkt. 133), the parties filed supplemental briefs concerning the effect of Proposition 22 on this suit.  Dkt. 136, 137.

Uber anticipates filing a motion for summary judgment and will oppose any motion for summary judgment filed by Plaintiffs. With respect to Plaintiffs' Motion for Class Certification, Defendant notes that misclassification is only one element of Plaintiffs' claims, and, as presented comprehensively in Defendant's papers opposing class certification, any class certification motion must therefore take into account additional elements and defenses to Plaintiffs' Labor Code claims.

**Discovery**. The parties are engaged in discovery. The parties have exchanged written discovery requests and have produced documents in response to those requests. Additionally, Defendant has taken the depositions of Plaintiffs James and Verhines, and Plaintiffs have taken the deposition of Brad Rosenthal, Defendant's Rule 30(b)(6) witness.

**Relief**. Uber denies that Plaintiffs are entitled to recover any damages or relief whatsoever in this action. Plaintiffs are not, and have never been, employees of Uber. Further, following the passage of Proposition 22, Plaintiffs can no longer seek prospective relief, whether they seek a "public injunction" or not. This Court (and many others) have held that a public injunction is unavailable under the claims asserted here, because Plaintiffs seek private relief primarily for their own benefit. *See Colopy v. Uber Techs. Inc.*, No. 19-CV-06462-EMC, 2019 WL 6841218, at *2–3 (N.D. Cal. Dec. 16, 2019) (collecting cases); *Revitch v. Uber Techs., Inc.*, 2018 WL 6340755, at *5–6 (C.D. Cal. Sept. 5, 2018); *Magana v. DoorDash, Inc.*, 343 F. Supp. 3d 891, 901 (N.D. Cal. 2018); *Clifford v. Quest Software Inc.*, 38 Cal. App. 5th 745, 743 (2019); *McGill v. Citibank*, 2 Cal. 5th 945, 955 (2017) ("private injunctive relief . . . primarily resolves a private dispute between the parties" and "rectifies individual wrongs" while "public injunctive relief . . . by and large benefits the general public . . . and . . . benefit[s] the plaintiff, if at all, only incidentally") (internal quotation marks and citations omitted).

**Settlement and ADR**. The parties have not engaged in mediation or settlement discussions, other than for the Court-ordered mediation before Chief Magistrate Judge Joseph Spero, which led to the resolution of Plaintiffs' Emergency Motion for a Preliminary Injunction (*Verhines* Dkt. 72).

Dated:  December 15, 2020         LICHTEN & LISS-RIORDAN, P.C.

                                  By:    /s/ Shannon Liss-Riordan
                                         Shannon Liss-Riordan
                                         Attorneys for Plaintiff

Dated:  December 15, 2020         GIBSON, DUNN & CRUTCHER LLP

                                  By:    /s/ Heather Richardson
                                         Heather Richardson
                                         Attorneys for Defendant
                                         UBER, TECHNOLOGIES, INC.

**ECF ATTESTATION**

I, Shannon Liss-Riordan, hereby attest that concurrence in the filing of this document has been obtained from the above signatories.

Dated:  December 15, 2020                LICHTEN & LISS-RIORDAN P.C.


                                By:     */s/ Shannon Liss-Riordan*
                                        Shannon Liss-Riordan