GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS JR., SBN 132099
tboutrous@gibsondunn.com
THEANE EVANGELIS, SBN 243570
tevangelis@gibsondunn.com
BLAINE H. EVANSON, SBN 254338
bevanson@gibsondunn.com
HEATHER L. RICHARDSON, SBN 246517
hrichardson@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Defendant UBER TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CHRISTOPHER JAMES and SPENCER VERHINES, individually and on behalf of others similarly situated,

Plaintiffs,

v.

UBER TECHNOLOGIES, INC.,

Defendant.

CASE NO. 3:19-CV-06462-EMC

**DEFENDANT UBER TECHNOLOGIES, INC.'S MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**

**Hearing**
Date: March 11, 2021
Time: 1:30 p.m.
Place: Courtroom 5

Judge: Hon. Edward M. Chen
Action Filed: October 8, 2019
Trial Date: None Set

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on March 11, 2021, at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Edward M. Chen in Courtroom 5 of the United States District Court for the Northern District of California in the San Francisco Courthouse, Seventeenth Floor, 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Uber Technologies, Inc. will, and hereby does, move this Court, pursuant to Local Rules 7-1 and 7-2 for an order clarifying that the Court's January 26, 2021 class certification order (Dkt. 143) did not rule on the merits of the question whether Prop 22 applies to claims in this case based on alleged misclassification predating December 16, 2020, and amending the Court's order to remove lines 29:3–30:1. In the alternative, Uber moves under Local Rule 7-9 for leave to file a motion for reconsideration seeking that relief.

*First*, as the Court recognized, the merits are not at issue at the class certification stage.

*Second*, a merits ruling while putative class members may still opt out would violate the rule against one-way intervention.

*Third*, a merits ruling was unnecessary to decide class certification; the Court recognized as much when it declined to rule on the merits of other issues, instead ruling that they were common questions.

*Fourth*, the parties did not fully brief the issue, which did not appear in Plaintiffs' motion but only in their supplemental brief filed at the same time Uber filed the last brief it was permitted.

*Fifth*, other courts are considering the question, and a ruling based on less than a full opportunity to litigate the merits risks confusing and prejudicing those actions.

Accordingly, the Court should clarify that it did not rule on the merits. It should issue a superseding order omitting the merits discussion at lines 29:3–30:1 of its order.

DATED: February 2, 2021

GIBSON, DUNN & CRUTCHER LLP

By: *_/s/ Theane Evangelis_*
Theane Evangelis

*Attorneys for Defendant Uber Technologies, Inc.*

## TABLE OF CONTENTS

I. INTRODUCTION ........ 1

II. BACKGROUND ........ 2

III. ARGUMENT ........ 4

A. The Court Should Clarify That It Did Not Rule on the Application of Prop 22 ........ 4

1. A Ruling on the Merits of Prop 22 Would Violate the Rule against One-Way Intervention ........ 4

2. Opining on the Merits of Prop 22 Was Unnecessary for the Rule 23 Analysis ........ 5

3. The Court Should Rule on the Application of Prop 22 with the Benefit of Proper Briefing from Both Sides ........ 7

B. In the Alternative, the Court Should Grant Uber Leave to Move for Reconsideration ........ 9

IV. CONCLUSION ........ 11

## TABLE OF AUTHORITIES

Page(s)

### Cases

*3Com Corp. v. D-Link Sys. Inc.*,
2007 WL 9728852 (N.D. Cal. Apr. 17, 2007) ....................8

*Abbott v. Lockheed Martin Corp.*,
725 F.3d 803 (7th Cir. 2013)....................6

*Adams v. United States*,
2008 WL 5220905 (D. Idaho Dec. 11, 2008) ....................8

*Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*,
568 U.S. 455 (2013)....................6

*Asante v. California Dep't of Health Care Servs.*,
2016 WL 5462435 (N.D. Cal. Sept. 28, 2016) ....................9

*Baghdasarian v. Amazon.com, Inc.*,
2009 WL 4823368 (C.D. Cal. Dec. 9, 2009), *aff'd*, 458 F. App'x 622 (9th Cir. 2011) ....................6

*Bendet v. Sandoz Pharm. Corp.*,
308 F.3d 907 (8th Cir. 2002)....................8

*In re Biery*,
543 B.R. 267 (Bankr. E.D. Ky. 2015)....................6

*Carmen Pena v. Taylor Farms Pac., Inc.*,
2015 WL 12550898 (E.D. Cal. Mar. 30, 2015) ....................9

*Copeland v. MCI Commc'ns Servs., Inc.*,
2008 WL 11338708 (C.D. Cal. Dec. 12, 2008) ....................9

*Corns v. Laborers Int'l Union of N. Am.*,
2014 WL 1319363 (N.D. Cal. Mar. 31, 2014)....................5

*In re CV Therapeutics, Inc. Sec. Litig.*,
2006 WL 2585038 (N.D. Cal. Aug. 30, 2006) ....................9

*Diva Limousine, Ltd. v. Uber Techs., Inc.*,
392 F. Supp. 3d 1074 (N.D. Cal. 2019) ....................1, 4, 5

*Franklin v. Ocwen Loan Servicing, LLC*,
2019 WL 452027 (N.D. Cal. Feb. 5, 2019)....................9

*Fuentes v. Shevin*,
407 U.S. 67 (1972)....................8

*Gariety v. Grant Thornton, LLP*, 368 F.3d 356 (4th Cir. 2004)....................6

*Greystone Nevada, LLC v. Anthem Highlands Cmty. Ass'n*, 549 F. App'x 621 (9th Cir. 2013)....................8

*Hudson v. Chicago Teachers Union, Local No. 1*, 117 F.R.D. 413 (N.D. Ill. 1987), *aff'd*, 922 F.2d 1306 (7th Cir. 1991)....................5

*In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305 (3d Cir. 2008)....................6

*Koehler v. USAA Cas. Ins. Co.*, 2019 WL 4447623 (E.D. Pa. Sept. 17, 2019)....................4

*Norse v. City of Santa Cruz*, 629 F.3d 966 (9th Cir. 2010)....................8

*Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, 2020 WL 1914953 (N.D. Cal. Apr. 20, 2020)....................9

*Physicians Comm'n for Responsible Med. v. Tyson Foods, Inc.*, 199 Cal. App. 4th 120 (2004)....................1, 3, 7

*Schrock v. Fed. Nat'l Mortg. Ass'n*, 2011 WL 13228509 (D. Ariz. May 19, 2011)....................9

*State of Nev. Employees Ass'n, Inc. v. Keating*, 903 F.2d 1223 (9th Cir. 1990)....................8

*Tiwari v. NBC Universal, Inc.*, 2011 WL 5903859 (N.D. Cal. Nov. 23, 2011)....................9

*Younger v. Superior Ct.*, 21 Cal. 3d 102 (1978)....................1

**Statutes**

Cal. Bus. & Prof. Code § 7449....................2

Cal. Bus. & Prof. Code §7451....................2

**Rules**

N.D. Cal. L.R. 7-3....................7

N.D. Cal. L.R. 7-9....................9, 10

## I. INTRODUCTION

The Court should clarify or reconsider its statement that "Proposition 22 does not apply retroactively" (Dkt. 143 at 29) because, while the point is unnecessary to the reasoning or result in the class-certification order, it appears to opine on a dispositive merits issue at the class-certification stage without the benefit of full argument or analysis from the parties on that issue. If it were a ruling on the merits, it would violate the rule against one-way intervention. *See*, *e.g.*, *Diva Limousine, Ltd. v. Uber Techs., Inc.*, 392 F. Supp. 3d 1074, 1095 (N.D. Cal. 2019) (Chen, J.) ("the one-way intervention rule prevents adjudication of merits issues prior to class certification").

The parties did not brief or present this issue for the Court's adjudication. As the Court recognized elsewhere in the class-certification order, "the only question presently before the Court is whether the requirements of Rule 23 are met." Dkt. 143 at 3. Although Plaintiffs briefly suggested in their supplemental brief that Prop 22 is not retroactive, this merits question was beyond the scope of the Court's call for simultaneous briefing addressing Prop 22's impact on "Plaintiffs' pending motion to certify [a] class." Dkt. 133. As Uber's brief noted, this "merits question is for another day" (Dkt. 137 at 5 n.4), and the simultaneous filings meant that Uber did not have the opportunity (or need) to address Plaintiffs' merits arguments head-on.

Uber will brief this important issue—on the merits, at the appropriate stage of the litigation. Prop 22 defeats Plaintiffs' claims (even those arising before the law's effective date) for many reasons. In addition to "retroactivity," the related doctrine of "abatement" bars Plaintiffs' claims because they are "wholly dependent" on statutes that Prop 22 repealed as to app-based drivers who use Uber, and there has been no final award here to vest Claimant's purported rights. *Younger v. Superior Ct.*, 21 Cal. 3d 102, 109 (1978). Abatement "presents entirely distinct issues from that of prospective or retroactive application of a statute." *Physicians Comm'n for Responsible Med. v. Tyson Foods, Inc.*, 199 Cal. App. 4th 120, 125 (2004).

But these issues are not properly presented at the class-certification stage. Whether Plaintiffs' claims are abated or whether Prop 22 applies retroactively to bar all of plaintiffs' claims are questions that go to the merits, and the one-way intervention rule prevents the Court from ruling on them at class certification. Uber therefore asks the Court to clarify that its order did not address whether Prop 22

applies to pending claims arising before December 16, 2020, and to issue a superseding opinion with the portion addressing retroactivity (lines 29:3–30:1 of the order) omitted. In the alternative, Uber requests that the Court grant leave to file the motion for reconsideration seeking the same relief (attached as Exhibit A).

## II. BACKGROUND

Plaintiffs moved for class certification on May 19, 2020, seeking "to certify a class of drivers who have driven for Uber in California any time since February 28, 2019, and who opted out of Uber's arbitration agreement." Dkt. 56 at 1. Plaintiffs seek to prove on a class-wide basis that all drivers who use Uber in California are employees under the ABC test, and they assert claims that depend on misclassification as a predicate. *Id.* at 11.

On November 3, the People of California approved Proposition 22, which proclaimed that "an app-based driver is an independent contractor and not an employee or agent," "*[n]otwithstanding any other provision of law*." Cal. Bus. & Prof. Code § 7451 (emphasis added). The voters approved Prop 22 to shield app-based drivers from "recent legislation [that] has threatened to take away the flexible work opportunities of hundreds of thousands of Californians," making it "necessary" to "[p]rotect[] the ability of Californians to work as independent contractors throughout the state." *Id.* § 7449(d)–(e).

On November 24, the Court ordered that "[t]he parties shall submit supplemental briefs within two weeks of this notice on whether the adoption of Proposition 22 by California voters has any bearing on Plaintiffs' pending motion to certify [a] class, Docket No. 56." Dkt. 133.

Uber's supplemental brief (filed on December 8) accordingly addressed Prop 22's effect on class certification only; it argued that "Plaintiffs cannot establish a common question capable of classwide resolution, much less that common questions predominate over individual ones, and Prop 22 does not impact these inquiries." Dkt. 137 at 8. Uber noted that whether Prop 22 applies to pending claims based on alleged misclassification predating its effective date would be hotly disputed on the merits, but that it is a merits issue that cannot be resolved at the class-certification stage:

> Plaintiffs' counsel has acknowledged that Prop 22 bars prospective relief. *See* Cheryl Miller, *Proposition 22 Clouds Future of Pending Worker-Classification Suits*, The Recorder (Nov. 4, 2020), https://www.law.com/therecorder/2020/11/04/proposition-22-clouds-future-of-pending-workerclassification-suits/ ("At this point those cases are really going to be about collecting damages up until the time Prop 22 takes effect"). To

> the extent Plaintiffs argue here that they can obtain past damages based on the proposition that drivers are or ever were employees—an argument voters in California decisively rejected—they are mistaken. *But that merits question is for another day.* The individualized elements of their claims discussed in Uber's opposition and summarized below preclude class certification in any event.

Dkt. 137 at 5 n.4 (emphasis added).

Plaintiffs argued in their brief (filed the same day) that "Proposition 22 does not apply retroactively." Dkt. 136 at 6. Plaintiffs' argument was limited to one page, and did not address many of the arguments why Prop 22 may indeed apply retroactively. Nor, critically, did they address the "entirely distinct" issue of abatement. *Physicians Commission*, 199 Cal. App. 4th at 125.

The Court heard the motion on December 22. Dkt. 139. At the hearing, Uber reiterated that "whether [Prop 22] applies to past claims" is a "complex" "merits question." Dkt. 142 (Tr.) at 29:10–12. That "question is not for the Court to decide at this stage," Uber noted; "we can address Prop 22 at a later date on the merits." *Id.* at 29:20–25.

On January 26, 2021, the Court granted Plaintiffs' motion in part and denied it in part. The Court agreed with Uber that "[t]he underlying merits of the case, while admittedly relevant at the class certification stage, should not overly cloud the Court's certification analysis—*the only question presently before the Court is whether the requirements of Rule 23 are met*." Dkt. 143 at 3 (emphasis added).

As a result, the Court did not adjudicate the applicability of the ABC test or the merits of Plaintiffs' arguments under that test, but rather determined that Plaintiffs had met their Rule 23 burden. The Court did not decide whether *Borello* or *Dynamex* applied to non-wage-order claims; instead, the Court held only that "whether *Dynamex* applies to this claim—a legal issue in dispute itself—presents a common question." Dkt. 143 at 8 n.2. And while acknowledging Uber's arguments on Prong A, the Court concluded "this factor will likely weigh in Uber's favor on the merits, but the fact that Uber admits that it exercises a uniform amount of control over its drivers' work schedules (*i.e.*, none) benefits Plaintiffs at the class certification stage because it proves that this factor can be adjudicated on a class-wide basis." *Id.* at 14–15 (punctuation and citation omitted).

But on the applicability of Prop 22 to pre-December 16 claims, the Court's opinion appears to address the merits of the question whether Prop 22 "appl[ies] retroactively," stating that "Prop 22 does

not apply retroactively." *Id.* at 29. The Court made this pronouncement without the benefit of Uber briefing the issue on the merits, and without considering the related but distinct issue of abatement.

## III. ARGUMENT

The Court should clarify that its class-certification ruling did not decide the merits of an unbriefed, case-dispositive issue—whether Prop 22 precludes the claims asserted here—and should issue a superseding opinion with the discussion of retroactivity omitted. Alternatively, the Court should grant Uber's motion for leave to file the motion for reconsideration (attached as Exhibit A), and then grant reconsideration. Either way, the Court should make clear that it has not decided the issue.

### A. The Court Should Clarify That It Did Not Rule on the Application of Prop 22

The Court should clarify that its class-certification order did not rule on the merits of the question whether Prop 22 applies to Plaintiffs' claims based on alleged misclassification before December 16, 2020. Such a ruling at this stage of the case would violate the rule against one-way intervention. A ruling on the application of Prop 22 was unnecessary for the Court's decision on class-certification. And the Court's statement about the retroactivity of Prop 22 was made without the benefit of briefing from Uber. For any one of these reasons, the Court should issue an amended opinion that omits discussion of the retroactivity of Prop 22—both because that statement is improper at this stage of the case, and because the decision is already being cited as a ruling on the merits in other cases where this issue is being litigated. *See*, *e.g.*, Ex. B (Notice of Supplemental Authority in *People v. DoorDash, Inc.*, No. CGC-20-584789 (S.F., Cal. Super. Ct.)).

#### 1. A Ruling on the Merits of Prop 22 Would Violate the Rule against One-Way Intervention

The Court's statements regarding the application of Prop 22 to alleged misclassification before December 16, 2020 violate the rule against one-way intervention.

As this Court has recognized, it would violate the rule against one-way intervention for the Court to rule on the merits before it certifies a class and terminates the opt-out period. "The one-way intervention rule applies in the context of merits *rulings*, not just final merits *judgments*." *Diva Limousine*, 392 F.Supp.3d at 1095; *accord*, *e.g.*, *Koehler v. USAA Cas. Ins. Co.*, 2019 WL 4447623, at *5 (E.D. Pa. Sept. 17, 2019) ("The rule against one-way intervention is implicated whenever a plaintiff

seeks a ruling on an issue relevant to the merits of the class claims."). "This makes sense, given that the underlying rationale of the rule is to protect defendants from unfair 'one-way intervention,' where the members of a class not yet certified can wait for the court's ruling … and either opt in to a favorable ruling or avoid being bound by an unfavorable one." *Diva Limousine*, 392 F.Supp.3d at 1095 (quotation marks omitted).

The rule and its rationale squarely preclude a merits ruling on Uber's case-dispositive retroactivity argument prior to class certification. Putative class members could see the Court foreclosing a critical argument against them and decide not to opt out during the forthcoming opt-out period. Had the Court issued the opposite merits ruling—that Prop 22 *does* apply retroactively, thus defeating all of Plaintiffs' claims on the merits—in its class certification order, it would have found that there is no class left to certify. Members of the putative class would then *automatically* "avoid being bound by" this ruling. *Id.* And even if the Court certified a class, putative class members would see the Court's unfavorable merits ruling and opt out.

The rule against one-way intervention forbids such games of "heads I win, tails you lose." "[A]llowing absent plaintiffs to join a class after the Court adjudicates issues of liability in the underlying case would unfairly prejudice Defendants." *Corns v. Laborers Int'l Union of N. Am.*, 2014 WL 1319363, at *4 (N.D. Cal. Mar. 31, 2014) (punctuation and citation omitted); *accord*, *e.g.*, *Hudson v. Chicago Teachers Union, Local No. 1*, 117 F.R.D. 413, 415 (N.D. Ill. 1987), *aff'd*, 922 F.2d 1306, 1317 (7th Cir. 1991) ("In a (b)(3) class action such as this case, Rule 23 requires class certification prior to a determination on the merits. This requirement prevents the inequitable practice of 'one-way intervention[.]'").

Thus, the class certification order did not—and could not—conclusively decide the question whether Prop 22 applies to pending claims predating December 16, 2020.

**2. Opining on the Merits of Prop 22 Was Unnecessary for the Rule 23 Analysis**

Ruling on the application of Prop 22 to claims predating December 16, 2020 was not necessary in determining whether Plaintiffs satisfied their burden under Rule 23.

As the Court explained, "[t]he underlying merits of the case, while admittedly relevant at the class certification stage, should not overly cloud the Court's certification analysis—the only question

presently before the Court is whether the requirements of Rule 23 are met." Dkt. 143 at 3. "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013). Accordingly, a "decision on a class definition" "in no way binds the district court when it comes time to rule on the merits," and indeed "should not, in principle, *influence* the merits of the case." *Abbott v. Lockheed Martin Corp.*, 725 F.3d 803, 810, 814 (7th Cir. 2013) (emphasis added). "The class definition is a tool of case management." *Id.* at 810. "[T]he ultimate factfinder's finding on the merits will govern" the merits, notwithstanding any contrary discussion at the class certification stage. *Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 366 (4th Cir. 2004). Such discussions "do not bind the fact-finder on the merits." *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 318 & n.19 (3d Cir. 2008) (collecting cases). Comments related to the *law* that will govern the case are not binding either; "decisions on merits issues that are made at class certification are not law of the case." *In re Biery*, 543 B.R. 267, 280 (Bankr. E.D. Ky. 2015); *accord*, *e.g.*, *Baghdasarian v. Amazon.com, Inc.*, 2009 WL 4823368, at *4 (C.D. Cal. Dec. 9, 2009), *aff'd*, 458 F. App'x 622 (9th Cir. 2011).

The question whether Prop 22 bars Plaintiffs' claims that predate December 16, 2020 is a merits question that is not necessary to decide as part of the Rule 23 analysis. As the Court explained, "the possibility that a plaintiff will be unable to prove her allegations" is no "basis for declining to certify a class which apparently satisfies the Rule." Dkt. 143 at 3–4 (punctuation and citation omitted). Whether the defendant's argument on the merits is solid or shaky is likewise irrelevant. As explained above (p. 3), the Court declined to decide whether Uber was correct as to many of its merits arguments for this exact reason. All the Court needed to decide was that the issue "presents a common question" that "can be adjudicated on a class-wide basis." *Id.* at 8 n.2, 15 (citation omitted).

Here, there is no dispute that the legal question whether Prop 22 applies to pending claims is a common merits question. That is all the Court needed to decide, and the merits of that question should be left to the parties to address at the merits stage.

The Court did not need to adjudicate whether Prop 22 is retroactive in order to conclude that "Prop 22 limits the class period." *Id.* at 30. That is true both because retroactivity is not the only basis for concluding that Prop 22 defeats all of Plaintiffs' claims—the "entirely distinct" principle of

abatement does that too (*Physicians Commission*, 199 Cal. App. 4th at 125)—and because Plaintiffs admitted (as they must) that Prop 22 governs *at least* claims that Uber misclassified app-based drivers after its effective date (Dkt. 143 at 30). And as the Court explained, "the amended complaint, as currently written, contains no allegations that Uber does not comply with section 7451's requirements, which is what Plaintiffs must allege (and eventually prove) in order to reclassify Uber's drivers as employees and be able to bring wage and hour claims" governed by Prop 22. *Id.* That is all the Court needed to say: The parties agree that Plaintiffs cannot pursue post-December 16 claims unless Uber fails to meet Prop 22's requirements; the complaint does not allege that Uber fails to meet Prop 22's requirements; and Prop 22's impact on *pre*-December 16 claims will be a common issue to be addressed on the merits. Discussing the merits of the issue was unnecessary.

**3. The Court Should Rule on the Application of Prop 22 with the Benefit of Proper Briefing from Both Sides**

The Court did not invite briefing on the merits of Prop 22 or whether Prop 22 applied retroactively, and Uber did not and could not anticipate that the Court could issue a merits ruling at the class certification stage. It would be unfair and prejudicial to rule against Uber on this potentially dispositive question without the benefit of fulsome briefing.

As explained above (pp. 2–3), neither party requested a ruling on the retroactivity of Prop 22. Plaintiffs' motion for class certification did not raise the issue of Prop 22's applicability; Prop 22 did not pass until six months later. Indeed, Prop 22 did not pass until after the full complement of regular briefing on the motion was complete—and even after Uber had submitted objections to reply evidence (and an alternative request to file an attached surreply). That was the last "memorand[um], paper[], or letter[]" that Uber could file "without prior Court approval" (except to "bring to the Court's attention a relevant *judicial opinion* published after the date the opposition or reply was filed" but "[b]efore the noticed hearing date"). L.R. 7-3(d) (emphasis added).

The Court then ordered the parties to simultaneously file supplemental briefs "on whether the adoption of Proposition 22 by California voters has any bearing on *Plaintiffs' pending motion to certify class, Docket No. 56*." Dkt. 133 (emphasis added). Uber addressed exactly that issue. Rather than attempt to thoroughly brief all of Prop 22's impacts on the *merits*, it explained that "Prop 22 does not

affect the predominance analysis" (Dkt. 137 at 6) and that the "merits question" of whether Plaintiffs "can obtain past damages based on the proposition that drivers are or ever were employees" is one "for another day" (*id.* at 5 n.4).  Plaintiffs did argue, in one page of their brief, that "Proposition 22 does not apply retroactively."  Dkt. 136 at 6.  But Uber did not get a responsive brief.  Nor did it believe it would need one, since the merits of Prop 22's application to past claims was not at issue in Plaintiffs' motion.  At the hearing, Uber explained again that this "complex" "merits question" "is not for the Court to decide at this stage."  Tr. 29:10–12, 20–25.

Uber does not believe the Court intended to rule on a merits question that the parties did not have a chance to brief—one that, if Uber is correct, will resolve the entire litigation—in the course of deciding the procedural question whether to certify a class.  "[T]he issue was not fully briefed and, given the centrality of the issue to the litigation, [Uber] should have been afforded an opportunity to present evidence and argument."  *Greystone Nevada, LLC v. Anthem Highlands Cmty. Ass'n*, 549 F. App'x 621, 623 (9th Cir. 2013).  "For more than a century the central meaning of procedural due process has been clear:  Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified."  *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972) (quotation marks omitted).  This principle requires, on pain of reversal, a "trial court" to "subject its [merits] decision to the rigors of the adversarial process."  *State of Nev. Employees Ass'n, Inc. v. Keating*, 903 F.2d 1223, 1225 (9th Cir. 1990).  For example, "[b]efore ordering summary judgment in a case, a district court must … provide the parties with notice and an opportunity to respond to adverse arguments."  *Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010).

Here, "[b]ecause [the issue] was not sufficiently presented," it was "premature to conclude, as the court did" that Prop 22 is not retroactive—and the court should "reconsider[]" its ruling.  *3Com Corp. v. D-Link Sys. Inc.*, 2007 WL 9728852, at *3 (N.D. Cal. Apr. 17, 2007).  "This is an important matter that must be resolved only after all parties have an opportunity for briefing."  *Adams v. United States*, 2008 WL 5220905, at *1 (D. Idaho Dec. 11, 2008).  Uber did not "underst[an]d the motion for [class certification] to be a dispositive motion" on its Prop 22 defense, and the Court needs "to allow [Uber] a clear opportunity to present the[ issue] fully to the … [C]ourt."  *Bendet v. Sandoz Pharm. Corp.*, 308 F.3d 907, 912 (8th Cir. 2002).  Uber "must be given a meaningful opportunity to brief [the]

issue[]" before the Court issues a ruling on it. *Schrock v. Fed. Nat'l Mortg. Ass'n*, 2011 WL 13228509, at *1 (D. Ariz. May 19, 2011).

Now that a class has been certified, Uber intends to raise the issues of retroactivity and abatement on the merits at an early stage after class notice has been disseminated and the opt-out period has concluded. A motion for summary judgment or for judgment on the pleadings will provide both sides the opportunity to fully brief these important issues. That is the appropriate time and means to adjudicate this merits issue.

The Court should clarify that it did not rule on the merits of Prop 22's applicability to pre-December 16 claims, and issue a superseding opinion that omits the discussion in its order at 29:3–30:1.

**B. In the Alternative, the Court Should Grant Uber Leave to Move for Reconsideration**

If the Court were to conclude that an administrative motion to clarify is not the proper vehicle to request this relief (although it has granted previous motions for clarification),[1] it should instead grant reconsideration. Local Rule 7-9 allows a party to file a motion for leave to file a motion for reconsideration. Uber attaches its proposed motion for reconsideration as Exhibit A, requesting the same relief as this motion. The Court should grant leave, for two reasons:

*First*, the motion is timely. Uber brings this motion one week after the Court's ruling—and thus has shown "reasonable diligence in bringing the motion." L.R. 7-9(b).

*Second*, the motion is proper under Local Rule 7-9(b)(3). The Court failed to consider Uber's "dispositive legal argument" that Prop 22's application is a merits issue inappropriate for resolution on a motion for class certification. *See* L.R. 7-9(b)(3). At the hearing, Uber argued that "the application of Prop 22 … is a merits question." Tr. 29:10–11. "[W]hether it applies to past claims," in particular, "is a complex question." *Id.* at 29:11–12. Because "that is a merits question," Uber explained, "the

[1] *See Tiwari v. NBC Universal, Inc.*, 2011 WL 5903859, at *1 (N.D. Cal. Nov. 23, 2011) (Chen, J.); *In re CV Therapeutics, Inc. Sec. Litig.*, 2006 WL 2585038, at *2 (N.D. Cal. Aug. 30, 2006) (Chen, J.); *Asante v. California Dep't of Health Care Servs.*, 2016 WL 5462435, at *3 (N.D. Cal. Sept. 28, 2016) (Chen, J.). Other courts in this District have done likewise. *See, e.g.*, *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, 2020 WL 1914953, at *2 (N.D. Cal. Apr. 20, 2020); *Carmen Pena v. Taylor Farms Pac., Inc.*, 2015 WL 12550898, at *2 (E.D. Cal. Mar. 30, 2015); *Copeland v. MCI Commc'ns Servs., Inc.*, 2008 WL 11338708, at *5 (C.D. Cal. Dec. 12, 2008); *Franklin v. Ocwen Loan Servicing, LLC*, 2019 WL 452027, at *4 (N.D. Cal. Feb. 5, 2019)

Prop 22 question is not for the Court to decide at this stage"; "we can address Prop 22 at a later date on the merits." *Id.* at 29:20–25. This followed Uber's earlier argument, in its supplemental brief, that the question is one "for another day." Dkt. 137 at 5 n.4.

The Court recognized that "[t]he underlying merits of the case, while admittedly relevant at the class certification stage, should not overly cloud the Court's certification analysis—*the only question presently before the Court is whether the requirements of Rule 23 are met*." Dkt. 143 at 3 (emphasis added). However, the Court nonetheless proceeded to discuss the merits of the question whether Prop 22 "appl[ies] retroactively," without explaining why this discussion was appropriate at this stage. *Id.* at 29. This is a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before [the] interlocutory [class certification] order." L.R. 7-9(b)(3).

*Third*, the motion is proper under Local Rule 7-9(b)(1). A "material difference in fact or law exists from that which was presented to the Court," of which Uber "did not know" at the time it submitted its supplemental brief addressing Prop 22. L.R. 7-9(b)(1). The Court asked the parties to simultaneously "submit supplemental briefs within two weeks of this notice on whether the adoption of Proposition 22 by California voters has any bearing on Plaintiffs' pending motion to certify [the] class." Dkt. 133. Uber's brief addressed Prop 22's effect on the *pending motion to certify the class*—not on the merits. *See* Dkt. 137. Specifically, Uber argued that "[n]othing in Prop 22 eliminates the host of individualized issues related to Plaintiffs substantive claims, none of which are capable of proof through classwide evidence or are suitable for classwide adjudication." *Id.* at 1. Addressing the question whether Prop 22 terminates Plaintiffs' pending claims for alleged violations predating Prop 22's effective date, Uber stated:

> To the extent Plaintiffs argue here that they can obtain past damages based on the proposition that drivers are or ever were employees—an argument voters in California decisively rejected—they are mistaken. *But that merits question is for another day.* The individualized elements of their claims discussed in Uber's opposition and summarized below preclude class certification in any event.

*Id.* at 5 n.4 (emphasis added).

At the same time, Plaintiffs filed their supplemental brief. They argued that "Proposition 22 does not apply retroactively." Dkt. 136 at 6. Uber had no opportunity to respond to Plaintiffs' argument on the merits. Nor did it need to, because—as Uber pointed out both in its brief and at argument—

Plaintiffs' argument is a "merits question" "not for the Court to decide at this stage." Tr. 29:20–25; Dkt. 137 at 5 n.4.

Uber did not know, and could not know, that (a) Plaintiffs would present an argument on the merits at the same time as Uber's last brief was due; and (b) the Court would proceed to issue an opinion that appeared to address that merits question, without the opportunity for Uber to brief the issue, and in a posture where the Court should not consider the merits even *if* fully briefed. Local Rule 7-9(b)(1) is thus met as well.

Accordingly, reconsideration is proper, and the Court should grant leave to seek it.

## IV. CONCLUSION

The Court should clarify that it did not rule on the merits of the question whether Prop 22 defeats claims asserted in pending litigation concerning alleged misclassification occurring before Prop 22's effective date, and issue a superseding opinion that omits the discussion on retroactivity (lines 29:3–30:1). In the alternative, the Court should grant leave to file the motion for reconsideration attached as Exhibit A and then grant reconsideration, awarding the same relief of a superseding opinion.

Dated: February 2, 2021

GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Theane Evangelis*
Theane Evangelis

Attorney for Defendant UBER TECHNOLOGIES, INC.