SHANNON LISS-RIORDAN, SBN 310719
(sliss@llrlaw.com)
ANNE KRAMER, SBN 315131
(akramer@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:     (617) 994-5800
Facsimile:     (617) 994-5801

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER JAMES and SPENCER
VERHINES, individually and on behalf
of all others similarly situated,

                    Plaintiffs,

        v.

UBER TECHNOLOGIES, INC.,

                    Defendant.

CASE NO. 3:19-cv-06462-EMC
CASE NO. 3:20-cv-01886-EMC

**PLAINTIFFS' RESPONSE TO
DEFENDANT'S MOTION FOR
CLARIFICATION**

Hon. Edward M. Chen

Date: March 11, 2021
Time: 1:30 pm
Courtroom: 5

Action Filed: October 8, 2019
Trial Date: None Set

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................................ 1

II.  ARGUMENT ............................................................................................................... 2

A. The Standard for Reconsideration Has Not Been Met ....................................... 2

B. Ruling on the Retroactivity of Prop 22 Does Not Violate the Principle Against
   One-Way Intervention ......................................................................................... 4

C. Altering the Court's Class Certification Opinion Would Be Futile Because It is
   Clear that Proposition 22 Does Not Apply Retroactively ................................... 7

III. CONCLUSION ............................................................................................................. 9

1

## TABLE OF AUTHORITIES

2

**Cases**

3

American Pipe & Const. Co. v. Utah
   414 U.S. 538 (1974) ...........................................................................................................4

4

5

Bowers v. Windstream Kentucky E., LLC
   2012 WL 216616 (W.D. Ky. Jan. 24, 2012) ......................................................................5

6

Diva Limousine, Ltd. v. Uber Techs., Inc.
   392 F. Supp. 3d 1074 (N.D. Cal. 2019) .............................................................................6

7

8

Evangelatos v. Superior Court
   753 P.2d 585 (Cal. 1988) ...................................................................................................7

9

Governing Board v. Mann
   18 Cal.3d 819 (1977) .........................................................................................................8

10

Horwich v. Sup. Ct.
   980 P.2d 927 (Cal. 1999) ...................................................................................................7

11

12

Landgraf v. USI Film Products
   511 U.S. 244 (1994) ...........................................................................................................7

13

London v. Wal-Mart Stores, Inc.
   340 F.3d 1246 (11th Cir. 2003)..........................................................................................5

14

Medical Bd. v. Super. Ct.
   88 Cal.App.4th 1001 (2001) ..............................................................................................8

15

16

Moore v. USC Univ. Hosp., Inc.
   No. CV 07-7850 PA (EX), 2009 WL 10681002 (C.D. Cal. Nov. 18, 2009) ....................2

17

O'Connor v. Uber Technologies, Inc.
   Civ. A. No. 13-3826-EMC (N.D. Cal.) ..............................................................................6

18

19

Physicians Com. for Responsible Med. v. Tyson Foods Inc.
   119 Cal. App. 4th 120 (2004)............................................................................................8

20

Reliance Ins. Co. v. Doctors Co.
   299 F. Supp. 2d 1131 (D. Haw. 2003), aff'd, 132 Fed. App'x 730 (9th Cir. 2005) .................4

21

22

Reyes v. BCA Financial Services, Inc.
   2018 WL 5004864 (S.D. Fl. Dec. 10, 2018)......................................................................5

23

Sephora USA, Inc. v. J.B. Hunt Transportation
   No. 5:12-CV-3252-PSG, 2013 WL 5692215 (N.D. Cal. Oct. 17, 2013)...............................2

24

Stop Youth Addiction, Inc. v. Lucky Stores, Inc.
   17 Cal.4th 553 (1998) ........................................................................................................8

25

26

27

28

United States v. Security Industrial Bank
   459 U.S. 70 (1982) ......................................................................................................7

Younger v. Superior Court
   21 Cal. 3d 102, 577 P.2d 1014 (1978) ......................................................................8

**Rules**

Fed. R. Civ. P. Rule 23 ..........................................................................................4, 5, 6

N.D. Civ. L.R. 7-9 ......................................................................................................2, 3, 4

## I.    INTRODUCTION

The Court should deny Uber's Motion for Clarification or Reconsideration (Dkt. 144) and should not amend its well-reasoned Class Certification Order or its conclusion that Proposition 22 is not retroactive.  As an initial matter, the Court's holding on this issue is correct, and no amount of further briefing by the Parties is going to change the conclusion that Proposition 22 is *not* retroactive.  Indeed, it is disingenuous (and futile) for Uber to argue otherwise.  See infra, Part IIC.  Furthermore, Uber has failed to meet the standard for reconsideration as no change in material fact occurred that would give rise to reconsideration, nor did this Court overlook any legal arguments made by the parties. See infra, Part IIA. Finally, Uber is wrong to suggest that the Court's holding on this issue violates one-way intervention, as the Court's ruling does not constitute a judgment on the merits of *any* claim at issue in this case, much less a final judgment.  It is commonplace for courts to resolve subsidiary issues prior to deciding class certification (including dismissing certain claims or adjudicating certain defenses).  One-way intervention is aimed at preventing class members from knowing whether or not they have won the case before they decide to remain a part of the class, and the Court's ruling here does not offend that principle.  See infra, Part IIB.  It was both logical and efficient for the Court to consider the retroactivity of Proposition 22 as part of its Class Certification ruling, as a finding of retroactivity could arguably affect the scope of the certified class.  Thus, the decision is sound and need not be altered.

For all these reasons, Uber's Motion (Dkt. 144) should be denied.[1]

---

[1] Defendant filed this Motion without conferring with Plaintiffs' counsel regarding the content or scheduling of the briefing and hearing on the Motion.  While Uber set its motion for a hearing on March 11, 2021, Plaintiffs suggest that this issue be addressed at the Case Management Conference on February 18, 2021.  Plaintiffs' counsel has a conflict on the noticed hearing date.

1

## II.   ARGUMENT

### A. The Standard for Reconsideration Has Not Been Met

The Court invited, and the Parties submitted, supplemental briefing that addressed the impact of Proposition 22.  As detailed herein, no further briefing is necessary.  Further, because Uber had the opportunity to provide supplemental briefing on Proposition 22 (and indeed, could have sought permission to file a response to Plaintiffs' supplemental briefing), it cannot now request reconsideration, as the high standard needed to gain reconsideration has not been met. The Court should deny Uber's request to file a Motion for Reconsideration.

"Civ. L.R. 7–9 sets a high standard for parties seeking leave to file a motion for reconsideration."  Sephora USA, Inc. v. J.B. Hunt Transportation, No. 5:12-CV-3252-PSG, 2013 WL 5692215, at *1 (N.D. Cal. Oct. 17, 2013).  "Reconsideration is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Moore v. USC Univ. Hosp., Inc., No. CV 07-7850 PA (EX), 2009 WL 10681002, at *2 (C.D. Cal. Nov. 18, 2009).  Thus, a "motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Id.  Here, this Court ordered the parties to "submit supplemental briefs …on whether the adoption of Proposition 22 by California voters has any bearing on Plaintiffs' pending motion to certify class", see Dkt. 133, and both sides submitted briefs, with a full and fair opportunity to argue any issues presented by the passage of Proposition 22 while Plaintiffs' Class Certification Motion was pending.  Uber had an opportunity to brief this question, and the fact that it now regrets not raising arguments it could have is not grounds for reconsideration.

Under Local Rule 7-9, a party must seek leave of the court to file a motion for reconsideration. N.D. Civ. L.R. 7-9 (a).  The party "must specifically show reasonable diligence in bringing the motion" and show that one of the following conditions is true:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

See N.D. Civ. L.R. 7-9(b).  Here, Uber argues that it meets the standard under L.R. 7-9(b)(1) because "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought" – namely, that Uber did not know that Plaintiffs would argue against the retroactivity of Proposition 22 in their Supplemental Brief or that the Court would rule on the issue.  Dkt. 144 at 11.  Uber's argument in this regard is erroneous; it does not point to any *changes* in material fact that would warrant reconsideration but instead asks the court to relieve it of its own failure to adequately address the issue of Proposition 22's retroactivity.  The Court asked the Parties to brief the impact of Proposition 22 on the pending Class Certification Motion, see Dkt. 133, and that request clearly encompassed whether Proposition 22 applies to Plaintiffs' claims in the case, and if so, whether that application is prospective or retroactive.  Uber plainly should have been on notice that the retroactivity of Proposition 22 was placed at issue by the Court's Supplemental Briefing Order.  More importantly though, after Plaintiffs briefed the retroactivity issue in their Supplemental Brief (Dkt. 136), Uber could have sought leave to file a reply or otherwise address the retroactivity of Proposition 22 if it felt there were additional arguments it needed to make, and *it did not do so*.  Nothing materially changed at any point during this process; Uber simply regrets that it did not prevail on this issue and wants a do-over.  Such regret is not grounds for reconsideration.

1    Uber also argues that reconsideration is appropriate under L.R. 7-9(b)(3) on the ground

2    that the Court failed to consider Uber's "dispositive legal argument" that Prop 22's application

3    is a merits issue inappropriate for resolution on a motion for class certification."  Dkt. 144 at 9.

4    This "legal argument" consists of a throw-away statement in a footnote that "[t]o the extent

5    Plaintiffs argue here that they can obtain past damages based on the proposition that drivers are

6    or ever were employees—an argument voters in California decisively rejected—they are

7    mistaken. But that merits question is for another day." Dkt. 137 at n. 4.  Put simply, there was

8    nothing for the Court to consider as Uber did not raise *any* concerns about one-way intervention

9    or cite a single case in support of the notion that the Court should defer a ruling on the

10   retroactivity of Proposition 22.  The Court's failure to consider an argument that Uber did not

11   make is not grounds for reconsideration.  See Reliance Ins. Co. v. Doctors Co., 299 F. Supp. 2d

12   1131, 1154 (D. Haw. 2003) ("In failing to raise this argument… [defendant] waived its right to

13   assert the argument … in the instant motion for reconsideration"), aff'd, 132 Fed. App'x 730

14   (9th Cir. 2005).

15       **B.  Ruling on the Retroactivity of Prop 22 Does Not Violate the Principle Against One-**
             **Way Intervention**
16

17       The Court should also deny Uber's Motion for Clarification as entirely unfounded.  In

18   its Motion for Clarification, Uber erroneously insists that "the Court's statements regarding the

19   application of Prop 22 to alleged misclassification before December 16, 2020 violate the rule

20   against one-way intervention."  See Dkt. 144 at 4-5.  Uber is incorrect.  The history of Rule 23

21   makes clear that the one-way intervention principle was designed to protect against the issuance

22   of a judgment prior to class certification.  The "one-way intervention" principle primarily refers

23   to the concern that, under the former version of Federal Rule of Civil Procedure Rule 23, there

24   was "no mechanism for determining at any point in advance of final judgment which of those

25   potential members of the class claimed in the complaint were actual members and would be

26   bound by judgment."  See American Pipe & Const. Co. v. Utah, 414 U.S. 538, 545–46 (1974).

27
         PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR CLARIFICATION
            OR FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
28                        CASE NO. 3:19-cv-06462-EMC
                                        4

Thus, "[a] recurrent source of abuse under the former Rule lay in the potential that members of the claimed class could in some situations await developments in the trial or even <u>final judgment on the merits</u> in order to determine whether participation would be favorable to their interests." <u>Id.</u> (emphasis added). "This situation—the potential for so-called 'one-way intervention'—aroused considerable criticism upon the ground that it was unfair to allow members of a class to benefit from <u>a favorable judgment</u> without subjecting themselves to the binding effect of an unfavorable one." <u>Id.</u> (emphasis added). The 1966 amendments altered Rule 23 to require that a decision on class certification was to be made "as soon as practicable after commencement of an action", thereby obviating the concern that class members could wait to see the outcome before deciding whether to participate. <u>See</u> Fed. R. Civ. P. 23(c)(1) (1966).

It is clear from this history that the one-way intervention rule is intended to avoid final judgments on the merits prior to class certification, rather than to preclude a ruling on any conceivable defense or subsidiary issue that even touches on the merits before a class is certified. <u>See</u> <u>Reyes v. BCA Financial Services, Inc.</u>, 2018 WL 5004864, at *4 (S.D. Fl. Dec. 10, 2018) (holding that a ruling on plaintiff's summary judgment motion before class certification did not "raise a one-way intervention problem" because the ruling did not require "a final judgment on the merits in the case" and "[a]t most, ... *may* have class-wide implication") (emphasis in original); <u>Bowers v. Windstream Kentucky E., LLC</u>, 2012 WL 216616, at *1 (W.D. Ky. Jan. 24, 2012) ("Defendants urge that the principle of 'one-way intervention' has been violated by entering partial summary judgment in favor of Plaintiffs prior to ruling on the issue of class certification. The Court finds no basis supporting this argument."); <u>see also</u> <u>London v. Wal-Mart Stores, Inc.</u>, 340 F.3d 1246, 1252 (11th Cir. 2003) ("One-way intervention occurs when the potential members of a class action are allowed to await ... final judgment on the merits in order to determine whether participation [in the class]

would be favorable to their interests.").[2]  One-way intervention does not bar the Court from ruling on threshold questions or defenses prior to class certification; indeed, it is common for a court to deny a defendant's motion to dismiss (and thereby resolve subsidiary issues and defenses against a defendant) prior to a class being certified.[3]  What matters for purposes of the rule against one-way intervention is that a class member choosing to participate in a case should not know at the outset whether a judgment has already been issued in his favor.  Here, the Court's ruling that Proposition 22 is not retroactive does *not* inform class members whether the case will ultimately be decided in their favor; indeed, the central question of drivers' misclassification under the "ABC" test remains to be resolved as does the "ABC" test's applicability to each of the certified claims here.  In sum, there is no reason for the Court to amend its decision because it does not violate the one-way intervention rule.

//

//

//

---

[2]     Plaintiffs acknowledge that this court has held otherwise in <u>Diva Limousine, Ltd. v. Uber Techs., Inc.</u>, 392 F. Supp. 3d 1074, 1095 (N.D. Cal. 2019), finding that "[t]he one-way intervention rule applies in the context of merits *rulings*, not just final merits *judgments*." Plaintiffs respectfully disagree with the Court's reasoning in <u>Diva</u>, which would seemingly prevent any adjudication of any defense or merits issue prior to class certification when Rule 23 dictates the opposite: that class certification be resolved "as soon as practicable."  In practice, courts routinely decide motions for judgment on the pleadings, motions to dismiss, and motions for summary judgment that resolve subsidiary merits issues prior to class certification.

[3]     Indeed, in <u>O'Connor v. Uber</u>, this Court ruled on Uber's Motion for Judgment on the Pleadings and dismissed various Plaintiffs' claims while also deciding the extraterritoriality of California law -- an important merits issue -- before ever issuing a ruling on class certification. <u>See</u> <u>O'Connor</u>, Civ. A. No. 13-3826-EMC, Dkt. 136 (N.D. Cal.).  Moreover, the Court decided merits issues (like the enforceability of Uber's arbitration agreement) as part of its Class Certification decisions as well.  <u>See</u> <u>O'Connor</u>, Civ. A. No. 13-3826-EMC, Dkt. 342, 395. Indeed, there is nothing remarkable about the Court's ruling on the retroactivity of Proposition 22 in its recent Class Certification Order, as it is commonplace in class action cases for numerous subsidiary issues, which nonetheless affect the merits of Plaintiffs' claims, to be resolved prior to or as part of the class certification decision.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**C. Altering the Court's Class Certification Opinion Would Be Futile Because It is Clear that Proposition 22 Does Not Apply Retroactively**

Finally, the Court should also decline to amend its opinion because Uber's argument that Proposition 22 applies retroactively is disingenuous and frivolous, and amending the class certification decision only to reach the same conclusion again later in the litigation would be an exercise in futility that would result in delay and a waste of resources. The Court specifically asked the parties here to address Proposition 22 in supplemental briefing, before it issued a ruling on Plaintiffs' motion for class certification. As Plaintiffs explained in their Supplemental Brief (Dkt. 136), it is black letter law that statutes are presumptively limited to prospective-only application, absent a clear intent that the statute be applied retroactively. See Dkt. 136 at pp. 5-7 (citing Landgraf v. USI Film Products, 511 U.S. 244, 265 (1994); United States v. Security Industrial Bank, 459 U.S. 70, 79–80 (1982); Evangelatos v. Superior Court, 753 P.2d 585, 597 (Cal. 1988)). As the Court noted in its decision, the same is true of ballot initiatives. Dkt. 143 at 29 (citing Robert L. v. Sup. Ct., 69 P.3d 951, 900-01 (Cal. 2003) ("In interpreting a voter initiative..., we apply the same principles that govern statutory construction.") (quoting Horwich v. Sup. Ct., 980 P.2d 927 (Cal. 1999)); Evangelatos, 753 P.2d at 598 (same)).

Here, Proposition 22 does not contain an express statement of retroactivity; indeed, it does not even include language that *hints* that it was intended to be retroactive. The California Supreme Court has warned that when the proponents of a ballot initiative fail to include a retroactivity clause "perhaps in order to avoid the adverse political consequences that might have flowed from the inclusion of such a provision," it would be "improper for this court to read [a retroactivity] clause into the enactment at this juncture." Evangelatos, 33 Cal.3d at 1211-1212. In the absence of any language in the language of the ballot measure or accompanying materials suggesting retroactivity, there is no other evidence that voters intended the statute to be retroactive. Uber simply cannot overcome the presumption that Proposition 22 applies prospectively only.

Uber also argues that it intends to raise the principle of "abatement" to argue that Proposition 22 effectively repealed AB5 with respect to Uber drivers and other gig workers, such that any pending actions based on AB5 must be dismissed. <u>See</u> Dkt. 144 at 1 (citing <u>Younger v. Superior Court</u>, 21 Cal. 3d 102, 109, 577 P.2d 1014 (1978) and <u>Physicians Com. for Responsible Med. v. Tyson Foods Inc.</u>, 119 Cal. App. 4th 120, 125 (2004)). But these cases involve situations where a particular statutory provision was *expressly repealed*. Here, there is no repeal of AB5 that would require the dismissal of this suit (which is only partially premised on AB5 in any case, as the California Supreme Court's decision in <u>Dynamex</u> provides an additional basis for Plaintiffs' claims). In fact, Proposition 22 does not contain <u>any</u> reference to a "repeal", nor does it discuss Assembly Bill 5 at all. It is hard to imagine how Proposition 22 repealed a statute that it does not mention. Moreover, implied repeals are extremely disfavored and rarely found. <u>See</u> <u>Stop Youth Addiction, Inc. v. Lucky Stores, Inc.</u>,17 Cal.4th 553, 569 (1998) ("The law shuns repeals by implication."); <u>Governing Board v. Mann</u>, 18 Cal.3d 819, 828 (1977) ("repeals by implication are not favored"); <u>Medical Bd. v. Super. Ct.</u> 88 Cal.App.4th 1001, 1013 (2001) ("In recognition of the courts' constitutional role to construe, not write, statutes, [a]ll presumptions are against a repeal by implication.") (internal citation omitted).[4]

---

[4]    To meet its impossible burden to show that Proposition 22 impliedly repealed AB5, Uber would have to argue that there is "*no possibility* of concurrent operation" and that Proposition 22 and AB5 are "irreconcilable", and even then, "an implied repeal should not be found unless. . . the later provision gives *undebatable evidence* of an intent to supersede the earlier . . ." <u>Western Oil & Gas Assn. v. Monterey Bay Unified Air Pollution Control Dist.</u>, 49 Cal.3d 408, 419-420 (1989) (emphasis in original). Here, Prop 22 and AB5 can and do operate concurrently; AB5 mandates an "ABC" test for employee status, and Prop 22 creates a narrow exception to AB5 that applies only to certain "app-based drivers" and *only if* the companies meet a set of stringent conditions. Moreover, the law does not preclude companies like Uber electing to classify their drivers as employees if they so choose. Thus, the two statutes are not clearly irreconcilable, as they might be if Prop 22 *mandated* that all app-based drivers must universally be classified as independent contractors. In other words, Prop 22 does not completely revoke the original requirements created by AB5. Likewise, there is nothing approaching undebatable evidence that Prop 22 was intended to effect a repeal of AB5, which would give rise to a finding of implied repeal, which is so seldom found and so greatly disfavored.

In sum, Uber's argument about the retroactivity of Proposition 22 is frivolous and constitutes a bad faith attempt to stretch its favorable ballot initiative from a defense to future misclassification claims into a weapon that it can wield against *any* past claims of misclassification made against it in the state of California.  Uber's frivolous arguments are doomed, and this Court need not accommodate its request to re-brief this issue again given that fact.

## III.   CONCLUSION

The Court should deny Uber's Motion for Clarification or Reconsideration and should stand by its correct conclusion in the Class Certification Order that Proposition 22 is not retroactive.  The Court's ruling on this issue does not violate one-way intervention, as it does not constitute a judgment on the merits of *any* claim at issue in this case, much less a final judgment.  Moreover, it was logical and efficient for the Court to consider this question in connection with ruling on Plaintiffs' motion for class certification.  Uber's efforts to preserve this issue should be rejected, as any effort to argue Proposition 22's retroactivity is futile and will only serve to delay the inevitable conclusion that it has no effect on Plaintiffs' claims prior to the effective date of December 16, 2020.  For all these reasons, the Motion should be denied.

DATED:        February 8, 2021

Respectfully submitted,

CHRISTOPHER JAMES and SPENCER VERHINES, individually and on behalf of all others similarly situated,

By: */s/ Shannon Liss-Riordan*____
Shannon Liss-Riordan
Attorney for Plaintiffs

1
2                             <u>**CERTIFICATE OF SERVICE**</u>
3          I hereby certify that a copy of the foregoing document was served by electronic filing on
4   February 8, 2021, on all counsel of record.
5                                                          By: */s/ Shannon Liss-Riordan*_____
6                                                          Shannon Liss-Riordan
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28