1  SHANNON LISS-RIORDAN, SBN 310719
   sliss@llrlaw.com
2  ANNE KRAMER, SBN 315131
   akramer@llrlaw.com
3  LICHTEN & LISS-RIORDAN, P.C.
   729 BOYLSTON STREET, SUITE 2000
4  BOSTON, MA 02116
   Telephone:     (617) 994-5800
5  Facsimile:     (617) 994-5801

6  Attorneys for Plaintiff Christopher James and
   Spencer Verhines, individually and on behalf of
7  all others similarly situated

   GIBSON, DUNN & CRUTCHER LLP
   THEODORE J. BOUTROUS JR., SBN 132099
     tboutrous@gibsondunn.com
   THEANE EVANGELIS, SBN 243570
     tevangelis@gibsondunn.com
   BLAINE H. EVANSON, SBN 254338
     bevanson@gibsondunn.com
   HEATHER L. RICHARDSON, SBN 246517
     hrichardson@gibsondunn.com
   333 South Grand Avenue
   Los Angeles, CA  90071-3197
   Telephone: 213.229.7000
   Facsimile: 213.229.7520

8  Attorneys for Defendant
   UBER TECHNOLOGIES, INC.

9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12

13  CHRISTOPHER JAMES, and SPENCER
    VERHINES, individually and on behalf of all
14  others similarly situated,

15                          Plaintiffs,

16  v.

17  UBER TECHNOLOGIES, INC.,

18                          Defendant.

19

20

21

22

23

CASE NO. 19-cv-06462-EMC

**JOINT CASE MANAGEMENT STATEMENT**

Action Filed:  September 11, 2019
Trial Date:  None Set

Date:        February 18, 2021
Time:        10:30 a.m.
Place:       Courtroom 5
Judge:       Hon. Edward M. Chen

        Plaintiffs Christopher James and Spencer Verhines ("Plaintiffs") and Defendant Uber

Technologies Inc. ("Defendant" or "Uber"), by and through their respective counsel of record, hereby

submit this Joint Case Management Statement in advance of the Case Management Conference

scheduled in this matter for February 18, 2021, at 10:30 a.m.

24

25

26

27

28

**Legal Issues**:

Plaintiffs' Statement

The central legal question in this action is whether Plaintiffs are employees of Uber under California law.  If drivers were misclassified, additional legal issues include whether Uber violated various provisions of the Labor Code as a result of misclassifying drivers.

Defendant's Statement

Although Uber agrees with Plaintiffs that the central legal question presented in this action is whether Plaintiffs are employees of Uber under California law, there are numerous sub-questions relevant to this inquiry, including which legal standards apply during particular time periods relevant to this litigation.  These issues include, but are not limited to, whether all or part of Plaintiffs' claims are barred by Proposition 22, and whether the standards set forth in Assembly Bill 5, *Dynamex Operations West, Inc. v. Superior Court of Los Angeles*, 4 Cal. 5th 903 (2018), or *S.G. Borello & Sons, Inc. v. Department of Industrial Relations*, 48 Cal. 3d 341 (1989), apply to particular claims or during any particular time periods in this action.

Even after the Court determines which test applies when and for which purposes, there will be legal issues concerning how that test applies.  And if the factfinder determines that Plaintiffs have been employees of Uber during any particular time period, the issue of whether Uber has violated any statutes will involve numerous additional legal issues requiring the Court to interpret those statutes (and do so in a context in which they do not properly apply, especially after Proposition 22).

**Motions**:

The Court recently ruled on Plaintiffs' Motion for Class Certification (Dkt. 56) on January 26, 2021, and it certified a class under Prongs A & B of the "ABC" test for employee status as well as claims for expense reimbursement and itemized wage statements.  Pursuant to the Court's class certification order (Dkt. 143), the parties met and conferred regarding the contents and logistics of class notice and other relevant procedural details on February 4, 2021.  At that conference, the parties discussed, among other things, Plaintiffs' proposed class notice, timing, and proposals regarding further class certification.  Plaintiffs have prepared a draft class notice, based upon the class notice approved and ordered by the Court in the *O'Connor* case, and are awaiting Uber's comments on it.

On February 2, 2021, Uber filed a motion for clarification or, in the alternative, for leave to file a motion for reconsideration.  Dkt. 144.  Plaintiffs filed their response on February 8, 2021.  Dkt. 145.  Although Uber noticed the motion for hearing on March 11, 2021, Plaintiffs' counsel is not available on that date, and the parties request that the Court consider the motion at the upcoming CMC if possible.  Uber plans to file its reply sufficiently in advance of the February 18 hearing for the Court to hear the motion on that date.

Following the expiration of time for class members to opt out of the certified class after receiving the Class Notice, Plaintiffs intend to file a Motion for Summary Judgment on liability under Prong B of the "ABC" test.  Plaintiffs have proposed to Uber that class notice could be distributed by March 4, 2021 (if Uber provides Plaintiffs with the class list by February 25, 2021), and the opt-out deadline could be 60 days later, May 3, 2021.  Given these dates, Plaintiffs propose the following briefing schedule:

- Plaintiffs' Motion for Summary Judgment filed by May 7, 2021;
- Defendant's Opposition due May 28, 2021;
- Plaintiffs' Reply due June 11, 2021.

Uber objects to Plaintiffs' proposed schedule, which is premature and does not allow sufficient time for class notice to be disseminated or for class members to opt out of the class.  Accordingly, Uber proposes the following schedule:

| Deadline to complete dissemination of class notice and set up neutral website | Within 14 days of receipt of list of notice recipients by Notice Administrator (not yet selected) |
|---|---|
| Opt-out deadline | 60 days from dissemination of class notice |
| Dispositive motions | Last day to be filed: 21 days after opt-out deadline |

Uber anticipates filing a motion for summary judgment and will oppose any motion for summary judgment filed by Plaintiffs.

**Discovery**:

The parties are currently engaged in discovery.  The parties have exchanged written discovery requests and have produced documents in response to those requests.  Uber is continuing to produce

documents on a rolling basis.  Now that a class has been certified, the parties are meeting and conferring regarding additional class-wide discovery that may be appropriate, and Uber anticipates making a supplemental production of documents next month.  Additionally, Defendant has taken the depositions of Plaintiffs James and Verhines, and Plaintiffs have taken the deposition of Brad Rosenthal, Defendant's Rule 30(b)(6) witness.

**Settlement & ADR:**

The parties have not engaged in mediation or settlement discussions, other than for the Court-ordered mediation before Chief Magistrate Judge Joseph Spero, which led to the resolution of Plaintiffs' Emergency Motion for a Preliminary Injunction (*Verhines* Dkt. 72).


Dated:  February 11, 2021          LICHTEN & LISS-RIORDAN, P.C.


By:  ____ */s/ Shannon Liss-Riordan* _____
          Shannon Liss-Riordan
          Attorneys for Plaintiff


Dated:  February 11, 2021          GIBSON, DUNN & CRUTCHER LLP


By:  ____ */s/ Theane Evangelis* _____
          Theane Evangelis
          Attorneys for Defendant
          UBER, TECHNOLOGIES, INC.

1

## **ECF ATTESTATION**

2

I, Shannon Liss-Riordan, hereby attest that concurrence in the filing of this document has

3

been obtained from the above signatories.

4

5

Dated:  February 11, 2021                              LICHTEN & LISS-RIORDAN P.C.

6

7

By:      /s/ Shannon Liss-Riordan

8

Shannon Liss-Riordan

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28