GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
BLAINE H. EVANSON, SBN 254338
  bevanson@gibsondunn.com
HEATHER L. RICHARDSON, SBN 246517
  hrichardson@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

Attorneys for Defendant UBER TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER JAMES and SPENCER VERHINES, individually and on behalf of others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>　　　　　　Defendant. | CASE NO. 3:19-CV-06462-EMC<br><br>**DEFENDANT UBER TECHNOLOGIES, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>**Hearing**<br>Date: March 11, 2021<br>Time: 1:30 p.m.<br>Place: Courtroom 5<br><br>Judge: Hon. Edward M. Chen<br>Action Filed: October 8, 2019<br>Trial Date: None Set |

Gibson, Dunn & Crutcher LLP

REPLY IN SUPPORT OF MOTION FOR CLARIFICATION OR
FOR LEAVE TO FILE MOTION FOR RECONSIDERATION / CASE NO. 3:19-CV-06462-EMC

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................. 1

II. ARGUMENT ........................................................................................................................ 1

    A. The Court Should Amend Its Order to Clarify That It Did Not Rule on the Dispositive Merits Issue of Proposition 22's Retroactive Effect .................................. 1

        1. Prejudging the Merits Would Violate the Rule against One-Way Intervention ....................................................................................................... 2

        2. Opining on the Merits Was Unnecessary to Certify the Class ........................... 4

        3. The Court Did Not Have the Benefit of Merits Briefing ................................... 4

    B. In the Alternative, the Court Should Reconsider Its Merits Discussion ....................... 5

III. CONCLUSION ..................................................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Pipe & Const. Co. v. Utah*,
　414 U.S. 538 (1974) ..................................................................................................................2, 3

*Bowers v. Windstream Kentucky E., LLC*,
　2012 WL 216616 (W.D. Ky. Jan. 24, 2012) ..................................................................................3

*Diva Limousine, Ltd. v. Uber Techs., Inc.*,
　392 F. Supp. 3d 1074 (N.D. Cal. 2019) ...............................................................................1, 2, 3

*Evangelatos v. Superior Court*,
　44 Cal. 3d 1188 (1988) .................................................................................................................6

*Fitzpatrick v. Tyson Foods, Inc.*,
　2016 WL 5395955 (E.D. Cal. Sept. 27, 2016) ..............................................................................6

*Gooch v. Life Invs. Ins. Co. of Am.*,
　672 F.3d 402 (6th Cir. 2012) ........................................................................................................3

*Governing Bd. v. Mann*,
　18 Cal. 3d 819 (1977) ...................................................................................................................6

*Klajic v. Castaic Lake Water Agency*,
　121 Cal. App. 4th 5 (2004) ...........................................................................................................7

*London v. Wal-Mart Stores, Inc.*,
　340 F.3d 1246 (11th Cir. 2003) ....................................................................................................3

*In re Marriage of Cutler*,
　79 Cal. App. 4th 460 (2000) .........................................................................................................7

*Reyes v. BCA Fin. Servs., Inc.*,
　2018 WL 5004864 (S.D. Fla. Oct. 15, 2018) ................................................................................4

*Rossetti v. Stearn's Prods., Inc.*,
　2016 WL 3277295 (C.D. Cal. June 6, 2016) ................................................................................6

*United States v. Novak*,
　476 F.3d 1041 (9th Cir. 2007) ......................................................................................................7

*White v. Padilla*,
　No. 34-2020-8000-3438 (Sacramento, Cal. Super. Ct. Aug. 3, 2020) ..........................................7

*Zipperer v. Cty. of Santa Clara*,
　133 Cal. App. 4th 1013 (2005) .....................................................................................................6

# TABLE OF AUTHORITIES
(*continued*)

Page(s)

**Statutes**

Cal. Bus. & Prof. Code, § 7449 ................................................................................................6

Cal. Bus. & Prof. Code, § 7451 ................................................................................................6

**Rules**

N.D. Cal. L.R. 7-9 .....................................................................................................................5

## I.     INTRODUCTION

Plaintiffs take the remarkable position that this Court's class-certification order definitively, and properly, rejected a complete defense on the merits that would defeat every class member's claims—before the class members were given the opportunity to decide whether to opt out of the class action. Plaintiffs are grossly mistaken. Such a decision at this stage of the proceedings would directly violate the one-way intervention rule, and would be particularly inappropriate given that the parties have not briefed the dispositive merits question of Proposition 22's effect on claims accruing before its passage.

Plaintiffs argue that the rule against one-way intervention forbids issuance of only a *final judgment* before a class is certified—not a mere ruling on a case-dispositive merits issue. But as Plaintiffs acknowledge, this Court already has rejected that argument (as have numerous other courts within this circuit), and for good reason: A ruling effectively prejudging a future summary judgment motion enables putative class members to know a critical result before deciding whether to be bound by it. *See Diva Limousine, Ltd. v. Uber Techs., Inc.*, 392 F. Supp. 3d 1074, 1095 (N.D. Cal. 2019) (Chen, J.). Fairness demands that the Court not enable putative class members to gain the benefit of a merits ruling before they make the decision whether to opt out of the class.

Uber respectfully request that the Court clarify or reconsider its discussion of that merits issue, and issue a superseding opinion that omits the discussion contained in the Court's original order. The parties can brief the merits of Proposition 22's retroactivity at the appropriate stage of the proceedings.

## II.     ARGUMENT

Plaintiffs do not deny that the Court can clarify its ruling on this Motion; they dispute only whether Uber has met the test for its alternative request for leave to seek reconsideration. Whether by clarification or reconsideration, the Court should issue an amended opinion omitting the discussion of the merits at lines 29:3–30:1 of its class certification order.

**A.     The Court Should Amend Its Order to Clarify That It Did Not Rule on the Dispositive Merits Issue of Proposition 22's Retroactive Effect**

Plaintiffs contend that the Court need not clarify its class certification ruling because the order "correct[ly]" issued a merits "holding" that "Proposition 22 is *not* retroactive." Dkt. 145 (Opp.) at 1.

Gibson, Dunn & Crutcher LLP

1
REPLY IN SUPPORT OF MOTION FOR CLARIFICATION OR
FOR LEAVE TO FILE MOTION FOR RECONSIDERATION / CASE NO. 3:19-CV-06462-EMC

But a merits ruling on a case-dispositive issue that affects the entire class violates the rule against one-way intervention. The parties never briefed the issue or presented it for the Court's resolution, and such a ruling was unnecessary to the Court's certification decision. The Court should therefore clarify that it did not rule on the merits that Prop 22 applies only to post-December 16, 2020 claims, and should issue a superseding opinion omitting the discussion of retroactivity at lines 29:3–30:1 of its order.

### 1. Prejudging the Merits Would Violate the Rule against One-Way Intervention

Plaintiffs argue that the Court ruled against Uber on a dispositive merits issue, effectively pre-judging a not-yet-filed motion for summary judgment before putative class members must decide whether to opt out of the lawsuit. *See*, *e.g.*, Opp. at 9 ("The Court … should stand by its correct conclusion in the Class Certification Order that Proposition 22 is not retroactive."). And Plaintiffs say this is acceptable, because "the one-way intervention rule is intended to avoid *final judgments* on the merits prior to class certification" and "the Court's ruling that Proposition 22 is not retroactive does *not* inform class members whether the case will ultimately be decided in their favor." *Id.* at 5–6 (emphasis added).

Plaintiffs do not, and cannot, deny that the opposite merits ruling—that Prop 22 *is* retroactive—would have telegraphed the end of this litigation and informed putative class members that they will lose on the merits such that failure to opt out would forfeit their claims. *See* Dkt. 144 (Mot. to Clarify) at 5. Indeed, such a ruling would have effectively left no class to certify at all, thus automatically sparing putative class members from a dispositive merits ruling against them. *See id.* This is the emblematic issue potentially "fatal to [Plaintiffs'] case" that presents one-way intervention problems. *Diva Limousine*, 392 F. Supp. 3d at 1095.

Plaintiffs concede that this Court already has found "meritless" their contention that "one-way intervention only becomes a problem when a plaintiff seeks a final judgment on the merits prior to class certification." *Id.* The Court's ruling in *Diva Limousine* was correct because a "merits ruling, even if not a final judgment, can still affect putative class members' decisions whether or not to opt in." *Id.* Plaintiffs do not dispute this. They instead argue that the Court was wrong in *Diva Limousine* because "Rule 23 dictates the opposite: that class certification should be resolved 'as soon as practicable.'" Opp. at 6 n.2. But they do not explain how deciding class certification before addressing

Gibson, Dunn & Crutcher LLP

2
REPLY IN SUPPORT OF MOTION FOR CLARIFICATION OR
FOR LEAVE TO FILE MOTION FOR RECONSIDERATION / CASE NO. 3:19-CV-06462-EMC

the merits is the "opposite" of deciding class certification "as soon as practicable." In fact, the "as soon as practicable" language was added to require exactly that result. *See Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 547 (1974).

Plaintiffs note that courts often decide a defendant's motion to dismiss, arguing that a *named plaintiff* has not *stated her claim*, before class certification. Opp. at 6. But that scenario does not present the same concerns—both because the defendant is *requesting* a ruling before class certification and because a pleadings decision simply determines which issues are in the case and which (for example) must instead be pursued in arbitration. *See id.* at 6 n.3. "Although Plaintiffs are correct that in the abstract, class members may always judge whether to opt-out or not based on how well the litigation is going so far, here, allowing absent plaintiffs to make that determination after the Court adjudicates issues of liability in the underlying case would unfairly prejudice Defendant[]." *Diva Limousine*, 392 F. Supp. 3d at 1095–96 (citation omitted). As Plaintiffs' headline case explains, the 1966 amendments to Rule 23 were designed to prevent "the potential that members of the claimed class could in some situations await *developments in the trial* or even final judgment on the merits in order to determine whether participation would be favorable to their interests. "If the evidence at the trial made their prospective position as actual class members *appear weak*, or if a judgment *precluded the possibility of a favorable determination*, such putative members of the class who chose not to intervene or join as parties would not be bound by the judgment." *American Pipe*, 414 U.S. at 547 (emphasis added). Here, a ruling that Prop 22 is retroactive would have not only been a "development[]" that made putative class members' case "appear weak"; it would have "precluded the possibility of a favorable determination." *Id.* The Court could not rule that Prop 22 is retroactive, so it could not issue the opposite merits ruling either.[1]

---

[1] Plaintiffs cite three out-of-circuit cases that they say support their view. The only appellate case did not "address th[e one-way intervention] issue" because it "reverse[d] the district court's grant of class certification on other grounds." *London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1253 (11th Cir. 2003). One of the two district court cases reasoned only that "[t]he Sixth Circuit has consistently held that a district court is not required to rule on a motion for class certification before ruling on the merits of a case" (*Bowers v. Windstream Kentucky E., LLC*, 2012 WL 216616, at *1 (W.D. Ky. Jan. 24, 2012) (punctuation omitted))—a contention the Sixth Circuit refuted the next month in *Gooch v. Life Invs. Ins. Co. of Am.*, 672 F.3d 402, 432 (6th Cir. 2012) (cited in *Diva Limousine*, 392 F. Supp. 3d at 1095–96). In the other, the defendant did not oppose deciding

*(Cont'd on next page)*

Gibson, Dunn & Crutcher LLP

3

REPLY IN SUPPORT OF MOTION FOR CLARIFICATION OR
FOR LEAVE TO FILE MOTION FOR RECONSIDERATION / CASE NO. 3:19-CV-06462-EMC

### 2.  Opining on the Merits Was Unnecessary to Certify the Class

As Plaintiffs do not deny, Prop 22 governs *at least* post-December 16 claims and "the amended complaint, as currently written, contains no allegations that Uber does not comply with section 7451's requirements, which is what Plaintiffs must allege (and eventually prove) in order to reclassify Uber's drivers as employees" under Prop 22.  Dkt. 143 at 30; *see also* Dkt. 137 (Uber Supp. Br.) at 1–5.  That is all the Court needed to say in order to certify the class it certified—one cut off at December 16, 2020. *See* Mot. to Clarify at 5–7.

That undisputed fact refutes Plaintiffs' citationless and explanation-free assertions that "a finding of retroactivity could arguably affect the scope of the certified class" and "it was logical and efficient for the Court to consider this question in connection with ruling on Plaintiffs' motion for class certification."  Opp. at 1, 9.  The only way for a finding of retroactivity to affect the scope of the class would be by ruling that no putative class member has any claims, because Prop 22 makes them independent contractors—a dispositive merits ruling that putative class members would evade.  The *opposite* merits ruling is unnecessary to certify a class, as the Court's actual class certification opinion demonstrates.  *See* Mot. to Clarify at 5–7.

Plaintiffs do not deny that the only question for the Court was "whether the requirements of Rule 23 are met" (Dkt. 143 at 3) and that a merits discussion in a class certification opinion cannot be binding on (or even influence) the eventual merits ruling.  *See* Mot. to Clarify at 5–6.  Thus, there was no cause for the Court to opine on the merits.  All the Court needed to say is what it said elsewhere in the order: that the complaint does not allege that Uber fails to meet Prop 22's requirements, and that the legal question whether Prop 22 governs all of the claims is a common merits question.  *See id.* at 6–7.

### 3.  The Court Did Not Have the Benefit of Merits Briefing

The Court asked in its supplemental briefing order only how Prop 22 affected the class certification analysis.  Plaintiffs did not raise retroactivity in their motion or their reply—only in their

---

summary judgment before class certification, and the court did *not* conclusively rule on the merits of class members' claims but left that merits issue to be resolved "at trial."  *Reyes v. BCA Fin. Servs., Inc.*, 2018 WL 5004864, at *2–4 (S.D. Fla. Oct. 15, 2018).  This Court's ruling in *Diva Limousine*—and those of the in-circuit cases it cites—are more pertinent and persuasive.

Gibson, Dunn & Crutcher LLP

4

REPLY IN SUPPORT OF MOTION FOR CLARIFICATION OR
FOR LEAVE TO FILE MOTION FOR RECONSIDERATION / CASE NO. 3:19-CV-06462-EMC

supplemental brief, to which Uber was not permitted to file a response brief. *See id.*

Plaintiffs argue that Uber nonetheless should have "sought permission" to do what was not allowed by the Local Rules and the Court's order. Opp. at 2–3. Uber was not required to seek leave to correct Plaintiffs' errant discussion of the merits; instead, it properly reiterated at the hearing that the merits question of retroactivity was not at issue. *See* Mot. to Clarify at 3. As Plaintiffs do not deny, due process precludes the Court from issuing a merits ruling without providing Uber notice that a merits ruling is forthcoming and an opportunity to present argument on what it should be. *See id.* at 8–9.

**B.    In the Alternative, the Court Should Reconsider Its Merits Discussion**

Plaintiffs argue that Uber has not met the standard for reconsideration. Opp. at 2–4. But reconsideration is Uber's *alternative* request; Plaintiffs do not deny that the Court can clarify its ruling regardless of whether Uber has met the reconsideration standard. *See* Mot. to Clarify at 9 n.1.

In any event, Plaintiffs are wrong. Reconsideration is proper under Local Rule 7-9(b)(1) and (b)(3). Plaintiffs do not deny that Uber has shown diligence. They argue that Uber has not demonstrated "any *changes* in material fact" since the Court issued its opinion (Opp. at 3), but that is not required. Rule 7-9(b)(1) requires only "a material difference in fact or law … from that which *was presented to the Court*." L.R. 7-9(b)(1) (emphasis added). Uber briefed *class certification*, because that was all that was at issue. Mot. to Clarify at 10–11. Uber did not and could not know that Plaintiffs would brief the merits and that the Court would issue an opinion on the merits, with no opportunity for Uber to respond. *Id.* Plaintiffs also argue that reconsideration is not available under Local Rule 7-9(b)(3) because Uber insufficiently alerted the Court to its "dispositive legal argument[]" (L.R. 7-9(b)(3)) that the merits were not at issue. Opp. at 4. In reality, not only did Uber raise this argument with respect to the very merits ruling the Court issued—both in its supplemental brief (even though it did not know that Plaintiffs would be briefing the merits) and at the hearing—it also argued generally that the Court could not "prejudge the merits." Dkt. 137 at 5 n.4; Dkt. 142 at 8:21, 10:9–10, 19:23–25, 29:10–25. The Court recognized that "the issue is not[,] on class certification, who is going to win or who is going to lose or who has got the better case on the merits" (Dkt. 142 at 3:6–8); it just overlooked Uber's point that this principle precludes it from issuing a ruling on Prop 22's retroactivity.

Plaintiffs finally argue that the Court should not reconsider its merits ruling because that

Gibson, Dunn & Crutcher LLP

5
REPLY IN SUPPORT OF MOTION FOR CLARIFICATION OR
FOR LEAVE TO FILE MOTION FOR RECONSIDERATION / CASE NO. 3:19-CV-06462-EMC

decision was correct. Opp. at 7–9. But they do not address Uber's arguments to the contrary. Dkt. 144-1 (Mot. for Reconsideration) at 5–9.

On retroactivity, Plaintiffs cite *Evangelatos v. Superior Court*, 44 Cal. 3d 1188 (1988) and note that Prop 22 does not contain an express retroactivity provision. Opp. at 7. But they do not address the language of Prop 22 codifying its purpose to end litigation seeking to force an employment relationship and to *preserve* existing independent contractor status, nor Prop 22's section defining app-based drivers as independent contractors, nor extrinsic sources (including public commentary from its principal opponent) telling the voters that Prop 22 is retroactive. Mot. for Reconsideration at 8–9.

On abatement, Plaintiffs contend that Prop 22 did not repeal AB 5. Opp. 8. But they do not ask the Court to reconsider its conclusion that "Prop 22 … repeal[ed] AB 5 with respect to app-based drivers." Dkt. 143 at 28:7. As Uber explained (Mot. for Reconsideration at 5–6), numerous abatement cases state explicitly that the electorate "need not repeal a statute in its entirety" to trigger abatement. *Fitzpatrick v. Tyson Foods, Inc.*, 2016 WL 5395955, at *3 (E.D. Cal. Sept. 27, 2016) (emphasis added), *aff'd*, 714 F. App'x 797, 797–98 (9th Cir. 2018). Even a change in legislative policy that "leav[es] the original language in the statute and add[s] exceptions to the rule"—a far less dramatic revision than Prop 22 made—would suffice. *Id.*; *accord, e.g.*, *Zipperer v. Cty. of Santa Clara*, 133 Cal. App. 4th 1013, 1024–25 (2005) ("amendment" of the statute, creating an exemption, suffices); *Rossetti v. Stearn's Prods., Inc.*, 2016 WL 3277295, at *3–4 (C.D. Cal. June 6, 2016) (abating UCL claims even though the prior "version of the statute upon which Plaintiff relies" "still reads much the same … but it has now importantly been qualified by … additional provisions granting new protections to [the defendants]"). The question is not whether Prop 22 is a "repeal" in the sense discussed in Plaintiffs' repeal-by-implication cases;[2] rather, "[t]he pivotal issue is whether the legislation constitutes 'a substantial reversal of legislative policy' that represents 'the adoption of an entirely new philosophy' vis-à-vis the prior enactment." *Zipperer*, 133 Cal. App. 4th at 1025. There is no question Prop 22 is a substantial reversal of the policy behind AB 5, representing an entirely new philosophy. That Prop 22 does not "express[ly]" use the word "repeal" is irrelevant to the abatement analysis. *Id.* at 1024–25.

---

[2] None of Plaintiffs' cited cases address abatement, except *Governing Bd. v. Mann*, 18 Cal. 3d 819, 829 (1977), which held that the action *was* abated.

Gibson, Dunn & Crutcher LLP

6
REPLY IN SUPPORT OF MOTION FOR CLARIFICATION OR
FOR LEAVE TO FILE MOTION FOR RECONSIDERATION / CASE NO. 3:19-CV-06462-EMC

Even if repeal were required to trigger abatement (it is not), Prop 22's express purpose—and the clear intent of the electorate in passing it—was to classify app-based drivers as independent contractors "[n]otwithstanding any other provision of law" and to end the "threat[]" posed by AB5 to the "flexible work opportunities" of Californians who "work as independent contractors … using app-based rideshare and delivery platforms." Cal. Bus. & Prof. Code, §§ 7449(d), 7451.  Even the Attorney General said Prop 22's "chief point and purpose" was "to carve out app-based transportation and delivery companies from th[e] generally applicable classification standard" of "the ABC test in *Dynamex* and … AB 5."  Answer to Petition at 23, *White v. Padilla*, No. 34-2020-8000-3438 (Sacramento, Cal. Super. Ct. Aug. 3, 2020).  That is a repeal of AB 5—a partial repeal, for app-based drivers only, but a repeal nonetheless.

Although Uber need not meet the standard for an implied repeal, Prop 22 *does* meet the test.  "[T]here is no possibility of concurrent operation" of the two statutes, as may be the case when two statutes addressing different subjects seem to point in different directions and they are silent as to which controls.  Opp. 8 n.4 (citation and punctuation omitted).  "The statutory phrase 'notwithstanding any other law' has been called a 'term of art' that declares the legislative intent to *override all contrary law*."  *Klajic v. Castaic Lake Water Agency*, 121 Cal. App. 4th 5, 13 (2004) (citations omitted; emphasis added).  "[I]ncluding a 'notwithstanding any other law' provision is a method—akin to an express reference to the superseded statute—by which [a legislature] can demonstrate that it intended to partially repeal an Act."  *United States v. Novak*, 476 F.3d 1041, 1052 (9th Cir. 2007) (en banc) (punctuation omitted); *see, e.g.*, *In re Marriage of Cutler*, 79 Cal. App. 4th 460, 475 (2000) (applying new statute to pending claims because its "notwithstanding any other provision of law" provision "signals a broad application overriding all other code sections").  Prop 22 overrides and repeals AB 5 as to app-based drivers.

### III.   CONCLUSION

The Court should issue a superseding class certification opinion that omits the discussion on retroactivity (lines 29:3–30:1).  In the alternative, the Court should grant leave to file the motion for reconsideration, grant reconsideration, and issue a superseding opinion.

Gibson, Dunn & Crutcher LLP

7
REPLY IN SUPPORT OF MOTION FOR CLARIFICATION OR
FOR LEAVE TO FILE MOTION FOR RECONSIDERATION / CASE NO. 3:19-CV-06462-EMC

Dated: February 12, 2021

                                        GIBSON, DUNN & CRUTCHER LLP

                                        By:  /s/ *Theane Evangelis*
                                                       Theane Evangelis

                                        Attorney for Defendant UBER TECHNOLOGIES, INC.

Gibson, Dunn & Crutcher LLP

8

REPLY IN SUPPORT OF MOTION FOR CLARIFICATION OR
FOR LEAVE TO FILE MOTION FOR RECONSIDERATION / CASE NO. 3:19-CV-06462-EMC