SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
ANNE KRAMER (SBN 315131)
(akramer@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:     (617) 994-5800
Facsimile:      (617) 994-5801

*Attorneys for Plaintiffs Christopher James and
Spencer Verhines, on behalf of
themselves and all others similarly situated*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JAMES and SPENCER VERHINES, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>        v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>    Defendant | Case No. 3:19-CV-06462-EMC<br><br>Related Case No. 4:19-cv-08228-PJH (N.D. Cal.)<br><br><br>**NOTICE OF RELATED CASE PURSUANT TO CIVIL L.R. 3-12;**<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 7-11**<br><br><br> Trial Date: None Set |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Civil Local Rules 3-12(b) and 7-11 of the United District Court for the Northern District of California, Plaintiffs submit this Administrative Motion to Consider Whether Cases Should Be Related.

## I.   LEGAL STANDARD

Civil Rule 3.12(a) dictates that "[a]n action is related to another when: (1) the actions concern substantially the same parties, property, transaction or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." See L.R. 3.12(a).  Pursuant to the Local Rules, "[w]henever a party knows or learns that an action, filed in or removed to this district is (or the party believes that the action may be) related to an action which is or was pending in this District as defined in Civil L.R. 3-12(a), the party must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civil L.R. 7-1." See L.R. 3.12(b).

## II.   FACTUAL AND PROCEDURAL BACKGROUND

On October 8, 2019, Plaintiff Thomas Colopy filed this action Colopy v. Uber Techs. Inc., Civ. A. No. 3:19-cv-06462-EMC (N.D. Cal.), on behalf of a putative class of California Uber drivers who worked for Uber since March 1, 2019 (the time frame post-dating the settlement release in O'Connor v. Uber Techs. Inc., Civ. A. No. 13-cv-3826-EMC (N.D. Cal.)). See Dkt. 1.  The case alleges misclassification of Uber's drivers as independent contractors and resulting Labor Code violations.  Id.[1]

Plaintiffs in this case filed a Motion for Class Certification in May 2020, and on January 21, 2021, this Court granted class certification on Plaintiffs' claims for misclassification, including claims for expense reimbursement and failure to provide accurate, itemized pay statements.  See James v. Uber Techs. Inc., No. 19-CV-06462-EMC, 2021 WL 254303 (N.D.

---

[1]     The case was subsequently consolidated with Verhines v. Uber Techs. Inc., Civ. A. No. 3:20-cv-01886-EMC, which likewise alleged independent contractor misclassification and specifically failure to provide paid sick leave during the pandemic.

Cal. Jan. 26, 2021). In that decision, the Court held that "Proposition 22 does not apply retroactively." Id. at *17.

Months *after* this case was first filed, a copycat action was filed on December 18, 2019, Nicholas v. Uber Techs. Inc., Civ. A. No. 4:19-cv-08228-PJH (N.D. Cal.), also alleging misclassification and Labor Code claims on behalf of a class of California Uber drivers. Despite the fact that Nicholas was plainly related to this earlier-filed action because it involves substantially the same parties and claims and is likely to lead to needless duplication of effort, Defendant Uber did not file a Notice of Related cases or an Administrative Motion to Relate, as is required by Local Rule 3-13.

Plaintiffs here recently became aware of the pendency of the Nicholas case, brought on behalf of a proposed class that is coextensive with the class already certified in the James case (namely Uber drivers in California who opted out of arbitration), and that Uber has moved in the Nicholas case to dismiss, including on the ground that Proposition 22 is retroactive.[2]  There is no reason for another court to be addressing the exact issue that this Court has already addressed and in an earlier-filed case in which a class has already been certified.  The later-filed Nicholas case should be related to this case, and another judge should not be ruling on an issue affecting the certified class in this case.

## III.   ARGUMENT

### A.  The James and Nicholas Cases Should Be Related and Should Both Proceed Before this Judge

The Nicholas action should be ordered related to the above-captioned case, pursuant to the standard set forth in Civil L.R. 3.12(a).  First, the actions concern substantially the same parties as both parties include the exact same defendant, Uber Technologies, Inc. ("Uber"), and the

---

[2]    It appears that Judge Hamilton is poised to rule on this issue, and from public reporting on that case, she appears to have indicated agreement with Uber's argument.  See, e.g., Craig Clough, "Calif. Voters 'Clearly' Against Uber Drivers' Suit, Judge Says", Law360 (Feb. 25, 2021), available at: https://www.law360.com/articles/1359226/calif-voters-clearly-against-uber-drivers-suit-judge-says.

plaintiffs in both actions are California Uber drivers who opted out of arbitration.  Further, the actions concern substantially the same transaction, as plaintiffs in both actions allege Uber has misclassified its drivers as independent contractors when the drivers are, in actuality, employees under California state employment law.  They even include overlapping Labor Code claims, including the claim for failure to provide accurate pay statements that was recently certified by this Court.

Second, it plainly "appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." L.R. 3.12(a).  Indeed, it appears that Judge Hamilton may be poised to decide an issue that this Court has already decided (the retroactivity of Proposition 22).  If the Nicholas case is allowed to proceed, Judge Hamilton would be called upon to adjudicate whether the drivers are misclassified and whether Uber violated various provisions of the Labor Code as well as other generally-applicable defenses that Uber may raise.  This needless duplication of effort, and risk of inconsistent rulings, is precisely why the mechanism for relating cases exists (and why Uber should have properly utilized it from the start).  Indeed, under the first-to-file rule, "when two suits are initiated with substantially similar claims, the general rule is that the first case to be filed has priority. *Absent special circumstances, the first case should proceed while the second case is enjoined*."  Broadcom Corp. v. Qualcomm Inc., 2005 WL 5925585, *2 (C.D. Cal. Sept.26, 2005) (emphasis supplied).  The rule is designed to "promot[e] judicial efficiency and "should not be disregarded lightly."  See Church of Scientology v. United States Dep't of the Army, 611 F. 2d 738, 750 (9th Cir. 1979).

Finally, this Court already presided over various other actions involving Uber's misclassification of its drivers (including O'Connor v. Uber Techs. Inc., Civ. A. No. 13-cv-3826, as well as Capriole v. Uber Techs. Inc., Civ. A. No. 3:20-cv-2211, which is currently on appeal in the Ninth Circuit).  The instant case will continue to require that this Court familiarize itself further with Uber's employment practices and address Plaintiffs' claims of misclassification.  Because the Nicholas action presents many of these same issues, which are

already being decided in the <u>James</u> case, it makes no sense for another Court to be addressing these same issues with the same parties.  Instead, the <u>Nicholas</u> case should be related to <u>James</u> case.  Then, this Court may proceed to decide how to administer these cases in an orderly fashion (for instance, by staying the <u>Nicholas</u> action to avoid duplication of effort).[3]

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs request that this Court order that <u>Nicholas v. Uber Techs. Inc.</u>, Civ. A. No. 4:19-cv-08228-PJH (N.D. Cal.), be related to <u>James v. Uber Technologies, Inc.</u>, Case No. 3:19-cv-06462-EMC (N.D. Cal.), and that, pursuant to Civil Local Rule 3-12(f), <u>Nicholas</u>, as the later-filed case in this District, be assigned to this Court.


DATED: March 12, 2021                    Respectfully submitted,

CHRISTOPHER JAMES and SPENCER
VERHINES, on behalf of themselves and all others
similarly situated,

By their attorneys,


<u>/s/ Shannon Liss-Riordan</u>
Shannon Liss-Riordan
SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
ANNE KRAMER (SBN 315131)
(akramer@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:    (617) 994-5800
Facsimile:    (617) 994-5801

---

[3]   Following the original filing of the <u>O'Connor</u> case, numerous copycat cases were filed and were related by this Court to the <u>O'Connor</u> case.  The Court generally stayed these related cases while the <u>O'Connor</u> case was litigated.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**[PROPOSED ORDER]**

This matter comes before the Court on Plaintiffs Christopher James and Spencer Verhines' Administrative Motion to Consider Whether Cases Should Be Related pursuant to Civil Local Rule 3-12.  After full consideration of the arguments, the Court finds that <u>Nicholas v. Uber Techs. Inc.</u>, Civ. A. No. 4:19-cv-08228-PJH (N.D. Cal.), is related to <u>James v. Uber Technologies, Inc.</u>, Case No. 3:19-cv-06462-EMC (N.D. Cal.), the above-captioned case. Accordingly, the Court orders as follows:

Pursuant to Civil Local Rule 3-12(f), <u>Nicholas</u>, as the later-filed case, will be assigned to the undersigned.

**IT IS SO ORDERED.**

DATE: _____       _____

Hon. Edward M. Chen
United States District Judge

6

## **CERTIFICATE OF SERVICE**

I, Shannon Liss-Riordan, hereby certify that a copy of this document and all supporting documents referenced herein were delivered via electronic filing CM/ECF system to counsel for Defendant on March 12, 2021.


*/s/ Shannon Liss-Riordan*
Shannon Liss-Riordan, Esq.