1  SHANNON LISS-RIORDAN (SBN 310719)
2  (sliss@llrlaw.com)
   ANNE KRAMER (SBN 315131)
3  (akramer@llrlaw.com)
   LICHTEN & LISS-RIORDAN, P.C.
4  729 Boylston Street, Suite 2000
   Boston, MA 02116
5  Telephone:    (617) 994-5800
6  Facsimile:    (617) 994-5801

7  *Attorneys for Plaintiffs Christopher James and*
   *Spencer Verhines, on behalf of*
8  *themselves and all others similarly situated*

9
                    **UNITED STATES DISTRICT COURT**
10
                 **NORTHERN DISTRICT OF CALIFORNIA**
11

12
13  CHRISTOPHER JAMES and SPENCER        Case No. 3:19-CV-06462-EMC
    VERHINES, on behalf of themselves and
14  all others similarly situated,        Related Case No. 4:19-cv-08228-PJH (N.D.
                                          Cal.)
15
           Plaintiffs,
16
                                          **REPLY IN SUPPORT OF**
17         v.                             **PLAINTIFFS' ADMINISTRATIVE**
                                          **MOTION TO CONSIDER WHETHER**
18  UBER TECHNOLOGIES, INC.,              **CASES SHOULD BE RELATED**
                                          **PURSUANT TO CIVIL L.R. 7-11**
19         Defendant

20
21                                        Trial Date: None Set
22
23
24
25
26
27
28

                              1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs submit this reply in further support of their Administrative Motion to Relate this proceeding ("James") to Nicolas v. Uber Techs. Inc., Civ. A. No. 4:19-cv-08228-PJH. See Dkt. 156.  Not only is James the first-filed action, this Court has already certified a class in James of the exact same drivers that the Nicolas plaintiffs seek to represent. Permitting Nicolas to proceed without any relation to James risks undermining the efforts of class counsel to fiercely litigate this action, as Nicolas may produce inconsistent rulings that cut against the interests of the class.  Class counsel should not be forced to look over their shoulder to monitor (or attempt to intervene in) all actions filed against Uber that overlap with the class here.  These risks are exactly what Local Rule 13-2 and the first-filed rule are designed to protect against.  Uber should have filed an Administrative Motion to Relate the Nicolas case months ago, when the overlap between the classes became clear upon certification here, or when Uber began to advance similar arguments regarding abatement and Proposition 22 in both cases.  In any event, the James Plaintiffs are now responsible for protecting the interests of the class and therefore move to relate the cases, pursuant to Local Rule 13-2, in order to protect the interest of the class, prevent duplicative litigation, and forestall the risk of inconsistent judgments.

*First and foremost,* case law and Local Rule 13-2 support Plaintiffs' request for this Court to relate Nicolas to this case.  The cases "concern substantially the same parties, property, transaction or event." L.R. 13-12(a)(1).  Both cases were filed as class actions and both cases allege wage and hour violations under California law, on behalf of drivers who have driven for Uber in California since February 2019.  Both cases are premised on the same underlying theory of liability: that Uber misclassified its drivers as independent contractors.  Thus, the cases are substantially similar. See In re Facebook Privacy Litigation, 2010 WL 5287616, at * (N.D. Cal. Dec. 21, 2010) (ordering cases related under Local Rule 13-2) ("[T]he Court finds that these cases involve substantially the same parties: Defendant

Facebook, and overlapping classes…. The Court also finds that these cases involve substantially the same transactions and events….").[1]

The Nicolas proceeding also risks inconsistent judgment with this action. See L.R. 13-12(a)(2). This Court has already rejected Uber's argument that the passage of Proposition 22 defeats Plaintiffs' claims, an argument that the Court will consider again on April 1, 2021, on Uber's motion for clarification, Dkts. 144, 158. Uber is advancing this exact argument its fourth Motion to Dismiss in Nicolas. Indeed, it is Uber that is seeking an end-run around this Court's earlier ruling on this issue, by asking this Court to retract its earlier ruling that Prop 22 is not retroactive (and does not extinguish the class claims here), while simultaneously seeking a ruling from Judge Hamilton that Prop 22 does extinguish substantially similar (and some overlapping) class claims.

***Furthermore***, it is undisputed that James is the first-filed case. The class action complaint in the instant action was filed on October 8, 2019, see Dkt. 1, while the Nicolas complaint was not filed until more than two months later, on December 18, 2019. Thus, permitting Nicolas to proceed to an inconsistent ruling would additionally undermine the first-filed rule, which is designed to discourage copycat proceedings and prevent duplicative litigation from clogging up the courts.[2] Courts routinely apply the first-filed rule to prevent

---

[1]   In contrast, Liu v. Uber Technologies Inc., No. 3:20-cv-07499- VC, provides an instructive example of an unrelated case. The Liu case is an employment discrimination case, alleging that Uber discriminated against drivers on the basis of race in its star-rating system and is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Whether drivers are employees is but one of the underlying questions of liability and will be adjudged under a completely separate employment test pursuant to federal law.

[2]   The overlap between classes counsels in favor of applying the first-filed rule. See Fryda v. Takeda Pharmaceuticals North America, 2011 WL 1434997, at *5 (N.D. Ohio Apr. 14, 2011) (applying first-to-file rule in overtime misclassification case when plaintiffs when second-filed case constituted a subset of the larger class in the first-filed case). That the actual named plaintiffs differ is of no consequence. Waithaka, 2019 WL 398052, *11 (D. Mass. Aug. 20, 2019) ("In a class action ... it is the class, not the representative, that is compared" when deciding whether to apply the first-to-file rule) (quoting Weinstein v. Metlife, Inc., 2006 WL 3201045, at *4 (N.D. Cal. Nov. 6, 2006)).

1
2    copycat wage and hour litigation from leap frogging first-filed actions and producing
3    inconsistent orders. See, e.g., Ortiz v. Panera Bread Co., 2011 WL 3353432, at *2 (E.D. Va.
4    Aug. 2, 2011) ("The first-to-file rule is particularly appropriate in the context of competing
5    FLSA collective actions, which threaten to present overlapping classes, multiple attempts at
6    certification in two different courts, and complicated settlement negotiations. It is not
7    surprising that federal courts consistently apply the first-to-file rule to overlapping wage and
8    hour collective actions.").
9           Not only is James the first-filed action, James is a certified class action.  Denying the
10   motion to relate would not only cut against the interest of judicial efficiency, it would injure
11   the interests of the class if class counsel and class representatives must contend with an
12   inconsistent ruling from Nicolas (in which the interests of the James class are ***not***
13   represented).
14          ***Moreover,*** Uber's opposition misrepresents the relevant procedural history of these
15   actions.  It is Uber who failed to comply with Local Rule 3-12(b), in failing to promptly file
16   an Administrative Motion *to this Court*, to consider whether the cases should be related.
17   This obligation is mandatory and requires that the party file both an Administrative Motion
18   to the Court presiding over the lowest-numbered action *and* serve the notice on "all known
19   parties to each apparently related action."[3]  Uber cannot claim that referencing the Nicolas
20   case in passing in a short paragraph and footnote buried in its opposition to Plaintiffs'
21   motion to relate the Hassell v. Uber Techs. Inc. d/b/a Uber Eats, Case No. 4:20-cv-04062-
22   PJH (N.D. Cal.) – an opposition that primarily focused on the fact that Hassell pertained to
23
24   _____
        [3]    See L.R. 3.12(b) ("[w]henever a party knows or learns that an action, filed in or
25   removed to this district is (or the party believes that the action may be) related to an action
     which is or was pending in this District as defined in Civil L.R. 3-12(a), the party **must**
26   promptly file **in the lowest-numbered** case an Administrative Motion to Consider Whether
     Cases Should be Related, pursuant to Civil L.R. 7-11. In addition to complying with Civil
27   L.R. 7-11, a copy of the motion, together with proof of service pursuant to Civil L.R. 5-5,
     must be served on all known parties to each apparently related action.") (emphasis
28   supplied).

                                              4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Uber Eats delivery drivers, rather than rideshare drivers, see Dkt. 83 at 1 – suffced to meet the notice requirement.  Uber's suggestion that the undersigned counsel should have been aware of the Nicolas action months ago and should have taken some unstated action to prevent a duplicative or inconsistent ruling (which Plaintiffs only recently learned was at risk of occurring) is disingenuous. Contra Dkt. 157 at 1.

Plaintiffs' counsel did not flag the Nicolas action as a related case until accessing Uber's briefing in support of its Motion to Dismiss the Third Amended Class Action complaint, in which Uber sets forth the exact argument regarding Prop 22 that it previewed in this Court with its Motion for Clarification.  When Plaintiffs previously moved to relate the Hassell case to James, this Court strictly considered whether the Hassell case was related to James and did not rule on Nicolas (notably, this Court had also not yet certified a class).

Uber attempts to portray Judge Hamilton as having already ruled on the relief Plaintiffs seek here. See Dkt. 157 at 3-4.  This portrayal is inaccurate.  Plaintiffs filed a quick administrative motion asking Judge Hamilton to delay her ruling, which was denied.  Plaintiffs have not moved to intervene in the Nicolas action.  Indeed, Plaintiffs instead realized that Uber failed to file a mandatory Local 13-2 Notice of Related Case in the lowest-numbered action to this Court and thus filed the instant motion in order to comply first with Local Rule 13-2 and provide this Court with the opportunity to rule on whether the cases were related, in the interest of judicial efficiency and to protect the interests of the certified class in this action.

For the reasons set forth herein, Plaintiffs respectfully request that this Court grant Plaintiff's Administrative Motion to Relate.

DATED: March 16, 2021

Respectfully submitted,

CHRISTOPHER JAMES and SPENCER VERHINES, on behalf of themselves and all others similarly situated,

By their attorneys,

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan
SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
ANNE KRAMER (SBN 315131)
(akramer@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:    (617) 994-5800
Facsimile:    (617) 994-5801

## CERTIFICATE OF SERVICE

I, Shannon Liss-Riordan, hereby certify that a copy of this document and all supporting documents referenced herein were delivered via electronic filing CM/ECF system to counsel for Defendant on March 16, 2021.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan, Esq.