UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JAMES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UBER TECHNOLOGIES INC., <br><br> Defendant. | Case No. 19-cv-06462-EMC <br><br> **ORDER GRANTING DEFENDANT'S MOTION FOR CLARIFICATION** <br><br> Docket No. 144 |

Pending before the Court is Defendant Uber Technologies Inc.'s ("Uber") motion to clarify or, in the alternative, for leave to file a motion for reconsideration. *See* Docket No. 144 ("Mot."). Uber asks to clarify the Court's statement that "Proposition 22 does not apply retroactively." *See* Docket No. 143 ("Class Cert. Order") at 29. According to Uber, this is a merits question that should not have been decided in a class certification order. *See* Mot.

Uber is correct that the retroactive application of Proposition 22 is ultimately a merits question that can dispose entirely of Plaintiffs' claims, and thus should not be decided in the context of class certification. *See* Class Cert Order at 3 ("[T]he only question before the Court is whether the requirements of Rule 23 are met."). *Id.* at 3. Deciding whether Proposition 22 applies retroactively risks contravening the rule against one-way intervention. *See, e.g.*, *Diva Limousine, Ltd. v. Uber Techs., Inc.*, 392 F. Supp. 3d 1074, 1095 (N.D. Cal. 2019) ("The one-way intervention rule exists to 'protect defendants from unfair "one-way intervention," where the members of a class not yet certified can wait for the court's ruling on summary judgment and either opt in to a favorable ruling or avoid being bound by an unfavorable one.'" (quoting *Villa v. S.F. Forty-Niners, Ltd.*, 104 F. Supp. 3d 1017, 1021 (N.D. Cal. 2015) (citing *Am. Pipe & Const.*

*Co. v. Utah*, 414 U.S. 538, 547(1974)))).

Plaintiffs oppose Uber's clarification motion by arguing that the Court's class certification order does not go against the one-way intervention rule because it "does not constitute a judgment on the merits of *any* claim at issue in this case, much less a final judgment." *See* Docket No. 145 ("Opp'n to Clarif. Mot."). But the Court would have had to enter judgment in favor of Uber had it agreed with Uber that Proposition 22 applies retroactively to bar Plaintiffs' claims. In fact, this Court rejected this exact argument in *Diva Limousine*, holding that "[t]he one-way intervention rule applies in the context of merits *rulings*, not just final merits judgments." 392 F. Supp. 3d at 1095. The reason for this is that "[a] merits ruling, even if not a final judgment, can still affect putative class members' decisions whether or not to opt in." *Id.*

Accordingly, the Court **GRANTS** Uber's motion and clarifies that it is not deciding at this time whether Proposition 22 applies retroactively. Withholding adjudication of the merits of the retroactivity claim does not negate class certification—the issue of the retroactivity of Proposition 22 is a matter that may properly be decided on a class-wide basis.

This order disposes of Docket No. 144.

**IT IS SO ORDERED**.

Dated: April 9, 2021

_____
EDWARD M. CHEN
United States District Judge