GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
BLAINE H. EVANSON, SBN 254338
  bevanson@gibsondunn.com
HEATHER RICHARDSON, SBN 246517
  hrichardson@gibsondunn.com
PETER C. SQUERI, SBN 286249
  psqueri@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

Attorneys for Defendant UBER TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER JAMES and SPENCER VERHINES, individually and on behalf of others similarly situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>                    Defendant. | CASE NO. 3:19-CV-06462-EMC<br><br>**DEFENDANT UBER TECHNOLOGIES, INC.'S MOTION TO AMEND ANSWER**<br><br>Judge: Hon. Edward M. Chen<br>Action Filed: October 8, 2019<br>Trial Date: None Set<br><br>**Hearing**:<br>Date:      May 13, 2021<br>Time:      1:30 p.m.<br>Place:     Courtroom 5<br>Judge:     Hon. Edward M. Chen |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1

II. UBER SHOULD BE ALLOWED TO AMEND ITS ANSWER ........................................ 1

    A. The Amendments Conform the Answer to Current Law .............................................. 2

    B. Plaintiff Will Not Be Prejudiced by the Inclusion of Prop 22 in Uber's Answer ......... 4

III. CONCLUSION ..................................................................................................................... 5

**TABLE OF AUTHORITIES**

**Cases** Page(s)

*ATS Products, Inc v. Champion Fiberglass, Inc.*,
    2014 WL 5867886 (N.D. Cal. Nov. 11, 2014)..................................................................3

*Beab, Inc. v. First Western Bank & Trust Co.*,
    204 Cal. App. 2d 680 (1962)............................................................................................5

*Bowles v. Reade*,
    198 F.3d 752 (9th Cir. 1999)............................................................................................2

*Carey v. United of Omaha Life Ins. Co.*,
    2013 WL 12129280 (C.D. Cal. Aug. 27, 2013)................................................................5

*DCD Programs, Ltd. v. Leighton*,
    833 F.2d 183 (9th Cir. 1987)............................................................................................4

*Dynamex Operations W., Inc. v. Superior Court*,
    4 Cal.5th 903 (2018) ........................................................................................................1

*Fitzpatrick v. Tyson Foods, Inc.*,
    2016 WL 5395955 (E.D. Cal. Sept. 27, 2016)..................................................................3

*Fodera v. Equinox Holdings, Inc.*,
    2021 WL 23294 (N.D. Cal. Jan. 4, 2021) .........................................................................3

*General Credit Corp. v. Pichel*,
    44 Cal. App. 3d 844 (1975)..............................................................................................4

*Gould v. Stafford*,
    101 Cal. 32 (1894) ...........................................................................................................2

*Graczyk v. Workers' Comp. Appeals Bd.*,
    184 Cal. App. 3d 997 (1986)............................................................................................3

*Hynix Semiconductor Inc. v. Toshiba Corp.*,
    2006 WL 3093812 (N.D. Cal. Oct. 31, 2006)..................................................................2

*Kim v. Truck Ins. Exch.*,
    2015 WL 12832047 (C.D. Cal. June 23, 2015) ................................................................4

*Moss v. U.S. Secret Serv.*,
    572 F.3d 962 (9th Cir. 2009)............................................................................................1

*Oden v. Voong*,
    2019 WL 3068418 (N.D. Cal. July 12, 2019).............................................................1, 2

Gibson, Dunn &
Crutcher LLP

*Owens v. Kaiser Found. Health Plan*,
  244 F.3d 708 (9th Cir. 2001) ................................................................................................. 1, 3

*Raifman v. Wachovia Sec., LLC*,
  2012 WL 1611030 (N.D. Cal. May 8, 2012) ................................................................................. 4

*Ramos v. City of Santa Clara*,
  35 Cal. App. 3d 93 (1973) ............................................................................................................ 2

*In re Real Est. Assocs. Ltd. P'ship Litig.*,
  2002 WL 31027447 (C.D. Cal. Aug. 29, 2002) ............................................................................ 3

*Redevelopment Agency v. Herrold*,
  86 Cal. App. 3d 1025 (1978) ........................................................................................................ 5

*Waldrip v. Hall*,
  548 F.3d 729 (9th Cir. 2008) ........................................................................................................ 1

*Weingarten v. Block*,
  102 Cal. App. 3d 129 (1980) ........................................................................................................ 4

*Younger v. Superior Ct.*,
  21 Cal. 3d 102 (1978) .................................................................................................................. 2

**Statutes**

Cal. Bus. & Prof. Code, § 7451 ............................................................................................... 1, 2, 3

**Rules**

Fed. R. Civ. P. 15(a)(2) ............................................................................................................... 1

**Constitutional Provisions**

Cal. Const., art. II, § 10(a) ............................................................................................................ 2

## I.      INTRODUCTION

Uber seeks to amend its Answer to the Amended Consolidated Class Action Complaint (Dkt. 85) to address a change in the law that occurred since Uber filed its Answer.  The Amended Complaint focuses on compliance with the law in effect before Proposition 22 ("Prop 22")—i.e., the ABC test of AB5 and the wage order interpreted in *Dynamex Operations W., Inc. v. Superior Court*, 4 Cal.5th 903 (2018).  Prop 22 abrogated this test as to app-based drivers, providing instead that "an app-based driver is an independent contractor … if [four] conditions are met." (Bus. & Prof. Code, § 7451.)  Uber does not believe that it bears the burden of pleading, producing evidence of, or proving its compliance with the law; but given Plaintiffs' contrary position, Uber seeks leave to add new potential defenses under Prop 22.

Before filing this Motion, Uber conferred with Plaintiffs' counsel to ask them to stipulate to this amendment.  But Plaintiffs refused to stipulate to Uber's request, offering no reason and identifying no prejudice.

In fact, amendment will not prejudice Plaintiffs, as discovery and motion practice in this case are ongoing and Plaintiffs can claim no unfair surprise, bad faith, or undue delay.  *See Oden v. Voong*, 2019 WL 3068418, at *1 (N.D. Cal. July 12, 2019) (citing *Waldrip v. Hall*, 548 F.3d 729, 732 (9th Cir. 2008)).  Because federal law requires the rule "allowing amendments" of answers to be "'applied with extreme liberality,'" the Court should grant Uber leave to amend its Answer to reflect the current law.  *Id.* (quoting *Owens v. Kaiser Found. Health Plan*, 244 F.3d 708, 712 (9th Cir. 2001)).

## II.     UBER SHOULD BE ALLOWED TO AMEND ITS ANSWER

Federal law favors the resolution of cases on their merits, and Federal Rule of Civil Procedure 15(a)(2) sets forth the lenient standard for granting leave to amend:  "The court should freely give leave when justice so requires."  "[P]ublic policy strongly encourages courts to permit amendments," *Waldrip*, 548 F.3d at 732, and "requests for leave should be granted with extreme liberality," *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (quotation marks omitted).

The courts have long recognized that this principle of liberality is dispositive, absent the "party opposing amendment" making a "strong showing" of undue prejudice, bad faith, or futility.  *See, e.g.*, *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).  In other words, leave should be granted where a

party does not seek "leave to amend for any improper purposes, and [the p]laintiff would suffer no prejudice by the proposed amendment." *Oden*, 2019 WL 3068418, at *1. "[P]articularly when only new defenses and not new parties are being added," as here, a plaintiff must show "serious prejudice to mitigate FRCP 15(a)'s otherwise liberal stance toward granting motions to amend." *Hynix Semiconductor Inc. v. Toshiba Corp.*, 2006 WL 3093812, at *2 (N.D. Cal. Oct. 31, 2006); *see also Gould v. Stafford*, 101 Cal. 32, 34 (1894) ("The rule is that courts will be liberal in allowing an amendment to a pleading when it does not seriously impair the rights of the opposite party—and particularly an amendment to an answer. A defendant can generally set up as many defenses as he may have."); *Ramos v. City of Santa Clara*, 35 Cal. App. 3d 93, 95–96 (1973) ("liberality should be particularly displayed in allowing amendment of answers so that a defendant may assert all defenses available to him").

Because Plaintiff can show *no* such prejudice, bad faith, or futility here—much less make a *strong* showing—this Court should grant Uber's request for leave to amend its Answer.

### A.    The Amendments Conform the Answer to Current Law

Since Uber originally answered the Amended Consolidated Complaint on July 28, 2020, the law has changed. The voters approved Prop 22 on November 3, changing the classification standard for app-based drivers. *See* Cal. Bus. & Prof. Code, § 7451. Following certification by the Secretary of State on December 11, 2020, Prop 22 became effective on December 16, 2020. *See* Cal. Const., art. II, § 10(a) (ballot initiative "takes effect on the fifth day after the Secretary of State files the statement of the vote"). Under current law, "an app-based driver is an independent contractor and not an employee or agent with respect to the app-based driver's relationship with a network company if [four] conditions are met." Cal. Bus. & Prof. Code, § 7451.

Uber seeks to amend its Answer to: (1) add Prop 22 as a defense; and (2) add as a defense that the action is abated by Prop 22. Abatement is a doctrine that bars a pending action if it is "wholly dependent" on a statute that the voters or the legislature have since repealed, where there has been no final award to vest the plaintiff's purported rights. *Younger v. Superior Ct.*, 21 Cal. 3d 102, 109 (1978). As the Court recognized, "Prop 22 … repeal[ed] AB 5 with respect to app-based drivers." Dkt. 143 at 28. Prop 22 did so by providing that drivers are independent contractors instead of employees,

"notwithstanding" the statutes invoked. Cal. Bus. & Prof. Code § 7451. Abatement arises even where the voters "leav[e] the original language in [a] statute and" create a "safe harbor" for certain litigants because the voters still have "take[n] away the right of action itself" in the newly protected safe harbor contexts. *Fitzpatrick v. Tyson Foods, Inc.*, 2016 WL 5395955, at *3 (E.D. Cal. Sept. 27, 2016) (collecting cases). Because the "[r]ights, remedies and obligations" Plaintiffs assert here "rest on the status of the employer-employee relationship, rather than on contract or tort" and Plaintiffs have not obtained a final judgment declaring them to be employees, Plaintiffs "did not have a vested right in employee status" before Prop 22. *Graczyk v. Workers' Comp. Appeals Bd.*, 184 Cal. App. 3d 997, 1004, 1007 (1986). Their action—based on the now-repealed ABC test—is abated.

Allowing Uber to add Prop 22 and abatement to its Answer would further the interests of justice, including the principle that cases be decided on their merits under applicable law. Courts regularly permit defendants to amend answers to add defenses—even when those defenses were available at the time of the original answer and inadvertently omitted. *See Owens*, 244 F.3d at 712; *In re Real Est. Assocs. Ltd. P'ship Litig.*, 2002 WL 31027447, at *1 (C.D. Cal. Aug. 29, 2002). Here, there was not even any error; the law has simply changed.

This Court should allow Uber to amend to respond to this change in the law governing this case. Amendment will "help shape" discovery and motion practice, now that the case is proceeding in the merits phase. *ATS Products, Inc v. Champion Fiberglass, Inc.*, 2014 WL 5867886, at *2 (N.D. Cal., Nov. 11, 2014). And, because Uber could not have plead Prop 22 at the time it filed its initial Answer— given that the People of California did not adopt Prop 22 until many months later—the law requires that Uber now be afforded the opportunity to present all available defenses to it by amending its Answer. *Cf. Fodera v. Equinox Holdings, Inc.*, 2021 WL 23294, at *4, *6 (N.D. Cal. Jan. 4, 2021) (denying motion to strike new affirmative defenses added to amended answer—even though "plaintiffs may be correct that [one] defense is not a true affirmative defense"—and instructing plaintiff's counsel to "explicitly exclude from their lodestar (and indicate they did so in the fees motion) any time spent in researching, filing, or briefing this motion" as "there was no substantive benefit to be gained from" filing challenge to such an amendment).

**B.    Plaintiff Will Not Be Prejudiced by the Inclusion of Prop 22 in Uber's Answer**

It is an abuse of discretion to deny leave to amend where the opposing party was not misled or substantially prejudiced by the amendment. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). As a matter of law, therefore, absent a showing of gamesmanship or substantial prejudice, Uber is entitled to amend its Answer. *See*, *e.g.*, *Raifman v. Wachovia Sec., LLC*, 2012 WL 1611030, at *2 (N.D. Cal. May 8, 2012) ("Prejudice must be substantial to justify denial of leave to amend.").

The instant request to add Prop 22 as a specific defense is made in good faith: Uber is essentially formalizing an argument everyone has known is at issue since the election—the addition of which will not prejudice Plaintiff in any way. On November 24, 2020, just three weeks after the election, the Court requested supplemental briefing "on whether the adoption of Proposition 22 by California voters has any bearing on Plaintiffs' pending motion to certify class." Dkt. 133. On December 8, Uber filed its supplemental brief, arguing that "Proposition 22 Unquestionably Applies to Plaintiffs' Claims Against Uber" and rendered Plaintiffs' claims "even more baseless than they were before Prop 22 was approved." Dkt. 137 at 1. Plaintiffs also filed their brief on the same day, acknowledging Uber's position was that "the passage of Prop 22 … exempted [Uber] from the California Supreme Court decision in [*Dynamex*] and from application of [AB5] and the 'ABC' test contained therein." Dkt. 136 at 1. The parties have since continued to brief issues related to Prop 22's effect on this lawsuit in the interim. Dkts. 144 (Uber's Motion for Clarification or Leave to Seek Reconsideration), 145 (Plaintiff's Opposition), 149 (Uber's Reply).

In light of these facts, there can be no prejudice to allowing Uber leave to amend its answer to formally add defenses based on Prop 22. Allowing an amendment based upon an argument that all parties have known is at issue and have litigated is not prejudicial. *See*, *e.g.*, *Weingarten v. Block* 102 Cal. App. 3d 129, 134 (1980) (allowing amendment of an answer during trial for libel where plaintiff knew that defendants would assert the defense that the plaintiff was a "public official," although the affirmative defense was not pled in the answer). Dispositive briefing has not yet occurred and trial has not been scheduled. Because Plaintiffs had knowledge of Defendant's Prop 22 arguments in "sufficient time to prepare" its contrary arguments, the Court should permit amendment. *Kim v. Truck Ins. Exch.*, 2015 WL 12832047, at *1 (C.D. Cal. June 23, 2015); *General Credit Corp. v. Pichel*, 44 Cal. App. 3d

844, 850 (1975) (same); *see*, *e.g.*, *Beab, Inc. v. First Western Bank & Trust Co.*, 204 Cal. App. 2d 680, 684 (1962) (amendment permitted *during trial* where "several weeks before trial, plaintiff informed defendant, First Western, of its intention to make specific performance of the 1958 agreement an issue").

The fact that the amendment involves a new legal "defense" that "could negatively impact the outcome of [Plaintiffs'] claim" is not the type of unfair prejudice envisioned by the drafters of Rule 15 in granting the Court discretion to grant or deny the amendment of pleadings. *Carey v. United of Omaha Life Ins. Co.*, 2013 WL 12129280, at *1 (C.D. Cal. Aug. 27, 2013). "The only prejudice that could result to [Plaintiff] would be a determination that [Uber's] position is correct and thus [Plaintiff] would be 'dead in the water' in its action." *Redevelopment Agency v. Herrold*, 86 Cal. App. 3d 1025, 1032 (1978) (holding that denial of motion to amend answer was abuse of discretion). This is not the sort of legally recognized "prejudice" that could form the basis for denying Uber leave to amend.

### III.   CONCLUSION

Under settled law, amendments to answers are liberally granted. Permitting the filing of Uber's amended Answer promotes the interest of justice and causes no prejudice to Plaintiffs. Accordingly, Uber respectfully requests that this Court grant Uber's motion, and that the Court deem the Amended Answer attached as Exhibit A filed as of the date of this motion.

Dated: April 14, 2021

                                       GIBSON, DUNN & CRUTCHER LLP

                                       By:   /s/ *Theane Evangelis*
                                                               Theane Evangelis

                                       Attorney for Defendant UBER TECHNOLOGIES, INC.