GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS, JR., SBN 132099
  tboutrous@gibsondunn.com
THEANE D. EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
BLAINE EVANSON, SBN 254338
  bevanson@gibsondunn.com
HEATHER RICHARDSON, SBN 246517
  hrichardson@gibsondunn.com
PETER C. SQUERI, SBN 286249
  psqueri@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

~~JOSHUA S. LIPSHUTZ, SBN 242557~~
  ~~jlipshutz@gibsondunn.com~~
~~1050 Connecticut Avenue, N.W.~~
~~Washington D.C. 20036-5306~~
~~Telephone:  202.955.8500~~
~~Facsimile:  202.467.0539~~

Attorneys for Defendant UBER TECHNOLOGIES, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER JAMES and
SPENCER VERHINES, individually
and on behalf of all others similarly
situated,

                    Plaintiffs,

        v.

UBER TECHNOLOGIES, INC.,

                    Defendant.

Case No. 3:19-CV-06462-EMC

**DEFENDANT'S AMENDED ANSWER TO PLAINTIFFS' AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

Honorable Edward M. Chen

Action Filed:    October 8, 2019
Trial Date:       None Set

Gibson, Dunn &
Crutcher LLP

Defendant Uber Technologies, Inc. answers the Amended Consolidated Class Action Complaint ("Complaint") filed by Plaintiffs Christopher James and Spencer Verhines according to its numbered paragraphs as follows below.

## I.   **INTRODUCTION**

1.      Defendant admits that Uber Technologies, Inc. ("Uber") is a technology company with headquarters in San Francisco, California, and that this case is brought against Uber by Christopher James and Spencer Verhines.  Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 1 of the Amended Consolidated Class Action Complaint ("Complaint").

2.      The allegations of this paragraph constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in paragraph 2 of the Complaint.

3.      Uber admits that Assembly Bill 5 (or "A.B.  5") was passed by the California Legislature.   The remaining allegations of this paragraph constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in paragraph 3 of the Complaint.

4.      The allegations of this paragraph constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in paragraph 4 of the Complaint.

5.      The allegations of this paragraph constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in paragraph 5 of the Complaint.

6.      Defendant lacks sufficient information and belief to admit or deny whether drivers interact with passengers in their cars.   The remaining allegations of this paragraph constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in paragraph 6 of the Complaint.

Gibson, Dunn &
Crutcher LLP

7.     The allegations of this paragraph constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in paragraph 7 of the Complaint.

## II.   PARTIES

8.     Defendant lacks sufficient information and belief to admit or deny whether Plaintiff Christopher James "is an adult resident of Stockton, California."  Based on this lack of information and belief, Defendant denies this allegation.  Defendant denies the remaining allegations contained in paragraph 8 of the Complaint.

9.     Defendant lacks sufficient information and belief to admit or deny whether Plaintiff Spencer Verhines "is an adult resident of Foothill Ranch, California."  Based on this lack of information and belief, Defendant denies this allegation.  Defendant denies the remaining allegations contained in paragraph 9 of the Complaint.

10.    The allegations of this paragraph constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies any factual allegations contained in paragraph 10 of the Complaint.

11.    Defendant admits paragraph 11.

## III.   JURISDICTION

12.    The allegations of this paragraph constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in paragraph 12 of the Complaint.

13.    The allegations of this paragraph constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in paragraph 13 of the Complaint.

## IV.   STATEMENT OF FACTS

14.    Defendant admits that Uber is a corporation with headquarters in San Francisco, California.  Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 14 of the Complaint.

Gibson, Dunn &
Crutcher LLP

15.     Defendant admits that Uber is a technology company that licenses and operates an online and mobile app-based platform.   Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 15 of the Complaint.

16.     To the extent this paragraph refers to a document, no response is required as the document speaks for itself.   Except as otherwise addressed, Defendant denies each and every allegation contained in paragraph 16 of the Complaint.

17.     Defendant lacks sufficient information and belief to admit or deny whether Plaintiff Spencer Verhines has used the Uber application "in California since approximately 2014" and whether he "relies on Uber as his primary source of income and has driven an average of approximately 60-70 hours a week … including from February 3 to March 4, 2020."   Based on this lack of information and belief, Defendant denies this allegation.   Defendant denies the remaining allegations contained in paragraph 17 of the Complaint.

18.     Defendant lacks sufficient information and belief to admit or deny whether Plaintiff Spencer Verhines has used the Uber application "for more than 30 days within 2019 (since February 2019) and for more than 30 days within 2020," and whether "[h]e drives primarily in the Los Angeles area."   Based on this lack of information and belief, Defendant denies this allegation.   Defendant denies the remaining allegations contained in paragraph 18 of the Complaint.

19.     Defendant lacks sufficient information and belief to admit or deny whether Plaintiff Spencer Verhines has been unable to use the Uber application "[o]n at least one or more occasion since February 2019, during 2019 and 2020, … due to a need for diagnosis, care, or treatment, of a health condition or that of a family member."   Based on this lack of information and belief, Defendant denies this allegation.   Defendant denies the remaining allegations contained in paragraph 19 of the Complaint.

20.     Defendant lacks sufficient information and belief to admit or deny whether Plaintiff Christopher James has used the Uber application "in California since

Gibson, Dunn & Crutcher LLP

approximately November 2015" and whether he "relies on Uber as his primary source of income and has driven an average of approximately 25-35 hours a week … including as of February 25, 2020." Based on this lack of information and belief, Defendant denies this allegation. Defendant denies the remaining allegations contained in paragraph 20 of the Complaint.

21.     Defendant lacks sufficient information and belief to admit or deny whether Plaintiff Christopher James has used the Uber application "for more than 30 days within 2019 (since February 2019) and for more than 30 days within 2020," and whether "[h]e drives primarily in San Francisco and the Bay Area." Based on this lack of information and belief, Defendant denies this allegation. Defendant denies the remaining allegations contained in paragraph 21 of the Complaint.

22.     Defendant lacks sufficient information and belief to admit or deny whether Plaintiff Christopher James has been unable to use the Uber application "[o]n at least one or more occasion since February 2019, during 2019 and 2020, … due to a need for diagnosis, care, or treatment, of a health condition or that of a family member." Based on this lack of information and belief, Defendant denies this allegation. Defendant denies the remaining allegations contained in paragraph 22 of the Complaint.

23.     The allegations of this paragraph constitute a conclusion of law to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in paragraph 23 of the Complaint.

24.     Defendant denies each and every allegation contained in paragraph 24 of the Complaint.

25.     Defendant denies each and every allegation contained in paragraph 25 of the Complaint.

26.     Defendant denies each and every allegation contained in paragraph 26 of the Complaint.

Gibson, Dunn & Crutcher LLP

27.     Defendant denies each and every allegation contained in paragraph 27 of the Complaint.

28.     The allegations of this paragraph constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in paragraph 28 of the Complaint.

29.     Defendant denies each and every allegation contained in paragraph 29 of the Complaint.

30.     Defendant denies each and every allegation contained in paragraph 30 of the Complaint.

31.     Defendant denies each and every allegation contained in paragraph 31 of the Complaint.

32.     Defendant denies each and every allegation contained in paragraph 32 of the Complaint.

33.     Defendant denies each and every allegation contained in paragraph 33 of the Complaint.

34.     Defendant denies each and every allegation contained in paragraph 34 of the Complaint.

35.     Defendant admits that drivers who use the Uber application may be subject to background checks and denies each and every remaining allegation contained in paragraph 35 of the Complaint.

36.     Defendant admits that drivers who use the Uber application must have vehicles that meet minimum safety standards and must comply with state and federal laws, and denies each and every remaining allegation contained in paragraph 36 of the Complaint.

37.     Defendant denies each and every allegation contained in paragraph 37 of the Complaint.

38.     Defendant denies each and every allegation contained in paragraph 38 of the Complaint.

39.     The allegations of this paragraph constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in paragraph 39 of the Complaint.

40.     The allegations of this paragraph constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in paragraph 40 of the Complaint.

41.     The allegations of this paragraph constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in paragraph 41 of the Complaint.

42.     Defendant lacks sufficient information and belief to admit or deny the allegations of this paragraph.  Based on this lack of information and belief, Defendant denies each and every allegation contained in paragraph 42 of the Complaint.

43.     Defendant lacks sufficient information and belief to admit or deny the allegations of this paragraph.  Based on this lack of information and belief, Defendant denies each and every allegation contained in paragraph 43 of the Complaint.

44.     The allegations of this paragraph constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in paragraph 44 of the Complaint.

45.     Defendant lacks sufficient information and belief to admit or deny whether Plaintiff Christopher James "has worked more than eight hours per day and more than forty hours per week" and whether he "worked more than eight hours" on November 2, 2019.  Defendant also lacks sufficient information and belief to admit or deny whether Plaintiff Spencer Verhines "worked more than eight hours per day and more than forty hours per week," and whether he "worked more than eight hours" on April 8, 2019 or more than "forty hours total the week of April 7 through April 14, 2019."  Based on this

Gibson, Dunn & Crutcher LLP

lack of information and belief, Defendant denies these allegations. The remaining allegations of this paragraph constitute a conclusion of law to which no response is required. To the extent a response is required, Defendant denies each and every allegation in paragraph 45 of the Complaint.

46. Defendant lacks sufficient information and belief to admit or deny the allegations of this paragraph. Based on this lack of information and belief, Defendant denies each and every allegation contained in paragraph 46 of the Complaint.

47. The allegations of this paragraph constitute a conclusion of law to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in paragraph 47 of the Complaint.

48. The allegations of this paragraph constitute a conclusion of law to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in paragraph 48 of the Complaint.

49. The allegations of this paragraph constitute a conclusion of law to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in paragraph 49 of the Complaint.

50. The allegations of this paragraph constitute a conclusion of law to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in paragraph 50 of the Complaint.

51. Uber admits that A.B. 5 was passed by the California Legislature and went into effect on January 1, 2020. The remaining allegations of this paragraph constitute a conclusion of law to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in paragraph 51 of the Complaint.

## V.   CLASS ALLEGATIONS

52. The allegations of this paragraph constitute a conclusion of law to which no response is required. To the extent a response is required, Defendant denies each and every allegation in paragraph 52 of the Complaint.

Gibson, Dunn & Crutcher LLP

53.     The allegations of this paragraph constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies each and every allegation in paragraph 53 of the Complaint.

54.     The allegations of this paragraph constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies each and every allegation in paragraph 54 of the Complaint.

55.     The allegations of this paragraph constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies each and every allegation in paragraph 55 of the Complaint.

56.     The allegations of this paragraph constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies each and every allegation in paragraph 56 of the Complaint.

57.     The allegations of this paragraph constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies each and every allegation in paragraph 57 of the Complaint.

58.     The allegations of this paragraph constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies each and every allegation in paragraph 58 of the Complaint.

59.     The allegations of this paragraph constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies each and every allegation in paragraph 59 of the Complaint.

60.     The allegations of this paragraph constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies each and every allegation in paragraph 60 of the Complaint.

## COUNT I

61.     Defendant incorporates by reference its responses to the preceding paragraphs as if fully set forth here.  The allegations of this paragraph constitute a

8

Gibson, Dunn &
Crutcher LLP

conclusion of law to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in paragraph 61 of the Complaint.

62.     The allegations of this paragraph constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in paragraph 62 of the Complaint.

63.     Defendant incorporates by reference its responses to the preceding paragraphs as if fully set forth here.  The allegations of this paragraph constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in paragraph 63 of the Complaint.

64.     The allegations of this paragraph constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in paragraph 64 of the Complaint.

65.     The allegations of this paragraph constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in paragraph 65 of the Complaint.

## COUNT II

66.     Defendant incorporates by reference its responses to the preceding paragraphs as if fully set forth here.  The allegations of this paragraph constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in paragraph 66 of the Complaint.

67.     The allegations of this paragraph constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in paragraph 67 of the Complaint.

## COUNT III

68.     Defendant incorporates by reference its responses to the preceding paragraphs as if fully set forth here.  The allegations of this paragraph constitute a

Gibson, Dunn &
Crutcher LLP

conclusion of law to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in paragraph 68 of the Complaint.

69.     The allegations of this paragraph constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in paragraph 69 of the Complaint.

## COUNT IV

70.     Defendant incorporates by reference its responses to the preceding paragraphs as if fully set forth here.  The allegations of this paragraph constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in paragraph 70 of the Complaint.

71.     The allegations of this paragraph constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in paragraph 71 of the Complaint.

## COUNT V

72.     Defendant incorporates by reference its responses to the preceding paragraphs as if fully set forth here.  The allegations of this paragraph constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in paragraph 72 of the Complaint.

73.     The allegations of this paragraph constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in paragraph 73 of the Complaint.

## COUNT VI

74.     Defendant incorporates by reference its responses to the preceding paragraphs as if fully set forth here.  The allegations of this paragraph constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in paragraph 74 of the Complaint.

75.    The allegations of this paragraph constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in paragraph 75 of the Complaint.

## COUNT VII

76.    Defendant incorporates by reference its responses to the preceding paragraphs as if fully set forth here.  The allegations of this paragraph constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in paragraph 76 of the Complaint.

77.    The allegations of this paragraph constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in paragraph 77 of the Complaint.

78.    The allegations of this paragraph constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in paragraph 78 of the Complaint.

79.    The allegations of this paragraph constitute a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in paragraph 79 of the Complaint.

## PRAYER FOR RELIEF

As to Plaintiffs' prayer for relief, Defendant denies that Plaintiffs or the putative class are entitled to any relief in this action.

## AFFIRMATIVE DEFENSES

Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial.  The defenses asserted herein are based on Defendant's knowledge, information, and belief at this time.  Defendant specifically reserves the right to modify, amend, or supplement any defense contained herein at any time.  Without admitting any of the facts alleged in the Complaint, Defendant asserts and alleges the following separate and additional

Gibson, Dunn &
Crutcher LLP

defenses.  By setting forth these defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.     As a separate and distinct affirmative defense, the Complaint is barred in whole or in part to the extent it fails to state facts sufficient to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

2.     As a separate and distinct affirmative defense, Plaintiffs' claims and the claims of putative class members are barred by applicable statutes of limitations, including, but not limited to, Cal. Code Civ. Proc. §§ 337–40, 343; Cal. Bus. & Prof. Code § 17208; and any other applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

3.     As a separate and distinct affirmative defense, Plaintiffs' complaint, and each purported cause of action alleged therein against Defendant, is barred by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

4.     As a separate and distinct affirmative defense, by their conduct and/or agreement between the parties, Plaintiffs and putative class members have waived any right to recover any relief pursuant to the Complaint, or any purported cause of action alleged therein.

## FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

Gibson, Dunn & Crutcher LLP

5.      As a separate and distinct affirmative defense, Plaintiffs and putative class members are estopped by their conduct from recovering any relief pursuant to their Complaint, or any purported cause of action alleged therein.

## SIXTH AFFIRMATIVE DEFENSE
### (Lack of Damages/Failure to Mitigate)

6.      As a separate and distinct affirmative defense, Plaintiffs and putative class members have suffered no damages as a result of any alleged act or omission of Defendant, and even if Plaintiffs or putative class members have suffered damages or injuries, all or some portion of said damages or injuries were caused or attributable to Plaintiffs' and putative class members' failure to take reasonable action to mitigate said damages or injuries, if any.

## SEVENTH AFFIRMATIVE DEFENSE
### (Laches)

7.      As a separate and distinct affirmative defense, Plaintiffs and putative class members are guilty of undue delay in filing and prosecuting this suit, and accordingly, this action is barred by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE
### (Good Faith Dispute)

8.      As a separate and distinct affirmative defense, without conceding that there are any wages and/or monies due, there exists a good faith dispute regarding the payment of wages and/or monies.  Therefore, penalties are not warranted.

## NINTH AFFIRMATIVE DEFENSE
### (Release)

9.      As a separate and distinct affirmative defense, Plaintiffs' claims and the claims of putative class members are barred to the extent they have been released.

## TENTH AFFIRMATIVE DEFENSE
### (No Standing)

10.     As a separate and distinct affirmative defense, Plaintiffs and putative class members have no standing to bring some or all of the claims, which are therefore barred.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

11.     As a separate and distinct affirmative defense, Plaintiffs and putative class members have an adequate remedy at law.  Therefore, injunctive, equitable, and/or declaratory relief is inappropriate.

## TWELFTH AFFIRMATIVE DEFENSE
### (Defendant Acted in Good Faith)

12.     As a separate and distinct affirmative defense, Defendant's compensation of Plaintiffs and putative class members has been pursuant to a good-faith belief that its pay practices are in conformity with both federal and state wage laws.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Not Willful)

13.     As a separate and distinct affirmative defense, the conduct and/or violations of law alleged against Defendant are not sufficient to be "willful."

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Offset)

14.     As a separate and distinct affirmative defense, the Complaint is barred as against Defendant as the amounts claimed to be owed to Plaintiffs and putative class members are overstated or are subject to offset.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Due Process)

15.     As a separate and distinct affirmative defense, as applied to this case, class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure fails to provide adequate due process protections and would violate the Rules Enabling Act, 28 U.S.C. § 2072, inasmuch as it constitutes trial by formula and unfairly restricts Defendant's

Gibson, Dunn & Crutcher LLP

right to litigate affirmative defenses to the individual claims of Plaintiffs and each member of the putative class, and therefore denies Defendant the protection of the Due Process Clause of the United States Constitution and violates the Rules Enabling Act.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Compliance with Law)

16.　As a separate and distinct affirmative defense, any recovery on Plaintiffs' Complaint, or any cause of action contained therein, may be barred by Defendant's compliance or substantial compliance with all applicable laws underlying Plaintiffs' claims and the claims of putative class members.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Reasonable Wages/Quantum Meruit)

17.　As a separate and distinct affirmative defense, the actual payments paid to Plaintiffs and putative class members, which are the subject of this action, were reasonable, appropriate, and commensurate with the work actually performed.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Reasonable Interpretation of Applicable Law)

18.　As a separate and distinct affirmative defense, Defendant acted in good faith reliance upon the reasonable interpretation of applicable law.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Consent)

19.　As a separate and distinct affirmative defense, the relief prayed for in the Complaint is barred because Plaintiffs and putative class members consented to Defendant's conduct by virtue of their own conduct.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Facial Due Process)

DEFENDANT'S AMENDED ANSWER TO PLAINTIFFS' AMENDED CONSOLIDATED CLASS ACTION COMPLAINT -
Case No. 3:19-CV-06462-EMC

Gibson, Dunn &
Crutcher LLP

20.     As a separate and distinct affirmative defense, Cal. Labor Code §§ 226(a), 510, 554, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2802 are facially ambiguous and violate due process notions pursuant to the United States Constitution.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Excessive Fines)

21.     As a separate and distinct affirmative defense, the penalties and fines sought are unconstitutional and excessive under the United States Constitution, and specifically under the Excessive Fines Clause of the Eighth Amendment, U.S. Const. Amend. VIII, and the Due Process Clause of the Fourteenth Amendment, U.S. Const. Amend. XIV, Section 1.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Unlawful Delegation)

22.     As a separate and distinct affirmative defense, Plaintiffs' claims and the claims of putative class members for penalties are barred to the extent private actions seeking statutory penalties manifest an unlawful delegation of executive or other authority.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Jury Trial to Any Particular Individual Plaintiff)

23.     As a separate and distinct affirmative defense, as a matter of constitutional right and substantive due process, Defendant would be entitled to contest by jury trial its liability to any particular individual plaintiff, even if the representatives of the purported plaintiff class prevail on their claims.  Trying this case as a class action would violate the United States Constitution and the California Constitution.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (De Minimus Doctrine)

24.     As a separate and distinct affirmative defense, the Complaint, and each purported cause of action contained therein, is barred in whole or in part to the extent

Gibson, Dunn &
Crutcher LLP

the *de minimus* doctrine applies to Plaintiffs' claims and the claims of putative class members.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Legitimate Business Purposes)

25.    As a separate and distinct affirmative defense, Defendant cannot be liable for any alleged violation of the California Labor Laws because its actions were not unfair, fraudulent, nor likely to mislead, and its conduct and dealings were lawful, as authorized by applicable state and federal statutes, rules, and regulations, and such actions, conduct, and dealings were carried out in good faith and for legitimate business purposes.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Taking)

26.    As a separate and distinct affirmative defense, any award of restitution would constitute a taking of property without just compensation in violation of the Takings Clause of the Fifth Amendment to the United States Constitution (as incorporated into the Fourteenth Amendment to the United States Constitution) and of Article I, Section 19, of the California Constitution.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Acts or Omissions of Plaintiffs)

27.    As a separate and distinct affirmative defense, the Complaint, and each purported cause of action contained therein, is barred in whole or in part to the extent that damages, if any, resulted from the acts and/or omissions of Plaintiffs or any person on whose behalf relief is sought.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Equitable Indemnity/Proportional Fault)

28.    As a separate and distinct affirmative defense, Plaintiffs' and putative class members' alleged injuries are the result, in whole or in part, of the acts or omissions of

Gibson, Dunn & Crutcher LLP

entities or individuals other than Defendant, including Plaintiffs and putative class members, and Defendant's liability, if any, must be reduced by any percentage of fault attributable to those other entities and/or individuals.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Knowledge of Uncompensated Work)

29.    As a separate and distinct affirmative defense, Defendant had no knowledge of, nor should it have had knowledge of, any alleged uncompensated work by Plaintiffs and putative class members and did not authorize, request, require, suffer, or permit any such activity by Plaintiffs or putative class members.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Not Plaintiffs' Employer)

30.    As a separate and distinct affirmative defense, Plaintiffs' claims and the claims of putative class members are barred on the grounds that Defendant was not and is not Plaintiffs' or the putative class members' employer.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Not Hours Worked)

31.    As a separate and distinct affirmative defense, at least some of the hours for which Plaintiffs and putative class members claim compensation are not hours worked as stated under all applicable laws underlying Plaintiffs' claims and the claims of putative class members.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Constitutional Defects)

32.    As a separate and distinct affirmative defense, Plaintiffs' claims and the claims of putative class members are barred, in whole or in part, by the Commerce Clause of the United States Constitution because they purport to regulate interstate commerce and impermissibly place an undue burden on interstate commerce.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Gibson, Dunn & Crutcher LLP

1    **(Res Judicata and/or Collateral Estoppel)**

2        33.    As a separate and distinct affirmative defense, Plaintiffs and putative class

3    members are barred from relief, in whole or in part, to the extent their claims are

4    precluded under the doctrines of res judicata and/or collateral estoppel.

5                    **THIRTY-FOURTH AFFIRMATIVE DEFENSE**

6                          **(Payment and Release)**

7        34.    As a separate and distinct affirmative defense, Plaintiffs and putative class

8    members were paid in full and therefore Defendant is released from any and all

9    continuing obligations to them.

10                   **THIRTY-FIFTH AFFIRMATIVE DEFENSE**

11                         **(Unjust Enrichment)**

12       35.    As a separate and distinct affirmative defense, Plaintiffs and putative class

13   members are barred from relief, in whole or in part, to the extent it results in an unjust

14   enrichment to Plaintiffs and/or any person on whose behalf relief is sought.

15                   **THIRTY-SIXTH AFFIRMATIVE DEFENSE**

16                              **(Excuse)**

17       36.    As a separate and distinct affirmative defense, Plaintiffs' claims and the

18   claims of putative class members are barred, in whole or in part, because Defendant's

19   acts and/or omissions were excused.

20                  **THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

21                        **(Satisfaction of Duty)**

22       37.    As a separate and distinct affirmative defense, Defendant satisfied,

23   fulfilled, and performed each and every obligation and duty imposed by law or contract

24   to the full extent of its responsibility.

25

26

27

28

Gibson, Dunn &
Crutcher LLP

1

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

2

### (Arbitration Agreement)

3      38.    As a separate and distinct affirmative defense, Plaintiffs' claims, as well as

4  the claims of putative class members, are barred by valid and binding arbitration

5  agreements.

6

## THIRTY-NINTH AFFIRMATIVE DEFENSE

7

### (Action Unconstitutional)

8      39.    As a separate and distinct affirmative defense, certification of a class, based

9  upon the facts and circumstances of this case, would constitute a denial of Defendant's

10  rights to due process under the Fourteenth Amendment to the United States and

11  California Constitutions.

12

## FORTIETH AFFIRMATIVE DEFENSE

13

### (A.B. 5/Equal Protection)

14      40.    As a separate and distinct affirmative defense, any finding of liability under

15  California's A.B. 5, codified at California Labor Code § 2750.3, would violate the Equal

16  Protection Clauses of the Fourteenth Amendment to the United States Constitution and

17  of Article I, Section 3(b)(4) of the California Constitution, because A.B. 5 denies

18  Defendant equal protection of the law.

19

## FORTY-FIRST AFFIRMATIVE DEFENSE

20

### (A.B. 5/Due Process)

21      41.    As a separate and distinct affirmative defense, any finding of liability under

22  A.B. 5 would violate the Due Process Clause of the Fourteenth Amendment to the United

23  States Constitution; the Ninth Amendment to the United States Constitution; Article I,

24  Sections 1 and 7 of the California Constitution; and the California Constitution's Baby

25  Ninth Amendment, because A.B. 5 infringes the rights of Defendant and independent

26

27

28

Gibson, Dunn &
Crutcher LLP

drivers to pursue their chosen profession, which is an essential component of liberty, property, happiness, and privacy.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (A.B. 5/Contracts Clause)

42.     As a separate and distinct affirmative defense, any finding of liability under A.B. 5 would violate Article I, Section 10 of the United States Constitution, and of Article I, Section 9 of the California Constitution, because A.B. 5 would substantially impair existing contracts between Defendant and independent drivers.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Retroactivity of A.B. 5)

43.     As a separate and distinct affirmative defense, any finding of liability based on the retroactive application of A.B. 5 would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 7 of the California Constitution.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Retroactivity of *Dynamex*)

44.     As a separate and distinct affirmative defense, any finding of liability based on the retroactive application of the California Supreme Court's decision in *Dynamex Operations W., Inc. v. Superior Court*, 4 Cal. 5th 903 (2018), would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 7 of the California Constitution.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### (Hiring Entity)

45.     As a separate and distinct affirmative defense, the Complaint, and each purported cause of action therein, is barred in whole or in part because Defendant is not a hiring entity.

45.

DEFENDANT'S AMENDED ANSWER TO PLAINTIFFS' AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:19-CV-06462-EMC

Gibson, Dunn &
Crutcher LLP

1

## FORTY-SIXTH AFFIRMATIVE DEFENSE

2

### (Proposition 22)

3    46.    As a separate and distinct affirmative defense, the Complaint, and each

4  purported cause of action therein, is barred in whole or in part for failure to state a claim

5  under California Business and Professions Code § 7451, which establishes that app-

6  based drivers are independent contractors and not employees notwithstanding any other

7  provision of law.  Although Defendant, in the alternative and in an abundance of caution,

8  pleads Section 7451 as a defense, Defendant does not believe that it bears the burden of

9  pleading or proving any fact, issue, or element of Section 7451.  Defendant reserves all

10  rights to argue that all burdens (including burdens of pleading, production, and proof)

11  are on Plaintiffs.

12

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

13

### (Abatement)

14    47.    As a separate and distinct affirmative defense, the Complaint, and each

15  purported cause of action therein, is barred in whole or in part because Proposition 22

16  has abated Plaintiffs' wholly statutory claims before a judgment has become final.

17

## FORTY-~~SIXTH~~ EIGHTH AFFIRMATIVE DEFENSE

18

### (Additional Affirmative Defenses)

19    ~~46.~~48. As a separate and distinct affirmative defense, Defendant reserves the right

20  to amend this Answer to assert additional defenses and/or supplement, alter, or change

21  this Answer as may be warranted by the revelation of information during discovery and

22  investigation.

23

## PRAYER FOR RELIEF

24  **WHEREFORE**, Defendant requests that judgment be entered as follows:

25    1.    That Plaintiffs take nothing by this action;

26    2.    That the Court deny Plaintiffs' request to certify this action as a class action;

27    3.    That the Complaint be dismissed in its entirety with prejudice;

28

DEFENDANT'S AMENDED ANSWER TO PLAINTIFFS' AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT
Case No. 3:19-CV-06462-EMC

Gibson, Dunn &
Crutcher LLP

4.      That judgment be entered in favor of Defendant and against Plaintiffs;

5.      That Defendant be awarded its costs of suit;

6.      That Defendant be awarded its attorneys' fees incurred herein; and

7.      That the Court award Defendant such other and further relief as the Court may deem just and proper.


DATED:  ~~July 28~~ April 14, 2021~~0~~                    GIBSON, DUNN & CRUTCHER LLP


                                                       By:      */s/ Theane Evangelis*
                                                                Theane Evangelis

                                                       Attorneys for Defendant UBER TECHNOLOGIES, INC.

Gibson, Dunn & Crutcher LLP