SHANNON LISS-RIORDAN, SBN 310719
(sliss@llrlaw.com)
ANNE KRAMER, SBN 315131
(akramer@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:    (617) 994-5800
Facsimile:     (617) 994-5801

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JAMES and SPENCER VERHINES, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>    Defendant. | CASE NO. 3:19-cv-06462-EMC<br>CASE NO. 3:20-cv-01886-EMC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO AMEND ANSWER**<br><br>Hon. Edward M. Chen<br><br>Date: May 27, 2021<br>Time: 1:30 pm<br>Courtroom: 5<br><br>Action Filed: October 8, 2019<br>Trial Date: None Set |

## I. INTRODUCTION

The Court should deny Uber's Motion for To Amend Answer (Dkt. 165), which seeks to add new potential defenses under Proposition 22 ("Prop 22"), see Cal. Bus. & Prof. Code § 7451, because Uber's amendment is unreasonably delayed, will cause prejudice to Plaintiffs, and most importantly will prove futile.

Uber seeks to add two defenses: (1) that Prop 22 presents a defense to independent contractor claims arising after its enactment on December 16, 2020; and (2) that Plaintiffs' claims for the period before December 16, 2020, are abated under Prop 22. See Dkt. 165, at 2. The former defense is unnecessary, and the latter argument is futile. The Court has defined the class period to end on the effective date of Prop 22, and Uber's argument that Prop 22 applies retroactively is frivolous. Futility alone is grounds to deny Uber's motion for leave to amend. See Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). See Part II(A). Further still, this Court should deny on the grounds that amendment could cause undue delay that will prejudice Plaintiffs, as it could necessitate Plaintiffs to re-conduct discovery. Plaintiffs are prepared to file for summary judgment on August 12, 2021, pursuant to the schedule this Court adopted. Uber's attempt to introduce new legal theories in defense of Plaintiffs' claims (which it could have raised months ago) should be denied. See Part II(B). For these reasons, and as set forth further below, Plaintiffs submit that the Court should deny Uber's Motion to Amend.

## II. ARGUMENT

A motion for leave to amend may be denied "where the amendment (1) prejudices the opposing part; (2) is sought in bad faith; (2) produces an undue delay in litigation; *or* (4) is futile." AmerisourceBergen Corp. v. Dialysist West, Inc., Inc., 465 F.3d 946, 951 (9th Cir. 2006) (emphasis supplied). "Not all the factors carry equal weight. In particular, '[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend.'" Ancier v. Egan, 2015 WL 12745807, at *1 (D. Haw. Sept. 29, 2015) (quoting Bonin, 59 F.3d at 845).

In contrast, undue delay in and of itself is insufficient to deny a motion to amend. See Howey v. United States, 481 F.2d 1187, 1190–91 (9th Cir. 1973). To deny a motion to amend for undue delay, the Court must also "determine if the opposing party will suffer prejudice." Ward v. Costco Wholesale Corporation, 2010 WL 11512399, at *1 (C.D. Cal. May 4 2010) (citing Howey, 481 F.2d at 1190-91). Allowing a party to amend its pleading to introduce "different legal theories and require proof of different facts", after undue delay and where the introduction of a new legal theory will require potentially additional litigation (even where there is time remaining in discovery) may constitute prejudice to the opposing party. AmerisourceBergen Corp., 465 F.3d at 951.

### A. Uber's Motion Should Be Denied Because Amendment Is Futile

"[A] proposed amendment is futile [] if no set of facts can be proved under the amendment to the pleadings that would constitute a valid claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (citing Baker v. Pacific Far East Lines, Inc., 451 F.Supp. 84, 89 (N.D.Cal.1978)). Here, Uber's arguments that (1) Prop 22 presents a defense to the class claims, which are cut off as of the date of its enactment, and (2) Prop 22 abates the class claims, will prove futile, because "no set of facts can be proved under [this amendment] that would constitute a valid claim or defense." Id.

As to the first defense, this Court has already certified a class in the instant matter and cut off the class period as of the date Prop 22 took effect, on December 16, 2020. Dkt. 143, at 30. Indeed, the Court explicitly held that the Amended Complaint does not allege a claim under Prop 22, so whether Uber is in compliance with section 7451 (either before or after its effective date) has not been placed into issue by Plaintiffs. Id.[1]

---

[1] Plaintiffs take the position that Prop 22 is a defense to misclassification under the Labor Code and so did not need to be affirmatively pled by Plaintiffs. However, the Court reached this conclusion in its class certification order.

As to the second defense, Uber's argument that Prop 22 abates the class claims for the time period before its effective date is frivolous; thus, an amendment to add this defense would be futile. While the Court declined to decide whether Prop 22 applies retroactively in the context of class certification (by way of granting Uber's Motion for Clarification), the Court's decision rested on one-way intervention concerns that are inapplicable here. Dkt. 162.[2] Because any attempt by Uber to argue that Prop 22 applies retroactively should be rejected at the outset, leave to amend should be denied.

As the Court initially recognized in its original class certification order, it is black letter law that statutes are presumptively limited to prospective-only application, absent a clear intent that the statute be applied retroactively. See Dkt. 143 at 29 (citing Landgraf v. USI Film Products, 511 U.S. 244, 265 (1994)); see also Dkt. 136 at pp. 5-7 (Pltfs' Supp. Br.) (citing United States v. Security Industrial Bank, 459 U.S. 70, 79–80 (1982); Evangelatos v. Superior Court, 753 P.2d 585, 597 (Cal. 1988)). The same is true of ballot initiatives. Dkt. 143 at 29 (citing Robert L. v. Sup. Ct., 69 P.3d 951, 900-01 (Cal. 2003) ("In interpreting a voter initiative..., we apply the same principles that govern statutory construction.") (quoting Horwich v. Sup. Ct., 980 P.2d 927 (Cal. 1999); Evangelatos, 753 P.2d at 598 (same)).

Here, Proposition 22 does not contain an express statement of retroactivity or any language that *hints* that it was intended to be retroactive. The California Supreme Court has warned that when the proponents of a ballot initiative fail to include a retroactivity clause "perhaps in order to avoid the adverse political consequences that might have flowed from the inclusion of such a provision," it would be "improper for this court to read [a retroactivity]

---

[2]  A ruling on the motion to amend does not constitute a decision on the merits. Indeed, the decision on whether amendment is proper is meant to *facilitate future* decisions on the merits. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). Further, in deciding whether to allow claims or defenses to be amended routinely occurs prior to class certification. See, e.g., Pearlstone v. Costco Wholesale Corp., 2019 WL 3997316, at *2 (E.D. Mo. Aug. 23, 2019) (denying in part and granting in part motion to amend to add defenses; denying leave to amend to plead certain defenses where amendment would be futile, in response to class action complaint).

clause into the enactment at this juncture." Evangelatos, 33 Cal.3d at 1211-12. In the absence of any language in the ballot measure or accompanying materials suggesting retroactivity, there is no other evidence that voters intended the statute to be retroactive. Uber cannot overcome the presumption that Proposition 22 applies prospectively only.

In order to circumvent this hurdle, Uber's proposed defense rests on the theory of "abatement". It intends to argue that Proposition 22 bars a pending action that rests on a statute—and therefore bars this action—when the action is "'wholly dependent' on a statute that the voters or the legislature have since repealed, where there has been no final award to vest the plaintiff's purported rights." Dkt. 165 at 2-3 (quoting Younger v. Superior Court, 21 Cal. 3d 102, 109, 577 P.2d 1014 (1978), and citing Fitzpatrick v. Tyson Foods, Inc., 2016 WL 5395955, at *3 (E.D. Cal. Sept. 27, 2016), and Graczyk v. Workers' Comp. Appeals Bd., 184 Cal. App. 3d 997, 1004, 1007 (1986)).

However, Younger is distinguishable because it involved a factual scenario where a particular statutory provision was *expressly repealed*. Here, there is no repeal of AB5 that would require the dismissal of this suit, which in any event is only *partially* premised on AB5, as the California Supreme Court's decision in Dynamex provides an additional basis for Plaintiffs' claims. Proposition 22 does not contain *any* reference to a "repeal", nor does it discuss Assembly Bill 5 at all. It is hard to imagine how Proposition 22 repealed a statute that it does not mention. As set forth in Plaintiffs' previous briefing, Dkt. 145, implied repeals are extremely disfavored and rarely found. See Stop Youth Addiction, Inc. v. Lucky Stores, Inc.,17 Cal.4th 553, 569 (1998) ("The law shuns repeals by implication."); Governing Board v. Mann, 18 Cal.3d 819, 828 (1977) ("repeals by implication are not favored"); Medical Bd. v. Super. Ct. 88 Cal.App.4th 1001, 1013 (2001) ("In recognition of the courts' constitutional role to construe,

not write, statutes, [a]ll presumptions are against a repeal by implication.") (internal citation omitted).[3]

Similarly, in <u>Fitzpatrick</u>, the Legislature amended a statute to remove the plaintiff's private right of action, which the Court found tantamount to directly repealing that provision of the statute. 2016 WL 5395955, at *3, 4 ("The Legislature did take away the right of action itself…. The Legislature need not repeal a statute in its entirety but may instead partially repeal a statute by taking away the right of action in certain situations, as it did here."; "Labels aside, the substance of the amendment constitutes a reversal of legislative policy. The California Legislature decided that something once unlawful is now permissible and has eliminated a cause of action. This drastic change invokes the repeal rule."). Here, this is no "drastic change" that invokes the repeal rule; workers may still bring a private right of action under against Uber for unlawfully misclassifying them as independent contractors, although their claim will no longer be governed by AB 5 (and will now instead turn on the application of Prop 22).

<u>Graczyk</u> too is distinguishable. Uber cites <u>Graczyk</u> for the proposition that "[b]ecause the '[r]ights, remedies and obligations' Plaintiffs assert here 'rest on the status of the employer-employee relationship, rather than on contract or tort' and Plaintiffs have not obtained a final judgment declaring them to be employees, Plaintiffs 'did not have a vested right in employee

---

[3] To meet its impossible burden to show that Prop 22 impliedly repealed AB5, Uber would have to argue that there is "*no possibility* of concurrent operation" and that Prop 22 and AB5 are "irreconcilable", and even then, "an implied repeal should not be found unless. . . the later provision gives *undebatable evidence* of an intent to supersede the earlier . . ." <u>Western Oil & Gas Assn. v. Monterey Bay Unified Air Pollution Control Dist.</u>, 49 Cal.3d 408, 419-420 (1989) (emphasis in original). Here, Prop 22 and AB5 can and do operate concurrently; AB5 mandates an "ABC" test for employee status, and Prop 22 creates a narrow exception to AB5 that applies only to certain "app-based drivers" and <u>*only if*</u> the companies meet a set of stringent conditions. Moreover, the law does not preclude companies like Uber electing to classify their drivers as employees if they so choose. Thus, the two laws are not clearly irreconcilable, as they might be if Prop 22 *mandated* that all app-based drivers must universally be classified as independent contractors. In other words, Prop 22 does not completely revoke the original requirements created by AB5. Likewise, there is nothing approaching undebatable evidence that Prop 22 was intended to effect a repeal of AB5 (for app-based drivers only), which would give rise to a finding of implied repeal, which is so seldom found and so greatly disfavored.

status' before Prop 22." Dkt. 165 at 3.  However, the court's decision that plaintiff's rights had note vested in <u>Graczyk</u>, turned on the court's determination that "the law relating to employee status was in flux" at the time of plaintiff's injury (as the legislature had already amended the law in an attempt to carve-out student athletes from the definition of employee for the purposes of workers' compensation). <u>Id.</u> at 1005-06.  Here the law was certainly not "in flux" regarding the drivers' employee status (or Uber would not have pursued the passage of Prop 22 so aggressively in an attempt to exempt itself from the law).[4]  Therefore, during the class period, the drivers' rights had vested under the law at the time the wage and hour violations alleged herein occurred.  Uber's argument that these rights had not vested is a non-starter.

In sum, Uber's argument about the retroactivity of Prop 22 is frivolous; therefore, any amendment to add retroactivity of Prop 22 as a defense is futile.  This Court should not permit Uber to wield its ballot initiative to present an unfounded defense to past claims of misclassification made against it in the state of California. This Court should therefore deny the motion to amend on futility grounds alone.  Undue delay presents additional grounds to deny the motion.

**B.  Uber's Motion to Amend Was Unduly Delayed and Could Prejudice Plaintiffs**

Prop 22 passed on November 3, 2020.  Uber's motion to amend is therefore delayed by five months, sufficient to construe the motion as being unduly delayed. <u>See</u> <u>Texaco, Inc. v. Ponsoldt</u>, 939 F.2d 794, 799 (9th Cir. 1991) (eight-month delay between time of obtaining relevant fact and seeking leave to amend is unreasonable).[5]  This delay may cause prejudice to

---

[4]   Proponents pushing for Prop 22 spent a record-shattering $224,271,800 to support the ballot initiative. <u>See</u> Ryan Menezes, Maloy Moor, and Phi do, *Billions have been spent on California's ballot measure battles. But this year is unlike any other*, L.A. Times, Nov. 13, 2020, https://www.latimes.com/projects/props-california-2020-election-money/.  Uber itself donated $58,361,469 to the campaign to pass Prop 22. <u>Id.</u>

[5]   Moreover, this Court asked the Parties to brief the impact of Prop 22 on the pending Class Certification Motion, <u>see</u> Dkt. 133, back on Nov. 24, 2020.  Uber could have moved to

Plaintiffs, who have been engaged in discovery efforts for approximately a year now, which has included: serving and responding to written discovery requests; defending the depositions of Plaintiff James and Verhines; and taking a Rule 30(b)(6) deposition.  Plaintiffs could have to reopen discovery, just before they are preparing to file their summary judgment motion (following the class notice period) to cover the new Prop 22 defense, as they may then need to conduct discovery on facts regarding whether Uber complies with the requirements of section 7451, which include the following:

> **(a)** The network company does not unilaterally prescribe specific dates, times of day, or a minimum number of hours during which the app-based driver must be logged into the network company's online-enabled application or platform.
>
> **(b)** The network company does not require the app-based driver to accept any specific rideshare service or delivery service request as a condition of maintaining access to the network company's online-enabled application or platform.
>
> **(c)** The network company does not restrict the app-based driver from performing rideshare services or delivery services through other network companies except during engaged time.
>
> **(d)** The network company does not restrict the app-based driver from working in any other lawful occupation or business.

In short, the amendment would present potential significant additional litigation if Plaintiffs are forced to conduct discovery in order to address this new legal theory that could require discovery into additional facts—whether Uber is complying with the requirements of section 7451[6]—now, when Uber has unreasonably delayed the filing of its motion to amend the answer

---

amend its Answer at that time, as it first raised the possibility of Prop 22 having an impact on this litigation in response to that order. See Dkt. 137 (filed December 8, 2020).

[6]   Indeed, it would be odd for the parties to have to argue whether Prop 22 "abates" Plaintiffs' claims for the period prior to Prop 22's effective date, based upon whether Uber has complied with the Prop 22 requirements after its effective date.  The fact that Uber may or may not have complied with Prop 22, and thus may or may not be entitled to a defense under Prop 22 following its effective date, further shows why the initiative cannot be seen to have "abated" claims before its effective date.

for five months. Plaintiffs are poised to press forward with this action, which should not be further delayed by this belated proposed amendment.

Pursuant to the briefing schedule set by this Court at the April 15, 2021, conference, Plaintiffs intend to file a motion for summary judgment on August 12, 2021. Plaintiffs do not want to risk delay on the summary briefing schedule in order to accommodate discovery on Uber's new proposed defenses that should have no bearing on the class claims at issue in this action.

**CONCLUSION**

The Court should deny Uber's Motion to Amend Answer. Uber's effort to argue that Prop 22 presents a defense in this case is futile and could delay the inevitable conclusion that it has no effect on Plaintiffs' claims prior to the effective date of December 16, 2020. For all these reasons, as set forth herein, the Motion should be denied.

DATED: April 28, 2021

Respectfully submitted,

CHRISTOPHER JAMES and SPENCER VERHINES, individually and on behalf of all others similarly situated,

By: /s/ Shannon Liss-Riordan
Shannon Liss-Riordan
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served by electronic filing on April 28, 2021, on all counsel of record.

By: /s/ Shannon Liss-Riordan
Shannon Liss-Riordan