GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
BLAINE H. EVANSON, SBN 254338
  bevanson@gibsondunn.com
HEATHER RICHARDSON, SBN 246517
  hrichardson@gibsondunn.com
PETER C. SQUERI, SBN 286249
  psqueri@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

Attorneys for Defendant UBER TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER JAMES and SPENCER VERHINES, individually and on behalf of others similarly situated,<br><br>                    Plaintiffs,<br><br>     v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>                    Defendant. | CASE NO. 3:19-CV-06462-EMC<br><br>**DEFENDANT UBER TECHNOLOGIES, INC.'S REPLY IN SUPPORT OF MOTION TO AMEND ANSWER**<br><br>Judge:       Hon. Edward M. Chen<br>Date:        May 27, 2021<br>Time:        1:30 p.m.<br>Courtroom: 5<br><br>Action Filed: October 8, 2019<br>Trial Date: None Set |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 1

    A. Amendment Is Not Futile ................................................................................... 2

        1. Forty-Seventh Affirmative Defense (Prop 22) ....................................... 3

        2. Forty-Eighth Affirmative Defense (Abatement) ..................................... 3

    B. Uber Did Not Unduly Delay and There Is No Prejudice to Plaintiffs ................ 7

III. CONCLUSION ............................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AmerisourceBergen Corp. v. Dialysist W., Inc.*,
   465 F.3d 946 (9th Cir. 2006) ............................................................................................... 8

*Barahona v. Union Pac. R.R. Co.*,
   881 F.3d 1122 (9th Cir. 2018) ........................................................................................... 1, 2

*Bowles v. Reade*,
   198 F.3d 752 (9th Cir. 1999) ................................................................................................. 1

*Brinker Rest. Corp. v. Superior Court*,
   53 Cal. 4th 1004 (2012) ........................................................................................................ 5

*Cal. Sportfishing Prot. All. v. Specialized Parts Planet, Inc.*,
   2012 WL 974931 (E.D. Cal. Mar. 21, 2012) ........................................................................ 2

*Desertrain v. City of Los Angeles*,
   754 F.3d 1147 (9th Cir. 2014) ............................................................................................... 8

*Duran v. U.S. Bank Nat'l Ass'n*,
   59 Cal. 4th 1 (2014) .............................................................................................................. 2

*Dynamex Operations W., Inc. v. Superior Court*,
   4 Cal. 5th 903 (2018) ............................................................................................................ 5

*C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*,
   654 F.3d 975 (9th Cir. 2011) ................................................................................................. 7

*Fitzpatrick v. Tyson Foods, Inc.*,
   2016 WL 5395955 (E.D. Cal. Sept. 27, 2016) ............................................................. 4, 5, 6

*Graczyk v. Workers' Comp. Appeals Bd.*,
   184 Cal. App. 3d 997 (1986) ................................................................................................ 6

*Howey v. United States*,
   481 F.2d 1187 (9th Cir. 1973) ........................................................................................... 7, 9

*Hynix Semiconductor Inc. v. Toshiba Corp.*,
   2006 WL 3093812 (N.D. Cal. Oct. 31, 2006) ...................................................................... 2

*Klajic v. Castaic Lake Water Agency*,
   121 Cal. App. 4th 5 (2004) ................................................................................................... 5

*L.B. v. W. Contra Costa Unified Sch. Dist.*,
   2017 WL 3232484 (N.D. Cal. July 31, 2017) ................................................................... 1, 2

# TABLE OF AUTHORITIES

Page(s)

*Lindsey v. Normet*,
   405 U.S. 56 (1972) ................................................................................................................. 2

*In re Marriage of Cutler*,
   79 Cal. App. 4th 460 (2000) ................................................................................................... 5

*Oden v. Voong*,
   2019 WL 3068418 (N.D. Cal. July 12, 2019) ..................................................................... 1, 8

*People v. Uber Techs., Inc.*,
   No. CGC-20-584402 (Cal. Super. Ct., Apr. 20, 2021) ....................................................... 6, 9

*Physicians Comm. for Responsible Med. v. Tyson Foods, Inc.*,
   119 Cal. App. 4th 120 (2004) ................................................................................................. 4

*In re Real Estate Assoc. Ltd. P'ship Litig.*,
   2002 WL 31027447 (C.D. Cal. Aug. 29, 2002) ..................................................................... 3

*Rossetti v. Stearn's Prods., Inc.*,
   2016 WL 3277295 (C.D. Cal. June 6, 2016) ......................................................................... 4

*Texaco, Inc. v. Ponsoldt*,
   939 F.2d 794 (9th Cir. 1991) .................................................................................................. 8

*United States v. Novak*,
   476 F.3d 1041 (9th Cir. 2007) ............................................................................................ 5, 6

*Vazquez v. Jan-Pro Franchising Int'l, Inc.*,
   10 Cal. 5th 944 (2021) ............................................................................................................ 5

*Waldrip v. Hall*,
   548 F.3d 729 (9th Cir. 2008) .................................................................................................. 8

*W. Oil & Gas Ass'n v. Monterey Bay Unified Air Pollution Control Dist.*,
   49 Cal. 3d 408 (1989) ............................................................................................................. 5

*Younger v. Superior Court*,
   21 Cal. 3d 102 (1978) ......................................................................................................... 5, 6

*Zipperer v. County of Santa Clara*,
   133 Cal. App. 4th 1013 (2005) ....................................................................................... 4, 5, 6

**Statutes**

Cal. Bus. & Prof. Code § 7451 ........................................................................................... 2, 3, 5, 6, 9

# TABLE OF AUTHORITIES

Page(s)

### Other Authorities

Cheryl Miller, *Proposition 22 Clouds Future of Pending Worker-Classification Suits*,
    The Recorder (Nov. 4, 2020), https://tinyurl.com/3ehf6j8m ............................................................8

## I.  INTRODUCTION

It is well settled that leave to amend an answer should be freely granted, and that defendants have a due process right to assert every available defense. Plaintiffs have not made *any* showing, let alone the required "*strong* showing," that Uber's proposed amendments would be futile or would be so prejudicial to warrant denying Uber its right to assert cognizable defenses.

Proposition 22 was approved by the people to prevent the very claims Plaintiffs assert in this case. And regardless, Uber does not need to show that it will *prevail* on its newly available defenses to be allowed to *raise* the defenses. To establish futility, Plaintiffs would need to show that *no set of facts* would support Uber's defenses under these legal theories (*Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018); *L.B. v. W. Contra Costa Unified Sch. Dist.*, 2017 WL 3232484, at *5 (N.D. Cal. July 31, 2017); Dkt. 168 ("Opp.") at 2); yet, they have not even attempted to satisfy this standard. To the contrary, Prop 22 plainly limits Plaintiffs' claims. At minimum, Prop 22 extinguishes Plaintiffs' individual claims for relief after December 16, 2020—which their complaint continues to seek for themselves. And because Prop 22 displaces previous law, Uber will show that Plaintiffs' claims must be abated. Plaintiffs are of course free to dispute these defenses, but there is no question that these are cognizable defenses under the law, and Uber must therefore be permitted to assert them.

Plaintiffs have obviously known about Prop 22 for months, and they have appreciated the profound impact the new law will have on their case. And there is no conceivable prejudice from permitting Uber to assert this central defense. Discovery has already reached the issues relevant to the Prop 22 analysis, and discovery remains *ongoing*. Plaintiffs have more than three months to seek whatever additional information they require, and thus could not possibly be prejudiced by Uber's proposed amendment. *See*, *e.g.*, *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

Under this Court's liberal pleading standards (*see Oden v. Voong*, 2019 WL 3068418, at *1 (N.D. Cal. July 12, 2019)), the Court should grant Uber leave to amend its Answer.

## II.  ARGUMENT

Federal Rule of Civil Procedure 15(a)(2) requires that "[t]he court … freely give leave [to amend] when justice so requires," and courts routinely grant parties leave to amend the pleadings absent a "strong showing" of undue prejudice, bad faith, or futility. *Bowles*, 198 F.3d at 758. Plaintiffs do

not suggest that Uber has acted in bad faith, but argue that Uber's proposed amendments are futile and that Uber's supposed delay would cause them prejudice. Opp. at 2–8. But both contentions lack merit, and this Court should grant Uber leave to amend its Answer. Notably, the Court has granted Plaintiffs leave to amend every time they have sought it in this litigation. *See* Dkts. 32, 80.

### A.     Amendment Is Not Futile

Uber asserts two cognizable defenses—that Plaintiffs' complaint fails to state a claim under California Business & Professions Code section 7451 (Prop 22) and that Prop 22 abated Plaintiffs' wholly statutory claims. Dkt. 165-3 (Proposed Amended Answer, Forty-Seventh and Forty-Eighth Affirmative Defenses).

Plaintiffs argue that Uber will not ultimately succeed on the merits of these defenses. Opp. at 2–6. They are wrong—as Uber will show; indeed, Prop 22 was approved by the voters to prevent the precise misclassification claims Plaintiffs assert in this case. But their argument is beside the point because the "relevant inquiry" for present purposes "is not whether [its amendments will] succeed on the merits." *Hynix Semiconductor Inc. v. Toshiba Corp.*, 2006 WL 3093812, at *2 (N.D. Cal. Oct. 31, 2006); *see also Cal. Sportfishing Prot. All. v. Specialized Parts Planet, Inc.*, 2012 WL 974931, at *2 (E.D. Cal. Mar. 21, 2012) ("In the absence of clear futility, the relative merits of [the] theory are not properly considered" on a motion for leave to amend.). Rather, a proposed amendment under a cognizable legal theory is futile only if "there is *no set of facts* under which the affirmative defenses would be valid." *Hynix*, 2006 WL 3093812, at *2 (emphasis added); *Barahona*, 881 F.3d at 1134; *W. Contra Costa Unified Sch. Dist.*, 2017 WL 3232484, at *5 (proposed amendment is futile "only where there is no cognizable legal theory" or an "absence of sufficient factual matter to state a facially plausible claim to relief"); Opp. at 2. Plaintiffs do not even attempt to satisfy this standard.

Moreover, Uber has a due process right "to present every available defense." *Lindsey v. Normet*, 405 U.S. 56, 66 (1972); *Duran v. U.S. Bank Nat'l Ass'n*, 59 Cal. 4th 1, 33–34 (2014) ("Unquestionably, … defendant is entitled to defend against plaintiffs' [class action] complaint."). Uber's new defenses arose after Uber filed its Answer to Plaintiffs' complaint (*see* Dkt. 85), they are cognizable, and Uber is entitled under due process to present those defenses to liability.

### 1. Forty-Seventh Affirmative Defense (Prop 22)

Uber maintains that Plaintiffs' complaint is barred by Prop 22, which states that "an app-based driver is an independent contractor" "[n]otwithstanding any other … law." Cal. Bus. & Prof. Code § 7451. The voters approved Prop 22 to prevent misclassification claims precisely like those Plaintiffs assert in this case, and it is hard to imagine a more cognizable and relevant defense.

To be clear, Prop 22 imposes the burden on *Plaintiffs*, not Uber, to show that the app-based drivers to which it applies are misclassified. The Court has recognized that it is Plaintiffs' burden to "allege (and eventually prove)" that "Uber does not comply with [Prop 22's] requirements." Dkt. 143 at 30. But given Plaintiffs' contrary position (*see* Dkt. 136 at 1 ("Uber has not yet demonstrated whether it meets the requirements of Prop[] 22.")), and out of an abundance of caution, Uber seeks leave to raise Prop 22 as an affirmative defense.

Plaintiffs argue that it is unnecessary for Uber to add a defense for Prop 22 to its Answer because the Court has "cut off the class period as of the date Prop 22 took effect, on December 16, 2020." Opp. at 2. But while the *class period* is limited to claims before Prop 22 took effect, Plaintiffs' *complaint* does not limit the relief they seek to December 16, 2020. *See* Dkt. 81. And Uber must defend itself against not only the class claims, but also Plaintiffs' individual claims to the extent that they extend past Prop 22's effective date. *See In re Real Estate Assoc. Ltd. P'ship Litig.*, 2002 WL 31027447, at *2 (C.D. Cal. Aug. 29, 2002) (granting leave to amend answer to add defense that if successful, would preclude recovery by at least some of the plaintiffs).

### 2. Forty-Eighth Affirmative Defense (Abatement)

Prop 22 abates Plaintiffs' claims because they are premised on statutes that have been repealed as to app-based network companies like Uber. Plaintiffs' arguments in opposition mischaracterize Uber's argument and patently misstate the law.

Plaintiffs argue that "Uber cannot overcome the presumption that Prop[] 22 applies prospectively only." Opp. at 4. But they are arguing with a straw man. Uber does not assert that Prop 22 applies *retroactively*; it argues that Plaintiffs' claims are *abated*.[1] Whether a new statute applies

---

[1] In any event, this Court refused to "decid[e] … whether Prop[] 22 applies retroactively" because that decision can be made only after absent class members are permitted to opt out. Dkt. 162 at 2. Plaintiffs would undo that determination by precluding the issue from being raised at all.

retroactively is a "fundamentally distinct" question from whether a new statute has abated Plaintiffs' claims. *Rossetti v. Stearn's Prods., Inc.*, 2016 WL 3277295, at *4 (C.D. Cal. June 6, 2016).

Abatement is not a way to "circumvent th[e] hurdle" that "Prop[] 22 applies prospectively only," as Plaintiffs claim. Opp. at 3–6. It is a distinct legal doctrine. *Physicians Comm. for Responsible Med. v. Tyson Foods, Inc.*, 119 Cal. App. 4th 120, 125 (2004); *Rossetti*, 2016 WL 3277295, at *4. Abatement concerns the dissolution of an existing cause of action and an "*expan[sion of] protections* afforded defendants by way of changes to previous statutory foundations for liability"; retroactivity, by contrast, applies when a statute "*impose[s] new or additional liability* on a defendant" for actions that were legal under contemporaneous law by applying a new standard to past conduct. *Rossetti*, 2016 WL 3277295, at *4.

Plaintiffs argue that Prop 22 does not "expressly repeal[]" AB5 and that Uber has an "impossible burden to show that Prop 22 impliedly repealed AB5." Opp. at 4–6 & n.3. But this Court has already recognized that Prop 22 "repeal[ed] AB 5 with respect to app-based drivers" (Dkt. 143 at 28), and the claims are abated even if Prop 22 did not expressly repeal prior law.

Plaintiffs cite no authority for their claim that abatement requires a statute be *expressly* repealed. Opp. at 4–6. To the contrary, courts "look to the substance of the legislation—not its label—to determine whether it operates as a repeal." *Zipperer v. County of Santa Clara*, 133 Cal. App. 4th 1013, 1025 (2005). And numerous courts have held that the electorate "need not repeal a statute in its entirety" to trigger abatement. *Fitzpatrick v. Tyson Foods, Inc.*, 2016 WL 5395955, at *3 (E.D. Cal. Sept. 27, 2016), *aff'd*, 714 F. App'x 797, 797–98 (9th Cir. 2018) (collecting cases). Even a change in legislative policy that "leav[es] the original language in the statute and add[s] exceptions to the rule"— a far less dramatic revision than Prop 22 made—would suffice. *Id.*; *accord*, *e.g.*, *Zipperer*, 133 Cal. App. 4th at 1024–25 ("amendment" of the statute, creating an exemption, suffices); *Rossetti*, 2016 WL 3277295, at *3–4 (abating UCL claims even though the prior "version of the statute upon which Plaintiff relies" "still reads much the same … but it has now importantly been qualified by … additional provisions granting new protections to [the defendants]").

Moreover, even if an express repeal were required to trigger abatement (it is not), Prop 22 could not be clearer that it displaced AB5 and the ABC test for app-based workers: "Notwithstanding any

other provision of law …, an app-based driver is an independent contractor and not an employee or agent with respect to the app-based driver's relationship with a network company." Cal. Bus. & Prof. Code § 7451.  For app-based drivers, like Plaintiffs, Prop 22 *expressly* repealed AB5 and the ABC test.

Although Uber need not meet the standard for an implied repeal (*see Zipperer*, 133 Cal. App. 4th at 1023 (statutory *amendment* may cause abatement); *Fitzpatrick*, 2016 WL 5395955, at *3 (same)), Prop 22 *does* meet the test.  There is "no possibility of concurrent operation" of the two statutes.  *See* Opp. at 5 n.3 (quoting *W. Oil & Gas Ass'n v. Monterey Bay Unified Air Pollution Control Dist.*, 49 Cal. 3d 408, 419–420 (1989)).  Indeed, "[t]he statutory phrase 'notwithstanding any other law' has been called a 'term of art' that declares the legislative intent to *override all contrary law*." *Klajic v. Castaic Lake Water Agency*, 121 Cal. App. 4th 5, 13 (2004) (emphasis added) (citations omitted).  "[I]ncluding a 'notwithstanding any other law' provision is a method—akin to an express reference to the superseded statute—by which [a legislature] can demonstrate that it intended to partially repeal an Act."  *United States v. Novak*, 476 F.3d 1041, 1052 (9th Cir. 2007) (en banc) (punctuation omitted); *see, e.g., In re Marriage of Cutler*, 79 Cal. App. 4th 460, 475 (2000) (applying new statute to pending claims because its "notwithstanding any other provision of law" provision "signals a broad application overriding all other code sections").

Abatement is a cognizable defense that, if Uber is able to establish it, would require dismissal of Plaintiffs' claims.  Abatement bars a pending action if it is "wholly dependent" on a statute that the voters or the legislature have since repealed, where there has been no final award to vest the plaintiff's purported rights.  *Younger v. Superior Court*, 21 Cal. 3d 102, 109 (1978).  Each of these elements is satisfied here.

*First*, Plaintiffs' claims are "wholly dependent on statute." *Younger*, 21 Cal. 3d at 109.  The California Supreme Court has confirmed that *Dynamex Operations West, Inc. v. Superior Court*, 4 Cal. 5th 903 (2018), "constitutes an authoritative judicial interpretation of language—suffer or permit to work—that has long been included in California's wage orders to define the scope of the employment relationships governed by the wage orders." *Vazquez v. Jan-Pro Franchising Int'l, Inc.*, 10 Cal. 5th 944, 951 (2021).  And it is well established that "[t]he IWC's wage orders are to be accorded the same dignity as statutes."  *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1027 (2012).

*Second*, Plaintiffs have no vested right to benefits under the ABC test, as a statutory remedy—until it is fully enforced—"is merely an 'inchoate, incomplete, and unperfected' right, which is subject to legislative abolition." *Zipperer*, 133 Cal. App. 4th at 1024.

*Third*, Plaintiffs have not obtained a final judgment in this litigation, and "[w]henever the Legislature eliminates a statutory remedy 'before a judgment becomes final,' the legislative act 'destroys the right of action.'" *Id.*

*Fourth*, Prop 22 eliminated Plaintiffs' claims under the ABC test, as it states conclusively that "an app-based driver *is an independent contractor* and not an employee or agent … [of] a network company" "[n]otwithstanding any other provision of law," so long as the network company satisfies four conditions. Cal. Bus. & Prof. Code § 7451 (emphasis added); *see also* Order Dissolving Preliminary Injunction, *People v. Uber Techs., Inc.*, No. CGC-20-584402 (Cal. Super. Ct. Apr. 20, 2021) (dissolving preliminary injunction ordering Uber and Lyft to reclassify drivers as employees based upon the parties'—e.g., the People's—joint request and Uber's and Lyft's representations "that they are meeting the … four conditions" of Prop 22).[2]

Plaintiffs are of course free to dispute the foregoing, but there is no world in which Uber's argument is *frivolous*. Indeed, the question whether Prop 22 has abated misclassification claims just like Plaintiffs' here is being litigated in multiple cases against network companies in courts throughout the state. *See*, *e.g.*, Appellees' Supplemental Brief, *Lawson v. Grubhub, Inc.*, No. 18-15386 (9th Cir. Apr. 5, 2021), Dkt. 86 (supplemental brief regarding Prop 22's effects); Motion to Dismiss Plaintiffs'

---

[2] Plaintiffs argue that the cases Uber cited in support of this argument are distinguishable from this case because *Younger*, 21 Cal. 3d at 109, involved an express repeal; *Fitzpatrick*, 2016 WL 5395955, at *3–4, involved partial removal of a statute; and *Graczyk v. Workers' Comp. Appeals Bd.*, 184 Cal. App. 3d 997, 1004, 1007 (1986), involved an employment law "in flux," whereas AB5 was not in flux. Opp. at 4–6. First, as explained above, a statute need not expressly use the word "repeal" for abatement to apply because courts "look to the substance of the legislation—not its label—to determine whether it operates as a repeal." *Zipperer*, 133 Cal. App. 4th at 1025. Second, *Fitzpatrick*, 2016 WL 5395955, at *3–4, supports Uber's argument that a statute may be partially repealed, and it is immaterial whether that partial repeal occurred by removing a part of a statute rather than adopting a new statute that supersedes existing law. *Novak*, 476 F.3d at 1052 ("[I]ncluding a 'notwithstanding any other law' provision is a method … to partially repeal an Act."). Third, in *Graczyk*, 184 Cal. App. 3d at 1006–07, the court held that the plaintiff's rights were not vested because they were "wholly statutory and had not been reduced to final judgment before the Legislature's" change in law. Whether the employment law at issue was "in flux" did not bear on whether the plaintiff's rights under that law had vested. *See id.* In any event, California's standard for mandating treatment as an employee has certainly been "in flux."

First Amended Complaint, *Hassell v. Uber Techs., Inc.*, No. 4:20-cv-04062-PJH (N.D. Cal., Feb. 1, 2021), Dkt. 37 (motion to dismiss based on abatement pending); Motion to Dismiss Plaintiffs' Third Amended Complaint, *Nicolas v. Uber Techs., Inc.*, No. 4:19-cv-08228-PJH (N.D. Cal., Jan. 19, 2021), Dkt. 46 (same); Transcript of Hearing on Uber's Motion to Dismiss at 9:21–22, 14:4–8, *id.* (Feb. 25, 2021), Dkt. 53 (Hamilton, J.) ("There certainly is case law that suggests that [the abatement] doctrine applies in some circumstances irrespective of the whole question of retrospectivity," and in any event, "[t]he will of the voters is clearly against [the plaintiffs'] interest"); Demurrers to Second Amended Complaint, *People v. DoorDash, Inc.*, No. CGC-20-584789 (Cal. Super. Ct., Dec. 21, 2020) (arguing Prop 22 abated plaintiff's claims).  The Court must grant Uber leave to amend its Answer and decide these issues on their merits.

**B.     Uber Did Not Unduly Delay and There Is No Prejudice to Plaintiffs**

Plaintiffs admit that "undue delay in and of itself is insufficient to deny a motion to amend." Opp. at 2; *see Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973) ("[T]he mere fact that the government could have moved at an earlier time to amend does not by itself constitute an adequate basis for denying leave to amend").  Where, as here, the new defenses raise "question[s] of law … based on the factual record [as] already developed," Plaintiffs cannot demonstrate that they would be unreasonably prejudiced by amendment.  *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011).

There has been no undue delay here.  Plaintiffs contend that Uber could have moved earlier to amend its Answer, as the parties submitted supplemental briefing on Prop 22 in December 2020.  Opp. at 6–7, n.5.  But Uber sought to amend its Answer at the soonest practicable opportunity and only in an abundance of caution, as Uber does not believe it bears the burden to plead or prove its Prop 22 compliance.  The effect that Prop 22 has on pending misclassification litigation is a novel legal issue, which no court has yet decided and has only just begun to take shape since the law passed a few months ago.  Although Uber contends the law does not require a defendant to plead and prove Prop 22 compliance in such cases, some plaintiffs have argued incorrectly that Prop 22 is an affirmative defense.

Uber thus has acted with appropriate haste in response to these arguments to amend its pleadings out of an abundance of caution. There was no "undue delay."[3]

Plaintiffs' allegations of prejudice are speculative, unwarranted, belied by the record, and in any event can be mitigated. *See Waldrip v. Hall*, 548 F.3d 729, 732 (9th Cir. 2008) ("Any prejudice [the plaintiff] may have suffered as a result of the amendment was mitigated by the opportunity afforded to him to respond to the amended answer."). The parties jointly requested that the Court set a date for amendment of the pleadings in late May—a date still weeks off. *See* Dkt. 161 at 6. Plaintiffs now state that they would need to "reopen discovery, just before they are preparing to file their summary judgment motion" on August 12, 2021. Opp. at 7. This argument fails for at least three reasons.

*First*, both parties were fully aware of Prop 22 becoming law and Uber's defense under that new law. *See Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154–55 (9th Cir. 2014) (no prejudice where defendants were on notice that plaintiffs would raise certain challenges not included in initial complaint). Plaintiffs' counsel acknowledged to the press in November that Prop 22 defeats Plaintiffs' claims for prospective relief. *See* Cheryl Miller, *Proposition 22 Clouds Future of Pending Worker-Classification Suits*, The Recorder (Nov. 4, 2020), https://tinyurl.com/3ehf6j8m ("At this point those cases are really going to be about collecting damages up until the time Prop 22 takes effect."). Plaintiffs have also been "on notice of the facts related to whether [Prop 22] bars [their] complaint, given that [they] ha[ve] included documents related to this defense" by submitting their supplemental briefing in December. *Oden*, 2019 WL 3068418, at *1; Opp. at 6–7, n.5; *see* Dkt. 136.

*Second*, it is unlikely the parties would need further discovery, as Plaintiffs do not even *allege* that Uber does not comply with Prop 22. *See* Dkt. 143 at 30 ("the amended complaint … contains no

---

[3] In the cases Plaintiffs cite, the delays were substantially longer and more prejudicial than any possible delay here. *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (fifteen-month delay); *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798–99 (9th Cir. 1991) (eight-month delay from summary judgment). In *Texaco*, for example, the court held that the plaintiff's eight-month delay in attempting to amend its complaint to add money damages, where the original complaint requested only specific performance and declaratory relief, prejudiced the defendant because the plaintiff waited until discovery had closed and trial was only four months away. 939 F.2d at 798–99. In contrast, Uber filed its motion to amend as soon as practicable, but at most only *four* months after Prop 22 went into effect, and nowhere near the close of discovery or trial date (as no trial date has been set).

allegations that Uber does not comply with [Prop 22]'s requirements"). That makes sense, given that the San Francisco Superior Court recently dissolved the injunction against Uber based on a joint request by the government and Uber after Uber demonstrated to the government that it is complying with Prop 22's requirements. *See* Order Dissolving Preliminary Injunction, *People v. Uber Techs., Inc.*, No. CGC-20-584402 (Cal. Super. Ct. Apr. 20, 2021). There is no reasonable dispute that Prop 22's conditions are met here.

*Third*, there is no need for Plaintiffs to "reopen" discovery. Plaintiffs should have already obtained any discovery they required pertaining to Prop 22 as discovery has reached the issue whether drivers are properly classified as independent contractors. *See* Dkt. 1; Dkt. 143; Dkt. 161 at 6.[4] Moreover, discovery remains *ongoing*. *See* Dkt. 161 at 6. If Plaintiffs require any further information related to Prop 22, they can simply propound it.

Plaintiffs have been parties to this action from the beginning, and they have had—and will continue to have—ample time to participate in discovery. In *Howey*, the Ninth Circuit held that despite the third-party plaintiff moving to amend five years after its complaint was filed, there was no prejudice to the defendant because it "had participated in litigation … from the outset," had "participated in discovery," and "the contested issues [in prior briefing] … [were] similar, if not identical" to those raised in the proposed amended complaint. 481 F.2d at 1191. So too here. Plaintiffs' August deadline for summary judgment is months away. Should the Court grant Uber's motion, Plaintiffs would still have at least three months to conduct any additional discovery they purportedly require.[5]

### III.  CONCLUSION

The Court should grant Uber's motion for leave to amend its Answer and deem the Amended Answer, attached as Exhibit A to Uber's motion, filed as of the date of Uber's motion.

---

[4] For example, Plaintiffs asked Uber for documents pertaining to rules and requirements drivers who use the Uber Driver App must follow. That request would have covered the questions under Prop 22 as to whether Uber "unilaterally prescribe[s] specific dates, times of day, or a minimum number of hours during which the app-based driver must be logged into the" Uber Driver App or whether Uber "require[s] the app-based driver to accept any specific rideshare service … request as a condition of maintaining access" to the Uber Driver App. Cal. Bus. & Prof. Code § 7451(a)–(b).

[5] Uber would be amenable to meeting and conferring with Plaintiffs about requesting additional time for discovery, should Plaintiffs require more time.

Dated: May 5, 2021

GIBSON, DUNN & CRUTCHER LLP

By:  /s/ *Theane Evangelis*
         Theane Evangelis

Attorney for Defendant UBER TECHNOLOGIES, INC.