1
2
3
4                          UNITED STATES DISTRICT COURT
5                        NORTHERN DISTRICT OF CALIFORNIA
6

7    CHRISTOPHER JAMES, et al.,              Case No. 19-cv-06462-EMC
8                    Plaintiffs,
                                             **ORDER GRANTING DEFENDANT'S**
9            v.                              **MOTION FOR LEAVE TO AMEND**

10   UBER TECHNOLOGIES INC.,                 Docket No. 165
11                  Defendant.
12
13

14          Pending before the Court is Defendant Uber Technologies, Inc.'s ("Uber's") motion for

15   leave to amend its answer pursuant to Federal Rule of Civil Procedure 15(a).  *See* Docket No. 165

16   ("Amend Mot.").  For the following reasons, the Court **GRANTS** Uber's motion.

17                          I.          BACKGROUND

18          This order assumes familiarity with the lengthy factual and procedural background of this

19   case and therefore only recites the facts and background necessary to resolve the pending motion.

20          On July 14, 2020, Messrs. Christopher James and Spencer Verhines (hereinafter,

21   "Plaintiffs") filed the operative amended consolidated class action complaint (hereinafter,

22   "Amended Complaint") alleging as follows.  *See* Docket No. 81 (Am. Compl.).  Plaintiffs are

23   residents of California who drive for Uber.  *Id.* ¶¶ 8–9, 17–18.  They bring this case as a putative

24   class action on "behalf of . . . all other individuals who have worked as Uber drivers in California

25   who have not released all of their claims against Uber."  *Id.* ¶ 10.  They assert claims related to

26   their alleged misclassification, including (1) failure to reimburse business expenses, (2) failure to

27   pay minimum wage, (3) failure to pay overtime, (4) failure to provide properly itemized pay

28   statements, (5) failure to provide paid sick leave, and (6) unlawful business practices.  *See id.*

United States District Court
Northern District of California

1   Plaintiffs seek damages dating back to February 28, 2019, as well as declaratory and injunctive

2   relief, which would require Uber to reclassify its drivers as employees.  *Id.* ¶ 7.

3          Uber filed its answer to the amended complaint on July 28, 2020.  *See* Docket No. 85

4   (Answer).  Proposition 22 passed on November 3, 2020, abrogating the ABC test articulated by

5   the California Supreme Court in *Dynamex Operations W., Inc. v. Superior Court*, 416 P.3d 1

6   (2018), and later made law by the enactment of Assembly Bill 5 ("AB 5") in September 2019.  In

7   doing so, Proposition 22 declared "app-based drivers" to be independent contractors—not

8   employees—if the network company (in this case, Uber) provides those drivers with specific wage

9   and hour protections.  *See* Cal. Bus. & Prof. Code. §§ 7451, 7453.  Proposition 22 took effect on

10  December 16, 2020.

11         On January 26, 2021, this Court certified "a class of Uber drivers who drove for Uber in

12  the State of California between February 28, 2019 and December 16, 2020, and who opted out of

13  Uber's arbitration agreement."  *See* Docket No. 143 ("Class Cert. Order") at 30.  In doing so, the

14  Court explained that "[t]he trier of fact will first consider on a class-wide basis whether this class

15  of drivers satisfies prongs A and B of the ABC test.  If these drivers do not satisfy either prong,

16  then the trier of fact will proceed to consider, also on a class-wide basis, this class's expense

17  reimbursement and itemized wage statement claims."  *Id.*  Importantly, the Court limited the class

18  period to December 16, 2020 because Proposition 22 "forecloses damages in this case for conduct

19  that occurred after [that date]."  *Id.* at 29–30.  The Court also concluded that Proposition 22 does

20  not apply retroactively.  *Id.* at 29.

21         On February 2, 2021, Uber filed a motion for clarification asking the Court to reconsider

22  its conclusion that Proposition 22 does not apply retroactively.  *See* Docket No. 144

23  ("Clarification Mot.").  The Court granted this motion on April 9, 2021, agreeing with Uber "that

24  the retroactive application of Proposition 22 is ultimately a merits question that can dispose

25  entirely of Plaintiffs' claims, and thus should not be decided in the context of class certification."

26  *See* Docket No. 162 ("Clarification Order") at 1.  The Court therefore clarified that it was not

27  deciding whether Proposition 22 applies retroactively at the class certification stage, and that "the

28  issue of the retroactivity of Proposition 22 is a matter that may be properly decided on a class-

1    wide basis." *Id.* at 2.

2         Five days after this Court's Clarification Order, Uber moved for leave to amend its answer

3    to "(1) add Proposition 22 as a defense; and (2) add as a defense that the action is abated by

4    Proposition 22."  Amend Mot. at 2.

5                              II.        **LEGAL STANDARD**

6         A party may amend a pleading once as a matter of course within twenty-one days after

7    serving it.  Fed. R. Civ. P. 15(a)(1).  Thereafter, amendment is only allowed after obtaining leave

8    of the court, or by consent the adverse party.  Fed. R. Civ. P. 15(a)(2).  Generally, Rule

9    15 advises the court that "leave shall be freely given when justice so requires."  *Id.*  However, "the

10   grant or denial of a subsequent opportunity to amend is within the discretion of the District

11   Court."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  In determining whether leave should be

12   granted pursuant to a District Court's discretion, the Supreme Court has stated that:

13               [i]n the absence of any apparent or declared reason—such as undue
14               delay, bad faith or dilatory motive on the part of the movant,
                 repeated failure to cure deficiencies by amendments previously
15               allowed, undue prejudice to the opposing party by virtue of
                 allowance of the amendment, futility of amendment, etc.—the leave
16               sought should, as the rules require, be "freely given."

17   *Id.*

18        In the Ninth Circuit, the above listed factors—often referred to as the *Foman* factors—are

19   not weighted equally.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir.

20   2003) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)).  Rather, courts

21   have held that "the crucial factor is the resulting prejudice to the opposing party."  *Howey v.

22   United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).  However, a motion may be denied on

23   grounds of futility of the proposed amendments irrespective of prejudice.  *See generally Hoang v.

24   Bank of Am., N.A.*, 910 F.3d 1096, 1103 (9th Cir. 2018); *see also Ecological Rights Found. v. Pac.

25   Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013).

26                              III.        **ANALYSIS**

27        The Court grants Uber's motion for leave to amend its answer because the proposed

28   amendments (1) will not prejudice Plaintiffs, and (2) are not futile.

United States District Court
Northern District of California

3

A.      Prejudice

The Ninth Circuit has "liberalized the requirement that defendants must raise affirmative defenses in their initial pleadings." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *Magana v. Commonwealth of the N. Mariana Islands,* 107 F.3d 1436, 1446 (9th Cir. 1997)); *see also Rivera v. Anaya,* 726 F.2d 564, 566 (9th Cir. 1984) (similar language).  A defendant may thus raise an affirmative defense for the first time later in the litigation, but "only if the delay does not prejudice the plaintiff." *Id.* (quoting *Magana,* 107 F.3d at 1446).  Importantly, "[b]ald assertions of prejudice cannot overcome the strong policy reflected in Rule 15(a) to 'facilitate a proper disposition on the merits.'" *Hurn v. Ret. Fund Trust of the Plumbing, Heating & Piping Indus.*, 648 F.2d 1252, 1254 (9th Cir. 1981) (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957)).

Plaintiffs argue that Uber should be estopped from amending its answer to add affirmative defenses based on Proposition 22 because it "delayed five months" from the passage of the initiative to file the instant motion.  *See* Docket No. 168 ("Opp'n") at 6.  The Court agrees that this delay was unwarranted because Uber should have raised any defenses based on Proposition 22 as soon as the measure was enacted.  Therefore, Uber's motion for leave to amend its answer is unduly delayed.

However, allowing Uber to amend its answer will not prejudice Plaintiffs.  Plaintiffs argue that the five-month "delay *may* cause prejudice to Plaintiffs" because "the amendment would present potential significant additional litigation." *Id.* at 7.  Indeed, allowing Uber to amend its answer to add defenses based on Proposition 22 will require additional discovery and litigation because, to avail itself of the protections of Proposition 22, Uber must establish that the following four conditions are met:

> [Uber] does not unilaterally prescribe specific dates, times of day, or a minimum number of hours during which the app-based driver must be logged into the network company's online enabled application or platform.
>
> [Uber] does not require the app-based driver to accept any specific rideshare service or delivery service request as a condition of maintaining access to the network company's online enabled application or platform.

United States District Court
Northern District of California

United States District Court
Northern District of California

1

> [Uber] does not restrict the app-based driver from performing rideshare services or delivery services through other network companies except during engaged time.

2

3

> [Uber] does not restrict the app-based driver from working in any other lawful occupation or business.

4

5   Cal. Bus. & Prof. Code. § 7451.  Uber must also establish that it guarantees a "net earnings floor"

6   to its drivers, comprised of 120% the minimum wage for "engaged hours" plus a $.30 per-mile

7   compensation for vehicle expenses (based on number of "engaged" miles).  *See id.* § 7453.

8   Discovery and additional litigation will therefore be necessary for Uber to prove—or for Plaintiffs

9   to refute—that Uber complies with these statutory requirements.

10          But this Court has explained before that "[g]enerally, the issue is not whether [a party]

11  would be required to engage in additional work in response to newly amended [defenses].  The

12  question is what *incremental* prejudice results from the *delay* in asserting those [defenses] (*e.g.,* in

13  ability to complete discovery because of approaching trial date)."  *Trans Video Elecs., Ltd. v. Sony*

14  *Elecs., Inc.*, 278 F.R.D. 505, 510 n.2 (N.D. Cal. 2011); s*ee also Carey v. United of Omaha Life*

15  *Ins. Co.*, No. SACV1300740CJCRNBX, 2013 WL 12129280, at *1 (C.D. Cal. Aug. 27, 2013)

16  ("[D]enying leave to amend the answer to include such an affirmative defense on grounds that it

17  could negatively impact the outcome of Mr. Carey's claim is not the type of unfair prejudice

18  envisioned by the drafters of Rule 15.").  In this case, there will be no incremental prejudice from

19  allowing Uber to assert defenses based on Proposition 22 because there is no impending trial date,

20  and Plaintiffs have until August 12, 2021 to file their motion for summary judgment.  *See* Docket

21  No. 167 (April 15, 2021 Status Conference Minutes).  Even if Uber had sought to assert

22  Proposition 22 several months earlier, the same additional discovery would be entailed.

23  Moreover, should it be necessary, the Court could also extend the time for Plaintiffs to file their

24  motion for summary judgment to accommodate further discovery on the applicability of

25  Proposition 22.  While Plaintiffs will surely have to do more work to oppose Uber's defenses

26  based on the passage of Proposition 22, there is still time for them to do so.  *See Kim v. Truck Ins.*

27  *Exch.*, No. CV144270RSWLRAOX, 2015 WL 12832047, at *1 (C.D. Cal. June 23, 2015)

28  ("[D]iscovery has not yet been cut off in this case, and trial is not scheduled until September 22,

United States District Court
Northern District of California

2015.  Plaintiff has sufficient time to prepare for a new affirmative defense.").

Plaintiffs have not explained what they would have done differently had Uber asserted its Proposition 22 defenses five months ago.  Nor could they, because Plaintiffs were aware that Uber contended Proposition 22 rendered Plaintiffs' claims "even more baseless than they were before" when Uber filed its supplemental brief in opposition to their class certification motion on December 8, 2020, a little over a month after the initiative's passing.  Docket No. 137 at 1.  In other words, Plaintiffs knew this was coming; they had—and continue to have—ample time to mount a response to Uber's contentions that Proposition 22 bars this action.  Allowing Uber to amend its answer to add its Proposition 22 defenses will not prevent Plaintiffs, in any way, "from having a full opportunity to present facts or evidence refuting [Uber's] affirmative defense on its merits." *Carey*, 2013 WL 12129280, at *1.  They are therefore not prejudiced by Uber's proposed amendments.

B.   Futility

"Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).  A proposed amendment is futile only if "no set of facts can be proved under the amendment to the pleadings that would constitute a valid claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

Neither of Uber's proposed amendments is futile.  The first amendment—adding a defense that Proposition 22 applies retroactively—is not futile because this Court already recognized "that the retroactive application of Proposition 22 is ultimately a merits question that can dispose entirely of Plaintiffs' claims."  Clarification Order at 1.  Allowing Uber to amend its answer to add this defense is in the interest of justice because it will allow the parties and the Court to properly address the applicability of Proposition 22 to this case. *See ATS Prod., Inc v. Champion Fiberglass, Inc.*, No. 13-CV-02403-SI, 2014 WL 5867886, at *2 (N.D. Cal. Nov. 11, 2014) ("[I]t is in the interest of justice to allow the amendment because the proposed amended complaint clarifies the claims in this case and will help shape the scope of discovery.").

United States District Court
Northern District of California

1  Similarly, the second amendment—adding a defense that Proposition 22 abated this

2  action—is not futile because if Proposition 22 applies retroactively it arguably would abate this

3  lawsuit.  Abatement, which is akin to mootness, is "the well settled rule that an action wholly

4  dependent on statute abates if the statute is repealed without a saving clause before the judgment is

5  final." *Younger v. Super. Ct.*, 577 P.2d 1014, 1019 (Ca. 1978) (in bank).  The question here is

6  whether Proposition 22, applied retroactively, repealed AB 5 such that it abated Plaintiffs' action.

7  Therefore, the Court cannot at this juncture determine whether the abatement defense is futile

8  because it is closely related to the retroactivity question which this Court already determined needs

9  to be addressed on the merits at a later stage.

10  Moreover, allowing Uber to add its Proposition 22 defenses is in the interest of justice

11  because it could facilitate this Court's adjudication of Plaintiffs claims, thus promoting judicial

12  economy.  If Uber succeeds in establishing that Proposition 22 somehow bars or abates this action,

13  the Court could dispose of the action on summary judgment.  *See Oden*, 2019 WL 3068418, at *1

14  ("Defendants' proposed amendment would serve judicial economy because the res judicata

15  defense would allow the case to be completely resolved on summary judgment.")

16  ### IV.      **CONCLUSION**

17  For the foregoing reasons, the Court **GRANTS** Uber's motion for leave to amend its

18  answer to add its defenses based on Proposition 22.  Defendant shall file its amended answer

19  within thirty (30) days from the date of this order.

20  This order disposes of Docket No. 165.

21

22  **IT IS SO ORDERED**.

23

24  Dated: June 17, 2021

25

26  _____

27  EDWARD M. CHEN
   United States District Judge

28