September 3, 2021

**VIA CM/ECF**

      Re:      <u>James et al. v. Uber Techs. Inc.</u>,
                  Case No. 3:19-cv-06462-EMC
                  Joint Letter Submission

Dear Judge Chen:

Pursuant to the Court's Minute Order of April 15, 2021 (Dkt. No. 167), the parties have met and conferred regarding the class notice process. The class notice will be distributed to class members on or before September 10, 2021 (Dkt. No. 180), by Third-Party Administrator Simpluris.

The parties have one disagreement regarding the class notice process and are writing to submit their competing positions on that issue. The parties dispute whether some notice should be distributed to individuals who are not in the certified class. The question is whether those individuals who attempted to opt out of Uber's arbitration agreement, but were ultimately determined not to be members of the certified class, should receive notice informing them that they were not included in the class. The parties respectfully submit the following joint letter, with their respective positions below, and request a brief hearing at the Court's convenience.

**<u>Plaintiffs' Position</u>**:

Plaintiffs believe that those individuals who attempted to opt out of Uber's arbitration provision, but did not do so successfully, should be notified of this fact and that they are not included in the certified class here. This case has received a fair amount of publicity[1], and these individuals may thus expect that they would be included in the class. Indeed, a primary reason that many drivers opt out of Uber's arbitration clause (given the great deal of publicity

---

[1] See, e.g., Kathleen Dailey, *Uber Drivers Win Partial Class Status in Misclassification Suit*, Bloomberg Law (Jan. 26, 2021), available at: https://news.bloomberglaw.com/class-action/uber-drivers-win-partial-class-status-in-misclassification-suit; Max Kutner, Calif. Drivers Ask Court to Decide If Uber Misclassified Them, Law360 (Aug. 13, 2021), available at: https://www.law360.com/employment-authority/articles/1412513/calif-drivers-ask-court-to-decide-if-uber-misclassified-them

surrounding this issue over the years, not only in this case but also in the prior case of O'Connor v. Uber, No. 13-3826-EMC) is so that they can participate in class actions that may be brought against Uber in court.

Courts have the responsibility to provide clear notice when they certify a class. "Special consideration thus may be called for in order to afford notice 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action.'" Schisler v. Heckler, 787 F.2d 76, 86 (2d Cir. 1986) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1986)). Notice to individuals who are not part of a class may be appropriate under Fed. R. Civ. P 23(e), when a pre-certification class action is dismissed, or under Fed. R. Civ. P 23(d)(2) when a class definition is narrowed to exclude certain class members who were previously part of the putative class. Wertheim Schroder & Co. v. Avon Products, Inc., 1994 WL 48794, at *1 (S.D.N.Y. Feb. 14, 1994). In either case, the rationale for providing notice to non-class members is the same – "while not foreclosed from instituting suit, [non-class members] may forbear from doing so unless they are made aware that they have been excluded from the [] class action. Id. As the Ninth Circuit has recognized, "many courts have assumed the existence of reliance based upon the mere filing of the action and the possibility of publicity resulting from the filing." Diaz v. Trust Territory of Pac. Islands, 876 F.2d 1401, 1410 (9th Cir. 1989) (reversing district court's decision to not require notice to non-class members).

This Court previously ordered that individuals who were excluded from the certified class in O'Connor v. Uber should nonetheless receive notice, explaining that they were not members of the certified class and therefore should no longer rely on the action to vindicate their own misclassification claims. See O'Connor, Dkt. No. 436 (Dec. 23, 2015) ("[T]he Court agrees that notice to drivers who have been excluded from the class is proper…"); see also O'Connor, Dkt. No. 447. Here, the Court should do the same and should require notice to those drivers who attempted to opt out of the arbitration agreement but were ultimately deemed not to be class members, as they may otherwise to believe they are part of the certified class and may rely on the existence of this case to their detriment.[2]

Indeed, there is a significant number of - several thousand - drivers who are at issue here, who attempted to opt out of Uber's arbitration provision but did not do so successfully. As Uber

---

[2] Uber argues that this case is different from O'Connor because in that case there were ambiguities over who was included in the certified class. Here, counsel were able to agree on the composition of the class, after a detailed review of the records; however, many drivers are likely to be confused because they believed they opted out of arbitration. They may not understand that their failure to opt out of arbitration in earlier agreements in Uber means that they did not "validly" opt out of arbitration from the more recent agreement, or they may not even realize that they failed to opt out of arbitration in earlier agreements. They also may not realize that their attempts were "invalid" for some other reason, given that Uber does not inform drivers that opt-out attempts are invalid.

noted in its prior briefing, as many as 4,828 drivers with a California driver's license attempted to opt out of Uber's arbitration agreement between February 28, 2019, and August 31, 2020. See Dkt. 94 at p. 3, n. 4. These drivers all presumably believe that they would be able to participate in a class action in court. Uber does not inform drivers in any way whether their opt-out submission has been rejected, has been deemed untimely, or is otherwise invalid. Thus, these drivers have every reason to think that this case, which has been certified on behalf of California drivers who are not bound by Uber's arbitration clause, includes them and will represent their interests. Not only has the media reported on this case, but there was also much attention to the prior O'Connor case, which resulted in a high-profile settlement on behalf of drivers who were not bound by Uber's arbitration clause. Many drivers may well have attempted to opt out of Uber's arbitration provision, knowing of the prior O'Connor settlement and expecting to be a part of a future case that is certified on behalf of drivers not bound by the arbitration clause.

However, Plaintiffs have now reviewed detailed records Uber has provided regarding the opt-out attempts by the nearly 5,000 drivers Uber alluded to in its class certification briefing. As a result of that review, the parties have determined that approximately 1,040 of them correctly opted out of arbitration and thus are members of the certified class.[3] For the remaining drivers, confusion is certain to result if they are not provided with some notice that their claims are not part of this case. To rule otherwise would risk prejudicing drivers who are mistakenly under the impression that they opted out of Uber's arbitration provision and are part of the certified class in this case.

**Uber's Position**:

There is no reason to issue class notice to drivers who are not members of the certified class in this case. Nothing has occurred in this case that would cause those drivers to believe they are a part of the certified class, and sending such notice would only cause confusion and harm Uber's business. The Court should deny Plaintiffs' request to send class notice to non-class member drivers.

There are no pending disputes regarding which drivers are in the certified class.[4] But Plaintiffs assert that drivers who attempted to opt out of one or more of Uber's arbitration

---

[3]     Many drivers were excluded because they attempted to opt out of a recent arbitration agreement but failed to timely opt out of one of the many prior agreements Uber has presented to them over the years.

[4]     In response to Plaintiffs' footnote 3 above, Uber notes that this Court has held that drivers who failed to opt out of prior arbitration agreements, but attempted to opt out of later agreements, remain bound by arbitration. *See Capriole v. Uber Techs., Inc.*, 460 F. Supp. 3d 919, 927–28 (N.D. Cal. 2020), *aff'd*, 7 F. 4th 854 (9th Cir. 2021) (holding that driver who timely

agreements but did so unsuccessfully (*i.e.*, non-class members)—who Plaintiffs agree are not in the class—should nonetheless receive formal class notice that they are *not* in the certified class. This argument lacks merit for several reasons.

*First*, notice to non-class members is not required because non-class members' rights "are unaffected" by this case. *Adderley v. Nat'l Football League Players Ass'n*, 2009 WL 4250786, at *1 (N.D. Cal. Nov. 23, 2009). Thus, there is no reason to send them notice about this class action. Indeed, courts have required notice to be sent to non-class members only when they "have been induced to rely on the class action and would be unduly prejudiced . . . without notice." *Maddox & Starbuck, Ltd. v. Brit. Airways*, 97 F.R.D. 395, 397 (S.D.N.Y. 1983); *see also Ross v. Warner*, 80 F.R.D. 88, 91 (S.D.N.Y. 1978) ("Such serious and newsworthy allegations made against a huge corporation force the Court to consider the probability that many of the soon-to-be-abandoned class members received actual notice of the institution of this suit through national publicity and were perhaps deterred from instituting their own suits in reliance on their class membership."). Non-class members in this case have no reason to believe they are part of the certified class. There has not been any actual notice to those drivers that they are part of this class, nor has there been substantial publicity of this suit. And the mere fact that some of these drivers may have attempted to opt out of Uber's arbitration agreement at some point does not imply to those drivers that they are a part of this certified class.

*Second*, issuing class notice to non-class members would be detrimental to those drivers and to Uber. Courts have consistently rejected proposed methods of class notice that would reach many non-class members in addition to class members, because it would only "cause confusion and . . . encourage inquiries by non-class members, which could interfere with [defendants'] reputation and business." *Yeoman v. Ikea U.S. W., Inc.*, 2013 WL 5944245, at *4 (S.D. Cal. Nov. 5, 2013); *see also Flynn v. Sony Elecs., Inc.*, 2015 WL 128039, at *3 (S.D. Cal. Jan. 7, 2015) ("[I]t is clear that mailing a notice of a class action directly to a non-class member would likely lead to inquiries by non-class members."); *DeHoyos v. Allstate Corp.*, 240 F.R.D. 269, 296–97 (W.D. Tex. 2007) (collecting cases). Here, issuing class notice to drivers who unsuccessfully attempted to opt out of arbitration would only confuse them as to whether they are part of this certified class action (they are not), and prompt inquiries by those drivers about this suit, which they likely have not heard about before. Issuing a separate notice to non-class-member drivers would only cause unnecessary confusion and would harm Uber's business and reputation.

---

opted out of 2020 agreement but did not opt out of 2015 agreement remains bound by 2015 agreement); *Nicholas v. Uber Techs., Inc.*, No. 19-cv-08228-PJH, 2020 WL 4039382, at *6 (N.D. Cal. July 17, 2020) (holding that drivers who opted out of 2019 agreement but did not opt out of 2015 agreement remain bound to 2015 agreement).

*Finally*, Plaintiffs' reliance on this Court's order to send notice to non-class members in *O'Connor v. Uber Technologies, Inc.*, No. 3:13-cv-3826-EMC (N.D. Cal. Dec. 23, 2015), Dkt. No. 436, is misplaced.  In *O'Connor*, the Court's class certification order "excluded all drivers who operated or drove for a distinct third-party transportation company, as well as any drivers who signed Uber's more recent contracts (*i.e.*, contracts which included the notice and opt-out provisions previously ordered by this Court) unless the driver timely opted-out of the arbitration agreement." *Id.*, Dkt. No. 395 at 2; Dkt. No. 436-1 at 13.  In order to generate a class list for notice purposes, the parties in *O'Connor* faced significant challenges identifying drivers who were captured by the Court's class definition—in part because drivers could change over time whether they were paid in their own name or through a company.  *See id.*, Dkt. 446 at 2–5.  The Court therefore ruled that "[a]mbiguities shall be resolved in favor of inclusion in the class for purposes of class notice." *Id.*, Dkt. No. 447 at 1.  Here, unlike *O'Connor*, there are no disputes as to which drivers should be in the class and there is no similar need to issue an overinclusive notice or a separate notice to non-class members.  As the Court noted in *O'Connor*, "[a] single class notice sent to class members only will minimize confusion." *Id.*  Further, unlike *Wertheim Schroder & Co., Inc. v. Avon Products, Inc.*, 1994 WL 48794 (S.D.N.Y. Feb. 14, 1994), where the court recognized that notice to excluded class members may be issued when a pre-certification class action is dismissed or when a class definition is narrowed to exclude some putative class members, no such circumstances are present here. *Id.* at *1–2.  And even in those circumstances, the *Wertheim* court held that notice to excluded class members is required only where they would be prejudiced, such as if there had been "individual notice to class members of the existence of the instant class action []or sufficient publicity," which, again, is not the case here. *Id.* at *2.

Additionally, in *O'Connor*, there was a greater potential that non-class members could have believed they were included in the certified class, as the Court issued a widely publicized class certification order, which continued to receive substantial news coverage during and after the appeal.  *See O'Connor v. Uber Techs., Inc.*, 311 F.R.D. 547 (N.D. Cal. 2015), *rev'd*, 904 F.3d 1087 (9th Cir. 2018).  This case, which involves a much smaller certified class, has received nowhere near the same level of publicity that *O'Connor* had received at the time the Court ordered notice to be sent to non-class members.  Even in the highly unlikely event that either of the two articles cited by Plaintiffs—which appeared in Bloomberg Law and Law360—received attention from many drivers, let alone the much smaller subset of drivers who attempted to opt out of arbitration, issuing notice to non-class members would only cause greater confusion.  Accordingly, the Court should deny Plaintiffs' request to issue notice to non-class members in this case.

Respectfully submitted,

Dated:  September 3, 2021					LICHTEN & LISS-RIORDAN, P.C.

							By:	/s/ Shannon Liss-Riordan
								Shannon Liss-Riordan
								Attorneys for the Plaintiff Class


Dated:  September 3, 2021					GIBSON, DUNN & CRUTCHER LLP

							By:	*/s/ Theane Evangelis*
								Theane Evangelis
								Attorneys for Defendant
								Uber Technologies, Inc.