United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JAMES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES INC.,<br><br>Defendant. | Case No. 19-cv-06462-EMC<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**<br><br>Docket No. 187 |

    This matter is before the Court on Plaintiffs' motion for preliminary approval of the proposed class action settlement. Docket No. 187. Plaintiffs Christopher James, Spencer Verhines, and Kent Hassell (collectively, "Named Plaintiffs") on behalf of themselves and all others similarly situated ("Plaintiffs") Defendant Uber Technologies, Inc. ("Defendant" or "Uber") have entered into a Settlement Agreement, dated February 17, 2022 ("Settlement Agreement"), that, if approved would settle the above-captioned litigation. Where, as here, "the parties negotiate a settlement agreement before the class has been certified, settlement approval requires a higher standard of fairness and a more probing inquiry than may normally be required under Rule 23(e)." *Saucillo v. Peck*, 25 F.4th 1118, 1130 (9th Cir. 2022). The Court does not apply any presumption of fairness. *See id.* at 1130–1131. Before the motion hearing on March 24, 2022, the Court requested supplemental briefing on the maximum verdict value, the litigation risks, and the differences between the proposed settlement class and the prior certified class in this case. Docket Nos. 190, 191. The Court also asked additional questions regarding the value of the released minimum wage and overtime claims as well as the need for a claims process during hearing.

    Having considered the motion, the Settlement Agreement together with all exhibits and

1 attachments thereto, the record in this matter, and the briefs and arguments of counsel, the Court
2 **GRANTS** preliminary approval of the Settlement Agreement. The requisites for certification
3 have been met under Federal Rules of Civil Procedure 23(a) and 23(b)(3). The requisites for
4 preliminary approval have also been met under Federal Rule of Civil Procedure 23(e)(2). The
5 named plaintiffs have adequately represented the class, the Settlement Agreement was negotiated
6 at arm's length by a private mediator, and the amount of recovery is favorable compared to the
7 maximum verdict value. The benefits of settlement outweigh the litigation risks and the method
8 of distribution is fair. Parties should highlight and/or bold the average settlement award per class
9 member (approximately $4,750) on both the long form and summary notices. There is no
10 reversion back to Uber and any unclaimed funds after a second round of distribution will be
11 distributed to a *cy pres* beneficiary, Legal Aid at Work. There is equity within the class and to the
12 class. All of the indicia of fairness and non-collusiveness have therefore been satisfied.

13 Therefore, having reviewed Plaintiffs' Motion for Preliminary Approval of Class Action
14 Settlement, Approval of Class Action Notice Plan, and Leave to File Amended Complaint for
15 Settlement; and the Memoranda of Points and Authorities in support thereof; the Declaration of
16 Shannon Liss-Riordan; the proposed Settlement Agreement; the proposed Notice of Class Action
17 Settlement; and the arguments of counsel, along with the files and records in these cases, and in
18 recognition of the Court's duty to make a preliminary determination as to the reasonableness of
19 any proposed class action settlement, and if preliminarily determined to be reasonable, to ensure
20 proper notice is provided to class members in accordance with due process requirements, and to
21 conduct a final approval hearing as to the good faith, fairness, adequacy and reasonableness of any
22 proposed settlement, THE COURT HEREBY MAKES THE FOLLOWING DETERMINATIONS
23 AND ORDERS:

24     1. <u>Defined Terms</u>. For purposes of this Order, except as otherwise indicated herein,
25 the Court adopts and incorporates the definitions contained in the Settlement Agreement.

26     2. <u>Stay of the Action</u>. Pending the Fairness Hearing, all proceedings in the above-
27 captioned Action, other than proceedings necessary to carry out or enforce the terms and
28 conditions of the Settlement Agreement and this Order, are hereby stayed.

3. <u>Amended Complaint for Settlement</u>.  The Court GRANTS Plaintiffs leave to file the proposed Amended Complaint for Settlement attached as Exhibits A to the Settlement Agreement.

4. <u>Provisional Class Certification for Settlement Purposes Only</u>.  The Court provisionally finds, for settlement purposes only and conditioned upon the entry of this Order, that the prerequisites for a class action under Rule 23 of the Federal Rules of Civil Procedure have been satisfied in that: (i) the Settlement Classes certified herein numbers at least one thousand persons, and joinder of all such persons would be impracticable; (ii) there are questions of law and fact that are common to the Settlement Classes, and those questions of law and fact common to the Settlement Class predominate over any questions affecting any individual Settlement Class Member; (iii) the claims of the Named Plaintiffs are typical of the claims of the Classes they seek to represent for purposes of settlement; (iv) a class action on behalf of the Settlement Classes is superior to other available means of adjudicating this dispute; and (v) as set forth below, Named Plaintiffs and Class Counsel are adequate representatives of the Settlement Classes.  Uber retains all rights to assert that the Action may not be certified as class action, other than for settlement purposes.

The Court also concludes that, because the Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of class actions involving the issues in these cases.  *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

5. <u>Settlement Classes Definition</u>.  For settlement purposes only, this Court hereby certifies as a class under Rule 23 of the Federal Rules of Civil Procedure, and a collective action pursuant to 29 U.S.C. § 216(b), a Settlement Class consisting of all Drivers in California who have used the Uber Rides App at any time since February 28, 2019, up to and including December 16, 2020, and who have timely opted out of arbitration.  The Court also certifies as a class under Rule 23 of the Federal Rules of Civil Procedure, and a collective action pursuant to 29 U.S.C. § 216(b), a Settlement Class consisting of all Deliverers in California who have used the Uber EATS App at any time since June 28, 2016, up to and including October 7, 2021, and who have timely opted out

of arbitration. Excluded from the Settlement Classes are: (i) all Persons who are directors, officers, and agents of Uber or its subsidiaries and affiliated companies or are designated by Uber as employees of Uber or its subsidiaries and affiliated companies; (ii) Persons who timely and properly exclude themselves from the Settlement Classes as provided in this Settlement Agreement; and (iii) the Court, the Court's immediate family, and Court staff.

6. <u>Class Representatives and Class Counsel</u>. Named Plaintiffs Christopher James, Spencer Verhines, and Kent Hassell are designated as representatives of the provisionally certified Settlement Classes. The Court preliminarily finds that they are similarly situated to absent Settlement Class Members and therefore typical of the Settlement Classes, and that they will be adequate class representatives. Shannon Liss-Riordan and Anne Kramer of the law firm of Lichten & Liss-Riordan, P.C., whom the Court finds are experienced and adequate counsel for purposes of these settlement approval proceedings, are hereby designated as Class Counsel.

7. <u>Preliminary Settlement Approval</u>. Upon preliminary review, the Court finds that the Settlement Agreement, together with all its Exhibits, and the settlement it incorporates, appears fair, reasonable and adequate, and appears to be within the range of reasonableness of a settlement which could ultimately be given final approval by this Court. *See generally* Fed. R. Civ. P. 23; Manual for Complex Litigation (Fourth) § 21.632 (2004). Accordingly, the Settlement Agreement is preliminarily approved and is sufficient to warrant sending notice to the Class.

It further appears to the Court, on a preliminary basis, that the settlement is fair and reasonable to Settlement Class Members when balanced against the probable outcome of further litigation, liability and damages issues, and the potential appeal of any rulings. Significant discovery, investigation, research, and litigation has been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions. The settlement terms confer substantial benefits upon the Settlement Classes, particularly in light of the damages that Plaintiffs and their counsel believe are potentially recoverable or provable at trial, without the costs, uncertainties, delays, and other risks associated with continued litigation, trial, and/or appeal. It also appears that the proposed settlement has been reached as the result of intensive, informed, and non-collusive negotiations between the Parties, as the Parties reached a settlement

as a result of extensive arm's-length negotiations that occurred through a virtual mediation session with respected mediator, Martin Scheinman, who is experienced in mediating class action disputes.

Based on the Court's review of the papers submitted in support of preliminary approval, and the Court's familiarity with the issues in the case, the Court concludes that the proposed Settlement Agreement has no obvious defects and is within the range of possible settlement approval such that notice to the Settlement Classes is appropriate.

8. <u>Jurisdiction</u>.  The Court has subject-matter jurisdiction over the Action pursuant to 28 U.S.C. § 1332, and personal jurisdiction over the Parties before it.  Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391.

9. <u>Fairness Hearing</u>.  A Fairness Hearing shall be held before this Court before the undersigned, Hon. Edward M. Chen, on July 14, 2022, at 2:30 p.m., in Courtroom 5 of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, to determine whether the settlement of the Action pursuant to the terms and conditions of the Settlement Agreement should be approved as fair, reasonable, and adequate, and finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.  The Court will rule on Class Counsel's application for an award of attorneys' fees, costs, and expenses and incentive awards for Plaintiffs (the "Fee and Service Application") at that time.

Papers in support of final approval of the Settlement Agreement and Fee and Service Application shall be filed with the Court according to the schedule set forth in the Settlement Agreement.  The Fairness Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Classes.  After the Fairness Hearing, the Court may enter a Final Approval Order and Final Judgment in accordance with the Settlement Agreement that will adjudicate the rights of the Settlement Class Members (as defined in the Settlement Agreement) with respect to the claims being settled.

Class Counsel shall file their Fee and Service Application at least thirty-five (35) days before the Exclusion/Objection Deadline.  Class Counsel shall file their papers in support of final approval of the Settlement Agreement at least thirty-five (35) days before the Fairness Hearing.

1  Objections to the Settlement Agreement or the Fee and Service Application shall be submitted to
2  the Court on or before the Exclusion/Objection Deadline, and any opposition to the Motion for
3  Final Approval shall be filed with the Court at least twenty-one (21) days before the Fairness
4  Hearing.  Papers in response to objections to the Settlement Agreement or the Fee and Service
5  Application shall be filed with the Court on or before fourteen (14) days before the Fairness
6  Hearing.

7        10.     Administration.  In consultation with and with the approval of Uber, Class Counsel
8  is hereby authorized to establish the means necessary to administer the proposed settlement and
9  implement the claim process, in accordance with the terms of the Settlement Agreement.

10        11.     Class Notice.  The form and content of the proposed Long Form Notice, Summary
11  Notice, and Text Message Notice attached as Exhibits D, F, and G respectively, to the Settlement
12  Agreement, and the notice methodology described in the Settlement Agreement are hereby
13  approved so long as the average settlement share per claiming settlement class member
14  (approximately $4,750) is highlighted and/or bolded.  Pursuant to the Settlement Agreement, the
15  Court appoints Simpluris to be the Settlement Administrator to help implement the terms of the
16  Settlement Agreement.

17        (a) Notice Date.  As soon as possible after the entry of this Order, but not later than
18  twenty-one (21) days after the entry of this Order, the Settlement Administrator shall provide
19  notice to the Settlement Classes pursuant to the terms of the Settlement Agreement, in accordance
20  with the notice program set forth in the Settlement Agreement.  The Parties shall coordinate with
21  the Settlement Administrator to provide notice to the Settlement Classes pursuant to terms therein.

22        (b) Findings Concerning Notice.  The Court finds that the Settlement is fair and
23  reasonable such that the Long Form Notice and Summary Notice should be provided pursuant to
24  the Settlement Agreement and this Order.  The Notice fairly, plainly, accurately, and reasonably
25  informs Settlement Class Members of, and allows Settlement Class Members a full and fair
26  opportunity to consider, among other things: (i) the nature of the action; (ii) the identities of Class
27  Counsel; (iii) the terms and provisions of the proposed Settlement; (iv) the relief to which the
28  members of each class will be entitled, including detailed summaries of the programmatic relief

and claims process; (v) the process by which Settlement Class Members may make a claim for monetary relief if the settlement is approved; (vi) how administrative costs, attorneys' fees, and potential service payments will be handled; (vii) the procedures and deadlines for submitting objections, and/or requests for exclusion; and (viii) the date, time, and place of the fairness hearing.

(c) The Court finds that the form, content and method of disseminating notice to the Settlement Classes as described in the Settlement Agreement and in this Order: (i) complies with Rule 23(c)(2) of the Federal Rules of Civil Procedure as it is the best practicable notice under the circumstances, and is reasonably calculated, under all the circumstances, to apprise the members of the Settlement Classes of the pendency of this Action, the terms of the Settlement, and their right to object to the settlement or exclude themselves from the Settlement Classes; (ii) complies with Rule 23(e) and as it is reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the proposed settlement, and their rights under the proposed settlement, including, but not limited to, their right to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (iii) constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (iv) meets all applicable requirements of law, including, but not limited to, 28 U.S.C. § 1715, Fed. R. Civ. P. 23(c) and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that all of the notices are written in simple terminology, are readily understandable by Settlement Class Members, and comply with the Federal Judicial Center's illustrative class action notices.

12. <u>Deadline to Submit Claim Forms</u>. Settlement Class Members will have sixty (60) days from the date of the Notice Date to submit their Claim Forms, which is due, adequate, and sufficient time.

13. <u>Exclusion from Class</u>. Any Settlement Class Member who wishes to be excluded from the Settlement Classes must send to the Settlement Administrator by U.S. Mail a personally signed letter including the: (i) Settlement Class Member's name, address, and telephone number; (ii) a clear and unequivocal statement that the Settlement Class Member wishes to be excluded

from the Settlement Classes; and (iii) and the signature of the Settlement Class Member or the Legally Authorized Representative of the Settlement Class Member.  If the request for exclusion is emailed, it must be sent from the Settlement Class Member's account used to sign up to use the Uber platform and the Settlement Class Member's typed name will suffice as a signature.  "Mass" or "class" opt-outs are not permitted.  Any request for exclusion or opt out must be postmarked or emailed on or before sixty (60) days after the Notice Date ("the Exclusion/Objection Deadline").  The date of the postmark shall be the exclusive means used to determine whether a request for exclusion has been timely submitted.

The Settlement Administrator shall forward copies of any written requests for exclusion to Class Counsel and Uber's Counsel, and shall, before the Fairness Hearing, submit an affidavit to the Court attesting to the accuracy of the list.

If the proposed Settlement is finally approved, any potential Settlement Class Member who has not submitted a timely written request for exclusion from the Class on or before sixty (60) days after the Notice Date, shall be bound by all terms of the Settlement Agreement and the Final Order and Final Judgment, regardless of whether they have requested exclusion from the Settlement, even if the potential Settlement Class Member previously initiated or subsequently initiates any litigation against any or all of the Released Parties relating to Released Claims.  All persons or entities who properly exclude themselves from the Settlement Classes shall not be Settlement Class Members and shall relinquish their rights or benefits under the Settlement Agreement, should it be approved, and may not file an objection to the Settlement.

14. <u>Objections and Appearances</u>.  Settlement Class Members may object to the terms contained in the Settlement Agreement, the certification of the Settlement Classes, the entry of the Final Approval Order and Final Judgment, the amount of fees requested by Class Counsel, and/or the amount of the incentive awards requested by the representative Plaintiffs and other individuals, by submitting or filing a written objection with the Court by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, 17th Floor, San Francisco, CA, 94102, or by filing them in person at any location of the United States District Court for the Northern District of California.  Settlement Class Members

who fail to submit or file with the Court timely written objections in the manner specified in the Settlement Agreement, the Long Form Notice, and the Summary Notice shall be deemed to have waived all objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

To be timely, the objection must be postmarked or filed with the Court no later than the Exclusion/Objection Deadline. The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether the objection has been timely submitted. The objection must contain at least the following: (i) the objector's full name, address, telephone, and signature; (ii) a clear reference to the Action; (iii) a statement of the specific legal and factual bases for each objection argument; and (iv) a statement whether the objecting person or entity intends to appear at the Fairness Hearing, either in person or through counsel, and, if through counsel, a statement identifying that counsel by name, bar number, address, and telephone number. "Mass" or "class" objections are not permitted. All objections shall be signed by the objecting Settlement Class Member (or his Legally Authorized Representative), even if the Settlement Class Member is represented by counsel.

Any party to this case, including Settlement Class Members, may appear at the Fairness Hearing in person or by counsel, and may be heard to the extent allowed by the Court, in support of or in opposition to, the Court's determination of the good faith, fairness, reasonableness, and adequacy of the proposed Settlement, the requested attorneys' fees and litigation expenses, the requested class representative enhancement award, and/or the Order of Final Approval and Judgment regarding such Settlement, provided however, that no person, except Class Counsel and Defense Counsel, shall be heard in opposition to such matters unless such person has complied with the conditions set forth in the Notice of Class Action Settlement.

15. <u>Preliminary Injunction</u>. Pending final determination of whether the proposed settlement should be approved, all Named Plaintiffs and Settlement Class Members and their representatives, or any of them, who do not timely and properly exclude themselves from the Settlement Classes are barred and enjoined from directly, indirectly, derivatively, in a representative capacity, or in any other capacity, filing, commencing, prosecuting, maintaining,

1  intervening in, participating in, conducting, or continuing any action in any forum (state or
2  federal) as individual actions, class members, putative class members, or otherwise against the
3  Released Parties (as that term is defined in the Settlement Agreement) in any court or tribunal
4  asserting any of the Released Claims (as that term is defined in the Settlement Agreement), and/or
5  from receiving any benefits from any lawsuit, administrative or regulatory proceeding, or order in
6  any jurisdiction, based on or relating to the Released Claims.  In addition, all such persons are
7  hereby barred and enjoined from filing, commencing, or prosecuting a lawsuit against Uber (or
8  against any of its related parties, parents, subsidiaries, or affiliates) as a class action, a separate
9  class, or group for purposes of pursuing a putative class action (including by seeking to amend a
10 pending complaint to include class allegations or by seeking class certification in a pending action
11 in any jurisdiction) on behalf of Settlement Class Members who do not timely exclude themselves
12 from the Settlement Classes, arising out of, based on or relating to the Released Claims.  Pursuant
13 to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this preliminary injunction is
14 necessary and appropriate in aid of the Court's continuing jurisdiction and authority over this
15 Action.

16        16.    <u>Summary of Deadlines</u>.  In summary, the deadlines set by this Order are as follows:
17            (a) The Long Form Notice shall be disseminated within twenty-one (21) days after
18 the entry of this Order;
19            (b) The Summary Notice shall be disseminated within twenty-one (21) days after
20 the entry of this Order;
21            (c) Motion in support of the Final Approval of the Settlement shall be filed on or
22 before thirty-five (35) days before the Fairness Hearing;
23            (d) Class Counsel shall file their Fee Application on or before thirty-five (35) days
24 before the Exclusion/Objection Deadline and it shall be posted on the settlement website;
25            (e) Settlement Class members who desire to be excluded shall submit requests for
26 exclusion postmarked (or the equivalent for e-mail) no later than sixty (60) days after the Notice
27 Date;
28            (f) All written objections to the Settlement Agreement and the Fee and Service

Application and written notices of the objecting class member's intention to appear at the Fairness Hearing shall be filed with the Court and postmarked and mailed to the Settlement Administrator no later than the Exclusion/Objection Deadline;

(g) Any opposition to the Motion in support of the Final Approval of the Settlement shall be filed with the Court on or before twenty-one (21) days before the Fairness Hearing;

(h) All documents in support of final approval of the Settlement Agreement, and in response to objections to the Settlement Agreement or the Fee and Service Application, shall be filed with the Court on or before fourteen (14) days before the Fairness Hearing; and

(i) The Fairness Hearing shall be held on July 14, 2022, at 2:30 p.m. These deadlines may be extended by order of the Court, for good cause shown, without further notice to the Settlement Classes. Settlement Class Members may check the settlement website (www.jamesvuber.com) regularly for updates and further details regarding extensions of these deadlines.

17. <u>Termination of Settlement</u>. In the event the Court does not grant final approval to the settlement, or for any reason the parties fail to obtain a Final Approval Order and Final Judgment as contemplated in the Settlement Agreement, or the Settlement Agreement is terminated pursuant to its terms for any reason, or the Effective Date does not occur for any reason, then the following shall apply:

(a) All orders and findings entered in connection with the Settlement Agreement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

(b) The provisional certification of the Settlement Classes pursuant to this Order shall be vacated automatically, and the Action shall proceed as though the Settlement Classes had never been certified pursuant to this Settlement Agreement and such findings had never been made;

(c) Nothing contained in this Order is, or may be construed as, a presumption, concession or admission by or against Uber or Named Plaintiffs of any default, liability or

1  wrongdoing as to any facts or claims alleged or asserted in the Action, or in any actions or

2  proceedings, whether civil, criminal or administrative, including, but not limited to, factual or

3  legal matters relating to any effort to certify the Actions as class actions;

4      (d) Nothing in this Order or pertaining to the Settlement Agreement, including any

5  of the documents or statements generated or received pursuant to the claims administration

6  process, shall be used as evidence in any further proceeding in this case, including, but not limited

7  to, motions or proceedings seeking treatment of the cases as class actions; and

8      (e) All of the Court's prior Orders having nothing whatsoever to do with the

9  Settlement shall, subject to this Order, remain in force and effect.

10      18. <u>Use of Order</u>.  This Order shall be of no force or effect if the settlement does not

11  become final, and shall not be construed or used as an admission, concession, or declaration by or

12  against Uber of any fault, wrongdoing, breach, or liability in this Action or in any other lawsuit.

13  Nor shall this Order be construed or used as an admission, concession, or declaration by or against

14  Named Plaintiffs or the other Settlement Class Members that their claims lack merit or that the

15  relief requested is inappropriate, improper, or unavailable, or as a waiver by any party of any

16  defenses or claims he, she, or it may have in this Action or in any other lawsuit.

17      19. Class Counsel and Defense Counsel are hereby authorized to use all reasonable

18  procedures in connection with approval and administration of the Settlement that are not

19  materially inconsistent with this Order or the Settlement Agreement, including making, without

20  further approval of the Court, minor changes to the form or content of the Long Form Notice,

21  Summary Notice, and other exhibits that they jointly agree are reasonable or necessary.

22      20. <u>Retaining Jurisdiction</u>.  This Court shall maintain continuing jurisdiction over these

23  settlement proceedings to assure the effectuation thereof for the benefit of the Settlement Classes,

24  and for any other necessary purpose.

25      21. <u>Extension of Deadlines</u>.  Upon application of the Parties and good cause shown, the

26  deadlines set forth in this Order may be extended by order of the Court, without further notice to

27  the Settlement Classes.  Settlement Class Members may check the settlement website

28  (www.jamesvuber.com) regularly for updates and further details regarding extensions of these

deadlines.

In the event that the Effective Date does not occur, certification shall be automatically vacated and this Preliminary Approval, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

This order disposes of Docket No. 187.

**IT IS SO ORDERED**.

Dated: April 5, 2022

_____
EDWARD M. CHEN
United States District Judge