SHANNON LISS-RIORDAN, SBN 310719
(sliss@llrlaw.com)
ANNE KRAMER, SBN 315131
(akramer@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:     (617) 994-5800
Facsimile:      (617) 994-5801

Attorneys for Plaintiffs and the Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JAMES, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>Defendant. | CASE NO. 19-cv-06462-EMC<br><br>**PLAINTIFFS' SUPPLEMENTAL RESPONSE TO OBJECTIONS OF S. PATRICK MENDEL**<br><br>Hearing Date: July 21, 2022<br>Hearing Time: 1:30 pm<br>Courtroom:     5<br>Judge:  Judge Edward Chen |

## I. INTRODUCTION

The Objections filed by Objector S. Patrick Mendel should be overruled. As the Court has already recognized, Mr. Mendel does not have standing to move to dismiss this case as a non-party, see ECF No. 221 at 2, and as such, his Motion to Dismiss this case pursuant to the doctrine of Younger abstention, ECF No. 216, is improper. Insofar as the arguments in his Motion are construed as part of his Objection to the proposed settlement, they must be rejected because they lack merit, as described further below.

## II. ARGUMENT

Mr. Mendel's Objections should be overruled by the Court. Plaintiffs incorporate by reference, their previous response to Mr. Mendel's objections, at ECF No. 207, pp. 20-25. In his latest filing, Mr. Mendel insists that this case must be dismissed in favor of the pending case, Uber Techs. Wage and Hour Cases, CJC-21-005179 (San Fran. Sup. Ct.), brought by the state Attorney General and a number of other private litigants whose claims have been consolidated into a single coordinated proceeding. For the reasons set forth below, this argument should be rejected.

Younger abstention is a doctrine which takes its name from the Supreme Court case of Younger v. Harris, 401 U.S. 37 (1971). There, Harris, who had been indicted in state court for a violation of California's Criminal Syndicalism Act, commenced a case in federal court challenging the state law on constitutional grounds. The Supreme Court ruled that considerations of comity and federalism counseled in favor of the federal court abstaining and dismissing the federal case so as not to interfere with the pending state criminal prosecution. Thus, Younger stands for the proposition that "federal courts should abstain from granting equitable relief as to the validity of state criminal statutes when parallel criminal proceedings are ongoing in state court." Rynearson v. Ferguson, 903 F.3d 920, 924 (9th Cir. 2018). The doctrine was subsequently extended to a limited category of state civil cases where a state enforcement action is quasi-criminal in nature or the state's interest in enforcing the judgments of its courts is at stake. Id.

The Ninth Circuit has developed a five-prong test to determine when Younger abstention should apply to a civil case. Specifically, "'Younger abstention is appropriate only when the state proceedings:

(1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges.' If these four threshold elements are established, we then consider a fifth prong: (5) 'whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to Younger applies.'" Rynearson, 903 F.3d at 924-25 (citing ReadyLink Healthcare, Inc. v. State Compensation Insurance Fund, 754 F.3d 754, 759 (9th Cir. 2014)); see also Herrera v. City of Palmdale, 918 F.3d 1037, 1043-44 (9th Cir. 2019).

Younger abstention has a high bar and is "an extraordinary and narrow exception to the general rule that federal courts have no more right to decline the exercise of jurisdiction, which is given, than to usurp that which is not given." Potrero Hills Landfill, Inc. v. County of Solano, 657 F.3d 876, 882 (9th Cir. 2011); see also Blankenship v. Blackwell, 341 F. Supp. 2d 911, 919 (S.D. Ohio 2004) (Younger abstention "is the exception, not the rule"; noting that "the Supreme Court has discouraged declining jurisdiction on this basis because there is no doctrine that the availability or even pendency of state judicial proceedings excludes the federal courts") (internal citation omitted); AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1148 (9th Cir. 2007) ("As virtually all cases discussing these doctrines emphasize, the limited circumstances in which ... abstention by federal courts is appropriate...remain the exception rather than the rule") (internal quotation marks and citation omitted). Here, as set forth below, this case is not an appropriate one for the extraordinary invocation of Younger abstention.

First, the five factors set forth above make clear that this case does not qualify as one in which Younger abstention would apply. Even if the court accepts that Uber Techs. Wage and Hour Cases, CJC-21-005179 (San Fran. Sup. Ct.) is a quasi-criminal enforcement action by the state, implicating an important state interest, it is clear that this case does *not* have the "the practical effect of enjoining the state proceedings." Rynearson, 903 F.3d at 924-25. Indeed, the approval of the settlement and resolution of this case will only minimally impact the Attorney General's action, as it only purports to settle the claims of 1,329 California drivers for a specific timeframe and does not result in any declaratory or injunctive relief or any relief on behalf of the state or the hundreds of thousands of drivers who assented to Uber's arbitration agreement.

Second, "Younger cases generally have a common procedural posture," wherein the defendant in state court becomes the plaintiff in federal court. Devlin v. Kalm, 594 F.3d 893, 894 (6th Cir. 2010); see also Crawley v. Hamilton Cty. Comm'rs, 744 F.2d 28, 30 (6th Cir. 1984) ("In the typical Younger case, the federal plaintiff is a defendant in ongoing or threatened state court proceedings seeking to enjoin continuation of those state proceedings. Moreover, the basis for the federal relief claimed is generally available to the would-be federal plaintiff as a defense in the state proceedings."); Fernández v. Trías Monge, 586 F.2d 848, 851 (1st Cir. 1978) ("In the paradigm situation calling for Younger restraint, the state defendant brings a federal action challenging the statute under which he is simultaneously being prosecuted"); SSDD Enterprises, Inc. v. Village of Lansing, No. 95 Civ. 6064, 1997 WL 176576, at *5 n.13 (N.D. Ill. April 4, 1997) ("Younger abstention typically arises where a party has an action filed against him in state court to enforce an ordinance or statute, and he commences suit in federal court challenging the legislation's constitutionality"). Thus, for this case to follow the Younger paradigm, Uber would have to have filed this case in federal court, seeking to avoid the consequences of the Attorney General's pending suit in state court. Instead, this case – which was filed many months ***before*** the Attorney General's suit – was filed on behalf of a small subset of California Uber drivers who consistently opted out of Uber's arbitration clause. Plainly this case does ***not*** present the typical Younger scenario, as this suit does not involve the defendant in state court (Uber) becoming the plaintiff in federal court and seeking to avoid or undermine the pending state enforcement action. By contrast, this case and the Attorney General's suit are simply two parallel and overlapping actions, brought by entirely distinct plaintiffs against similar defendants.[1] Indeed, as set forth above, the approval of the settlement will only minimally impact the Attorney General's action, as it only purports to settle the claims of a small subset of California Uber drivers. In sum, the instant settlement does not "interfere" with the pending state court action at all, and it does not present the type of fact pattern in which Younger abstention has been found appropriate.

---

[1] The Attorney General's case names both Uber and Lyft as defendants.

Many courts have rejected Younger abstention in cases like this one, where the procedural posture does not implicate it. See Nader v. Keith, 385 F.3d 729, 732 (7th Cir. 2004) (rejecting Younger abstention as the typical circumstances are "not this case. Nader … merely is pursuing parallel remedies against the state's refusal to certify him as a candidate" in state and federal court.); Jernigan v. Crane, 64 F. Supp. 3d 1260, 1269 (E.D. Ark. 2014), aff'd, 796 F.3d 976 (8th Cir. 2015) ("Abstention is mandated under Younger only when the federal plaintiff is actually a party to the state proceeding"); SSDD Enterprises, Inc. v. Village of Lansing, No. 95 Civ. 6064, 1997 WL 176576, at *5 (N.D. Ill. April 4, 1997) ("The court notes that Younger may not apply in situations such as the one presented here where Plaintiffs (and not Defendants) filed the initial suit in state court"). As the Seventh Circuit noted in Nader, 385 F.3d at 732, "[f]ederal courts do sometimes stay their hand when parallel state judicial or administrative proceedings are pending" by utilizing other, more appropriate abstention doctrines such as Colorado River abstention; however, here, this Court already carefully considered and rejected Colorado River abstention earlier in the case, see ECF Nos. 73, 91, and Mendel has not provided any reason to depart from that sound conclusion.[2]

---

[2] "[T]he threshold question in deciding whether Colorado River abstention is appropriate is whether there are parallel federal and state suits." Dzhanikyan v. Liberty Mut. Ins. Co., 2014 WL 12781773, at *10 (C.D. Cal. May 9, 2014). If that factor has been satisfied, the Ninth Circuit uses eight factors to determine whether to apply the Colorado River abstention doctrine: "'(1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.'" Id. (quoting R.R. Street & Co. Inc. v. Transport Ins. Co., 656 F.3d 966, 978-79 (9th Cir. 2011). In the present case, Colorado River abstention was deemed not to be warranted, primarily because the state court's decision seemed unlikely to completely resolve all the issues before the federal court. Moreover, contrary to Mr. Mendel's assertion that "no proceedings of substance have occurred in this federal action" (ECF No. 216 at 10), this case was filed first and has advanced much farther than the state court action, as a class was certified, and the parties were poised to receive a decision on summary judgment as well had they not settled. It is clear that abstention at this juncture, after an excellent settlement has been reached, in which no class members have opted out and three-quarters of the class has claimed, would be wholly inappropriate.

### III. CONCLUSION

Mendel's objections must be overruled. This is a historic settlement that far exceeds other, similar settlements that have been repeatedly approved by federal and state courts. The Court should grant final approval, overrule the objections, and order the Objector to pay a bond if he continues to pursue these frivolous objections on appeal, to the detriment of the Settlement Class.[3]

Date: July 12, 2022

                                                         Respectfully submitted,

                                                         CHRISTOPHER JAMES et al, individually and on behalf of all others similarly situated,

                                                         By their attorneys,

                                                         _/s/ Shannon Liss-Riordan_

                                                         Shannon Liss-Riordan, SBN 310719
Anne Kramer, SBN 315131
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com; akramer@llrlaw.com

---

[3] Plaintiffs submit that the Court should require Mendel to post a bond, should he choose to pursue these frivolous objections on appeal. An appeal bond is appropriate when a party has engaged in bad faith or vexatious conduct or where the appeal lacks merit. See Tri-Star Pictures, Inc. v. Unger, 32 F.Supp.2d 144, 148-49 (S.D.N.Y. 1999), aff'd 198 F.3d 235 (2d Cir. 1999) (requiring posting of a $50,000 bond); see also Vaughn v. Am. Honda Motor Co., 627 F.Supp.2d 738, 751 (E.D. Tex. 2007) (requiring objector to post $150,000 bond); Barnes v. FleetBoston Fin. Corp. 2006 U.S. Dist. LEXIS 71072, at *8-9 (D. Mass. Aug. 22, 2006) (requiring objector to post $645,000 bond); Conroy v. 3M Corp. 2006 U.S. Dist. LEXIS 96169, at *11 (N.D. Cal. Aug. 10, 2006) (requiring objector to post $431,167 bond).

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served by electronic filing on July 12, 2022, on all counsel of record.

                                */s/ Shannon Liss-Riordan*
                                Shannon Liss-Riordan, Esq.