1  S. Patrick Mendel
2  1319 Washington Ave, #163
   San Leandro, CA  94577
3  Carpartners1@gmail.com
4  Ph. 415-812-8507

RECEIVED

2022 JUL 19 P 4 12

CLERK, US DISTRICT COURT
NO. DIST. OF CA.

5

# UNITED STATES DISTRICT COURT

6

# NORTHERN DISTRICT OF CALIFORNIA

7

8  **CHRISTOPHER JAMES** et al., individually
   and on behalf of all others similarly situated,
9                    Plaintiff,

10 vs.

11 **UBER TECHNOLOGIES INC.,**

12                    Defendant

13

14

15

16

17

18

19

20

CASE NO. 19-CV-06462-EMC

PLAINTIFF CLASS-MEMBER MENDEL'S
REPLY TO PLAINTIFF'S RESPONSE TO
MENDEL'S OBJECTION TO
SETTLEMENT; DOCS 207 AND 223
MEMORANDUM; REQUEST FOR
JUDICIAL NOTICE AND AFFIDAVIT IN
SUPPORT THEREOF

**PLAINTIFF MENDEL REQUEST'S
ORAL ARGUMENT AT THE
SETTLEMENT HEARING**

Hon. Edward M. Chen

Hearing: July 21, 2022
Time: 1:30pm
Courtroom 5

21

22  **PLAINTIFF MENDEL'S REPLY TO PLAINTIFF'S RESPONSE TO MENDEL'S
    OBJECTION AND MOTION TO DISMISS**

23

24

25  I.      **INTRODUCTION**

26          **There are now 56 innocent drivers murdered by their passengers…**

            **…and counting!**

27

28          MENDEL'S REPLY TO PLAINTIFF'S RESPONSE
            **CASE NO. 19-cv-06462-EMC**                              - 1

1

2      The Response by Plaintiff's counsel, [See: Docket Documents 207 and 223], should be

3  stricken from the record as they were not served on Mr. Mendel as required by the Federal Rules

4  of Civil Procedure, Rule 5.  Mr. Mendel rightly and correctly objects to this failure, this

   insufficient legal service, as unfair and prejudicial. See: FRCP, Rule 12(b).

5      The most recent Plaintiff's Response, Doc#223, filed July 12, 2022, in opposition to

6  Mendel's Motion to Dismiss under Younger abstention, and not served upon Mendel as required

7  by FRCP, Rule 5, contain so many personal attacks and misstatements of facts and law it

   requires a line by line correction and refutation as made below.

8

9

10    1) **As an initial matter**: this Court vacated the "Motion to Dismiss" <u>briefing schedule</u>, a

11       schedule Mendel never knew existed, and this Court said, "it would consider Mendel's

12       concerns in the context of the fairness hearing." SEE: Document 221; Order, filed July 8,

13       2022, page 2, lines 16-17 and no copy of this ORDER was sent to Mendel, as of July 18,

14       2022, 10 days after filing, to Mendel who is pro se, and not authorized to file on the

         PACER system.

15            This Court should in fairness grant Mendel the opportunity to REPLY and issue a

16       delay of the fairness hearing if the opposition finds it necessary, "in fairness." Mendel has

17       served by email a copy of this Reply to Plaintiff's and Defendant's Counsel, as well as

18       hard copy by U.S. Mail. Mendel also emailed a copy to the Clerk of the Court and hand

19       delivery was attempted at the Courthouse on July 19, 2022. The same July 19, 2022

         deadline was provided and granted by this Court to Objector William Greyer.

20    2) **THIS REPLY**: As will be shown here, the **"Responses"** by Plaintiff's Counsel,

21       misrepresents the undisputed facts and the applicable federal law and authorities that this

22       Court must apply to Mendel's "objection" by Motion to Dismiss; for lack of jurisdiction

23       under the ***Younger*** doctrine and which was properly served upon all parties counsel,

24       twice!

25    3) Mendel **objects** to the failure of Plaintiff's Counsel to serve upon him a copy of their

26       "Responses" [Doc's 207 and 223] filed in this Court while keeping Mendel, a "pro se

27       litigant" without PACER filing authority, in ignorance of these filed responsive pleading

28              MENDEL'S REPLY TO PLAINTIFF'S RESPONSE
                **CASE NO. 19-cv-06462-EMC**                           - 2

actions in this Court.  It is patently unfair to Mendel and contrary to the Federal Rules of Civil Procedure, Rule 5(a)(1)(B)[1] . This interference denied Mendel his right to reply.

## II.     ARGUMENT

Plaintiff's Response, page 2, Lines 10-11:

*"Mr. Mendel's Objections should be overruled by the Court. Plaintiffs incorporate by reference, their previous response to Mr. Mendel's objections, at ECF No. 207, pp. 20-25"*

**REPLY:**  Mendel Objects, Mendel asks that this sentence be stricken because Mendel was never served this Document #207 as is required by FRCP. Rule 5.  Incorporating by reference, any argument Mendel has no knowledge of and never had an opportunity to reply to, is disfavored, not proper and unfair to Mendel.

### *Younger Abstention Issues*

Plaintiff's Response, Page 3, Lines 20-24:
*"First, the five factors set forth above make clear that this case does not qualify as one in which Younger abstention would apply. Even if the court accepts that Uber Techs. Wage and Hour Cases, CJC-21-005179 (San Fran. Sup. Ct.) is a quasi-criminal enforcement action by the state, implicating an important state interest, it is clear that this case does **not** have the "the practical effect of enjoining the state proceedings." Rynearson, 903 F.3d at 924-25."*

**REPLY:**  Plaintiff's Response is just wrong, the five factors for Younger abstention are present here.

The Uber Techs. Wage and Hour Cases, CJC-21-005179 (San Fran. Sup. Ct.) is a quasi-criminal enforcement action by the State of California, being prosecuted by the California Attorney General against Uber Technologies and Lyft Inc.  The enforcement of California's Labor laws and the "enforcement" penalties being sought for Uber's failure

---

[1] Federal Rules of Civil Procedure. Rule 5 (a) Service: When Required. (1) *In General.* Unless these rules provide otherwise, each of the following papers must be served on every party: (B) a pleading filed after the original complaint, unless the court orders otherwise under Rule 5(c) because there are numerous defendants;

to comply obviously implicates an important state interest. Every one of the claims in this *James* case are being prosecuted by the California Attorney General, and then some.

**Plaintiff's Response**: *"it is clear that this case does not have the "the practical effect of enjoining the state proceedings."* [citation omitted]

**REPLY**: This statement is wrong and ignores the facts.  Mendel is one of more than 5000 California Uber and Lyft driver citizens who filed individual complaints with the California Labor Commissioner for violations of California's Labor laws which overwhelmed the California Labor Department and is what lead to the necessity for the California Attorney General to take over the problem and file the California complaint in California State Court.

Plaintiff's counsel ignores the fact that Mendel and every one of the 1379 "class-members" in this action are being represented by the California Attorney General, who seeks penalties for each occurrence, to each Uber and Lyft driver, for violations of California's Labor Codes by defendant Uber.  IF this Court were to grant the settlement it would be interfering with the jurisdiction of the California State Court's jurisdiction over all 1379 class-members in this James case who are part of the, [Plaintiff's words] "hundreds of thousands of drivers" involved in the State Court action.

This would have; as Plaintiff's counsel stated: "the practical effect of enjoining the State Court proceedings" by removing State Court jurisdiction over the same litigants represented by the Attorney General in the State Court action.

Should this Court approve the "Settlement" it would have the practical effect of enjoining - removing 1379 litigants from State Court jurisdiction.  This is interference with the State Court's jurisdiction and process violating U.S. Supreme Court authority under *Huffman v. Pursue, Ltd.*, 420 US 592 (1975): Quoting:

> But we went on to explain that this doctrine "is reinforced by an even more vital consideration," an aspect of federalism which we described as
>
> "the notion of `comity,' that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will

fare best if the States and their institutions are left free to perform their separate functions in their separate ways." Id., at 44.

Central to Younger was the recognition that ours is a system in which

"the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States." Ibid.

AND SEE: _Sprint Communications, Inc. v. Jacobs_, 134 S. Ct. 584 (2013):

"We have since applied Younger to bar federal relief in certain civil actions. Huffman v. Pursue, Ltd., 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), is the pathmarking decision. There, Ohio officials brought a civil action in state court to abate the showing of obscene movies in Pursue's theater. Because the State was a party and the proceeding was "in aid of and closely related to [the State's] criminal statutes," the Court held Younger abstention appropriate. Id., at 604, 95 S.Ct. 1200."

Enforcement of California's Labor laws by the Attorney General is on the same footing. **Also See**: _New Orleans Public Service, Inc. v. Council of City of New Orleans_, 491 US 350, 369 (1989)

"For Younger purposes, the State's trial-and-appeals process is treated as a unitary system, and for a federal court to disrupt its integrity by intervening in midprocess would demonstrate a lack of respect for the State as sovereign." [Emphasis added]

Under the authority of the US Supreme Court cited above this Court should in the very least abstain by "stay of these proceedings" until the California Courts have completed their process rather than to interfere by removing _James_ Class members from the jurisdiction of the State Court proceedings.

**Plaintiff's Response**: page 3, Lines 24-25
        _"Indeed, the approval of the settlement and resolution of this case will only minimally impact the Attorney General's action, ... "_

**REPLY:** Plaintiff's own statement here is an admission that approval of the proposed "Settlement" would impact the Attorney General's actions in the California Courts, this is the reason for the _Younger_ doctrine in the first place, and this Court should respect the comity and federalism concerns raised by Mendel and supported by US Supreme Court authority.

**Plaintiff's Response**: page 4, Lines 15-17:

*"Instead, this case – which was filed many months before the Attorney General's suit – was filed on behalf of a small subset of California Uber drivers who consistently opted out of Uber's arbitration clause."*

REPLY: It does not matter for Younger purposes when the Attorney General filed his case, as this James case was not settled, or already had a jury or judicial solution before the California Attorney General filed his action.

**Plaintiff's Response**: page 4, Lines 17-19

*"Plainly this case does not present the typical Younger scenario, as this suit does not involve the defendant in state court (Uber) becoming the plaintiff in federal court and seeking to avoid or undermine the pending state enforcement action."*

**REPLY:** This statements twisting of the facts is an embarrassment. Approval of the pending "Settlement would most certainly undermine the enforcement actions of the California Attorney General and interfere with the jurisdiction of the California State Court's jurisdiction over 1379 citizens, James class-members who are represented by the Attorney General in the State Court action. Uber most certainly is seeking to avoid hundreds of dollars times hundreds of incidents of labor code violation fines across 1379 class-members, including some number of previously unidentified drivers last minute added by Uber with the additional benefit of claims this Court refused to allow being thrown in for the betterment of Uber's financial gains. As one (1) example Mendel himself when filing his original complaint with the Labor Commissioner listed more than 4900 dollars of applicable California fines, separate from his personal claims, for the labor code violations he asserted. Let's see, $4900.00 dollars times 1379 is $6,757,100, give or take. A potentially large savings of California fines for Uber.

Lest we forget, Plaintiff's counsel's motivation, the pending legal fees in excess of $2.5 million dollars which does nothing to stop the ongoing murders of innocent Uber drivers by their passengers and the devastation to their families' loss. An item of irreparable harm Plaintiff's counsel has avoided at every turn of her caring representation of her Uber driver clients.

**Plaintiff's Response:** page 5, Lines 5-7

Plaintiff's own citations support Mendel's Motion to Dismiss under the Younger doctrine.

> *"Jernigan v. Crane, 64 F. Supp. 3d 1260, 1269 (E.D. Ark. 2014), aff'd, 796 F.3d 976 (8th Cir. 2015) ("Abstention is mandated under Younger only when the federal plaintiff is actually a party to the state proceeding");"*

**REPLY:** It cannot be disputed that Mendel and the other 1378 *James* class-members are also Plaintiff's in the State Court action and represented by the California Attorney General, if not for the Uber and Lyft drivers, including James Class Members, the California Attorney General would have no one to represent in his State Court action. This is the reality, and it defeats Plaintiff's misleading and dishonest representations before this Court.

**Plaintiff's Response:** page 5, Footnote #2

> *"In the present case, Colorado River abstention was deemed not to be warranted, primarily because the state court's decision seemed unlikely to completely resolve all the issues before the federal court.*

**REPLY:** Mendel never had an opportunity to address this Court when it made a decision regarding the Colorado River Abstention doctrine in this case. But, Plaintiff's statement quoted above denies the reality of the pleadings filed in the Uber Consolidated cases and the last Amended Complaint filed in this *James* case. The entire *James* complaint lists only violations of California Labor laws, there are no federal law issues, [there should have been] and all of the listed complaint items are identical to the Attorney General's active complaint as well as the enforcement of fines for Uber's alleged violations of the California Labor codes.

    **NOTE:** IF Plaintiff's counsel would have raised Uber's unlawful conduct in violation of the federal transportation laws, Mendel's action would be moot. The trouble is Plaintiff's counsel did not and has steadfastly refused to raise Uber's violation of federal transportation laws to the deadly result of more than 56 murdered drivers.

MENDEL'S REPLY TO PLAINTIFF'S RESPONSE
**CASE NO. 19-cv-06462-EMC**                                             - 7

Now averaging one (1) driver murdered by their "rideshare" passenger every week and a half, each and every one of these murders was preventable by the simple enforcement of existing federal transportation laws.  Federal law, contrary to California's "Transportation Network Company" ["TNC"] laws, specifically prohibits the sales or arrangement of passenger transportation to private motor vehicles as an occupation or business. 49 U.S.C. §13506(b)(2) and 49 CFR §372.101.  Congress passed these laws because the States were unable or unwilling to properly regulate or protect the traveling public, as "rideshare" conduct and "brokering of passenger transportation to private motor vehicles was found to be the cause of murder, rape and assaults upon the innocent traveling public. ***California v. Zook,*** 336 US 725 (1949)

The federal courts were assigned "enforcement" responsibility by Congress under private right of action statutes 49 U.S.C. §14704 and §14707 to enjoin unlawful transportation conduct. The Federal Motor Carrier Safety Administration only has administrative capacity and Congress sought to save scarce federal resources put the burden of raising violations of the transportation laws upon the private citizens.

The result is now 56 drivers murdered, and Plaintiff's counsel steadfastly maintains that she has no obligation to raise any issue she determines is not worthy of action.  The families of the innocent murdered drivers and Mendel would like to know when the value of preventable lost human lives becomes worthy of Plaintiff's Counsel and the federal courts attention and action?  Simply enforce standing federal laws.

Plaintiff's counsel has pounded her opinions and ignored the undisputed facts and the applicable law. This Court should not tolerate such highbrow efforts to defeat justice with the continuing result that innocent citizens seeking to earn money for themselves and family results in their death at the hands of criminals "using Uber's smartphone application" to lure in their victims.

Mendel has stated the undisputed facts and presented the applicable laws and authorities. At some point the facts and the law matters and it has real consequences for real working stiffs striving for a better life, it should not result in their preventable death.

Plaintiff's counsel seeks to tar Mendel with a brush of invectives designed to prejudice the Court.  Mendel, is pro se, not stupid. He does not sit upon the world's longest stupid bench.

Contrary to Plaintiff's counsel's flying invectives, at no time has Mendel been anything other than respective and done his best to comply with the rules and procedures. Mendel has presented the facts and the laws.  The fact is Mendel's efforts to present the facts and law have been thwarted by the misuse of "judicial doctrines" and abusive application of rules and procedures to avoid any decision addressing the SUBSTANCE of his complaints in the federal courts. Contrary to Plaintiff's counsel, Mendel knows the definition of a vexatious litigant, and clearly Counsel does as well because no action could be brought without addressing the SUBSTANCE of Mendel's efforts to seek to have the federal courts enforce the law.  This is what the right to petition the government is supposed to be about.  Mendel has not sought outrageous money awards or hurled insults.  Yet people keep being murdered, raped and assaulted.

**NOTE:** It is significant that Uber has never attempted to defend itself from Mendel's allegation that they are operating unlawfully under federal transportation law.  They raise "legal technicalities" and the over worked Courts surrender to the attorney arguments and ignore the substance of the pro se litigant desperate cries for help..  This is again not what one should expect in the United States, the facts and the law should matter, not the purse!

To date: no federal court, district or appellate, in the entire United States has addressed the federal transportation laws and Uber's unlawful "brokering" conduct. Not one.

Mendel's opinion is that *Everyone* reading this brief should understand what this case means for the future of the United States.  In Russia, and China you know what you are dealing with in those admitted communist countries.  In the present United States, it's the rule of corporations and their government participants who are destroying "capitalism".  In a country that professes to be about the rule of law and not of men, it's currently a lie!  If we don't return to our roots as established by the Founding Fathers, the United States will be just another sad and corrupt footnote in history.

Mendel has honestly brought forth his complaints and at every opportunity tried to meet the rules and procedures as best as a layman can.  In fact the US Supreme Court has admonished the lower courts not to dismiss "pro se" complaints on "legal technicalities" but to consider them based upon the complaint and the substance of the words a layman provides.  So far, the federal

courts appear to ignore this directive.  See: _Sause v. Bauer_, 138 S. Ct. 2561, 585 US __, 201 L. Ed. 2d 982 (2018).

   ***This Court's most recent ORDER, recognizing Mendel is a member of the James class*** [Doc #221] and granting consideration of Mendel's Motion to Dismiss during the fairness hearing was either audaciously supportive of the directives of the Supreme Court towards pro se litigants or it was damning by faint praise, setting up another failure for justice to prevail, only this Court will ultimately define the outcome.

## CONSTITUTIONAL RIGHTS VIOLATIONS

   Mendel has a constitutional right to petition the government for a redress of grievances. This most important right in Mendel's opinion has been severely damaged in the federal courts, the very place that should honor this right.

   Mendel presents the following facts and law to support his concerns before this Court. The record must reflect these concerns so that this Court is able to provide a corrective.

   On June 27th 2022 Mendel began an email communication with the Clerk of this Court. A true and correct copy of these email communications are presented in Mendel's Request for Judicial Notice No. 1.

   Mendel began his email with an inquiry as to why his "Motion to Dismiss" was not on the docket in the PACER System.  The first reply by Clerk Ayala, asked Mendel what date the Post Office confirmed delivery of his Motion to Dismiss on June 28, 2022.  Mendel replied that the Post Office confirmed that the Motion had been delivered on June 15th 2022.  Mendel also attached to the email copies of the "missing Motion."

   On reply from the Clerk on June 30th, 2022, the Clerk stated the following:

   *"I was advised that your motion does not appear on the docket because you are not a party to the case and have not moved to intervene in the case. Non-parties may not move to dismiss the case. You must follow the Federal Rules of Civil Procedure if you seek to intervene in the case. I hope this information helps."*

   Mendel replied on July 7th 2022 asking who "advised" you or provided this justification for not filing my Motion to Dismiss and please tell me why the motion was not returned to me?
   Continuing….Quoting:

*I am confused by your response as I included a declaration with my motion to dismiss which "proves" as a matter of admissible evidence that I am a member of the class action...this proof in all motions I have submitted to this court has not been refuted or disputed by anyone.*

*Since the only evidence before this Court shows I am a class member and therefore a litigant in this case, I need and require answers to my questions above.*

*Thank you for your immediate attention and response.*

To date Mendel has not received any response to this last email question.

Mendel printed and served a second copy to the Court and the counsel for both parties and on July 9, 2022 I saw the Motion to Dismiss on the PACER system.

According to the Federal Rules of Civil Procedure, Rule 5(d)(4) it states that the Clerk must not refuse to file a paper. The Rule states:

(4) *Acceptance by the Clerk.* The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice.

Because of this conduct and the responses and lack of responses by the Clerk's office it is the opinion of Mendel that there is a personal prejudice being exercised against him and designed to thwart his ability to participate in and exercise his constitutional rights to petition the government for a redress of grievances. The undisputable factual conduct towards Mendel as described here is abusive of Mendel's rights, and should be corrected by this Court immediately.

**Younger doctrine does not apply IF this Court enjoins Uber's unlawful brokering transportation conduct under federal transportation laws.**

This Court erred in denying Mendel's attempt to provide this Court with choices to issue a TRO or a Preliminary Injunction. This Court's decision to treat the Motion as only a TRO appears in Mendel's opinion to have been designed to prevent Mendel from appealing an adverse TRO decision in his attempts to stop Uber's unlawful and deadly "brokering" conduct. This Court can *"sua sponte"* they call it, change its decision and provide an opportunity for Uber to defend their unlawful conduct before this Court. Failing that; this Court should take the opportunity to save innocent lives by enjoining any further violations of federal transportation laws by Uber Technologies, Inc. Failure of this Court to enforce the federal transportation laws will result in more innocent drivers being murdered and passengers being raped.

MENDEL'S REPLY TO PLAINTIFF'S RESPONSE
**CASE NO. 19-cv-06462-EMC**                                                    - 11

1

2    **III.    CONCLUSION**

3    Mendel may never get the satisfaction that the transportation laws of the United States were

4    upheld by this Court and he saved innocent lives from serious irreparable harm.

5    But this Court should know that the International Consortium of Investigative Journalists

6    released the "Uber Files."  The report shows "by documented proof" the corruption of influence

7    Uber used with extremely high world government officials including in the United States, and

8    including the current President Biden, when he was Vice-President, and Anthony West, the

9    former number two, Attorney General of the United States, now in charge of Uber's legal

10   department to secure the ability to operate their unlawful [illegal] enterprise. Available at:

     https://www.icij.org/investigations/uber-files/

11           The tide is turning, and now an attorney has filed an antitrust case on behalf of drivers

12   against Uber in California State Court.  The same action Mendel tried to bring in federal court.

13   Dismissed on legal technicalities.

14           The point: Mendel is not wrong, has never been wrong and there is a problem here and it

15   needs to be fixed.  The days of continued financial corruption by large corporations and the

16   carnage they inflict with the aid of political government officials is being dragged out into the

17   public sun shine.  The people eventually decide enough is enough and demand accountability.

18   This Court as both a judicial officer of the federal government and citizen of the United States of

19   America should grant Mendel's Motion to Dismiss and take every available action to put a stop

20   to Uber's unlawful conduct by simply enforcing the federal transportation laws designed by

21   Congress to prevent the bloodshed and carnage currently ongoing against innocent citizens.

     Nothing could be more righteous, noble or just.

22

23   Respectfully submitted

24

25   JULY 19, 2022

                                                    _____
26                                                           S. Patrick Mendel

27

28                    MENDEL'S REPLY TO PLAINTIFF'S RESPONSE
                           **CASE NO. 19-cv-06462-EMC**                              - 12

**PROOF OF SERVICE BY MAIL**

**IN THE UNITED STATE DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**CASE NO. 19-CV-06462-EMC**

I, Larry A. Beal declare:

I am a citizen of the United States, a resident of Alameda County, California, and am over 18 years of age. I am not a party to the within entitled action.

My business/residence address is: 26185 Fairview Ave, Hayward, CA 94542. On July 19, 2022, I served a copy of the:

1. PLAINTIFF CLASS-MEMBER MENDEL'S REPLY TO PLAINTIFF'S RESPONSE
2. PLAINTIFF CLASS-MEMBER MENDEL'S REQUEST FOR JUDICIAL NOTICE
   AND DECLARATION

   In this action, in United States District Court, by placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Leandro, California, 94577, addressed as follows:

Shannon Liss-Riordan                     Theane Evangelis
Lichten and Liss-Riordan, P.C.           Gibson Dunn Crutcher LLP
729 Boylston St.                         333 South Grand Ave.
Suite 2000                               Los Angeles, CA 90071
Boston, MA 02116

I also witnessed Mr. Mendel send copies of these documents by email to the attorneys listed above

I declare, under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.


Dated: July 19, 2022            _____
                                            LARRY A BEAL


PROOF OF SERVICE