SHANNON LISS-RIORDAN (SBN 310719)
sliss@llrlaw.com
ANNE KRAMER, SBN 315131
(akramer@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: 617.994.5800
Facsimile: 617.994.5801

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JAMES, et al., individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>   v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>            Defendant. | CASE NO. 19-cv-06462-EMC<br><br>**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT OF DISMISSAL**<br><br>Hon. Edward M. Chen<br><br>Hearing:   July 21, 2022<br>Time:       3:00 p.m.<br>Courtroom: 5 |

This matter (referred to herein as the "Action") came before the Court for hearing on July 21, 2022, pursuant to the Notice of Motion and Motion for Final Approval of Class Action Settlement Agreement and Release ("Settlement" or "Agreement" or "Settlement Agreement"), filed on June 9, 2022 by Christopher James, Spencer Verhines, and Kent Hassell ("Named Plaintiffs"), individually and as representatives of the Settlement Class defined below. Named Plaintiffs and Defendant Uber Technologies Inc., seek approval of the Settlement, Dkt. 189-4.

Due and adequate notice of the Settlement having been given to the Settlement Class; the Court having carefully considered all papers filed and proceedings held herein, including the objections to the proposed Settlement and/or fee petition, the Memorandum of Points and Authorities in Support of the Motion and associated Declaration(s), the Settlement, the arguments of counsel, and the record in this case; the Court otherwise being fully informed in the premises; and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The Court grants the Motion for Final Approval of Class Action Settlement Agreement and Release (Dkt. 189-4 – the "Settlement Agreement") and grants final approval of the Settlement. The Settlement Agreement is hereby incorporated into this District Court Final Approval Order ("Order and Final Judgment"), and all terms used herein shall have the same meanings set forth in the Settlement Agreement.

2. This Court has personal jurisdiction over all members of the Settlement Class and subject matter jurisdiction to approve the Settlement Agreement.

3. The Court confirms its previous certification of the following Settlement Class, for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(b)(3): All Drivers who have used the Uber Rides App in California to transport passengers between February 28, 2019 and December 16, 2020, or who used the Uber EATS App in California to deliver items or food between June 28, 2016 and October 7, 2021, and who validly opted out of Uber's arbitration agreement, except for (i) all Persons who are directors, officers, and agents of Uber or its subsidiaries and affiliated companies or are designated by Uber as employees of Uber or its

subsidiaries and affiliated companies; and (ii) the Court, the Court's immediate family, and Court staff.

4. The Court confirms its previous appointment of the following people as Representatives of the Settlement Class: Christopher James, Spencer Verhines, and Kent Hassell. The Court finds that these Class Representatives have adequately represented the Settlement Class for purposes of entering into and implementing the Settlement.

5. In accordance with Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards, the Court finds that the following Service Awards are fair and reasonable, and orders awards of $10,000 each to be paid pursuant to the Settlement Agreement.

6. The Court confirms its previous appointment of the law firm of Lichten & Liss-Riordan, P.C. as Class Counsel.

7. The Court finds that Class Counsel have adequately represented the Settlement Class for purposes of entering into and implementing the Settlement.

8. The Court hereby awards to Class Counsel attorneys' fees and costs in the amount of $2,108,950 to be paid exclusively from the Total Settlement Amount, as defined in the Settlement Agreement. The Court finds that the attorneys' fee award is fair and reasonable under the percentage-of-the-recovery method based upon the following factors: (1) the results obtained by counsel in this case; (2) the significant risks and complex issues involved in this case, which required a high level of skill and a high quality of work to overcome; (3) the fees' contingency upon success, which meant counsel risked time and effort and advanced costs with no guarantee of compensation; (4) the range of awards made in similar cases, which justifies the award requested here, which represents 25 percent of the Settlement Amount; and (5) the notice and opportunity to object available to members of the Settlement Class and the absence of any compelling objections.  The Court finds that the requested fee award comports with the applicable law and is justified by the circumstances of this case.

9. The Court confirms its previous appointment of Simpluris as the Settlement Administrator and finds that it has so far fulfilled its duties under the Settlement.

1    10.    The Court orders that $33,000 be paid from the Total Settlement Amount to the Settlement Administrator for unreimbursed expenses relating to notice and administration of the Settlement.

11.    The Court confirms its previous findings in the Preliminary Approval Order that, for settlement purposes only, the Settlement Classes meet all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3).

12.    Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court approves the Settlement set forth in the Settlement Agreement, and finds that the Settlement Agreement is, in all respects, fair, reasonable, and adequate and in the best interests of the Named Plaintiffs and members of the Settlement Classes and is consistent and in compliance with all requirements of due process and federal law. The Court further finds that the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Named Plaintiffs, members of the Settlement Class, and the Defendant.  The Court further finds that the Parties have evidenced full compliance with the Court's Preliminary Approval Order and other Orders relating to this Settlement.  The Settlement shall be consummated pursuant to the terms of the Settlement Agreement, which the Parties are hereby directed to perform.

13.    The Court finds that the Notice plan as performed by the Parties—including the form, content, and method of dissemination of the Notice to members of the Settlement Class, as well as the procedures followed for locating (when necessary) current postal addresses for members of the Settlement Class for notice purposes and sending multiple reminder notices: (i) constituted the best practicable notice; (ii) was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action and of their right to exclude themselves or object to the Settlement and to appear at the Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of Federal Rule of Civil Procedure 23 and due process, and any other applicable rules or law.  Specifically, the notice complies with Fed. R. Civ. P. 23(c)(2)(B), which requires that class notice "must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the

class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)."

14. The notice program was extensive and robust. Among other things, it included individual notice via email (and, as necessary, postal mail) and text message to every member of the Settlement Class for whom contact information was available. On April 26, 2022, the Settlement Administrator sent the Class Notice (with claim submission instructions) by email and text to 1,329 members of the Settlement Class. For those email messages that were returned as undeliverable, the Administrator subsequently sent a Class Notice and a claim form by postal mail, all of which were successfully delivered. Ultimately, the Settlement Administrator successfully contacted all Settlement Class Members by either email or postal mail, a reach rate of 100% of the Settlement Class.

15. Following these initial efforts, the Settlement Administrator sent a reminder notice by email on May 27, 2022, June 6, 2022, June 13, 2022, and June 20, 222 to all Settlement Class Members who had not yet submitted a response. On June 13, 2022, the Settlement Administrator also sent a text message reminder to those Settlement Class Members who had not yet submitted a response. The Administrator followed up by phone on June 21, 2022 with Settlement Class Members who had the largest settlement shares and had not yet submitted a response. The Administrator followed up by phone again on July 25, 2022 with Settlement Class Members who had shares of $200 or greater and had not yet submitted a response and extended the deadline to submit a claim until July 29, 2022.

16. Proof that email and postal mail notice complied with the Preliminary Approval Order has been filed with the Court. This notice program fully complied with Fed. R. Civ. P. 23 and the requirements of due process. It provided due and adequate notice to the Class; the "reach rate" of the notice was 100%. Furthermore, the large number of claims submitted as of July 21, 2022, representing more than 79% of the fund (if there were to be 100% participation) provides further evidence of the sufficiency of notice.

17. The Court finds that the Plan of Allocation is fair, reasonable, and adequate. The Plan of Allocation provides monetary recovery, on a pro rata basis, to all members of the Settlement Class who file a timely claim. The Court also notes that there is no reversion of the Settlement Fund, maximizing the amount of payments to members of the Settlement Class. Accordingly, the Plan of Allocation is approved.

18. The Court has reviewed the objections to this Settlement and overrules them. The Court notes that despite an extensive and robust Class Notice program, only one member of the Settlement Class has objected. By any measure, the response to the proposed Settlement has been positive. The Court overrules the objections and finds that they are without merit. The Court hereby orders Objector S. Patrick Mendel within fourteen (14) days of the date of this Order to show cause why he should not be required to post a bond as a condition of appealing this Order and Final Judgment.

19. Pursuant to this Order and Final Judgment, with respect to the Released Parties, Settlement Class Members' Released Claims, as defined in Paragraph 78 of the Settlement Agreement (which definition is incorporated herein by reference), are hereby dismissed with prejudice and without costs.

20. Pursuant to this Order and Final Judgment, with respect to the Released Parties, Named Plaintiffs' General Released Claims, as defined in Paragraph 56 of the Settlement Agreement (which definition is incorporated herein by reference), are hereby dismissed with prejudice and without costs.

21. As of the Effective Date, the Named Plaintiffs, all members of the Settlement Class and their heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, regardless of whether they have received actual notice of the proposed Settlement, have conclusively compromised, settled, discharged, and released Named Plaintiffs' General Released Claims (in the case of the Named Plaintiffs), and Settlement Class Members' Released Claims (in the case of members of any Settlement Class

Member) against Defendant and the Released Parties, and are bound by the provisions of this Agreement.

22. The Settlement Agreement and this Order are binding on, and have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings: (i) that encompass the Named Plaintiffs' General Released Claims and that are maintained by or on behalf of the Named Plaintiffs and/or their heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, and (ii) that encompass the Settlement Class Members' Released Claims and that are maintained by or on behalf of any member of a Settlement Class who has not been excluded from the Settlement Class as provided in the Opt-Out List approved by this Order and/or his or her heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, regardless of whether the Settlement Class Member previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Settlement Class Members' Released Claims, and even if such Settlement Class Member never received actual notice of the Action or this proposed Settlement.

23. Except as explicitly provided in the Settlement Agreement, and/or as necessary for Defendant to enforce this Order, neither the Settlement (approved or not approved) nor any exhibit, document, or instrument delivered thereunder, nor any statement, transaction, or proceeding in connection with the negotiation, execution, or implementation of the Settlement, nor any proceedings taken pursuant thereto, shall be admissible in this or any other proceeding for any purpose, including as evidence, a presumption, concession, or an admission. Without limitation of the foregoing, nothing contained in the Settlement (approved or not approved) nor any exhibit, document, or instrument delivered thereunder, nor any statement, transaction, or proceeding in connection with the negotiation, execution, or implementation of the Settlement, nor any proceedings taken pursuant thereto, shall be given any form of res judicata, collateral estoppel, or judicial estoppel effect against Defendant or the other Released Parties in any

administrative or judicial forum or proceeding.  Notwithstanding the foregoing, reference may be made to the Agreement and the Settlement provided for therein in such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement and Order, as further set forth in the Settlement Agreement.

24. The Court orders that if the Settlement Agreement is terminated or disapproved in whole or in part by any court, or the Effective Date for any reason does not occur, the orders certifying the Settlement Class for purposes of effectuating the Settlement Agreement, and all preliminary and/or final findings regarding the Settlement Class certification orders, shall be automatically vacated upon notice to the Court, the Action shall proceed as though the Settlement Class had never been certified pursuant to the Settlement Agreement and such findings had never been made, and the Action shall revert nunc pro tunc to the procedural status quo as of the date and time immediately before the execution of the Settlement Agreement, in accordance with the Settlement Agreement.  In such event, the Agreement and the fact that it was entered into shall not be offered, received, or construed as an admission or as evidence for any purpose, including but not limited to an admission by any Party of liability or non-liability or of any misrepresentation or omission in any statement or written document approved or made by any Party, or of the certifiability of a litigation class

25. The Court finds the Settlement is fair, adequate, and reasonable, in that the amount to be paid in the Settlement is in accord with the Named Plaintiffs' and the Settlement Class Members' potential total recovery, Defendant's potential liability, and the risks of continued litigation; that the allocation of the Settlement is fair; that the Settlement is not meant to be the equivalent of liability damages; and that the Settlement is not the product of and does not evince collusion, fraud, or tortious conduct.  The Court finds that the CAFA Notices sent by Defendant complied with 28 U.S.C. § 1715 and all other provisions of the Class Action Fairness Act of 2005. The tax status set forth in the Settlement Agreement for the Escrow Account established by Class Counsel is approved. The Court finds, under Fed. R. Civ. P. 54(b), that there is no just reason for delay in entering final judgment and directs that this Judgment shall be final and entered forthwith.

26. The Parties, without further approval from the Court, may agree to and adopt such amendments, modifications, and expansions of this Agreement, including all Exhibits hereto, as: (i) shall be consistent in all material respects with this Order and (ii) do not limit the rights of Settlement Class Members.

27. Without affecting the finality of this Judgment, the Court reserves jurisdiction over the Named Plaintiffs, the Settlement Class, and Defendant as to all matters concerning the administration, consummation, and enforcement of the Settlement Agreement.

IT IS SO ORDERED.

Dated: _____

                                The Hon. Edward M. Chen
                                U.S. District Judge