FILED

AUG 23 2022

S. Patrick Mendel
1319 Washington Ave #163
San Leandro, CA 94577
Carpartners1@gmail.com
Ph. 415-812-8507

RECEIVED

2022 AUG 23 P 3:36

CLERK, US DISTRICT COURT
NO. DIST. OF CA.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHRISTOPHER JAMES** et al., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**UBER TECHNOLOGIES INC.**,<br><br>Defendant | CASE NO. 19-CV-06462-EMC<br><br>PLAINTIFF MENDEL'S MOTION TO DISQUALIFY OR RECUSE FOR JUDICIAL PREJUDICIAL BIAS UPON PRO SE PLAINTIFF OCCURRING OUTSIDE COURTROOM PROCEEDINGS 28 USC §455(a)<br><br>MEMORANDUM; REQUEST FOR JUDICIAL NOTICE AND AFFIDAVIT IN SUPPORT THEREOF FILED WITH RESPONSE TO ORDER TO SHOW CAUSE **VERIFIED**<br><br>**PLAINTIFF REQUEST'S ORAL ARGUMENT**<br><br>Hon. Edward M. Chen<br><br>Hearing: TBD<br>Time: TBD<br>Courtroom 5 |

**PLAINTIFF MENDEL'S NOTICE OF MOTION AND MOTION TO DISQUALIFY UNDER 28 USC §455(a)**

MOTION TO DISQUALIFY UNDER 455   19-06462- 1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on a date to be determined by the above entitled Court, or as soon as the matter may be heard, in the above entitled Court, Plaintiff Mendel, a class member, will file a MOTION TO DISQUALIFY, 28 USC §455(a) the Honorable Edward M. Chen and move to disqualify or recuse the Honorable Edward M. Chen from any further action in this case for actual and the appearance of bias toward Plaintiff, Mr. Mendel.

The Motion is made because of the prejudicial conduct of Court staff and abuse of Mr. Mendel's rights to due process by the Court and its staff outside of the formal proceedings. The conduct is described in detail in the Motion to Disqualify. The events are verified by the documented proof as it occurred and as explained in the motion.

The motion is supported by a Memorandum of Points and Authorities, Requests for Judicial Notice and Affidavit/Declaration of S. Patrick Mendel in support thereof.

The Motion seeks immediate relief to prevent continuing irreparable harm against the Plaintiff and fellow drivers and citizen passengers, and to prevent a serious miscarriage of justice by the unlawful conduct of Uber Technologies Inc., including Rasier-CA LLC and UberUSA LLC, and their agents, directors, officers and employees.

**NOTICE:** The Settlement Agreement IF this Court grants final settlement approval would constitute a federal court approval of an unlawful, illegal business and occupation violating the plain language of federal transportation law prohibitions.

The result is Uber would continue its unlawful, federally prohibited brokering of prearranged passenger transportation to private motor vehicles as an occupation as a brokering business in direct defiance of Federal law 49 U.S.C. §13506(b)(2) and Federal Regulation 49 CFR §372.101, and 49 U.S.C. §13904(f) and 49 U.S.C. §13904(d). Uber drivers would continue their prohibited conduct as drivers providing unlawful, illegal passenger transportation in their private motor vehicles in direct defiance of federal law prohibitions.

MOTION TO DISQUALIFY UNDER 455   19-06462- 2

The result will be the continued murder of innocent citizens because of a refusal of the federal courts to acknowledge or enforce the federal transportation laws designed to prevent such criminal conduct in the first place.

## MOTION TO DISQUALIFY FOR PREJUDICIAL BIAS

"A] federal court has a duty to determine whether a contract violates federal law before enforcing it."[1] The Settlement, if approved by the Court, would constitute a federal court condoning Uber's unlawful brokering as legal, allowing them to continue operating, in defiance of federal law preemptions AND the authorities of the U.S. Supreme Court.[2]

### INTRODUCTION

This Motion seeks the disqualification of the Honorable Edward M. Chen for prejudicial bias toward Mr. Mendel. Under 28 U.S.C. §455a, this Court is required to disqualify itself if an objective observer informed of the facts and documents as provided and documented in this Motion and the Request for Judicial Notice accompanying the Motion would believe that the appearance of bias and actual bias by this Court and its staff toward Mr. Mendel is obvious based upon the documents and facts as found in the records of this Court and the request for Judicial Notice filed herewith.

> "(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

### STATEMENT OF FACTS

---

[1] *Costello v. Grundon*, 651 F. 3d 614 (7th Cir. 2011)

[2] See: *Kaiser Steel Corp., v. Mullins*, 455 U.S. 72 (1982) and *California v. Zook* 336 U.S. 725 (1949).

MOTION TO DISQUALIFY UNDER 455    19-06462- 3

# CONDUCT BY COURT AND COURT STAFF ABUSING MENDEL'S RIGHTS TO DUE PROCESS

We begin the timeline with this Court's repeated and continued abuse of Mendel's constitutional right to due process, outside courtroom proceedings, with citation to the documentary undisputable proof. The facts, the law and the authorities support Mr. Mendel's righteous position. At some point this Court should grab the rescue *lifesling* being offered rather than to swim deeper in the bottomless well of injustice.

## STATEMENT OF FACTS

1. September 10, 2021, Mendel was notified by email, by casesupport@simpluris.com that he may be a member of a class action. This was a federal court authorized notice. See Request for Judicial Notice #1.

2. Beginning April 26, 2022 and again on May 27, June 6, June 13, and June 20 Mendel received continued Notification that he was a member of the James v. Uber class action lawsuit, as he was a driver who had opted out of arbitration and had driven for Uber as a rideshare driver from February 28, 2019 through December 16, 2020. See Request for Judicial Notice #1.

   [This Court's own recollection of Mendel's efforts during the "O'Connor v. Uber case, should have jarred some Court memory…or even in Overton v. Uber…but apparently not so much.]

**As the docket of this Court shows the following events occurred:**

3. On May 27, 2022, Mendel, Noticed and filed a Motion for a Temporary Restraining Order, OR IN THE ALTERNATIVE a Preliminary Injunction and/or Stay of Proceedings. The Motion was supported by a DECLARATION by Mendel and Request for Judicial Notice. The Motion was accompanied by a proof of service upon counsel and opposing counsel.

4. The DECLARATION of MENDEL is EVIDENCE, evidence that remains unchallenged, that Mendel was an Uber driver and an "unnamed member" of the class.

5. On May 31, 2022, this Court:

MOTION TO DISQUALIFY UNDER 455    19-06462- 4

- without any response, or contrary evidence from the opposition
- in defiance of the evidence of the Mendel Declaration
- and ignoring the Request for Judicial Notice as required by lawful procedures
- and in defiance of the purpose of federal transportation law prohibitions designed to prevent criminal murder, rape and assault
- while failing to respect the authority of the US Supreme Court prohibiting the dismissal of a pro se complaint "unless there are no facts" that could support Mendel's complaint

…this Court by "DENYING" Mendel's motion, began its errors and denied Mendel's motion and dismissed his complaint, claiming that "there is insufficient information to find that Mendel has standing to intervene in this action to seek the relief he requests." [See Dkt # 204, pg 1, para 2, 1st sentence.]

Again, Mendel appreciates this Court's procedural hints, as this Court might recall, Mendel filed a proper "Motion to Intervene," in the O'Connor v. Uber case.

Mendel's motion sought federal court enforcement, which this Court is required by the laws of Congress under 49 U.S.C. §14707 to enforce the federal transportation laws designed to prevent murder rape and assault of innocent passengers under:

Federal law, 49 U.S.C.§13506(b)(2) and supporting Federal regulation 49 CFR §372.101 which together….prohibit the sale or arrangement of passenger transportation to private motor vehicles as an occupation or business. Exactly what Uber does! This Court made that determination in O'Connor v. Uber!

The "rideshare driver" occupation is unlawful and so is the Uber brokering of passenger transportation to private motor vehicles to the Uber rideshare drivers.

THIS MAKES THE UBER CONTRACTS WITH THE DRIVERS ILLEGAL AS A MATTER OF FEDERAL LAW BECAUSE THEY ARE CONTRACTS FOR UNLAWFUL CONDUCT, but this Court continues to entertain settlement

MOTION TO DISQUALIFY UNDER 455    19-06462- 5

procedures and allow Uber to continue to operate, this is nothing less than an abdication of this Court's obligations and responsibilities.

THE UBER DRIVER CONTRACTS ARE AS ILLEGAL AS A CONTRACT FOR MURDER, YET THIS COURT COULD APPARENTLY CARE LESS, AND NOW MR. KON FUNG, 52, IS DEAD, MURDERED BECAUSE THIS COURT AVOIDED ENFORCING THE FEDERAL TRANSPORTATION LAWS DESIGNED TO PREVENT THIS CRIMINAL CARNAGE ON INNOCENT CITIZENS.

6. On June 9th, 2022, Plaintiff's counsel, Ms. Liss-Riordan filed [Document 207, also see 208, 209] where she addressed Mr. Mendel's Motion, yet the docket also shows a failure to show a proof of service upon Mendel, and the Title of the document does not even hint that she improperly mixed in her "Response" with her motion seeking final approval. This under normal procedures would require some corrective from this Court….BUT AGAIN, in repeated prejudicial fashion and within this Court's "discretion" …no effort was made to enforce the rules of procedure or to provide Mendel, a pro se litigant with no access to PACER, ANY notice or an opportunity to respond. Mendel does not sit upon the world's longest stupid bench, and it would be appreciated if some form of judicial fairness would infect these proceedings at some point.

**EMAIL EXCHANGES BETWEEN MENDEL AND THE CLERKS OF THIS COURT FROM JUNE 27 TO JULY 7, 2022**

- **CLEAR ABUSE OF MENDEL'S DUE PROCESS RIGHTS -**

[See: Request for Judicial Notice #2, email pages 18-20]

7. On June 12, 2022, Mendel served, by US Mail, the Court and Counsel a Motion to Dismiss under the Younger doctrine. [See Request for Judicial Notice #2, page 21, "Proof of Service. That was attached to an email to the Clerk of this Court [Ayala] on June 28.]

MOTION TO DISQUALIFY UNDER 455    19-06462- 6

8. On June 27, 2022, Mendel sent an email to the Clerk of this Court [Relief Courtroom Deputy, Vicky A. Ayala, received and responded] to Mendel's inquiring as to why Mendel's Motion to Dismiss was not on the docket, in the PACER system.

9. On June 28, Deputy Ayala responded questioning when the post office said the documents had arrived?

10. On June 28 Mendel responded, June 15th the documents had been delivered and provided copies of the Motion and proof of service as attachments and sought answers as to where his moving papers were?

11. On June 30, 2022, at 925am; the following "unsigned" email response was received by Mendel:

> ***"Good Morning Mr. Mendel,***
>
> ***I was advised that your motion does not appear on the docket because you are not a party to the case and have not moved to intervene in the case. Non-parties may not move to dismiss the case.***
>
> ***You must follow the Federal Rules of Civil Procedure if you seek to intervene in the case.***
>
> ***I hope this information helps."***

12. In response Mr. Mendel wrote back at 3:47pm [and this email was never answered...] "Hello Ms. Ayala,

You say you were advised that I was not a party to the case, please tell me who "advised" you or provided this justification, and please tell me why my motion was not returned to me?

I am confused by your response as I included a declaration with my motion to dismiss which "proves" as a matter of admissible evidence that I am a member of the class action...this proof in all motions I have submitted to this court has not been refuted or disputed by anyone.

MOTION TO DISQUALIFY UNDER 455    19-06462- 7

Since the only evidence before this Court shows I am a class member and therefore a litigant in this case, I need and require answers to my questions above.

Thank you for your immediate attention and response.

S Patrick Mendel

415-812-8507 cell"

13. The above shows that the staff of this Court whether "Deputy Ayala" or her replacement Clerk, or Judge Chen himself, who as the ultimate supervisor of his Clerks and Deputies, is ultimately responsible for this abusive and improper conduct, and that whomever did not sign this email from the Court, must have at least been aware that such a treatment of a properly filed Motion by the Rules of Procedure was required to be filed and posted on the docket on the PACER system, which makes the failure to sign this response obvious as an avoidance of responsibility.

14. These actions and the undisputable documents, cited to, provided with the Request for Judicial Notice show a deliberate violation of the rules of procedure, and Mr. Mendel's right to due process by a federal court of law and its staff!

15. This Court should immediately disabuse itself of the notion that Mr. Mendel will just stand idle or aside while his substantial rights are trashed and smashed as if an annoying fly attempting to drink from the Court's table,…. someone is woefully out of touch with reality.

16. The arrogance, the unmitigated gall to commit such conduct behind the scenes by the staff of this Court out of public view requires the greatest spotlight Mr. Mendel can muster. This treatment doesn't appear happen to convicted felons in the judicial system. It should not be happening to an innocent upstanding citizen who served his country twice, in two branches of the military. Disgraceful doesn't begin to describe the conduct here.

17. On July 8th, this Court issued an ORDER, Docket #221, which in part said:

MOTION TO DISQUALIFY UNDER 455    19-06462- 8

"Vacating Briefing Schedule for Mendel's Motion to Dismiss",

…as the docket shows, Mr. Mendel was never served any notice by this Court of any briefing schedule or served a copy of this ORDER vacating any such briefing schedule.

This repeated and continued "COURT DOCUMENTED" abuse of Mendel's rights to due process must be held to account. This is supposed to be a country and a Court of Law, governed by the rule of law and not the whims of men or women.

The docket of this Court shows no ORDER granting Mendel access to file any moving papers on the PACER system, a requirement and procedure this Court is assumed to be aware of.

18. On July 12, 2022, Plaintiff's counsel Shannon Liss-Riordan filed a "RESPONSE" to Mendel's Motion to Dismiss [under the Younger Doctrine], and the docket clearly shows the absence of any proof of service by learned counsel Ms. Liss-Riordan upon Mr. Mendel.

19. The correct procedure would have been for this Court to address Mr. Mendel's Motion as unopposed, UNLESS, this Court addressed the failure of Ms. Liss-Riordan to have followed proper procedure by serving Mendel her responsive papers. Sanctions have been issued for less. This is not the first time Ms. Liss-Riordan has abused her ethical and legal duties, as this Court has sanctioned this attorney previously for unethical conduct. Some people never learn.

20. Both the originally scheduled hearings for July 14 and July 18, were changed by the Clerk's entry's on the Court's docket, yet no notice was provided to "pro se" Mendel.

21. The reschedule was ultimately set for July 21, 2022, and Mendel, who must resort to access the PACER system through his Oakland law library, fortunately discovered the schedule of events. The discovery was made worthless by this Court.

22. On July 21, 2022, Mendel was logged into the ZOOM conference as the Court had scheduled. HOWEVER, CONTRARY to Mendel's Oral Argument request the Court, claiming "discretion" prohibited Mendel from participating or being heard in response to Plaintiff's Attorney Shannon Liss-Riordan.

MOTION TO DISQUALIFY UNDER 455   19-06462- 9

23. According to what Mendel heard during the hearing, Ms. Liss-Riordan was supposed to file pleadings regarding her request for an ORDER requiring Mendel to post a bond IF he was going to be allowed to appeal this Court's decisions and rulings.
24. The DOCKET is completely barren of such a pleading being filed by Plaintiff's counsel.
25. On August 8th, 2022, this Court apparently on its own issued an ORDER TO SHOW CAUSE to Mr. Mendel. In the ORDER this Court claimed that Mr. Mendel had not responded to the Court's previous ORDER requiring a response by August 3rd, 2022.
26. The docket clearly shows no such ORDER, requiring a response by August 3, 2022, was ever issued and no service of such an ORDER was served to Mr. Mendel.
27. Again a repeated abuse of Mr. Mendel's rights to due process.
28. On August 9th, this Court without even waiting for Mr. Mendel to respond to the ORDER to SHOW CAUSE; granted Plaintiff's counsel's MOTION FOR FINAL SETTLEMENT APPROVAL.
29. The result is that Uber can continue to broker passenger transportation to private motor vehicles as an occupation and business in clear defiance of federal transportation laws prohibiting such conduct.
30. Likewise, the Uber Rideshare Drivers can continue to drive and be regularly exposed to criminal murder rape and assault because of Uber's unlawful conduct under 49 USC §13506(b)(20 AND 49 CFR §372.101 all as condoned by this Court approving of the Final Settlement Agreement.

31. The resulting criminal murders, rape and assault of the innocent drivers and passengers is upon this Court and Plaintiff's counsel Shannon Liss-Riordan.

32. Mr. Mendel cannot work in the profession of his choice as a driver, because he will not risk his life and for transportation fares set by Uber below the cost of government subsidized mass transportation and Mendel's cost to provide it, or the clear chance that he will be assigned a trip by an unknown Uber passenger bent on criminal conduct because the passenger knows their identity is hidden from plain view of the

MOTION TO DISQUALIFY UNDER 455    19-06462- 10

drivers the way the Uber system operates. SEE; **California v. Zook,** 336 U.S. 725 (1949) and take notice of the footnotes explaining why the rideshare business, formerly called "travel bureaus" was made unlawful by Congress.

33. Mr. Mendel is broke without funds or assets because he is now approaching 65 years of age and cannot secure viable career employment.

34. Mr. Mendel has been granted In Forma Pauperis Status by the Ninth Circuit by ORDER filed September 15, 2021, and still in effect as Mendel appeals to the U.S. Supreme Court. See REQUEST FOR JUDICIAL NOTICE, #3 ORDER of the Ninth Circuit Court of Appeals.

CONCLUSION

Because the above events and the record of this Court show the appearance of and actual bias and abuse by the court staff of Mr. Mendel's rights to due process, this Court should disqualify or recuse itself from this case.

This Court should disqualify itself from any further action in this case and have the Clerk of the Court to reassign the case to another judicial officer.

Respectfully submitted;

Dated: August 22, 2022

_____

MOTION TO DISQUALIFY UNDER 455    19-06462- 11

S. Patrick Mendel

### VERIFICATION AND DECLARATION

I, S. Patrick Mendel, declare;

1. I am filing a motion to disqualify the Honorable Edward M. Chen because I don't believe I will receive a fair and just hearing of my complaint and grievances due to the actual and appearances of bias toward me as evidenced by the documents of this Court and the email communications with the staff of judicial officer Honorable Edward M. Chen in and especially outside of the courtroom.
2. I believe that my rights to due process have been seriously abused by the judicial officer the Honorable Edward M. Chen and his staff of Clerks and Deputies.
3. I have read the foregoing Motion to Disqualify and its contents and reviewed the accompanying documents provided with the Request for Judicial Notice.
4. I know of my personal knowledge the foregoing is true and correct and the documents are actual copies of the originals and the documents are also true and correct.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct and that this declaration was executed, at 1986 Washington Ave, San Leandro, CA, on August 22, 2022.

DATE: August 22, 2022

Signature: _____

S. Patrick Mendel

MOTION TO DISQUALIFY UNDER 455    19-06462- 12