FILED

AUG 23 2022

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

RECEIVED

2022 AUG 23 P 3:36

CLERK, US DISTRICT COURT
NO. DIST. OF CA.

S. Patrick Mendel
1319 Washington Ave, #163
San Leandro, CA 94577
Carpartners1@gmail.com
Ph. 415-812-8507

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHRISTOPHER JAMES** et al., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**UBER TECHNOLOGIES INC.,**<br><br>Defendant | CASE NO. 19-CV-06462-EMC<br><br>PLAINTIFF MENDEL'S RESPONSE TO [DOC 233] COURT'S ORDER TO SHOW CAUSE MEMORANDUM; REQUEST FOR JUDICIAL NOTICE AND AFFIDAVIT IN SUPPORT SEE ALSO MOTION TO DISQUALIFY OR RECUSE FILED CONCURRENTLY<br><br>**<u>PLAINTIFF REQUEST'S ORAL ARGUMENT</u>**<br><br>Hon. Edward M. Chen<br><br>Hearing: TBD<br>Time: TBD<br>Courtroom 5 |

**PLAINTIFF MENDEL'S RESPONSE TO ORDER TO SHOW CAUSE**

---

RESPONSE BY MENDEL TO ORDER TO SHOW CAUSE   19-CV-06462        - 1

## INTRODUCTION

Plaintiff Mendel files this Response to the Court's Order To Show Cause, dated August 8, 2022, and for the reasons stated herein, requests that this Court:

- Enforce the federal transportation laws as Congress requires;
- Cease the deprivation of Mendel's due process rights;
- Honor U.S. Supreme Court authority regarding "pro se" litigant complaints, including Mendel, preventing the lower courts from dismissing Mendel's pro se complaint before this Court <u>unless there are no facts</u> upon which relief may be granted.
- Take judicial notice of the order of the Ninth Circuit granting Mendel "In forma pauperis" status.
- Act with fairness by applying the "rules of procedure to," Plaintiff's counsel, [Liss-Riordan] a learned counsel, with at least some vigor as this Court has unfairly applied the rules to Mendel without just cause.

It has become readily apparent that this Court is in so deep that it cannot look up to see the bottom. The conduct that has occurred within the bowels of this court, outside the courtroom and litigants view is an outrageous affront to the judicial system and a blatant abuse of citizen Mendel's due process rights under the U.S. Constitution.

While Mendel can appreciate the "suggestions" of this Court, both the judicial officer and the Clerks, about what motions to file and how to conduct his efforts to secure lawful conduct of Uber, the fact remains that Mendel is entitled to control over his cause of action.

The continued and repeated abuse of due process and prejudicial bias against "pro se" Mendel requires he file a Motion to Disqualify or Recuse, a Complaint to the Commission on Judicial Performance, copied to the Chief Judge of this Court and the Chief Justice of the Ninth Circuit. The abuse of Mendel's rights to due process must be called out and corrected, immediately.

RESPONSE BY MENDEL TO ORDER TO SHOW CAUSE   19-CV-06462         - 2

Contrary to the ease with which this Court has exercised its authority and discretion regardless of the facts, the laws and the consequences; leading to the continued murder of innocent Uber drivers, including in this Court's own backyard in Oakland, is beyond any fully applicable adjective of description.

In fact, since Mendel sought a TRO in this Court, on May 27, this Court on June 9, without any opposition filed to Mendel's motion, refused, just absolutely refused to even recognize the applicable law or to apply federal transportation law, ignored undisputed evidence of Mendel's evidence that he is a member of the class action and denied Mendel's proper TRO motion seeking to stop Uber's illegal brokering of passenger transportation.

THE RESULT: Mr. Kon Fung, 52, an Uber driver working in East Oakland, was shot and killed on July 21, 2022 while sitting in his Uber labeled rideshare car, in what police called a "brazen act of violence." <u>This would never have happened if this Court would have simply enforced the federal transportation laws of this country as it is required to do.</u>

A copy of this motion is being sent to the family, because they deserve to know the truth; that Mendel tried in vain to save another innocent Uber driver. They need to know that a federal court refused to enforce the laws of this country for the benefit of all. How many more murders must occur before the federal courts act as the law requires?

Every federal district and appellate court in this country in every case involving Uber [and Lyft] continues to avoid or flat out ignore the transportation laws of this country, if it does not get corrected, there will be much more serious problems. This apparent government-business cooperation is what leads to fascism, as under Italy's Mussolini.

Mendel, a "pro se" litigant has honored his ethical and moral obligations to put the lives of other citizens, never mind his own safety, before his own self-centered substantial financial interests he is entitled to in this case. The same cannot be said of Plaintiff's counsel's Shannon Liss-Riordan's efforts to "protect her clients." The conduct of Shannon Liss-Riordan, a counselor sanctioned by this court already for her conduct, seems to wear Teflon, where this Court's correctives should be placed. Ms. Liss-Riordan has ethical, fiduciary and legal obligation duties to her Uber driver clients that she has failed miserably to honor. What good is

RESPONSE BY MENDEL TO ORDER TO SHOW CAUSE   **19-CV-06462**      - 3

any financial recovery, in fact a cookie cutter repeat of her previous conduct in O'Connor v. Uber, which this Court determined, which as a fact stopped nothing about Uber's unlawful conduct, and nothing about the pain of that settlement prevented Uber from continuing its abuse, or this Court would not be approving of Uber's current offer of payment of millions of dollars to the drivers, AGAIN1!

The trouble is the money does not bring back the murdered, dead family members, NOW NUMBERING MORE THAN 60 INNOCENT DRIVERS. In fact, the families of these drivers aren't even provided with any workmen's compensation benefits, they resort to the "Go Fund Me" generosity of their fellow Americans.

Plaintiff's counsel, Shannon Liss-Riordan supposedly learned in the law, has professed to seek to eliminate the Second Amendment of the U.S. Constitution; apparently believes that she can file pleadings with this Court while **having not served** any of her responsive pleadings upon Mendel, in answer to his Motions, as required, [the docket of this Court proves this] depriving Mendel of notice and an opportunity to timely respond, to say nothing of the unfairness of this Court abusing its discretion by allowing Ms. Liss-Riordan to have oral argument with the Court about Mendel's moving papers and shutting out Mendel in an abusive "exercise" of Court discretion, who unlike Ms. Liss-Riordan – Mendel respectfully requested Oral argument…which to the neutral observer is, or certainly should be the height of actual prejudicial unfairness by this Court toward "pro se" Mendel.

We begin the timeline with this Court's repeated and continued abuse of Mendel's constitutional right to due process, outside courtroom proceedings, with citation to the documentary undisputable proof. The facts, the law and the authorities support Mr. Mendel's righteous position. At some point this Court should grab the rescue *lifesling* being offered rather than to swim deeper in the bottomless well of injustice.

## STATEMENT OF FACTS

1. September 10, 2021, Mendel was notified by email, by casesupport@simpluris.com that he may be a member of a class action. This was a federal court authorized notice. See Request for Judicial Notice #1.

RESPONSE BY MENDEL TO ORDER TO SHOW CAUSE   19-CV-06462       - 4

2. Beginning April 26, 2022 and again on May 27, June 6, June 13, and June 20 Mendel received continued Notification that he was a member of the James v. Uber class action lawsuit, as he was a driver who had opted out of arbitration and had driven for Uber as a rideshare driver from February 28, 2019 through December 16, 2020. See Request for Judicial Notice #1.

   [This Court's own recollection of Mendel's efforts during the "O'Connor v. Uber case, should have jarred some Court memory…or even in Overton v. Uber…but apparently not so much.]

**As the docket of this Court shows the following events occurred:**

3. On May 27, 2022, Mendel, Noticed and filed a Motion for a Temporary Restraining Order, OR IN THE ALTERNATIVE a Preliminary Injunction and/or Stay of Proceedings. The Motion was supported by a DECLARATION by Mendel and Request for Judicial Notice. The Motion was accompanied by a proof of service upon counsel and opposing counsel.

4. The DECLARATION of MENDEL is EVIDENCE, evidence that remains unchallenged, that Mendel was an Uber driver and an "unnamed member" of the class.

5. On May 31, 2022, this Court:
   - without any response, or contrary evidence from the opposition
   - in defiance of the evidence of the Mendel Declaration
   - and ignoring the Request for Judicial Notice as required by lawful procedures
   - and in defiance of the purpose of federal transportation law prohibitions designed to prevent criminal murder, rape and assault
   - while failing to respect the authority of the US Supreme Court prohibiting the dismissal of a pro se complaint "unless there are no facts" that could support Mendel's complaint

   …this Court by "DENYING" Mendel's motion, began its errors and denied Mendel's motion and dismissed his complaint, claiming that "there is insufficient

RESPONSE BY MENDEL TO ORDER TO SHOW CAUSE   19-CV-06462    - 5

information to find that Mendel has standing to intervene in this action to seek the relief he requests." [See Dkt # 204, pg 1, para 2, 1st sentence.]

Again, Mendel appreciates this Court's procedural hints, as this Court might recall, Mendel filed a proper "Motion to Intervene," in the O'Connor v. Uber case.

Mendel's motion sought federal court enforcement, which this Court is required by the laws of Congress under 49 U.S.C. §14707 to enforce the federal transportation laws designed to prevent murder rape and assault of innocent passengers under:

Federal law, 49 U.S.C.§13506(b)(2) and supporting Federal regulation 49 CFR §372.101 which together….prohibit the sale or arrangement of passenger transportation to private motor vehicles as an occupation or business. Exactly what Uber does! This Court made that determination in O'Connor v. Uber!

The "rideshare driver" occupation is unlawful and so is the Uber brokering of passenger transportation to private motor vehicles to the Uber rideshare drivers.

THIS MAKES THE UBER CONTRACTS WITH THE DRIVERS ILLEGAL AS A MATTER OF FEDERAL LAW BECAUSE THEY ARE CONTRACTS FOR UNLAWFUL CONDUCT, but this Court continues to entertain settlement procedures and allow Uber to continue to operate, this is nothing less than an abdication of this Court's obligations and responsibilities.

THE UBER DRIVER CONTRACTS ARE AS ILLEGAL AS A CONTRACT FOR MURDER, YET THIS COURT COULD APPARENTLY CARE LESS, AND NOW MR. KON FUNG, 52, IS DEAD, MURDERED BECAUSE THIS COURT AVOIDED ENFORCING THE FEDERAL TRANSPORTATION LAWS DESIGNED TO PREVENT THIS CRIMINAL CARNAGE ON INNOCENT CITIZENS.

RESPONSE BY MENDEL TO ORDER TO SHOW CAUSE   19-CV-06462      - 6

6. On June 9th, 2022, Plaintiff's counsel, Ms. Liss-Riordan filed [Document 207, also see 208, 209] where she addressed Mr. Mendel's Motion, yet the docket also shows a failure to show a proof of service upon Mendel, and the Title of the document does not even hint that she improperly mixed in her "Response" with her motion seeking final approval. This under normal procedures would require some corrective from this Court….BUT AGAIN, in repeated prejudicial fashion and within this Court's "discretion" …no effort was made to enforce the rules of procedure or to provide Mendel, a pro se litigant with no access to PACER, ANY notice or an opportunity to respond. Mendel does not sit upon the world's longest stupid bench, and it would be appreciated if some form of judicial fairness would infect these proceedings at some point.

**EMAIL EXCHANGES BETWEEN MENDEL AND THE CLERKS OF THIS COURT FROM JUNE 27 TO JULY 7, 2022**

- **CLEAR ABUSE OF MENDEL'S DUE PROCESS RIGHTS -**

[See: Request for Judicial Notice #2, email pages 18-20]

7. On June 12, 2022, Mendel served, by US Mail, the Court and Counsel a Motion to Dismiss under the Younger doctrine. [See Request for Judicial Notice #2, page 21, "Proof of Service. That was attached to an email to the Clerk of this Court [Ayala] on June 28.]

8. On June 27, 2022, Mendel sent an email to the Clerk of this Court [Relief Courtroom Deputy, Vicky A. Ayala, received and responded] to Mendel's inquiring as to why Mendel's Motion to Dismiss was not on the docket, in the PACER system.

9. On June 28, Deputy Ayala responded questioning when the post office said the documents had arrived?

10. On June 28 Mendel responded, June 15th the documents had been delivered and provided copies of the Motion and proof of service as attachments and sought answers as to where his moving papers were?

11. On June 30, 2022, at 925am; the following "unsigned" email response was received by Mendel:

> *"Good Morning Mr. Mendel,*
>
> *I was advised that your motion does not appear on the docket because you are not a party to the case and have not moved to intervene in the case. Non-parties may not move to dismiss the case.*
>
> *You must follow the Federal Rules of Civil Procedure if you seek to intervene in the case.*
>
> *I hope this information helps."*

12. In response Mr. Mendel wrote back at 3:47pm [and this email was never answered...]

"Hello Ms. Ayala,

You say you were advised that I was not a party to the case, please tell me who "advised" you or provided this justification, and please tell me why my motion was not returned to me?

I am confused by your response as I included a declaration with my motion to dismiss which "proves" as a matter of admissible evidence that I am a member of the class action...this proof in all motions I have submitted to this court has not been refuted or disputed by anyone.

Since the only evidence before this Court shows I am a class member and therefore a litigant in this case, I need and require answers to my questions above.

Thank you for your immediate attention and response.

S Patrick Mendel

415-812-8507 cell

13. The above shows that the staff of this Court whether "Deputy Ayala" or her replacement Clerk, or Judge Chen himself, who as the ultimate supervisor of his Clerks and Deputies, is ultimately responsible for this abusive and improper conduct, and that whomever did not sign this email from the Court, must have at least been

RESPONSE BY MENDEL TO ORDER TO SHOW CAUSE   **19-CV-06462**       - 8

aware that such a treatment of a properly filed Motion by the Rules of Procedure was required to be filed and posted on the docket on the PACER system, which makes the failure to sign this response obvious as an avoidance of responsibility.

14. These actions and the undisputable documents, cited to, provided with the Request for Judicial Notice show a deliberate violation of the rules of procedure, and Mr. Mendel's right to due process by a federal court of law and its staff!

15. This Court should immediately disabuse itself of the notion that Mr. Mendel will just stand idle or aside while his substantial rights are trashed and smashed as if an annoying fly attempting to drink from the Court's table,…. someone is woefully out of touch with reality.

16. The arrogance, the unmitigated gall to commit such conduct behind the scenes by the staff of this Court out of public view requires the greatest spotlight Mr. Mendel can muster. This treatment doesn't appear happen to convicted felons in the judicial system. It should not be happening to an innocent upstanding citizen who served his country twice, in two branches of the military. Disgraceful doesn't begin to describe the conduct here.

17. On July 8th, this Court issued an ORDER, Docket #221, which in part said:

"Vacating Briefing Schedule for Mendel's Motion to Dismiss",

…as the docket shows, Mr. Mendel was never served any notice by this Court of any briefing schedule or served a copy of this ORDER vacating any such briefing schedule.

This repeated and continued "COURT DOCUMENTED" abuse of Mendel's rights to due process must be held to account. This is supposed to be a country and a Court of Law, governed by the rule of law and not the whims of men or women.

The docket of this Court shows no ORDER granting Mendel access to file any moving papers on the PACER system, a requirement and procedure this Court is assumed to be aware of.

RESPONSE BY MENDEL TO ORDER TO SHOW CAUSE   19-CV-06462        - 9

18. On July 12, 2022, Plaintiff's counsel Shannon Liss-Riordan filed a "RESPONSE" to Mendel's Motion to Dismiss [under the Younger Doctrine], and the docket clearly shows the absence of any proof of service by learned counsel Ms. Liss-Riordan upon Mr. Mendel.

19. The correct procedure would have been for this Court to address Mr. Mendel's Motion as unopposed, UNLESS, this Court addressed the failure of Ms. Liss-Riordan to have followed proper procedure by serving Mendel her responsive papers. Sanctions have been issued for less. This is not the first time Ms. Liss-Riordan has abused her ethical and legal duties, as this Court has sanctioned this attorney previously for unethical conduct. Some people never learn.

20. Both the originally scheduled hearings for July 14 and July 18, were changed by the Clerk's entry's on the Court's docket, yet no notice was provided to "pro se" Mendel.

21. The reschedule was ultimately set for July 21, 2022, and Mendel, who must resort to access the PACER system through his Oakland law library, fortunately discovered the schedule of events. The discovery was made worthless by this Court.

22. On July 21, 2022, Mendel was logged into the ZOOM conference as the Court had scheduled. HOWEVER, CONTRARY to Mendel's Oral Argument request the Court, claiming "discretion" prohibited Mendel from participating or being heard in response to Plaintiff's Attorney Shannon Liss-Riordan.

23. According to what Mendel heard during the hearing, Ms. Liss-Riordan was supposed to file pleadings regarding her request for an ORDER requiring Mendel to post a bond IF he was going to be allowed to appeal this Court's decisions and rulings.

24. The DOCKET is completely barren of such a pleading being filed by Plaintiff's counsel.

25. On August 8th, 2022, this Court apparently on its own issued an ORDER TO SHOW CAUSE to Mr. Mendel. In the ORDER this Court claimed that Mr. Mendel had not responded to the Court's previous ORDER requiring a response by August 3rd, 2022.

26. The docket clearly shows no such ORDER, requiring a response by August 3, 2022, was ever issued and no service of such an ORDER was served to Mr. Mendel.

27. Again a repeated abuse of Mr. Mendel's rights to due process.

RESPONSE BY MENDEL TO ORDER TO SHOW CAUSE   19-CV-06462      - 10

28. On August 9th, this Court without even waiting for Mr. Mendel to respond to the ORDER to SHOW CAUSE; granted Plaintiff's counsel's MOTION FOR FINAL SETTLEMENT APPROVAL.

29. The result is that Uber can continue to broker passenger transportation to private motor vehicles as an occupation and business in clear defiance of federal transportation laws prohibiting such conduct.

30. Likewise, the Uber Rideshare Drivers can continue to drive and be regularly exposed to criminal murder rape and assault because of Uber's unlawful conduct under 49 USC §13506(b)(20 AND 49 CFR §372.101.

31. The resulting criminal murders, rape and assault of the innocent drivers and passengers is upon this Court and Plaintiff's counsel Shannon Liss-Riordan.

32. Mr. Mendel cannot work in the profession of his choice as a driver, because he will not risk his life for transportation fares set by Uber below the cost of government subsidized mass transportation or the clear chance that he will be assigned a trip by an unknown Uber passenger bent on criminal conduct because the passenger knows their identity is hidden from plain view of the drivers the way the Uber system operates. SEE; **California v. Zook**, 336 U.S. 725 (1949) and take notice of the footnotes explaining why the rideshare business, formerly called "travel bureaus" was made unlawful by Congress.

33. Mr. Mendel is broke without funds or assets because he is now approaching 65 years of age and cannot secure viable career employment.

34. Mr. Mendel has been granted In Forma Pauperis Status by the Ninth Circuit by ORDER filed September 15, 2021, and still in effect as Mendel appeals to the U.S. Supreme Court. See REQUEST FOR JUDICIAL NOTICE, #3 ORDER of the Ninth Circuit Court of Appeals.

RESPONSE BY MENDEL TO ORDER TO SHOW CAUSE  **19-CV-06462**  - 11

CONCLUSION

This Court should take every action to repair the abuse of the due process rights of Mr. Mendel and enforce the laws as required to prevent any further criminal murder rape and assault from continuing to occur because of Uber's unlawful conduct.

This Court should as it has previously apply a corrective to Plaintiff's counsel Shannon Liss-Riordan's conduct, conduct as a learned practicing attorney for years she knew or should have known was in violation of the rules of civil procedure, to say nothing of her ethical, legal and fiduciary duties to her clients. For Ms. Liss-Riordan to take away millions of dollars in attorney's fees while her clients are being murdered in the streets and for this Court to approve a Settlement that straight up condones Uber and the Drivers unlawful conduct is reprehensible and requires immediate repair.

Respectfully submitted;

Dated: August 22, 2022

_____

S. Patrick Mendel

RESPONSE BY MENDEL TO ORDER TO SHOW CAUSE  19-CV-06462  - 12

# PROOF OF SERVICE BY MAIL

## IN THE UNITED STATE DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## CASE NO. 19-CV-06462-EMC

I, Belinda Kirk declare:

I am a citizen of the United States, a resident of Alameda County, California, and am over 18 years of age. I am not a party to the within entitled action.

My business/residence address is: 1986 Washington Ave, Apt A, San Leandro, CA 94577. On August 23, 2022, I served a copy of the:

1. PLAINTIFF CLASS-MEMBER MENDEL'S RESPONSE TO ORDER TO SHOW CAUSE
2. PLAINTIFF MENDEL'S MOTION TO DISQUALIFY FOR PREJUDICIAL BIAS
3. PLAINTIFF CLASS-MEMBER MENDEL'S REQUEST FOR JUDICIAL NOTICE AND DECLARATION IN SUPPORT

In this action, in United States District Court, by placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Leandro, California, 94577, addressed as follows:

| | |
|---|---|
| Shannon Liss-Riordan | Theane Evangelis |
| Lichten and Liss-Riordan, P.C. | Gibson Dunn Crutcher LLP |
| 729 Boylston St. | 333 South Grand Ave. |
| Suite 2000 | Los Angeles, CA 90071 |
| Boston, MA 02116 | |

I also witnessed Mr. Mendel send copies of these documents by email to the attorneys listed above on August 22, 2022.

PROOF OF SERVICE   RESPONSE TO OSC AND DISQUALIFY **CASE# 19-06462** - 1

I declare, under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

Dated: August 23, 2022           _____
                                 Belinda Kirk

PROOF OF SERVICE    RESPONSE TO OSC AND DISQUALIFY **CASE# 19-06462**  - 2