UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JAMES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES INC.,<br><br>Defendant. | Case No. 19-cv-06462-EMC<br><br>**ORDER DENYING MENDEL'S MOTION TO DISQUALIFY OR RECUSE**<br><br>Docket No. 235 |

## I.     INTRODUCTION

Mr. Mendel moves to disqualify or recuse the Court under 28 U.S.C. § 455(a) for "judicial prejudicial bias." Docket No. 235. For the reasons provided below, Mr. Mendel's motion is procedurally improper and substantively meritless. The motion is **DENIED.**

## II.     BACKGROUND

The underlying class action arose out of allegations that certain Uber and Uber Eats drivers were misclassified as independent contractors under California law. Plaintiffs brought various wage and sick leave claims under the California Labor Code. *See generally* Docket No. 81 (Amended Complaint). Mr. Mendel, as a former driver for Uber, was a member of the class. Docket No. 221 (July 8, 2022 Order) at 2. At no point has Mr. Mendel sought to intervene in the case.

On April 5, 2022, the Court granted preliminary approval of the settlement. Docket No. 195. On May 27, 2022, despite not having sought to intervene, Mr. Mendel requested an emergency temporary restraining order and stay to "prevent the imminent murder, rape and assault of Uber drivers and passengers and an unjust settlement of valid claims against Uber." Docket

No. 204 (Motion for TRO) at 2. On May 31, 2022, the Court denied Mr. Mendel's motion, first noting that "there is insufficient information to find that Mendel has standing to intervene in this action to seek the relief he requests." Docket No. 206 (May 31, 2022 Order). The Court then addressed the merits of Mr. Mendel's request for a temporary restraining order and concluded that he had not shown that the injunctive relief was warranted. *Id.*

On July 5, 2022, Mr. Mendel moved to dismiss the case on the basis of the *Younger* doctrine. Docket No. 216. The Court exercised its discretion to construe Mr. Mendel's motion to dismiss as an objection to the preliminary settlement. *See* July 8, 2022 Order. The Court specifically explained that "[i]ntervention is governed by Federal Rule of Civil Procedure 24," and that it "d[id] not appear that Mr. Mendel has addressed or followed [Rule 24's] requirements." *Id.* at 2. But because Mr. Mendel was a class member, the Court noted that Mr. Mendel was entitled to object to the preliminarily approved settlement pursuant to Rule 23(e)(5). *Id.* During the subsequent fairness hearing, the Court substantively addressed Mr. Mendel's objections and explained why the Court was overruling them. Over the course of the hearing, Mr. Mendel submitted a message via the Zoom chat feature indicating his desire to present oral argument on his objections. The Court explained to Mr. Mendel that oral argument is discretionary and that it had read and considered the substance of Mr. Mendel's objections. The Court also addressed Plaintiffs' request for an appeal bond, should Mr. Mendel seek to appeal the denial of his objections.[1]

On August 9, 2022, the Court granted final approval to the settlement. Docket No. 234. On August 23, 2022, Mr. Mendel filed the instant "motion to disqualify or recuse for judicial prejudicial bias upon pro se plaintiff occurring outside courtroom proceedings 28 U.S.C. §

---

[1] As part of their motion for final approval, Plaintiffs requested that the Court require Mr. Mendel to post a bond should he wish to appeal the denial of his objections. *See* Docket No. 207 (Motion for Final Approval) at 20 n.13. Plaintiffs charged that Mr. Mendel has "grossly misuse[d]" the judicial system and engaged in "a campaign of harassment." *Id.* In particular, Plaintiffs noted that Mr. Mendel had filed a "wholly frivolous" lawsuit against class counsel for malpractice and a "frivolous objection" in a similar case. *Id.* The Court explained during the fairness hearing that it would ask both parties to submit briefing regarding Plaintiffs' request for an appeal bond so that Mr. Mendel would have an opportunity to respond. *See* Docket No. 227 (July 21, 2022 Min. Entry); Docket No. 233 (Order to Show Cause). Briefing is not yet complete on the appeal bond issue.

2

455(a)," as well as a request for judicial notice in support of his motion. Docket Nos. 235 (Motion to Disqualify or Recuse, or "Mot."), 237 (Request for Judicial Notice). Mr. Mendel bases the motion on "the prejudicial conduct of Court staff and abuse of Mr. Mendel's rights to due process by the Court and its staff outside of the formal proceedings." *See* Mot. at 2.

### III.  LEGAL STANDARDS

Motions to disqualify fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 144 similarly provides that when a party believes a judge harbors personal bias or prejudice against him, he may seek disqualification or recusal by filing an affidavit stating facts and reasons for his belief:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

*United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980) (quoting 28 U.S.C. § 144).

Section 455 complements section 144 and imposes a self-enforcing duty on a judge to consider any obvious basis for recusal, even when the only basis is personal bias or prejudice. *Sibla*, 624 F.2d at 868. Thus, a properly filed motion and affidavit under section 144 requires a judge to first consider any obvious grounds for recusal under section 455; then, if the judge declines recusal, the matter is referred to another judge for consideration, if the affidavit prepared pursuant to section 144 is facially sufficient. *Id.*

### IV.  DISCUSSION

Mr. Mendel's motion to disqualify the undersigned is unfounded. As an initial matter, Mr. Mendel has not moved to intervene under Rule 24, and thus the motion is procedurally improper. "When a non-party seeks to enter a lawsuit, the proper mechanism provided by the Federal Rules

3

of Civil Procedure is a motion to intervene under Rule 24." *Langell v. Ideal Homes LLC*, No. 16-cv-00821-HRL, 2016 WL 6804604, at *2 (N.D. Cal. Nov. 17, 2016). Mr. Mendel's status as a class member does not excuse him from the need to comply with Rule 24. *See Brown v. Colegio De Abogados De Puerto Rico*, 826 F. Supp. 2d 406, 420 & 420 n.10 (D.P.R. 2011) (noting that putative intervenors would still have to intervene pursuant to Rule 24 notwithstanding class member status); *see also Hatamian v. Advanced Micro Devices, Inc.*, No. 14-cv-00226-YGR, 2017 WL 1075051, at *1 (N.D. Cal. Mar. 22, 2017) (denying class member's motion to intervene as party plaintiff); *Zepeda v. PayPal, Inc.*, No. 10-cv-1668-SBA, 2013 WL 2147410, at *1 (N.D. Cal. May 15, 2013) (same).

Despite the Court's guidance regarding Rule 24, Mr. Mendel has not moved to intervene in the case. *See* May 31, 2022 Order ("As an initial matter, there is insufficient information to find that Mendel has standing to intervene . . ."); July 8, 2022 Order (explaining that "[i]ntervention is governed by Federal Rule of Civil Procedure 24" and noting that "it does not appear that Mr. Mendel has addressed or followed [Rule 24's] requirements"). Indeed, in his motion to disqualify, Mr. Mendel writes that he "appreciates this Court's procedural hints" and notes that he "filed a proper 'Motion to Intervene'" in another case before the Court. Mot. at 6. Because Mr. Mendel lacks standing to seek disqualification, the motion could be denied on procedural grounds alone.

As a substantive matter, the motion fares no better. In short, Mr. Mendel's motion fails to identify a factual basis, extrajudicial or otherwise, for recusal that would lead a reasonable person to question the undersigned judge's impartiality. Mr. Mendel first takes issue with the fact that the Court denied his request for a temporary restraining order in May 2022. *See* Mot. at 5–6. But "a judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). Second, Mr. Mendel finds bias in the facts that his motion to dismiss did not appear "on the docket on the PACER system," and that he was not personally served with certain pleadings in the case. Mot. at 7–9. But as Mr. Mendel's motion itself acknowledges, Mr. Mendel was informed that the reason why his motion to dismiss was not posted on the court

docket was because he was not a party to the case and had not moved to intervene. Mot. at 7.[2] Despite the Court's repeated warnings, Mr. Mendel did not take steps to intervene in the case. As a non-party, he cannot reasonably complain that his filings do not show up on the docket. Third, Mr. Mendel finds fault in the Court's decision to not hear oral argument from him regarding his objections at the fairness hearing. *Id.* at 9. But as the Court explained during the hearing, oral argument is always discretionary. *See* Civil Local Rule 7-1(b) ("In the Judge's discretion . . . a motion may be determined without oral argument or by telephone conference call.").

In sum, Mr. Mendel has not provided any basis that would lead a reasonable person to question the undersigned judge's impartiality. The motion for disqualification is **DENIED.**

This order disposes of Docket No. 235.

**IT IS SO ORDERED**.

Dated: September 1, 2022

_____
EDWARD M. CHEN
United States District Judge

---

[2] Mr. Mendel's motion to dismiss was subsequently posted on the docket. *See* Docket No. 216.